IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| In re: | Subchapter V |
| Scott Vincent Van Dyke | Case No. 21-60052 |
| Debtor. | **Christopher M. Lopez** |

### EVA ENGELHART, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF ANGLO-DUTCH PETROLEUM INTERNATIONAL, INC.'S AMENDED NOTICE OF RULE 2004 EXAMINATION OF SCOTT VINCENT VAN DYKE AND AMENDED NOTICE OF RULE 2004 REQUESTS

TO:   Debtor Scott Vincent Van Dyke, by and through his attorney of record, Susan Tran, **Tran Singh, LLP**, 2502 La Branch Street, Houston, Texas 77004.

**PLEASE TAKE NOTICE** that, pursuant to Rule 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Bankruptcy Local Rule 2004-1 (the "**Local Rules**"), Eva Engelhart, Chapter 7 Trustee For The Bankruptcy Estate Of Anglo-Dutch Petroleum International, Inc. ("**Engelhart**"), hereby serves this notice of Bankruptcy Rule 2004 examination.

**PLEASE TAKE FURTHER NOTICE** that Engelhart will conduct an examination of Scott Vincent Van Dyke to testify regarding the following topics (the "**Topics**"):

1. Discuss and explain in detail all facts that you claim support your assertion at page 8 (¶ 2.2) of your proposed Plan of Reorganization that "the mounting litigation costs of defending the Fraudulent Transfer Litigation and State Court Registry Litigation further depleted Mr. Van Dyke's financial resources causing him to seek bankruptcy relief on May 25, 2021."

2. Discuss and explain in detail all facts that you claim support your assertion at page 8 (¶ 2.3) of your proposed Plan of Reorganization regarding the existence of "the emergency nature of his bankruptcy filing."

3. Discuss and explain in detail all facts that you claim support your assertion at page 9 (¶ 2.3) of your proposed Plan of Reorganization that "[b]ased upon the order of the District Court, The State Court Registry Litigation has been remanded to the Judicial District of Harris County, Texas and Trustee Engelhart on behalf of the investors of the Van Dyke Entities, were awarded

monetary damages in the amount of three million four hundred thousand dollars."

4. Discuss and explain in detail all facts that you claim support your assertion at page 9 (¶ 2.4) of your proposed Plan of Reorganization that "[p]ursuant to a liquidation analysis, the unsecured creditors would receive a higher recovery through reorganization than liquidation. Mr. Van Dyke proposes to assign his interests in virtually all of his non-exempt assets in addition to cash payments to unsecured creditors."

5. Discuss and explain in detail the inputs, calculations and assumptions contained in the Liquidation Analysis attached as Exhibit 1 to the proposed Plan of Reorganization.

6. Discuss and explain in detail all facts that you claim support your assertion at page 9 (¶ 2.5) of your proposed Plan of Reorganization that "[a]s of the Petition Date, Mr. Van Dyke's interest in ADE and Trepador once had tremendous value due to their interests in the wells located in Iberville Parish, Louisiana (the "White Castle Wells"). On October 20, 2021 a sheriff's sale (related to the lawsuit of *Hawkeye Stratigraphic, Inc. v. ADM White Castle LLC, suit 79915*) of the White Castle Wells occurred, therefore, stripping virtually all of the value in Trepador and ADE."

7. Discuss and explain in detail what you did, if anything, to stop, try to avert or take any other action regarding the above-referenced October 20, 2021 "sheriff's sale (related to the lawsuit of *Hawkeye Stratigraphic, Inc. v. ADM White Castle LLC, suit 79915)* of the White Castle Wells."

8. Discuss and explain in detail if, whether, when and why you disclosed, or chose not to disclose, to the bankruptcy court, bankruptcy trustee or any creditors in this bankruptcy the possibility that the October 20, 2021 "sheriff's sale (related to the lawsuit of *Hawkeye Stratigraphic, Inc. v. ADM White Castle LLC, suit 79915)* of the White Castle Wells" may occur, is scheduled to occur or has occurred.

9. Discuss and explain in detail why you did nothing to prevent, or were unable to prevent, the foreclosure of Anglo-Dutch Energy, LLC's interest in a well located in ADM White Castle as described at page 10 (footnote 2) of your proposed Plan of Reorganization.

