IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 (Subchapter V) |
| SCOTT VINCENT VAN DYKE | § | |
| | § | Case No.: 21-60052 |
| Debtor. | § | |

**EMERGENCY MOTION OF EVA ENGELHART, AS CHAPTER 7 TRUSTEE OF THE
ESTATE OF ANGLO-DUTCH PETROLEUM INTERNATIONAL, INC.,
LITTLEMILL LIMITED, PROSPERITY SETTLEMENT FUNDING, INC.,
ANDREA LORE, INDIVIDUALLY AND IN HER CAPACITIES AS CO-
EXECUTOR OF THE ESTATE OF ROBERT M. PRESS, DECEASED AND
AS CO-TRUSTEE OF THE LORRAINE PRESS SUPPLEMENTAL CARE
TRUST AND ANZAR SETTLEMENT FUNDING CORP.
<u>FOR CONTINUANCE OF CONFIMATION HEARING</u>**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you
should immediately contact the moving party to resolve the dispute. If you and the moving
party cannot agree, you must file a response and send a copy to the moving party. You
must file and serve your response within 21 days of the date this was served on you. Your
response must state why the motion should not be granted. If you do not file a timely
response, the relief may be granted without further notice to you. If you oppose the motion
and have not reached an agreement, you must attend the hearing. Unless the parties agree
otherwise, the court may consider evidence at the hearing and may decide the motion at the
hearing.**

**Represented parties should act through their attorney.**

**Emergency relief has been requested. If the Court considers the motion on an emergency
basis, then you will have less than 21 days to answer. If you object to the requested relief or
if you believe that the emergency consideration is not warranted, you should file an
immediate response.**

**Relief is requested not later than December 15, 2021.**

Eva Engelhart ("Engelhart"), as Chapter 7 Trustee of the estate of Anglo-Dutch

Petroleum International, Inc. ("ADPI"), on the one hand, and Littlemill Limited, Prosperity

Settlement Funding, Inc., Andrea Lore, Individually and In Her Capacities As Co-Executor of

the Estate of Robert M. Press, Deceased and As Co-Trustee of the Lorraine Press Supplemental Care Trust and Anzar Settlement Funding Corp. ("Investors," and together with Engelhart, the "Movants"), on the other hand, files this Emergency Motion for Continuance of Confirmation Hearing with respect to the proposed Plan filed by the Debtor, Scott Van Dyke, and would respectfully show the Court the following:

Last Minute Plan Amendment

1.      Debtor previously requested (and obtained) a two-month extension of time to file his Plan.  [See Docket Nos. 18 and 42].  The proposed Plan was filed on October 29, 2021. [Docket No. 66].

2.      Movants retained experts to review and evaluate the feasibility of the proposed Plan.  [see, e.g, Docket No. 88 (witnesses), 88-1].

3.      On November 4, 2021, the confirmation hearing on the proposed Plan filed in this case was scheduled for Tuesday, December 8, 2021, with the deadline for objecting to the proposed Plan set for the preceding Friday (December 3).  [Docket No. 70].  On November 23, 2021, the Court entered its *Agreed Order Continuing Plan Confirmation Hearing and Related Deadlines*, resetting the confirmation hearing on the proposed Plan for December 14, 2021 at 1:00 p.m.  [Docket No. 81].

4.      The Debtor filed an amended proposed Plan on December 11, 2021, just two days before Movants' deadline to object to confirmation of the proposed Plan.  [Docket No. 86].

5.      Movants hold large unsecured claims against the Debtor and have filed an objection to confirmation of the amended proposed Plan.

Refusal to Produce Critical Information Needed to Evaluate the Plan

6.      Debtor's amended proposed Plan provides that the source of payments to the

creditors will be funded from Van Dyke's disposable income from the drilling of a new oil and gas prospect near Victoria Texas, referred to as the Adams Prospect.  [Docket No. 86 at pp. 22-23.]

