IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 11 (Subchapter V)** |
| **SCOTT VINCENT VAN DYKE** | § | |
| | § | **Case No.: 21-60052** |
| Debtor. | § | |

**EMERGENCY MOTION OF EVA ENGELHART, AS CHAPTER 7 TRUSTEE
OF THE ESTATE OF ANGLO-DUTCH PETROLEUM INTERNATIONAL, INC.,
LITTLEMILL LIMITED, PROSPERITY SETTLEMENT FUNDING, INC.,
ANDREA LORE, INDIVIDUALLY AND IN HER CAPACITIES AS CO-
EXECUTOR OF THE ESTATE OF ROBERT M. PRESS, DECEASED AND
AS CO-TRUSTEE OF THE LORRAINE PRESS SUPPLEMENTAL CARE
TRUST AND ANZAR SETTLEMENT FUNDING CORP.
<u>TO COMPEL PRODUCTION OF DOCUMENTS AND DEPOSITIONS</u>**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

**Relief is requested not later than December 22, 2021.**

Eva Engelhart ("<u>Engelhart</u>"), as Chapter 7 Trustee of the estate of Anglo-Dutch

Petroleum International, Inc. ("<u>ADPI</u>"), on the one hand, and Littlemill Limited,

Prosperity Settlement Funding, Inc., Andrea Lore, Individually and In Her Capacities As Co-Executor of the Estate of Robert M. Press, Deceased and As Co-Trustee of the Lorraine Press Supplemental Care Trust and Anzar Settlement Funding Corp. ("Investors," and together with Engelhart, the "Objectors"), on the other hand, files this Emergency Motion to Compel Production of Documents and Depositions, and would respectfully show the Court the following:

1. Debtor is refusing to produce relevant information in his possession that Engelhart needs to properly analyze the proposed plan. Debtor is also refusing to provide his availability and that of two employees to sit for depositions. Debtor has not objected to Engelhart's requests.

**The Adams Prospect**

2. Debtor filed his Plan on October 29, 2021 (Docket No. 66) and amended the plan on December 11, 2021 (Docket No. 86). The plan provides that the source of payments to the creditors will be funded from Debtor's disposable income from the drilling of a new oil and gas prospect near Victoria Texas, referred to as the Adams Prospect. [Docket No. 86 at pp. 22-23; Docket No. 86-6; Docket No. 86-7].

3. Though Engelhart requested documents on the Adams Prospect as early as November 5, only a handful of documents concerning the Adams Prospect have been produced, and they all concern Debtor's projections for the prospect. The produced documents do not provide the underlying information for the prospect.

4. Debtor was deposed on December 9, 2021. There, Debtor acknowledged that potential investors would want specific information about the Adams Prospect,

Page 2

including its location, where other wells are located, the production records for those wells, etc. [Docket No. 88-3 at 71:18-73:25]. Debtor admitted that he possesses the information (Docket No. 88-3 at 72:17-73:5; 81:2-8), but he repeatedly refused to provide the information to Engelhart (Docket No. 88-3 at 47:12-48:2; 49:8-0; 72:12-16, 81:11-14; 142:4-12). Without this information, Engelhart's oil and gas expert cannot evaluate the prospect. Additionally, Debtor disclosed that a nonlawyer is drafting options to lease that will be his basis for claiming that he has an oil, gas, and mineral lease on the Adams Prospect. [Docket No. 88-3 at 239:3-12; 239:24-240:11.] Debtor refused to produce these documents as well. [Docket No. 88-3 at 245:14-246:1.] Engelhart needs this information to evaluate the amended proposed Plan.

5.  Debtor also testified in deposition that he ran the Adams Prospect data set on an application/algorithm that no one else has access to. [Docket No. 88-3 at 103:12-22; 104:22-105:4]. According to Debtor, only he and Mr. Harry McMahon, his colleague of 20-plus years, have reviewed the data. [Docket No. 88-3 at 54:15-55:24]. Debtor admitted that if the algorithm is wrong, the result can be wrong. [Docket No. 88-3 at 105:21-106:7.] Neither the dataset nor the application/algorithm have been produced. Without this information, Engelhart's oil and gas expert cannot evaluate the data or the methodology used to analyze the data.

6.  The requested documents (and the inquiry related to those documents) are necessary because they are relevant to demonstrate that the amended proposed Plan is not feasible.

**The Estate of Mary Theresa Van Dyke**

7.     On December 7, 2021, Debtor's counsel informed Engelhart that Debtor's mother, Mary Theresa Van Dyke, passed away. Engelhart's counsel promptly sought various documents regarding Ms. Van Dyke's estate. [Exhibit 1].

8.     In his deposition, Debtor disclosed that he had been handling his mother's finances for years (Docket No. 88-3 at 28:19-29:9) and he has a copy of her will (Docket No. 88-3 at 40:10-17). Yet no documents have been produced to Engelhart.

