## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Subchapter V |
| Scott Vincent Van Dyke | § | |
| | § | Case No. 21-60052 |
| Debtor. | § | **Christopher M. Lopez** |

### STIPULATED PROTECTIVE ORDER
(No. ___)

WHEREAS, Eva Engelhart, Chapter 7 Trustee for Anglo-Dutch Petroleum International, Inc., and Littlemill Limited, Prosperity Settlement Funding, Inc., Andrea Lore, Individually and in Her Capacities as Co-Executor of the Estate of Robert M. Press, Deceased and as Co-Trustee of the Lorraine Press Supplemental Care Trust and Anzar Settlement Funding Corp (collectively the "Hagans Creditors") filed an Emergency Motion to Compel Production of Documents and Depositions (Dkt. 103) so as to evaluate Debtor's proposed amended plan; and

WHEREAS, the Court granted the motion and ordered Debtor to produce the requested documents by December 29, 2021;

WHEREAS, Scott Vincent Van Dyke, the Debtor claims that good cause exists to protect the confidential nature of certain information contained in the requested documents and that the entry of a Protective Order is warranted to protect against the disclosure of such documents and information;

The parties agree to enter into the following Protective Order. Based upon the above stipulation of the Parties, it is hereby

**ORDERED**:

1. All documents and other materials produced by the Debtor in this case and labeled "Confidential" (hereinafter the "Confidential Information") shall be used only in this bankruptcy proceeding, related adversary proceedings, and any cases pending in any Texas state court involving Debtor or any entity in which Debtor has any interest and any person or entity who has filed a Proof of Claim in the above-styled bankruptcy case ("Approved Proceedings")..

2. The "Confidential" designation means that the document contains trade secrets or commercial information not publicly known, which trade secrets or commercial information is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(7), or other information required by law or agreement to be kept confidential.

3. Confidential Information does not include, and this Protective Order does not apply to, documents already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by an agreement not to disclose such information, or information that has been disclosed to the public or third persons or agencies in a manner making such information no longer confidential.

4. The Debtor represents that he has evaluated all of the documents to be produced and, in good faith, has only labeled documents confidential if they fit with the definition provided in Paragraph 2 of this Protective Order.

5. Within seven (7) days of production of a document, the Hagans Creditors may object to the "Confidential" designation of the document. For such documents, Debtor has the burden to secure a hearing with the Court to establish that the information is in fact Confidential. Otherwise, the document will not be treated as Confidential.

6. Use of any information or documents labeled "Confidential" and subject to this Protective Order, shall not be used by any party for any business, commercial, or competitive purpose. The Hagans Creditors shall hold the Confidential Information in the strictest confidence and not disclose, trade or otherwise divulge the Confidential Information without the prior written consent of the Debtor except as provided in Paragraph 9 of this Protective Order.

7. If portions of documents or other materials deemed "Confidential" are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL


8. "Confidential" documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in Paragraph 7. Such sealed portion(s) of pleadings, motions, briefs, documents, etc. shall be opened only by the Court or by personnel authorized to do so by the Court.

9. Use of any information, documents, or portions of documents marked as "Confidential" shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

      a. The Court, its court personnel and officials, the jury, court reporters, and videographers involved in the case, including but not limited to, reporters regularly employed by the Court.;
      b. The Parties or parties-in-interest in Approved Proceedings;

    c. Employees, directors, or officers from each Party who reasonably require or are provided access to the CONFIDENTIAL INFORMATION for purposes approved by this Protective Order;

    d. "Counsel," meaning all attorneys of record for the Parties, other attorneys in their firm or firms, and in-house or other counsel who provide legal advice to the Parties, as well as members of the staff of Counsel assisting in the Lawsuit or in the administration of this Lawsuit;

    e. Copy services and litigation support personnel;

    f. Experts or consultants who assist a Party for purposes relating to the Lawsuit (including partners, associates, and employees of the firm which employs such consultants or expert);

    g. Any other persons agreed to in writing by the Parties;

    h. Authors and original recipients of the documents;

    i.

    j. Actual and potential deponents and trial witnesses, so long as they are informed of this Protective Order and agree to be bound by its terms.

10. The Hagans Creditors shall exercise due care in ensuring the proper and secure storage of the Confidential Information. As soon as practicable, after the conclusion of the Approved Proceedings, upon a demand in writing from the Debtor, all original copies of the Confidential Information shall be destroyed by the Hagans Creditors who shall, on request, notify the Debtor in writing that they have

    a. Taken all reasonably practicable steps to destroy the Confidential Information in their possession;

    b. Taken all reasonably practicable steps to locate and erase the Confidential Information from their computer media; and

    c. Procured from all persons to whom the Hagans Creditors have disclosed any Confidential Information that such persons have complied with this paragraph of the Protective Order.

    d. Nothing in this Paragraph precludes counsel for the Hagans Creditors from retaining an archival copy of the documents.

11. Nothing in this Protective Order shall prejudice any Party from seeking amendments to expand or restrict the rights of access to and use of Confidential Information, or other modifications, subject to order by the Court.

Reserved for Judge's Signature

Agreed by:

**Tran Singh LLP**

*/s/Susan Tran Adams*
Susan Tran Adams
TBN: 24075648
2502 La Branch Street
Houston, Texas 77004
Ph: (832) 975-7300
Fax: (832) 975-7301
Email: Stran@ts-llp.com
Counsel for Table Rock Investments, LLC

- And-

**Hagans Montgomery Hagans**

<u>*/s/William Fred Hagans*</u>
Hagans Montgomery Hagans
William Fred Hagans (State Bar No. 08685500)
Carl D. Kulhanek, Jr. (State Bar No. 11761850)
3200 Travis, Fourth Floor
Houston, Texas 77006
Telephone: (713) 222-2700
Fax: (713) 547-4950
Email: fhagans@hagans.law


*Counsel for Eva Engelhart, as Chapter 7 Trustee*
*For the Estate of Anglo-Dutch Petroleum International, Inc.*