IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| In re: § | |
| § | Chapter 7 (Converted) |
| SCOTT VINCENT VAN DYKE, § | |
| § | |
| § | Case No. 21-60052 |
| DEBTOR. § | Hon. Christopher M. Lopez |

### BUILDERS WEST, INC'S MOTION TO DISMISS CASE

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THIS MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THAT THIS MOTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED; IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE CHRISTOPHER M. LOPEZ:**

Builders West, Inc. ("Builders West"), by and through its undersigned counsel, hereby files this *Motion to Dismiss Case* (hereinafter, the "Motion"). In support hereof, Builders West respectfully submits the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**BRIEF BACKGROUND**

2. On May 25, 2021 (the "Petition Date"), Mr. Scott Vincent Van Dyke (hereinafter "Van Dyke" or "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), with a Subchapter V election. Since that time, Debtor's bankruptcy has been converted to a Chapter 7 liquidation. Debtor's above-styled bankruptcy case ("Case") is pending before the United States Bankruptcy Court for the Southern District of Texas, Victoria Division (the "Court").

3. Amazingly, Debtor failed to list Builders West as a creditor in his Petition, despite attesting that the "attached list of creditors is true and correct to the best of his/her knowledge." [Doc. No. 1, at 19]. Debtor subsequently filed an Amended Petition, and again failed to identify Builders West as a creditor.

4. On June 30, 2021, the Debtor filed his *Schedules* [Doc. No. 27], and listed Builders West as a creditor with "disputed" general unsecured claim of $609,167.42. [*See* Doc. No. 99, at 3].

5. On September 20, 2021, Builders West timely filed its proof of claim against the Debtor in the amount of $1,062,002.90 ("Claim Amount"). *See* Claim No. 12. The Claim Amount is based on a prepetition judgment that was entered in favor of Builders West and against the Debtor in Cause No. 2011-54019, *Builders West, Inc. v. Scott Van Dyke* in the 113th Judicial District Court, Harris County, Texas (the "Lawsuit"). The Lawsuit was based upon the Debtor's breach of his contract with Builders West. The judgment in favor of Builders West was signed by the court on June 9, 2016. See Claim No. 12, at Exhibit 1 to Addendum B. Prior to filing for protection under the United States Bankruptcy Code, Debtor exhausted any available appeals of the Judgment against him in the Lawsuit.

6. On October 29, 2021, the Debtor submitted his proposed *Plan of Reorganization* [Doc No. 66].

7. On December 11, 2021, the Debtor then filed his proposed *Amended Plan of Reorganization* [Doc. No. 86] (the "Plan").

8. On December 13, 2021, Builders West timely filed an objection to the Plan, along with several other creditors. [Doc. No. 92]

9. On January 11, 2022, Debtor filed his *Motion to Convert Case to Chapter 7* ("Motion to Convert") [Doc. No. 121],[1] which was initially scheduled to be heard on by telephone and video conference on February 8, 2022 at 1:00 pm CT.

10. On January 31, 2022, the Court entered an *Order Converting Case to Chapter 7* ("Order to Convert") [Doc. No. 129].

11. On February 11, 2022, and after multiple Rejections of Appoints,[2] a chapter 7 trustee was appointed to this Case. *See* Doc. No. 138 ("Notice of Appointment of Successor Trustee and Fixing of Bond," announcing the appointment of Ms. Catherine Curtis Stone).

12. As of the date hereof, a Section 341 Creditors' meeting for this Case has been set for March 24, 2022 at 10:00 am CT (via teleconference).

## INTRODUCTION

13. Builders West respectfully requests that this Case be dismissed with prejudice. As explained below, dismissal is appropriate and justified under both Sections 707 and 305(a) of the Bankruptcy Code. By entering the Order to Convert, this Court found "cause" to convert to a

---

[1] All capitalized but undefined terms herein shall have the same meaning as ascribed to in the Debtor's Motion to Convert.

[2] *See, e.g.*, Doc. Nos. 131 and 135 ("Trustee's Rejection of Appointment").

Chapter 7 under Section 1112(b) of the Bankruptcy Court. Therefore, such "cause" would also similarly justify dismissal of this Case under Section 707(a) or as otherwise may be applicable.

14. Builders West requests dismissal because, among other reasons, conversion to Chapter 7—with the appointment of a Chapter 7 trustee, who will almost surely hire counsel and perhaps a financial advisor—will prove far more expensive and wasteful than allowing this Case to be dismissed.

