**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | |
|---|---|
| In RE: § | |
| § | |
| SCOTT VINCENT VAN DYKE, § | CASE NO. 21-60052-CML |
| § | |
| Debtor. § | CHAPTER 7 |

## TRUSTEE'S EMERGENCY MOTION TO EXTEND TIME TO ASSUME OR REJECT EXECUTORY CONTRACTS

This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

Represented parties should act through their attorney.

Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.

Emergency consideration has been requested on or before March 31, 2022.

COMES NOW Catherine Stone Curtis, chapter 7 trustee (the **"Trustee"**) in the above-styled case, and files this *Emergency Motion to Extend Time to Assume or Reject Executory Contracts* (the **"Motion"**) and would show the Court as follows. Emergency consideration is requested in paragraph 9:

{00570586;1}   1

## I. Summary of Relief Requested

1.      The Trustee requests a sixty (60) day extension of the deadline to assume or reject executory contracts.  The Trustee is in the midst of her investigation, and the initial 341 meeting was held on March 24, 2022, with the deadline to assume or reject executory contracts currently set for April 1, 2022.  The Trustee does not have all of the documents she would need to make a determination on whether the estate should assume or reject executory contracts, and such a short timeframe between the creditor's meeting and the deadline puts undue pressure on the estate to make a consequential decision.  Therefore, the Trustee requests a sixty-day extension to May 31, 2022.  The Trustee further requests emergency consideration of this Motion in accordance with 11 U.S.C. § 365(d)(1)(providing that extension of deadline is permitted by the "[C]ourt, for cause, within such 60-day period, fixes. . . .").

## II. Background

2.      Scott Vincent Van Dyke (the **"Debtor"**) filed for relief under title 11 of the United States Code (the **"Bankruptcy Code"**) under chapter 11, subchapter V on May 25, 2021.  [Docket No. 1].  The Debtor did not confirm a plan.

3.      Although the Debtor does not list any executory contracts on Schedule G, the Debtor scheduled interests in ten (10) limited liability companies, each of which, presumably, has its own operating agreement(s) with the Debtor.  [Docket No. 48].  Trepador Energy, LLC has been valued by the Debtor on his Schedule A/B at $46.5MM.  [*Id.*].  Moreover, the Debtor listed a storage unit on his Statement of Financial Affairs.  [*Id.*].

4.      The case was converted to a case under chapter 7 of the Bankruptcy Code on the Debtor's own motion on January 31, 2022 [Docket No. 129], and the undersigned appointed the Trustee on February 11, 2022.  [Docket No. 138].

5. The initial meeting of creditors convened in accordance with § 341 of the Bankruptcy Code on March 24, 2022. At various points during the meeting, the Debtor said he would need to refer to documents to be able to answer the Trustee's question about particular financial transactions. The Trustee has requested documents from the Debtor, including the governing documents for each of his entities. The meeting has been reset to April 28, 2022, at 10:00 a.m. on the Curtis Trustee Teleconference Line.

6. The current deadline to assume or reject executory contracts is April 1, 2022.

### III.   Argument and Request for Relief

7. The date of conversion "constitutes an order for relief under the chapter to which the case is converted. . . ." 11 U.S.C. § 348(a). In a chapter 7 case, a trustee has 60 days from the order for relief to assume or reject executory contracts, barring an extension of time sought and granted for cause within that 60-day period, or such contracts or leases are deemed rejected. 11 U.S.C. § 365(d)(1).

8. Here, the Trustee timely seeks an extension of time to assume or reject executory contracts. The Trustee will need to continue her investigation into what rights, if any, the estate has under the executory contracts with various entities, storage units, or other parties yet to be determined. Given the short timeframe between the initial 341 meeting and the current deadline, cause exists to grant the 60-day extension to May 31, 2022.

9. **Emergency Relief Requested.** The Trustee requests emergency consideration before the April 1, 2022, deadline to assume or reject executory contracts. The Trustee accordingly respectfully requests consideration of this Motion not later than March 31, 2022.

**Prayer**

WHEREFORE Catherine Stone Curtis, Trustee, prays that the Court grant the Motion and extend the deadline for the Trustee to assume or reject executory contracts to May 31, 2022, and for other relief to which she may be entitled, in law and equity.

Date:   March 24, 2022

                                Respectfully submitted,

                                */S/CATHERINE STONE CURTIS*
                                Catherine Stone Curtis
                                TBN: 24074100
                                Federal ID No.: 1129434
                                PULMAN, CAPPUCCIO & PULLEN, LLP
                                P.O. Box 720788
                                McAllen, Texas 78504
                                956-467-1900 (phone)
                                956-331-2815 (fax)
                                ccurtis@pulmanlaw.com
                                *Chapter 7 Trustee*

**CERTIFICATE OF ACCURACY UNDER BANKR. LOCAL RULE 9013-1(i)**

I certify that the foregoing Motion seeking an emergency hearing is accurate.

                                */S/CATHERINE STONE CURTIS*
                                Catherine Stone Curtis

**CERTIFICATE OF SERVICE**

     I certify that a true and correct copy of the foregoing has been sent to the Debtor, parties on the attached mailing matrix not already requesting CM/ECF notice, and Debtors' Counsel via U.S. First Class Mail within (1) business day of filing this Motion, and to the United States Trustee and all parties requesting notice via CM/ECF Notice.

                                */S/CATHERINE STONE CURTIS*
                                Catherine Stone Curtis