# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
|   SCOTT VINCENT VAN DYKE, | § | CASE NO. 21-60052 |
| | § | |
| | § | |
| | § | CHAPTER 7 |
| DEBTOR. | § | |

## CHAPTER 7 TRUSTEE'S OBJECTION TO BUILDERS WEST INC.'S MOTION TO DISMISS CASE
**[Related to Docket No. 145]**

TO THE HONORABLE CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

Catherine Stone Curtis, chapter 7 trustee (the **"Trustee"**) files this Chapter 7 Trustee's *Objection to Builders West Inc.'s Motion to Dismiss Case* (the **"Objection"**), and would show as follows:

### I.  Summary of Relief Requested

1. The Trustee requests denial of the Motion to Dismiss filed by Builders West, Inc., at Docket No. 145 (the **"Motion"**). Given the early stage of this chapter 7 case, the Motion is premature, and dismissal is not warranted under either § 707 or § 305 of the Bankruptcy Code.

### II.  Background

2. Scott Vincent Van Dyke (the **"Debtor"**) filed a subchapter V chapter 11 bankruptcy case on May 25, 2021, under title 11 of the United States Code (the **"Bankruptcy Code"**). The Debtor operated as a debtor in possession during the pendency of the chapter 11 case. The case was converted to chapter 7 on January 31, 2022. The undersigned Trustee was appointed on February 11, 2022.

3. The Debtor's mother passed away on December 6, 2021, and a probate proceeding was initiated in Harris County, Texas, shortly thereafter.

4. The initial meeting of creditors was convened on March 24, 2022. The meeting was not concluded and has been reset for April 28, 2022, at 10:00 a.m. on the Trustee's teleconference line. The CM/ECF docket reflects a deadline to object to discharge is set for May 2, 2022.

5. The deadline to object to the Debtor's claim of exemptions has not passed pursuant to Federal Rules of Bankruptcy Procedure 1019(2)(B) and 4003(b), and the Trustee is evaluating possible objections to claims of exemptions.

6. The Trustee is diligently investigating the Debtor's financial affairs, and the investigation is ongoing. After the initial meeting of creditors, the Trustee immediately sent the Debtor's counsel an email requesting twenty-five documents, in addition to a date and time to inspect the personal property located at 1515 South Boulevard in Houston, Texas (the **"South Boulevard Property"**). The following Monday, on April 4, 2022, the Trustee herself visited the South Boulevard Property with her proposed counsel and a proposed appraiser.

7. Here, the Debtor is in possession and control of a collection of artwork, including paintings and sculptures, antiques, jewelry, silver, office furniture, gym equipment filling half of the lower floor of the Debtor's garage apartment where he resides at the South Boulevard Property, documents, clothing, furs, and other personal property at South Boulevard Property. The Debtor contends that almost all the items in the more than ten thousand square-foot home belong to, among other persons or entities, his deceased mother's estate; to Trepador Energy; or to his father. The Trustee, in noting this assertion, does not waive any argument she may make to the contrary in an action seeking turnover or a declaratory judgment regarding assets of this

bankruptcy estate. The Trustee is gathering valuation information; however, some of the items may have significant value.

8. In addition, upon information and belief, there are funds held in escrow at Patten Title in Houston, Texas, relating to the sale of the Debtor's deceased mother's townhome since at least January 2022. At the 341 meeting, the Debtor admitted to having received what he identified as "pre sale" proceeds utilizing the power of attorney he exercised on behalf of his mother from a purchaser identified as Payton Boomer in the days after filing the instant bankruptcy case in late May or June 2021.

9. Dismissal at this stage would unnecessarily foreclose important lines of inquiry regarding the Debtor's affairs and transfers of his assets. In addition, the Trustee has learned of a post-petition transfer of personal property items in a storage unit in which Anglo-Dutch Energy LLC (**"ADE"**), also a chapter 7 debtor in bankruptcy case number 21-60036 pending before the Court, was the tenant. Although a proposed order agreeing to relief from stay was uploaded in ADE's case on February 8, 2022, the order was not signed granting Big Tex Storage's Motion for Relief from Stay filed at Docket No. 106 in that case. The Trustee takes the position that Mr. Van Dyke's bankruptcy estate may have rights under §§ 362, 549, and 550 against the initial or subsequent transferees of Mr. Van Dyke's personal items that may have been contained in the storage unit. The Trustee has sent demand for information concerning the auction counsel for Big Tex Storage, Famose Garner, but requires some time to determine how best to proceed regarding these potential causes of action for the estate.

10. The Debtor's schedules and statements reveal other potential assets, including (but not limited to) the estate's 100% shares in Trepador Energy, LLC, which the Debtor valued at $46.5MM. [Docket No. 48]. Given the amount of financial information requested from the

Debtor, which has, as of today's date, not been provided, there very well may be additional chapter 5 causes of action or assets to administer.

11. The claims register shows $51,183,878.56 in claims filed, with $2,220,549.56 being secured claims.  [See Claims 1-1 through 19-1].

### III.   Relief Requested

12. Dismissal of a chapter 7 case must be for "cause" set out by the Bankruptcy Code.  11 U.S.C. § 707(a).  Specifically, dismissal of a chapter 7 case is authorized "only for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors;
(2) nonpayment of any fees or charges required under chapter 123 of title 28; and
(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee."

11 U.S.C. § 707(a)(1)-(3).

Moreover, a court may dismiss—

"… a case filed by an individual debtor under this chapter *whose debts are primarily consumer debts*, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter."