10. Discuss and explain in detail all non-privileged communications (oral, written and electronic) with anyone regarding the foreclosure of Anglo-Dutch Energy, LLC's interest in a well located in ADM White Castle as described at page 10 (footnote 2) of your proposed Plan of Reorganization.

11. Discuss and explain in detail whether you have any plan, scheme or idea under which you or any entity with which you have any ownership or other relationship intends to seek to regain or otherwise benefit from, directly or indirectly, Anglo-Dutch Energy, LLC's foreclosed interest in a well located in ADM White Castle as described at page 10 (footnote 2) of your proposed Plan of Reorganization.

12. Discuss and explain in detail why you did nothing to prevent, or were unable to prevent, the foreclosure of Trepador, LLC's interest in a well located in ADM White Castle as described at page 10 (footnote 3) of your proposed Plan of Reorganization.

13. Discuss and explain in detail all non-privileged communications (oral, written and electronic) with anyone regarding the foreclosure of Trepador, LLC's interest in a well located in ADM White Castle as described at page 10 (footnote 3) of your proposed Plan of Reorganization.

14. Discuss and explain in detail whether you have any plan, scheme or idea under which you or any entity with which you have any ownership or other relationship intends to seek to regain or otherwise benefit from, directly or indirectly, Trepador, LLC's foreclosed interest in a well located in ADM White Castle as described at page 10 (footnote 3) of your proposed Plan of Reorganization.

15. Discuss and explain in detail Exhibit 2 to your proposed Plan of Reorganization.

16. Discuss and explain in detail all assets and values set forth in the chart on page 10 of your proposed Plan of Reorganization.

17. Discuss and explain in detail all secured claims, scheduled or filed claims, collateral, unsecured claims, unscheduled claims and filed claims set forth in the two charts on pages 11-12 of your proposed Plan of Reorganization.

18. Discuss and explain in detail the alleged bases for any objections to the claims of Eva Engelhart as set forth at page 13 (¶ 2.9) of your proposed Plan of Reorganization.

19. Discuss and explain in detail your proposed treatment of claims and executory contracts set forth in Section 5 of your proposed Plan of Reorganization (pp. 19-22)

20. Discuss and explain in detail all "sources of payments" set forth at pages 22-23 (¶ 6.1) of your proposed Plan of Reorganization.

21. Discuss and explain in detail all facts, contracts, analyses, assumptions, financial and any other projections, calculations, supporting documentation, and any other information regarding what you expect to be your "disposable income . . . from TPO" referenced at page 22 (¶ 6.1 – first paragraph) of your proposed Plan of Reorganization.

22. Discuss and explain in detail all of your disposable income for the past three years and all projections of your disposable income for the next five years.

23. Discuss and explain in detail all facts, contracts, analyses, assumptions, financial and any other projections, calculations, supporting documentation, and any other information regarding the "Adams Project" referenced at page 22 (¶ 6.1 – second paragraph) of your proposed Plan of Reorganization.

24. Discuss and explain in detail all facts, contracts, leases, analyses, assumptions, the identities of potential operators or investors, financial and any other projections, calculations, supporting documentation, and any other information regarding the potential transactions referenced at pages 22-23 (¶ 6.1 – third through sixth paragraph) of your proposed Plan of Reorganization.

25. Discuss and explain in detail all facts, contracts, leases, analyses, the identities of potential operators or investors, assumptions, financial and any other projections, calculations, supporting documentation, and any other information regarding the "risk factors" referenced at page 23 (¶ 6.3) of your proposed Plan of Reorganization.

26. Discuss and explain in detail all communications (oral, written and electronic) with actual or potential investors or operators or with anyone else anyone regarding investing in or operating all or part of any project identified in your proposed Plan of Reorganization.

27. Discuss and explain in detail Exhibits 3-5 attached to your proposed Plan of Reorganization and all facts, contracts, leases, analyses, the identities of potential operators or investors, assumptions, financial and any other projections, calculations, supporting documentation, and any other information regarding or used to generate those exhibits.

28. Discuss and explain in detail all facts, contracts, analyses, assumptions, financial and any other projections, calculations, supporting documentation, and any other information regarding all transactions of any type in which any entity in which you own, hold or have any interest in and yourself have had any involvement over the last five years.