7.      On November 5, 2021, counsel for Movants emailed Debtor's counsel, attaching a draft 2004 request for examination and documents and requesting a conference with Debtor's counsel.  This included requests for documents relevant to evaluating the Adams Prospect.  On November 8, 2021, counsel for Movants and Debtor's counsel conferred regarding the schedule for producing the documents requested and a date for the examination following the document production.  Counsel for Movants also filed a *Notice of Rule 2004 Examination* (Docket No. 75) requesting a number of documents relevant to the proposed Plan.  This also included documents relevant to evaluating the Adams Prospect.  Only a handful of documents concerning the Adams Prospect were produced, and they all concerned Debtor's projections for the prospect.

8.      Debtor was deposed on December 9, 2021.  There, Debtor acknowledged that potential investors would want specific information about the Adams Prospect, including the location, where other wells are located, the production records for those wells, etc.  [Docket 88-3 at 71:18-73:25].  Debtor admitted that he possesses the information (Docket 88-3 at 72:17-73:5; 81:2-8), but he repeatedly refused to provide the information to Engelhart (Docket 88-3 at 47:12-48:2; 49:8-0; 72:12-16, 81:11-14; 142:4-12).  Without this information, Movants' oil and gas expert cannot evaluate the prospect.  Additionally, Debtor disclosed that a nonlawyer is drafting options to lease that will be his basis for claiming that he has an oil, gas, and mineral lease on the Adams Prospect.  [Docket 88-3 at 239:3-12; 239:24-240:11.]  Debtor refused to produce these documents as well.  [Docket 88-3 at 245:14-246:1.]  Movants need this information to evaluate the amended proposed Plan.

9.      The requested documents (and the inquiry related to those documents) are necessary because they are relevant to demonstrate that the amended proposed Plan is not feasible.

<u>Passing of Debtor's Mother and Refusal to Produce Documents Relevant to Her Estate</u>

10.     Debtor's counsel informed Movants' counsel that Debtor's mother, Mary Theresa Van Dyke, passed away on December 6, 2021.

11.     Counsel for Movants promptly requested documents concerning Ms. Van Dyke's estate, including her last will and testament, tax returns, any trust documents, account statements, life insurance policies, etc. *See* Exhibit 1.

12.     In his deposition, Debtor disclosed that he had been handling his mother's financial affairs for years (Docket 88-3 at 28:19-29:9) and he has a copy of her will (Docket 88-3 at 40:10-17).   Yet no documents were produced to Movants.

13.     The requested documents (and the inquiry related to those documents) are necessary because they are relevant to demonstrate that the amended proposed Plan is not fair and equitable.

14.     This motion for continuance needs to be resolved by December 15, 2021 as the confirmation hearing is currently set for December 15, 2021.

15.     There are no impending deadlines, milestones, or other compelling reasons why the amended proposed Plan must be confirmed by December 15.   As currently drafted, the amended Plan proposes a lengthy time-table within which the Debtor would (i) first obtain funds from new investors, (ii) then acquire new oil and gas leases, (iii) then drill new wells, and (iv) then pay a portion of the net revenue to creditors.   A continuance of the confirmation hearing for 30–60 days, subject to Movants receiving the requested documents from the Debtor at least two

weeks prior to the continued hearing, would not materially impact the amended Plan as currently written. Debtor himself had previously requested (and obtained) a two-month extension of time to file the Plan [see Docket Nos. 18 and 42].

16. Based upon the foregoing, Movants respectfully request that the confirmation hearing currently scheduled for December 15, 2021 be continued for at least 30 days, subject to Movants' receipt of documents in a timely manner, together with the deadline for filing supplemental objections to the Debtor's amended proposed Plan.