9.     Debtor also disclosed in deposition that his mother had not been competent for the past eight years, that during this time he had been managing her financial affairs without oversight from other potential beneficiaries, and that he had loaned and/or gifted himself and his companies money from her accounts on her behalf. [Docket No. 88-3 at 12:6-13:17, 28:16-29:19, 33:6-18, 35:15-36:4, 38:8-10; 179:13-180:5, 222:22-24, 246:9-16, 249:12-250:9; 252:25-253:9, 256:11-14]. Engelhart promptly requested documentation regarding the loans and/or gifts that Debtor made to himself and his companies from his mother's accounts, but no documents have been provided. [See Exhibit 6, Exhibit 4 at p. 8].

10.    The requested documents (and the inquiry related to those documents) are necessary because they are relevant to demonstrate that the amended proposed Plan is not fair and equitable.

**Depositions**

11.    In his deposition, Debtor disclosed that Mr. McMahon was involved in the analysis of the Adams Prospect. [Docket No. 88-3 at 54:22-55:2, 142:13-18, 147:1-21,

149:11-22]. Debtor also disclosed that Ms. Francene Barber-Buchanan was knowledgeable about Ms. Van Dyke's estate and Debtor's financials. [Docket No. 88-3 at 30:9-31:1, 31:17-32:15, 175:20-176:8, 250:6-19, 256:20-257:4]. Both Mr. McMahon and Ms. Barber-Buchanan work for Debtor's new company, Texas Petroleum Operations, LLC. [Docket No. 88-3 at 120:22-25].

12.     The Court held an Emergency Status Conference on December 14, 2021, wherein the Court heard Engelhart's Emergency Motion for Continuance (Docket No. 94) and instructed that it was moving the plan confirmation hearing, which is now set for January 31, 2022 (Docket No. 101).

13.     On December 14, Engelhart wrote to Debtor's counsel seeking dates of availability for the depositions of Mr. McMahon, Ms. Barber-Buchanan, and Debtor. Engelhart followed up with additional letters on December 16 and 17. So far, no dates have been provided.

14.     On December 17, Engelhart served deposition notices, seeking to depose Ms. Barber-Buchanan on January 5, Mr. McMahon on January 7, and Debtor on January 12. [Exhibits 2-4].

**Need for Judicial Intervention**

15.     Efforts to resolve these issues with Debtor have failed. Counsel for Engelhart has had various teleconferences with counsel for Debtor regarding the depositions and documents. Though counsel for Debtor appears to be courteous and has assured Engelhart that Debtor is aware of Engelhart's requests, and though Debtor has not objected to Engelhart's requests, Debtor has not produced any additional documents

or provided dates of availability for the noticed depositions. [Exhibit 5-8].

16. Because of the tight timetable, Engelhart asks this Court to compel Debtor to provide the requested documents in Exhibit 1-6 by December 29, 2021.

17. Engelhart also asks this Court to compel the depositions of Ms. Barber-Buchanan, Mr. McMahon, and Debtor at the date and time provided on the deposition notices. [Exhibits 2-4].

18. This motion to compel needs to be resolved by December 22, 2021, as Debtor will likely need time to collect and produce the requested documents, Engelhart wants to review the requested documents before the noticed depositions, and Engelhart wants to review the deposition testimony to prepare for the January 31 plan confirmation hearing.

19. Based upon the foregoing, Engelhart respectfully requests that the Court grant the motion to compel; order Debtor to produce the requested documents; and order Ms. Barber-Buchanan, Mr. McMahon, and Debtor to appear for depositions on the noticed dates.

Date: December 20, 2021

        Respectfully submitted,

        HAGANS MONTGOMERY HAGANS

        */s/ William Fred Hagans*
        William Fred Hagans
        Texas State Bar No. 08685500
        fhagans@hagans.law
        Carl D. Kulhanek, Jr.
        Texas State Bar No. 11761850
        ckulhanek@hagans.law
        3200 Travis, Fourth Floor
        Houston, Texas 77006
        Telephone: 713-222-2700
        Facsimile: 713-547-4950

        - and –

        NORTON ROSE FULBRIGHT US LLP

        William R. Greendyke (SBT 08390450)
        Julie Goodrich Harrison (SBT 20492434)
        1301 McKinney Street, Suite 5100
        Houston, Texas 77010-3095
        Telephone: (713) 651-5151
        Facsimile: (713) 651-5246
        william.greendyke@nortonrosefulbright.com
        julie.harrison@nortonrosefulbright.com

        *ATTORNEYS FOR EVA ENGELHART, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF ANGLO-DUTCH PETROLEUM INTERNATIONAL, INC.*

## CERTIFICATE OF CONFERENCE

On December 17, 2021, I corresponded with counsel for Debtor regarding this motion to compel. Counsel for Debtor instructed that she would urge Debtor to respond, but he has yet to do so.

*/s/ William Fred Hagans*
William Fred Hagans

## CERTIFICATE OF ACCURACY

The undersigned attorney certifies that the facts on which this request for emergency hearing are based are accurate.

*/s/ William Fred Hagans*
William Fred Hagans

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2021, a true and correct copy of the foregoing Notice was served upon the counsel and parties of record electronically through the Bankruptcy Court's Electronic Case Filing System on those parties that have consented to such service.

*/s/ Julie Harrison*
Julie Harrison