## REQUESTED RELIEF

15. By this Motion, Builders West requests entry of the Order, substantially in the form filed herewith, dismissing this Case and granting related relief as requested. A court may dismiss a Chapter 7 case under section §707(a) "for cause":

> The court may dismiss a case under this chapter only after notice and a hearing and **only for cause**, including—
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
> (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

11 U.S.C. § 707(a) (emphasis added).

16. "For cause" is not specifically defined within this section of the Bankruptcy Code. *Id.* Nevertheless, the Court has discretion to decide what constitutes cause. *See In re Atlas Supply Corp.*, 857 F.2d 1061, 1064 (5th Cir. 1988). In deciding whether to dismiss "for cause" under 11 U.S.C. § 707(a), a court is guided by equitable principles and performs a case-by-case analysis evaluating whether dismissal of the chapter 7 case would be in the best interest of all the parties involved. *See In re Murray*, 900 F.3d 53, 58 (2d Cir. 2018).

I. **Cause exists to dismiss the Case under Section 707(a).**

17. Here, "cause" exists to dismiss this Case. As set forth in the Debtor's Motion to Convert, cause includes "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." *See Motion to Convert,* at ¶ 14 (relying on 1 U.S.C. § 1112(b)(4)(A)). The Debtor has cited numerous reasons for this Court to support a finding of "cause," including but not limited to: (I) "lack of income;" (ii) "drop in oil and gas prices;" (iii) "[s]nice the Petition Date, Mr. Van Dyke's estate has experienced negative cash flow due to the lack of operations of ADE and TPO;" (iv) "[a]lthough Mr. Van Dyke has been working towards putting the Adams Prospect into motion, he has been unable to secure contracts and investments to commence the project in order to bring money into the estate." *Id.*

18. By entering its Order to Convert, "cause" has been established under Section 1112(b)—which permits a case to convert to Chapter 7 *or* be dismissed. Therefore, "cause" has also been established to justify an order dismissing this Case immediately under Section 707(a).[3]

19. Cause also exists under Section 707(a) because the Debtor has failed to accurately report his assets and liabilities to the Court. More specifically, the Debtor failed to: (i) list Builders West as a creditor in his Petition and Amended Petition, despite having knowledge of the final judgment against him in favor of Builders West pursuant to which no less than $1,062,002.90 is owed.

20. Additionally, the Debtor subsequently misstated the amount owed to Builder's West in his Schedules, and improperly scheduled Builders West's claim as "disputed" claim even though Builders West has a final/unappealable Judgment against the Debtor. There should be no

---

[3] To be clear, "Sections 1112(b)(1), 1208(b), and 1307(b) of the Bankruptcy Code all contain language that is similar to 11 U.S.C. § 707(b). Each of these sections, like § 707(b) of the Bankruptcy Code, is the corresponding 'Conversion or Dismissal' provision for its respective chapter of the Bankruptcy Code." *See, e.g.*, *In re Lassiter*, Case No. 08-31578-KRH, 6 (Bankr. E.D. Va. May. 24, 2011).

reason for the Debtor to fail to properly list Builders West's claim on his schedules as it is based upon a final unappealable judgment. Accordingly, cause exists to dismiss this Case.

21. Alternatively, cause exist under Section 707(a) because it is inequitable to the Debtor's creditors to allow the Debtor to obtain a discharge without having completed a payment plan under Subchapter V. Stated differently, through the conversion of this Case to Chapter 7, the Debtor will be able to obtain a discharge of certain claims within a few months of the conversion instead of after the conclusion of a three (3) to five (5) year payment plan to which the Debtor committed all of his disposable income.[4] The Debtor has clearly abused the bankruptcy process by now obtaining a conversion of this Case to Chapter 7, and should not be rewarded for his bad faith – especially after the delay, costs, and expenses that the Debtor inflicted on his creditors by filing this Case and proposing a Plan of Reorganization that the Debtor knew was not feasible.[5]

22. For these reasons, the Court, therefore, should dismiss this Case.

## II. Alternatively, dismissal is warranted under Section 707(b)

23. Alternatively, this Court can dismiss this Case under Section 707(b)(3) of the Bankruptcy Code, which allows dismissal when a Case was filed in "bad faith." 11 U.S.C. §