11 U.S.C. § 707(b) (emphasis added).

**13.** Ultimately, the Court has discretion to determine whether cause for dismissal exists and whether it is warranted, balancing the equities, and weighing the benefits, if any, of dismissal against the prejudices of dismissing an active, pending bankruptcy case.  *See In re Fedoruk*, 605 B.R. 444, 451 (Bankr. S.D. Tex. 2019) (internal citations omitted). "Cause" can include pre and post-petition conduct, or bankruptcy cases that serve no legitimate bankruptcy purpose.  *Id.*  The

burden to provide cause rests with the moving party, and only when that initial burden is met, does it shift. *Id.*

14. Beginning with the analysis under § 707(a), dismissal is not warranted for cause. Here, although Builders West identified several troubling aspects of how the Debtor handled his chapter 11, cause does not exist to dismiss this case, and certainly not at this stage. Alternative remedies exist regarding a debtor's failure to accurately disclose any claim or asset, including actions to deny discharge under 11 U.S.C. § 727.

15. Additionally, given the early stage of this case post-conversion, and that applicable deadlines to object to discharge or claims of exemptions have not run, nor has the creditor's meeting been concluded, unreasonable delay should not be found to be a factor weighing in favor of dismissal. The bankruptcy case would thus serve a legitimate purpose by remaining in place. The fact that administrative costs will exist post-conversion is not cause to dismiss. Subchapter V chapter 11 cases do not incur United States trustee fees, so § 707(a)(2) is not applicable here, and there being no motion by the United States trustee under subsection (3), § 707(a)(3) is not applicable. Balancing the equities does not favor dismissal. In this case, dismissal would prejudice the Debtor's creditors by facilitating a "race to the courthouse" approach to administering his assets, which would likely result in an inequitable distribution to creditors.

16. Dismissal is not warranted under § 707(b) of the Bankruptcy Code because the majority of the Debtor's indebtedness is non-consumer business debt. [Docket No. 27, p. 58]. Thus, Builders West cannot seek dismissal under this subsection. *See In re Fedoruk*, 605 B.R. at 450.

17. In addition to proceeding under § 707, Builders West seeks to have the Court dismiss the case under 11 U.S.C. § 305(a), which provides—

"(a)[t]he court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—

(1)the interests of creditors and the debtor would be better served by such dismissal or suspension. . . ."

11 U.S.C. § 305(a).

18. A court must consider several factors to determine whether dismissal is appropriate under §305(a), including (1) the economy and efficiency of administration; (2) whether another forum is available or proceedings already are pending in a state court; (3) whether federal proceedings are necessary to reach a just and equitable solution; (4) whether there is an alternative means of achieving an equitable distribution of assets; (5) whether the debtor and creditors are able to agree on a less expensive out-of-court arrangement; (6) whether a non-federal insolvency has proceeded so far that it would be costly to start anew in bankruptcy court and (7) the purpose for which bankruptcy jurisdiction has been sought. *See In re Fedoruk*, 605 B.R. at 452 (citing *In re Texas EMC Mgmt.*, Nos. 11-40008-H3-7, 11-40017-H3-7, 2012 WL 627844, at *3 (Bankr. S.D. Tex. Feb. 24, 2012).

19. Here, it is likely more economical to administer assets efficiently and fairly in a bankruptcy proceeding rather than permit each of the more than $51MM in creditors to pursue the Debtor individually outside the confines of this case. Though there will certainly be costs to administration depending on the amount disbursed to creditors and the number of administrative claims; however, at this stage of the case, it is simply premature to say that there would be no benefit to the bankruptcy case continuing. The fact that, as Builders West points out in its Motion, certain creditors have filed objections to discharge and there are pending claims against

the Debtor's estate relating to the fraudulent transfer claims, does not mean that this case cannot be handled efficiently and economically.

20. Another forum is unlikely to provide the same benefits to all creditors that the bankruptcy would provide.  Federal proceedings, namely the bankruptcy, would provide a just and equitable solution by providing for payment of creditors in the order and priority set out in the Bankruptcy Code, and not a "race to the courthouse" benefitting the creditors with the most funds available to litigate outside of bankruptcy.  Given this, and an apparent lack of accord between the Debtor and his numerous creditors, there is not likely an alternative means of achieving equitable distribution of assets, or that the Debtor and his creditors would agree to a less expensive out of court arrangement.  The Trustee is not aware of any receivership actions pending against the Debtor in state court; thus, a non-federal insolvency has not proceeded so far that it would be costly to start anew in bankruptcy court.

21. Moreover, although only the Debtor has personal knowledge of why he sought bankruptcy protection, it is clear that he has multi-million dollars' worth of claims against his estate; the Trustee has not received requested documents from the Debtor; the Debtor is in possession and control of significant property; and there are scheduled assets of his estate that bear investigation.  In sum, and given the broad discretion granted to the Court in weighing the equities, the Trustee asserts that it should decline Builders West's request to dismiss the case.

## IV.    Prayer

WHEREFORE, the Trustee prays that the Court deny the Motion, and grant her any relief in law and equity to which she may be entitled.

Dated: April 6, 2022

/S/CATHERINE STONE CURTIS
Catherine Stone Curtis
TBN: 24074100
Federal ID No.: 1129434
PULMAN, CAPPUCCIO & PULLEN, LLP
P.O. Box 720788
McAllen, Texas 78504
956-467-1900 (phone)
956-331-2815 (fax)
ccurtis@pulmanlaw.com
*Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I, Catherine Stone Curtis, Trustee, certify that the foregoing was served by CM/ECF on all parties requesting notice in the instant case.

/s/Catherine Stone Curtis
Catherine Stone Curtis

{00573062;1}