29. Discuss and explain in detail all facts, contracts, analyses, assumptions, financial and any other projections, calculations, supporting documentation,

and any other information or evidence that you claim supports the alleged feasibility of your proposed Plan of reorganization.

30. Discuss and explain in detail all facts, contents, entries and all other information regarding or shown on any of your personal financial statements, tax returns, personal bank statements and credit card statements generated, filed, sent, obtained, received or compiled at any time between January 1, 2016 and the present.

31. Discuss and explain in detail all facts, contents, entries and all other information regarding or shown on any financial statements, tax returns, bank statements and credit card statements for any entity with whom you have or had any ownership or other interest in or business relationship with at any time from or between January 1, 2016 and the present. As to the financial statements and other documents referenced in this topic, this topic will address all documents generated, filed, sent, obtained, received or compiled at any time between January 1, 2016 and the present.

**PLEASE TAKE FURTHER NOTICE** that the examination on the Topics will occur on **Wednesday, December 8, 2021 at 9:30 a.m. (Central Time)**, and continuing day to day until completed, or at such other date and time as agreed to between the parties. The examination will be taken at the offices of **Hagans Montgomery Hagans, 3200 Travis Street, Houston, Texas 77006**. The examination will proceed before an officer authorized by law to administer oaths, and will be recorded by audio, video, and/or stenographic means. You are invited to attend and examine.

**PLEASE TAKE FURTHER NOTICE** that Scott Vincent Van Dyke shall produce the documents and tangible things, listed on Exhibits A and A-1, at the time of his examination.

Dated: November 22, 2021.    Respectfully submitted,

HAGANS MONTGOMERY HAGANS

*/s/ William Fred Hagans*
William Fred Hagans
Texas State Bar No. 08685500
fhagans@hagans.law
Carl D. Kulhanek, Jr.
Texas State Bar No. 11761850
ckulhanek@hagans.law

5

        3200 Travis, Fourth Floor
        Houston, Texas 77006
        Telephone: 713-222-2700
        Facsimile: 713-547-4950

        - and –

        NORTON ROSE FULBRIGHT US LLP

        William R. Greendyke (SBT 08390450)
        Julie Goodrich Harrison (SBT 20492434)
        1301 McKinney Street, Suite 5100
        Houston, Texas 77010-3095
        Telephone: (713) 651-5151
        Facsimile: (713) 651-5246
        william.greendyke@nortonrosefulbright.com
        julie.harrison@nortonrosefulbright.com
        ATTORNEYS FOR EVA S. ENGELHART,
        CHAPTER 7 TRUSTEE, LITTLEMILL LIMITED,
        PROSPERITY SETTLEMENT FUNDING INC.,
        ANDREA LORE, INDIVIDUALLY AND IN HER
        CAPACITIES AS CO-EXECUTOR OF THE
        ESTATE OF ROBERT M. PRESS, DECEASED
        AND AS CO-TRUSTEE OF THE LORRAINE
        PRESS SUPPLEMENTAL CARE TRUST AND
        ANZAR SETTLEMENT FUNDING CORP.

## **CERTIFICATE OF CONFERENCE**

      Pursuant to Local Rule 2004-1, I hereby certify that on November 22, 2021, I conferred with Susan Tran, counsel for Scott Vincent Van Dyke, and with David Elder and Dale Mellencamp, counsel for various creditors, with respect to the date, time, and location of the proposed examination and requests. All such counsel have agreed to the date, time, and location of the examination as set forth above.

                                            */s/ William Fred Hagans*
                                            William Fred Hagans

## **CERTIFICATE OF SERVICE**

      I hereby certify on that the 22nd day of November, 2021, a true and correct copy of the foregoing was sent to counsel for Scott Vincent Van Dyke in compliance with the Federal Rules of Civil Procedure.

                                            */s/ William Fred Hagans*
                                            William Fred Hagans

## EXHIBIT A – RULE 2004 REQUESTS AND SUBPOENA

Each of the following requests (the "**Requests**") is to be read and produced in accordance with the definitions and instructions set forth below.