Respectfully submitted,

HAGANS MONTGOMERY HAGANS

*/s/ William Fred Hagans*
William Fred Hagans
Texas State Bar No. 08685500
fhagans@hagans.law
Carl D. Kulhanek, Jr.
Texas State Bar No. 11761850
ckulhanek@hagans.law
3200 Travis, Fourth Floor
Houston, Texas 77006
Telephone: 713-222-2700
Facsimile: 713-547-4950

- and –

NORTON ROSE FULBRIGHT US LLP

William R. Greendyke (SBT 08390450)
Julie Goodrich Harrison (SBT 20492434)
1301 McKinney Street, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
william.greendyke@nortonrosefulbright.com
julie.harrison@nortonrosefulbright.com

*ATTORNEYS FOR EVA ENGELHART, AS
CHAPTER 7 TRUSTEE OF THE ESTATE OF
ANGLO-DUTCH PETROLEUM
INTERNATIONAL, INC.*

CERTIFICATE OF ACCURACY

The undersigned attorney certifies that the facts on which this request for emergency hearing are based are accurate.

/s/ *William Fred Hagans*
William  Fred Hagans


CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2021, a true and correct copy of the foregoing Notice was served upon the counsel and parties of record electronically through the Bankruptcy Court's Electronic Case Filing System on those parties that have consented to such service.

/s/ *Julie Harrison*
Julie  Harrison



# Hagans Montgomery Hagans

*A Professional Corporation*

3200 Travis, Fourth Floor  •  Houston, Texas 77006

(713) 222-2700  •  www.hagans.law

December 7, 2021

**Fred Hagans**
fhagans@hagans.law

Board Certified in:
Civil Trial Law & Personal Injury Trial Law
By The Texas Board of Legal Specialization

Ms. Susan Tran Adams                                 *via email:* *STran@ts-llp.com*
Tran Singh, LLP
2502 La Branch
Houston, TX 77004

Re:    **Scott Van Dyke**

Dear Susan,

Given the death of Mary Theresa Van Dyke, we need information to evaluate the potential financial impact as it relates to Scott Van Dyke.  We request that you provide copies of the following documents:

- Last Will and Testament of Mary Theresa Van Dyke;
- Living Trust or Living Will of Mary Theresa Van Dyke;
- Any Trust, Trust Agreement or similar agreement that Mary Theresa Van Dyke established as a settlor or grantor;
- Copies of Mary Theresa Van Dyke's Individual Tax Returns for 2015 – 2020;
- Copies of all financial statements for Mary Theresa Van Dyke prepared during the past five years;
- Copies of account statements for personal financial accounts, including checking, savings, investment or similar accounts involving assets owed directly or indirectly by Mary Theresa Van Dyke;
- Copies of all documents for personal financial accounts, including checking, savings, investment or similar accounts, showing whether Scott Van Dyke was a beneficiary or person to whom funds in any such accounts must be paid upon Mary Theresa Van Dyke's death.
- For entities in which Mary Theresa Van Dyke owns an interest, including VanCon, Inc.; MT Connolly Properties LLC; and others -
  - Financial statements for 2015-2021;

772249

Exhibit 1

Ms. Susan Tran Adams
December 7, 2021
Page 2

      o  Tax returns for 2015-2021;
      o  Certificate of formation and other corporate documents.
- Copies of any insurance agreements for Mary Theresa Van Dyke's assets (cars, homes, jewelry, art, etc.);
- Any trust, trust agreement, or similar agreement where Mary Theresa Van Dyke is the beneficiary;
- Each life insurance policy insuring Mary Theresa Van Dyke's life, whether payable to Scott Van Dyke or any other person or entity.

Sincerely,

Hagans Montgomery Hagans

Fred Hagans

cc:    william.greendyke@nortonrosefulbright.com
       julie.harrison@nortonrosefulbright.com
       kmontgomery@hagans.law
       ckulhanek@hagans.law
       reiszner@hagans.law
       nwidmann@hagans.law
       dselder@foley.com
       mhaselden@haseldenfarrow.com
       dmellencamp@bairhilty.com

Exhibit 1