---

[4] *Compare* 11 U.S.C. § 348(a) (providing that "a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted"); FED. R. BANKR. 1019(2)(A) ("[a] new time period for filing a motion under §707(b) or (c), a claim, a complaint objecting to discharge, or a complaint to obtain a determination of dischargeability of any debt shall commence under Rules 1017, 3002, 4004, or 4007…"); FED. R. BANKR. P. 4004(c)(1) ("on expiration of the times fixed for objecting to discharge and for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge…"); 11 U.S.C. § 341(a) ("[w]ithin a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors"); FED. R. BANKR. P. 4004(a) ("a complaint, or a motion under §727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)"); FED. R. BANKR. P. 1017(e) (… "a motion to dismiss a case for abuse under §707(b) or (c) may be filed only within 60 days after the first date set for the meeting of creditors under §341(a)"); *with* 11 U.S.C. § 1192 ("[i]f the plan of the debtor is confirmed under section 1191(b) of this title, as soon as practicable after completion by the debtor of all payments due within the first 3 years of the plan, or such longer period not to exceed 5 years as the court may fix … the court shall grant the debtor a discharge of all debts provided in section 1141(d)(1)(A) of this title, and all other debts allowed under section 503 of this title and provided for in the plan…"); 11 U.S.C. § 1191(c)(2) (providing that the debtor must commit all of his/her disposable income to a three to five year payment plan in order to achieve confirmation of a Subchapter V plan).

[5] *See*, *supra*, ¶ 7 (citing *Motion to Convert,* at ¶ 14).

707(b)(3).  For purposes of Section 707(b)(3)(A), bad faith may be found to exist when it is determined that the filing of the case is inconsistent with the Bankruptcy Code or its policies thereunder, even though the filing may otherwise be lawful.  *See generally In re Hageney*, 422 B.R. 254, 259-60 (Bankr. E.D.Wash. 2009).[6]  To be clear, an analysis of bad faith can be unrelated to the debtor's financial situation, such as "eve-of-bankruptcy purchases, filing incomplete or false schedules, or failure to cooperate with the bankruptcy trustee."  *In re Parada*, 391 B.R. 492, 499 (Bankr. S.D. Fla. 2008).

24. Here, Debtor presented a plan of reorganization that was clearly not feasible or approvable, which caused unsecured creditors to incur additional attorneys' fees and expenses in performing necessary discovery and opposing the proposed plan.  Filing a Subchapter V case with no legitimate intent to reorganize is inconsistent with the Bankruptcy Code or its policies, and constitutes bad faith.[7]  Accordingly, this Case should be dismissed for "bad faith" under Section 707(b) of the Bankruptcy Code.

### III. Dismissal is also warranted under Section 305(a).

25. As an alternative to dismissal under § 707, the Court may dismiss this Case under Section 305(a) "after notice and a hearing … at any time if—(1) the interests of creditors and the debtor would be better served by such dismissal …."  *See* 11 U.S.C. § 305(a)(1).  Dismissal under Section 305(a) is only appropriate where the court finds that both creditors' and the debtor's interests would be better served by dismissal.  *See In re AMC Investors, LLC*, 406 B.R. 478, 488

---

[6] A "bad faith filing" is specifically defined as "[t]he act of submitting a bankruptcy petition that is inconsistent with the purposes of the Bankruptcy Code or is an abuse of the bankruptcy system (that is, by not being filed in good faith)."  *In re Hornung*, 425 B.R. 242, 248 (Bankr.M.D.N.C.2010) (citing BLACK'S LAW DICTIONARY 149 (8th ed. 2004)).

[7] Notably, on March 2, 2022, Debtor's counsel filed his *Final Fee Application for Approval of Compensation of Tran Singh, LLC* [Doc. No. 141], in which Debtor's counsel represented that "there was a there was a likelihood of Mr. Van Dyke's case being converted to one under Chapter 7" when counsel was retained [Doc. No. 141, at ¶ 20]– further indicating that it was never the Debtor's intent to legitimately reorganize.

(Bankr. D. Del. 2009) ("The movant bears the burden to demonstrate that the interests of the debtors and creditors would benefit from dismissal.") (discussing Section 305(a)(1) of the Bankruptcy Code). Several criteria inform a court's inquiry regarding the interests of creditors and the debtor in this context, including: (a) the economy and efficiency of administration, (b) whether federal proceedings are necessary to reach a just and equitable solution, (c) whether there is an alternative means of achieving an equitable distribution of assets, and (d) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement that better serves all interests in the case. *See AMC Investors*, 406 B.R. at 488 (also noting that, "[w]hile all factors are considered, they are not given equal weight in each case, nor should the Court conduct a strict balancing").