## DEFINITIONS

Notwithstanding anything else to the contrary herein, each word, term or phrase used in these Requests is intended to have the broadest meaning permitted under FED. R. CIV. P. 26 and 34, as made applicable herein by FED. R. BANKR. P. 7026, 7034, and 9014.

1. "All," "each," and "any" shall be construed to mean all, each, every, and any, so as to be expansive as possible.

2. "Analysis" and "analyses" means any analysis whatsoever, including accounting, economic, financial, fairness, industry, investment, performance, risk, solvency, valuation, or other analyses whether in the form of appraisals, bank books, journal entries, memoranda, models, narratives, pitch materials, presentations, projections, proposals, reports, roadshow materials, slide decks, term sheets, third-party opinions, or in any other form, including drafts of the same.

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each document request all documents that might otherwise be construed to be outside of its scope.

4. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and includes oral, written, or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, email messages, text messages, Bloomberg messages, chat messages, including Instant Bloomberg chat messages, social media messages (*e.g.,* Facebook), WhatsApp chat messages, Groupme chat messages, messages on other messaging platforms, memoranda, letters, analyst reports, telecopies, telefaxes,

telexes, conferences, seminars, messages, notes, video tapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind.

5. The terms "concerning" and "relating to" shall mean concerning, relating to, referring to, reflecting, describing, involving, evidencing, constituting, or touching upon in any way, in whole or in part.

6. "Debtor" means Scott Vincent Van Dyke and his respective present and former agents, employees, representatives, and all other persons acting or purporting to act on his behalf.

7. "Document" shall have the broadest possible meaning under Federal Rule of Civil Procedure 34 and includes any and all types of documents and electronically stored information. A draft or non-identical copy is a separate Document within the meaning of this term.

8. "Engelhart" refers to Eva Engelhart, Chapter 7 Trustee For The Bankruptcy Estate Of Anglo-Dutch Petroleum International, Inc.

9. The term "financial projections" means and includes, but is not limited to, income statements, balance sheets, statements of cash flows, liquidity, sources and uses or any other projected financial information, including any drafts of the foregoing.

10. The term "include," or any derivative thereof, means including without limitation.

11. "Person" means any natural person, firm, corporation, unincorporated association, partnership, or other form of legal entity or governmental body, including affiliates, agents and representatives.

12. "You" and "your" means the person or entity responding to these Requests.

## **INSTRUCTIONS**

The preceding Definitions apply to each of these Instructions, and for purposes of the Requests, the following Instructions shall be followed:

1. These Requests encompass all documents in Your possession, custody, or control, whether or not such documents were prepared by or for You. Where documents in Your possession, custody, or control are requested or inquired of, such Request or inquiry includes documents in the possession, custody, or control of each of Your current and former direct and indirect affiliates (whether or not Debtor in this Chapter 11 case), subsidiaries, directors, employees, representatives, agents, advisors, attorneys, accountants, auditors and consultants, all other persons or entities acting or purporting to act on Your behalf or under Your control, any other persons or entities from whom You could obtain documents, and each of their predecessors and successors.

2. If You contend that no documents exist concerning all or part of a Request, You shall state this contention and respond as fully as possible to all parts of the Request for which documents exist.

3. If You claim that any privilege or protection excuses production of any document or part thereof, You must expressly make such claim in writing and describe the nature of each document withheld on this ground, in sufficient detail for Engelhart to determine whether there is an adequate basis for invoking privilege or protection.

4. In the event that any document covered hereunder has been destroyed, discarded, or lost, You shall inform the Committee of this in writing and provide a general description of the categories of documents destroyed or lost and the circumstances of their destruction or loss.

5. If any document cannot be produced in full, it shall be produced to the maximum extent possible and You shall specify in writing the reasons for Your inability to produce the remainder.

6. Each document is to be produced with all non-identical copies and drafts thereof in their entirety without abbreviation or redaction (other than for a claim of privilege, consistent with these Instructions).

7. The use of the singular form of any word includes the plural and vice versa.

8. Unless stated otherwise, these Requests call for documents generated, transmitted or received on or after January 1, 2019, or otherwise relating to the period from January 1, 2019 to the present (the "**Relevant Period**").

9. These Requests shall be deemed to be continuing so as to require You to supplement Your responses if You or Your attorneys or agents become aware of, receive, or generate additional documents responsive to these Requests after the time of the initial response.