26. Here, cause exists to dismiss this Case under Section 305(a). Continuing in Chapter 7 will necessitate considerable additional administrative costs, depleting cash, and directly harming creditors with no corresponding benefit to anyone. Additionally, the continuation of this Case will not extensively benefit the Debtor because there is every reason to believe that many significant claims against Debtor will not be discharged as there have been judgments and findings that Debtor has committed fraudulent conveyances and there are allegations that certain claims against Debtor arise out of fraud:

- Claim filed by Michael L. Noel against Debtor in the amount of $2,810,011.11 for Agreed Final Judgment, Partial Summary Judgment, and a $250,000.00 Note Guarantee [*See* Claim No. 6], which is the now the subject of a pending adversary proceeding before this Court seeking non-dischargeability of its debt;[8]

---

[8] *See Michael L. Noel and Sue Noel v. Scott V. Van Dyke,* Adversary No. 21-06008 ("Complaint to Determine Dischareability of Debt," which alleges in part that "[u]sing Christianity as a guise, Van Dyke bilked Dr. Noel and his wife out of more than $2 million.").

- Amended Final Judgment in the amount of approximately $218,929,02, entered in the District of Harris County, Texas, 127th Judicial District, Cause No. 2004-23845-A (hereinafter, the "Harris County Case"), for certain fraudulent transfers in violation of TUFTA. [*See* Claim No. 13, filed by Andrea Lore, Individually and her Capacities as Co-Executor of the Estate of Robert M. Press];

- Amended Final Judgment in the amount of approximately $924,733.02, in the Harris County Case, for certain fraudulent transfers in violation of TUFTA. [*See* Claim No. 14, filed by Anzar Settlement Funding Corp.];

- *Summary Judgment Order* in the amount of $41,475,496.41 against Debtor for certain fraudulent transfers in violation of TUFTA, entered on August 27, 2021, in *Eva S. Engelhart, Ch. 7 Trustee, et al. v. Scott Van Dyke, et al.*, United States District Court for the Southern District of Texas, Houston Division (Case No. 4:19-cv-02894). [*See* Claim No. 15, filed by Eva S. Engelhart, Ch. 7 Trustee];

- *Summary Judgment Order* in the amount of $269,007.52 against Debtor for certain fraudulent transfers in violation of TUFTA, entered on June 6, 2006, in *Limitmill Limited v. Scott Van Dyke, et al.*, in the District Court for Harris County, Texas, 152nd Judicial District (Cause No. 2004-60996) [*See* Claim No. 16, filed by Limitmill Limited]; and

- Amended Final Judgment in the amount of $237,336.87, in the Harris County Case, for certain fraudulent transfers in violation of TUFTA. [*See* Claim No. 17, filed by Prosperity Settlement Funding, Inc.]

27.     Thus, the conversion to Chapter 7 and a subsequent liquidation will not deliver Debtor from the majority of the claims against him. Instead, it will simply harm certain creditors to a disproportionate degree.

28.     Moreover, dismissal serves the best interests of creditors, especially where a debtor demonstrates the ability to oversee its own liquidation.[9] Here, there are minimal tasks for Debtor to perform in this now-converted Case. To begin, all of the Debtor's litigation matters have been virtually resolved. *See Motion to Convert,* at ¶ 16 ("Virtually all litigation matters involving Mr. Van Dyke's estate have been reduced to judgment or settlement."). In his Motion to Convert, the Debtor cited three litigation matters:

   i.    the fraudulent transfer litigation involving the Hagans Creditors, which has been fully adjudicated by entry of an order granting the Trustee's *Motion for Summary Judgment* (Motion to Convert, at ¶ 11);

   ii.   State Court Registry Funds Litigation, which has been "remanded . . . to the 61st Judicial District of Harris County" (*id.*, at ¶ 12); and

   iii.  the Noel Breach of Contract Suit, pending in the 127th Judicial District of Harris County, Texas (*id.*, at ¶ 13). The creditor, Noel, has also initiated an adversary proceeding in order to except his debt from discharge on August 23, 2021, Adv. Case number 21-06008. *Id.*

---

[9] *In re Mazzocone*, 183 B.R. 402, 412 (Bankr. E.D. Pa. 1995) ("Only when a Chapter 11 debtor has no intention or ability to … perform its own liquidation … should a debtor be permitted to remain in bankruptcy"); *see also Camden Ordnance Mfg. Co. of Ark., Inc. v. United States Trustee (In re Camden Ordnance Mfg. Co. of Ark., Inc.)*, 245 B.R. 794 (E.D. Pa. 2000) (reorganization to salvage a permanently closed business was infeasible*); In re Brogdon Inv. Co.*, 22 B.R. 546, 549 (Bankr. N.D. Ga. 1982) (Chapter 11 case dismissal because there was "simply nothing to reorganize" and no reason to continue the case).