## DOCUMENT REQUESTS

1. Please produce all Documents and Communications supporting or pertaining to your assertion at page 8 (¶ 2.2) of your proposed Plan of Reorganization that "the mounting litigation costs of defending the Fraudulent Transfer Litigation and State Court Registry Litigation further depleted Mr. Van Dyke's financial resources causing him to seek bankruptcy relief on May 25, 2021."

2. Please produce all Documents and Communications supporting or pertaining to your assertion at page 8 (¶ 2.3) of your proposed Plan of Reorganization regarding the existence of "the emergency nature of his bankruptcy filing."

3. Please produce all Documents and Communications supporting or pertaining to your assertion at page 9 (¶ 2.3) of your proposed Plan of Reorganization that "[b]ased upon the order of the District Court, The State Court Registry Litigation has been remanded to the Judicial District of Harris County, Texas and Trustee Engelhart on behalf of the investors of

the Van Dyke Entities, were awarded monetary damages in the amount of three million four hundred thousand dollars."

4. Please produce all Documents and Communications supporting or pertaining to your assertion at page 9 (¶ 2.4) of your proposed Plan of Reorganization that "[p]ursuant to a liquidation analysis, the unsecured creditors would receive a higher recovery through reorganization than liquidation. Mr. Van Dyke proposes to assign his interests in virtually all of his non-exempt assets in addition to cash payments to unsecured creditors."

5. Please produce all Documents and Communications supporting, used to prepare or pertaining to the Liquidation Analysis attached as Exhibit 1 to the proposed Plan of Reorganization.

6. Please produce all Documents and Communications supporting or pertaining to your assertion at page 9 (¶ 2.5) of your proposed Plan of Reorganization that "[a]s of the Petition Date, Mr. Van Dyke's interest in ADE and Trepador once had tremendous value due to their interests in the wells located in Iberville Parish, Louisiana (the "White Castle Wells"). On October 20, 2021 a sheriff's sale (related to the lawsuit of *Hawkeye Stratigraphic, Inc. v. ADM White Castle LLC, suit 79915)* of the White Castle Wells occurred, therefore, stripping virtually all of the value in Trepador and ADE."

7. Please produce all Documents and Communications supporting, showing or pertaining to what you did, if anything, to stop, try to avert or take any other action regarding the above-referenced October 20, 2021 "sheriff's sale (related to the lawsuit of *Hawkeye Stratigraphic, Inc. v. ADM White Castle LLC, suit 79915)* of the White Castle Wells."

8. Please produce all Documents and Communications supporting, showing or pertaining to if, whether, when and why you disclosed to the bankruptcy court, bankruptcy trustee or any creditors in this bankruptcy, or chose not to disclose, the possibility that the October 20, 2021 "sheriff's sale (related to the lawsuit of *Hawkeye Stratigraphic, Inc. v. ADM White Castle LLC, suit 79915)* of the White Castle Wells" may occur, is scheduled to occur or has occurred.

9. Please produce all Documents and Communications supporting, showing or pertaining to why you did nothing to prevent, or were unable to prevent, the foreclosure of Anglo-Dutch Energy, LLC's interest in a well located in ADM White Castle as described at page 10 (footnote 2) of your proposed Plan of Reorganization.

10. Please produce all Documents and Communications supporting, showing or pertaining to whether you have any plan, scheme or idea under which you

      or any entity with which you have any ownership or other relationship intends to seek to regain or otherwise benefit from, directly or indirectly, Anglo-Dutch Energy, LLC's foreclosed interest in a well located in ADM White Castle as described at page 10 (footnote 2) of your proposed Plan of Reorganization.

11. Please produce all Documents and Communications supporting, showing or pertaining to why you did nothing to prevent, or were unable to prevent, the foreclosure of Trepador, LLC's interest in a well located in ADM White Castle as described at page 10 (footnote 3) of your proposed Plan of Reorganization.

12. Please produce all Documents and Communications supporting, showing or pertaining to whether you have any plan, scheme or idea under which you or any entity with which you have any ownership or other relationship intends to seek to regain or otherwise benefit from, directly or indirectly, Trepador, LLC's foreclosed interest in a well located in ADM White Castle as described at page 10 (footnote 3) of your proposed Plan of Reorganization.