Except for the Adversary Proceeding relating to dischargeability of debt (which would be mooted, if this Case were to be dismissed), these three matters are either adjudicated or otherwise pending in state court. Due to the Debtor's lack of income, and the fact there are minimal activities left to be performed, procedural requirements of a Chapter 7 case are not only unnecessary, but wasteful, to accomplish the remaining tasks needed to wind down this Debtor's estate. There is simply no reason why the Debtor cannot oversee the liquidation of his own assets and/or negotiate settlements with all of his creditors.

29. As far as assets available for liquidation, the Debtor's only personal property is a 2013 Chevrolet Tahoe, valued between $2,500 to $5,300. *See* Doc. 86-2 ("Liquidation Analysis of Scott Van Dyke"), attached hereto as **Exhibit A.** Most of the Debtor's assets are financial assets – and the valuation of his LLC entities are valued between $0.00 to 400.00. *Id.* The more substantial assets relate to certain registries of funds, and it should be relatively easy to determine whether any of those funds are available to creditors.

30. Moreover, assuming that the Debtor's liquidation analysis is correct, Debtor estimates that total liquidation costs under Chapter 7 would be as much as **$206,945.04**, which would substantially eat away at any potential benefit for creditors:

|  | Low Valuation Assumption | High Valuation Assumption |
|---|---|---|
| Auctioneer Fee | $ 2,602.00 | $ 132,575.91 |
| Trustee Comp. | $ 48,500.00 | $ 56,869.13 |
| Administrative Expenses | $ 15,000.00 | $ 15,000.00 |
| Maintenance & Insurance | $ 2,500.00 | $ 2,500.00 |
| **TOTAL** | **$ 68,602.00** | **$ 206,945.04** |

*See* Exhibit A.

31. Ultimately, dismissal of this Case will maximize recoveries for the Debtor's creditors and the continuation of this Case under Chapter 7 will inevitably prove far more expensive and wasteful than allowing this Case to be simply dismissed.[10]

32. In sum, dismissal is in the best interests for both the creditors and the Debtor because there are minimal tasks for a chapter 7 trustee to do in this Case, and the administrative costs associate with a chapter 7 trustee are too expensive and wasteful to the estate. Dismissal would certainly satisfy several factors identified in *AMC Investors* (e.g., the economy and efficiency of administration; whether there is an alternative means of achieving an equitable distribution of assets, and whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement that better serves all interests in the case). *See AMC Investors*, 406 B.R. at 488.

33. Determining the amounts to be paid to creditors can be most efficiently and economically accomplished through the ordinary collection process permitted under Texas law. Any bankruptcy proceeding under Chapter 7, will impose needless formality, complexity, and expense without conferring any benefit, achieving any greater equity, particularly when there almost no personal property available to liquidate and "[v]irtually all litigation matters involving Mr. Van Dyke's estate have been reduced to judgment or settlement." *See Motion to Convert,* at ¶ 7.

[*Remainder of Page Left Blank Intentionally*.]

---

[10] In fact, by dismissing this Case, the costs associated with litigating the Adversary Proceeding would go away since that proceeding would essentially be deemed unnecessary, in the event that this Case were to be dismissed.

## CONCLUSION

**WHEREFORE,** Builders West respectfully requests that the Court: (i) ) find "cause" and immediately dismiss this Case with prejudice under either Section 707 or Section 305(a), and enter the order substantially in the form filed herewith; and (iii) order any such other and just relief to which Builders West may be entitled to receive.

Dated: March 18, 2022

                            Respectfully submitted:

By:    */s/ Dale R. Mellencamp*
         DALE R. MELLENCAMP
         State Bar No. 13920250
         Federal Bar No. 7718
         14711 Pebble Bend Drive
         Houston, Texas 77068
         Email: mellencamp@bairhilty.com
         Telephone: (713)862-5599
         Facsimile: (713)868-9444

         ATTORNEY FOR BUILDERS WEST, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the March 18, 2022, a copy of the foregoing instrument was served on the parties entitled to receive notices through the Court's electronic notification system as permitted by the Local Rules of the U.S. Bankruptcy Court for the Southern District of Texas.

                */s/ Dale R. Mellencamp*
                DALE R. MELLENCAMP