13. Please produce all Documents and Communications used to create or pertaining to Exhibit 2 to your proposed Plan of Reorganization.

14. Please produce all Documents and Communications supporting, showing or pertaining to all assets and values set forth in the chart on page 10 of your proposed Plan of Reorganization.

15. Please produce all Documents and Communications supporting, showing or pertaining to all secured claims, scheduled or filed claims, collateral, unsecured claims, unscheduled claims and filed claims set forth in the two charts on pages 11-12 of your proposed Plan of Reorganization.

16. Please produce all Documents and Communications supporting, showing or pertaining to the alleged bases for any objections to the claims of Engelhart as set forth in Section 2.9 (p. 13) of your proposed Plan of Reorganization.

17. Please produce all Documents and Communications supporting, showing or pertaining to your proposed treatment of claims and executory contracts set forth in Section 5 of your proposed Plan of Reorganization (pp. 19-22)

18. Please produce all Documents and Communications supporting, showing or pertaining to all "sources of payments" set forth at pages 22-23 (¶ 6.1) of your proposed Plan of Reorganization.

19. Please produce all Documents and Communications supporting, showing or pertaining to all facts, contracts, analyses, assumptions, financial and any

other projections, calculations, supporting documentation, and any other information regarding what you expect to be your "disposable income . . . from TPO" referenced at page 22 (¶ 6.1 – first paragraph) of your proposed Plan of Reorganization.

20. Please produce all Documents and Communications supporting, showing or pertaining to all facts, contracts, analyses, assumptions, financial and any other projections, calculations, supporting documentation, and any other information regarding the "Adams Project" referenced at page 22 (¶ 6.1 – second paragraph) of your proposed Plan of Reorganization.

21. Please produce all Documents and Communications supporting, showing or pertaining to all facts, contracts, leases, analyses, the identities of potential operators or investors, assumptions, financial and any other projections, calculations, supporting documentation, and any other information regarding the potential transactions referenced at pages 22-23 (¶ 6.1 – third through sixth paragraph) of your proposed Plan of Reorganization.

22. Please produce all Documents and Communications supporting, showing or pertaining to all facts, contracts, leases, analyses, the identities of potential operators or investors, assumptions, financial and any other projections, calculations, supporting documentation, and any other information regarding the "risk factors" referenced at page 23 (¶ 6.3) of your proposed Plan of Reorganization.

23. Please produce all Documents and Communications with actual or potential investors or operators or with anyone else anyone regarding investing in or operating all or part of any project identified in your proposed Plan of Reorganization.

24. Please produce all Documents and Communications supporting, showing, used to create or pertaining to Exhibits 3-5 attached to your proposed Plan of Reorganization.

25. Please produce all Documents and Communications that you claim supports the alleged feasibility of your proposed Plan of Reorganization.

26. Please produce all personal financial statements, personal tax returns, personal bank statements and personal credit card statements generated, filed, sent, obtained, received or compiled at any time between January 1, 2016 and the present.

27. Please produce all financial statements, tax returns, bank statements and credit card statements for any entity with you have or had any ownership or other interest in or business relationship with from or between January 1, 2016 and the present. This request seeks all responsive documentation

        generated, filed, sent, obtained, received or compiled at any time between January 1, 2016 and the present.

28. Although previously covered in the above requests, please produce all Documents and Communications described in the letter attached hereto as Exhibit A-1.



## Hagans Montgomery Hagans
*A Professional Corporation*

3200 Travis, Fourth Floor • Houston, Texas 77006
(713) 222-2700 • www.hagans.law

November 15, 2021

**Fred Hagans**
fhagans@hagans.law

Board Certified in:
Civil Trial Law & Personal Injury Trial Law
By The Texas Board of Legal Specialization

Ms. Susan Tran Adams                                            *via email:*  STran@ts-llp.com
Tran Singh, LLP
2502 La Branch
Houston, TX 77004

     Re:    **Scott Van Dyke**

Dear Susan:

    I am following up on our telephone conference and several subsequent emails related to the 2004 Examination of Mr. Van Dyke. As we discussed, we need the requested documents sufficiently in advance of the examination so that we can effectively question Mr. Van Dyke. I understood that the production would be a "rolling production," but I have not received much in the way of documents yet. Can we have a telephone conference on Monday to discuss the time frame for completing the document production?

    With respect to the document production, the following is a more detailed listing of documents that already fit within the categories that are requested. I want to provide this to you to avoid having a situation where the full production does not occur. The details are as follows:

    a.    All documents relating to any litigation between Hawkeye Stratigraphic, Inc. and Mr. Van Dyke and/or any entities affiliated with Mr. Van Dyke (this includes, but is not limited to, ADM White Castle LLC, Anglo-Dutch & Bastion G.P., Anglo-Dutch Energy LLC, Bastion Energy LLC, and Trepador Energy LLC).

    b.    All documents related to any transactions or proposed transactions involving Mr. Van Dyke and/or any entities affiliated with Mr. Van Dyke since January 1, 2018, through the present.

770585

**EXHIBIT A-1**

Ms. Susan Tran Adams
November 15, 2021
Page 2

    c. All documents containing or relating to communications to or from Hawkeye Stratigraphic, Inc., Bastion Energy LLC, and Reaves Utility Income Fund.

    d. All organizational documents, including amendments, for all entities affiliated with Mr. Van Dyke, including, but not limited to, Trepador Energy LLC, Bastion Energy, Anglo-Dutch Energy LLC, Anglo-Dutch & Bastion G.P., Texas Petroleum Operations, LLC.

    e. All documents related to the White Castle Wells, including, but not limited to, agreements, proposed agreements, loans, advances, or disputes.

    f. All accounting records for the period January 1, 2018, to the present for the following:

        i. The White Castle Wells
        ii. ADM White Castle LLC
        iii. Anglo-Dutch & Bastion G.P.
        iv. Anglo Dutch & Moran G.P.
        v. Anglod-Dutch Energy LLC
        vi. Bastion Energy LLC
        vii. Trepador Energy LLC

    g. All documents regarding the well located in ADM White Castle in which ADE had an interest, including any documents relating to the acquisition of the interest, any loans related to the interest, and any litigation or foreclosure related to the interest.

    h. All documents related to the Adams Prospect, including any documents containing communications about the Adams Prospect, offers or sales related to the Adams Prospect, loans, funding or sources of funds for acquisition of mineral leases related to the Adams Prospect, agreements with Texas Petroleum Operations, LLC, any agreements or proposed agreements related to the Adams Prospect (including without limitation loans, advances, investments, and purchase or sale of any interest in the Adams Prospect), budgets for drilling, completing, and operating any wells, geological and engineering reports related to possible or proposed wells, any reports, presentations, or power points related to the Adams Prospect, and any Joint Operating Agreement.

    i. Documents related to the source of funds regarding the Adams Prospect.

770585

Ms. Susan Tran Adams
November 15, 2021
Page 3

      j. The Quick Book accounting records for Mr. Van Dyke and all affiliated entities from January 1, 2018, through the present.

Needless to say, this is not intended as an exhaustive list, nor does it limit the scope of the documents already requested.

With respect to the date of the examination, you sent me an email that November 24th is the only date that works for him. I subsequently learned that you had offered additional dates to Mr. Elder, including November 22, November 29 and November 30. In order to select a date, we need to know when the document production will be complete and the dates available for examining Mr. Van Dyke.

As I am sure you appreciate, getting information about ADM White Castle LLC and the White Castle wells, litigation, and foreclosure is particularly important.

I look forward to hearing from you and appreciate your help and cooperation in obtaining the information and getting the examination scheduled.

                                                      Sincerely,

                                                      Hagans Montgomery Hagans

                                                      */S/ Fred Hagans*

                                                      Fred Hagans

FH/nw

cc:     William R. Greendyke - william.greendyke@nortonrosefulbright.com
        Julie Goodrich Harrison – julie.harrison@nortonrosefulbright.com
        NORTON ROSE FULBRIGHT US LLP
        1301 McKinney Street, Suite 5100
        Houston, Texas  77010-3095

        Carl Kulhanek – ckulhanek@hagans.law
        Richard Eiszner – reiszner@hagans.law
        Hagans Montgomery Hagans
        3200 Travis Street, 4th Floor
        Houston, Texas  77006

770585