IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SCOTT VINCENT VAN DYKE | § | CASE NO. 21-60052 |
| | § | CHAPTER 7 |
| | § | |
| DEBTOR | § | JUDGE CHRISTOPHER M. LOPEZ |

**TRUSTEE'S MOTION TO SUBSTITUTE AND APPLICATION TO EMPLOY HUSCH BLACKWELL AS GENERAL COUNSEL**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**To the Honorable Christopher M. Lopez,
United States Bankruptcy Judge**:

Catherine Stone Curtis, Chapter 7 Trustee of the above-referenced bankruptcy estate and respectfully represents as follows:

### A.  Summary of the Basis for Necessity of Counsel

| | |
|---|---|
| **Name of Trustee**: | Catherine Stone Curtis ("Trustee" or "Applicant") |
| **Name of Professional to be Employed**: | Husch Blackwell LLP, ("Husch Blackwell") with Mr. Lynn Hamilton Butler ("Mr. Butler") as attorney-in-charge. |
| **Reason that Employment of Professional is Needed**: | To assist the Trustee in: (a) prosecuting avoidance claims under Chapter five (5) of the US Bankruptcy Code, or similar State law; recovering property of the estate from the Debtor or third parties; and/or generally prosecuting claims of the estate against third parties arising from any source; (b) analyzing business associations of the Debtor and prosecuting actions to recover and/or liquidate such interests; (c) preserving and/or selling non-exempt real and/or personal property interests of the estate; (d) obtaining Court approval for the |

| | |
|---|---|
| | employment of professionals to assist in execution of the Trustee's duties; (e) reviewing and objecting to claims identified by the Trustee as problematic; and (f) addressing unanticipated legal issues which may arise during administration of the estate. |
| **Compensation Arrangement**: | The Trustee proposes to pay general counsel on a time and cost basis for non-asset recovery related work at a rate of $575.00 per hour. |
| **Reason the Trustee selected the Professional**: | Husch Blackwell and Mr. Butler have extensive, recent and successful experience representing Chapter 7 trustees on all matters on which the Trustee requires assistance. |
| **Why Employment Is in the Best Interest Of the Estate (If Trustee's Own Firm)**: | As set out more thoroughly below, (1) Husch Blackwell, and Mr. Butler, have the experience necessary to assist the Trustee expeditiously and efficiently, thereby creating a costs-savings that would not be available from lesser experienced counsel; (2) Mr. Butler's proposed billing rate is competitive compared to other area attorneys of similar experience in both larger and smaller firms. |

### B. Jurisdiction, Venue, and Constitutional Authority

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(A) and arises in, and/or under, Title 11.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1408.

3. This Court has constitutional authority to enter a final order regarding this matter. Court approval of the employment of professional persons by a bankruptcy estate has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable. *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *See Stern v. Marshall*, 131 S.Ct. 2594 (2011)). In the alternative, the employment of professional persons by a bankruptcy estate is an essential bankruptcy matter which triggers the public rights exception. *See Id.*

### C. Procedural and Factual Background

4. On May 25, 2021 (the "***Petition Date***"), Scott Vincent Van Dyle (the "***Debtor***") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with a Subchapter V election. On or about the same date, Melissa Haselden was appointed Subchapter V. Trustee.

5.	The meeting of creditors was concluded on June 22, 2021. Debtor filed his Subchapter V Plan on December 11, 2021. Several creditors of the estate filed objections to confirmation on December 13, 2021.

6.	On January 11, 2022, Debtor filed his Motion to Convert Case to Chapter 7 for the reasons set forth therein and on the Debtor's belief that it would not be possible for him to reorganize under the Plan.

7.	On January 31, 2022, the Court entered its Order Converting Case to Chapter 7 [Dkt. No. 129] and on February 11, 2022, Catherin Stone Curtis was appointed Successor Trustee [Dkt. No. 138].

8.	Applicant previously sought to employ Randall Pulman of Pulman Cappuccio and Pullen, LLP and was granted the authority to employ PCP as general counsel. [Dkt. 154]. Applicant is desirous of substituting Husch Blackwell and Mr. Butler as general counsel for good cause.

### D.  Application to Employ Husch Blackwell LLP as General Counsel

9.	<u>Facts Showing the Necessity for the Employment and Scope of Services</u>:  Although the Trustee has previously employed general counsel in this case and the Trustee thinks highly of Mr. Pulman and PCP, facts necessitate the substitution of counsel. Namely, after a period of investigation into the legal issues and time this case would necessitate and considering PCP's current staff and workload, the Trustee and PCP amicably reached an agreement that the Trustee would seek other counsel. Trustee conferred extensively with Mr. Butler and Husch Blackwell, as well as major creditors in the case, before moving forward with the engagement. Here, the Trustee seeks to substitute Husch Blackwell and Mr. Butler as general counsel to assist the Trustee in: (a) prosecuting avoidance claims under Chapter five (5) of the US Bankruptcy Code, or similar State law; recovering property of the estate from the Debtor or third parties; and/or generally prosecuting claims of the estate against third parties arising from any source; (b) analyzing business associations of the Debtor and prosecuting actions to recover and/or liquidate such interests; (c) preserving and/or selling non-exempt real and/or personal property interests of the estate; (d) obtaining Court approval for the employment of professionals to assist in execution of the Trustee's duties; (e)

reviewing and objecting to claims identified by the Trustee as problematic; and (f) addressing unanticipated legal issues which may arise during administration of the estate.

10. <u>Name of the Person to be Employed</u>: Mr. Lynn Hamilton Butler will be designated as attorney-in-charge and is in good standing and licensed to practice before this Court.

11. <u>Reasons for Selecting Husch Blackwell and Qualifications of Counsel</u>: Applicant selected Husch Blackwell and Mr. Butler to represent Applicant because of proposed counsel's considerable, recent, and successful experience representing other Chapter 7 trustees on matters on which she requires assistance. Further, Husch Blackwell has competitive hourly billing rates compared to other attorneys and large firms of similar experience. For these reasons, Applicant believes that Husch Blackwell is well qualified to represent Applicant in this case and employment thereof is necessary and in the best interests of Applicant and the Chapter 7 estate.

12. <u>The Professional Services to be Rendered</u>: At this time, the Trustee contemplates that she will need assistance of counsel in:

- Prosecuting avoidance claims under Chapter five (5) of the US Bankruptcy Code, or similar State law; recovering property of the estate from the Debtor or third parties; and/or generally prosecuting claims of the estate against third parties arising from any source;

- Analyzing business associations of the Debtor and prosecuting actions to recover and/or liquidate such interests;

- Preserving and/or selling non-exempt real and/or personal property interests of the estate;

- Obtaining Court approval for the employment of professionals to assist in execution of the Trustee's duties;

- Reviewing and objecting to claims identified by the Trustee as problematic;

- Prosecuting exemption objections; and

- Addressing unanticipated legal issues which may arise during administration of the estate.

13. <u>Proposed Fee Arrangement</u>: Applicant proposes that counsel be paid on an hourly basis for non-asset recovery work, for example claim objections, with time being kept in 1/10th of an hour increments. Mr. Butler has offered an hourly rate of $575. Paralegal time is charged at $140 to $350 per

hour.  Expenses will be recouped at their costs.  Costs and expenses shall be paid separately from attorney's fees.  All payments to counsel will be for the benefit of the estate and will be requested to be paid by the estate.  All fees and expenses will be subject to approval by this Honorable Court.  All work performed by proposed general counsel will be legal work only.  *See* the Husch Blackwell engagement agreement attached as **Exhibit A**

14. Pursuant to Federal Rule of Bankruptcy Procedure 2014, Applicant is required to disclose the following with regard to connections between the proposed attorneys and certain parties.  The rule states in part:

> The application shall state . . . to the best of the applicant's knowledge, disclose all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

15. To the best of Applicant's knowledge, after diligent inquiry, Husch Blackwell and the attorneys affiliated therewith have no connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the US Trustee, or any person employed in the office of the US Trustee, except as follows:

- This is Husch Blackwell and Mr. Butler first representation of Applicant.  Husch Blackwell and the attorneys affiliated therewith commonly represent other Chapter 7 panel trustees in the Southern District of Texas, as general or special counsel, and currently does so in several other pending Chapter 7 cases.

16. The Trustee submits that neither Mr. Butler, Husch Blackwell, nor any shareholder, attorneys or employees thereof hold an "interest adverse" to the estate, as Husch Blackwell does not possess any economic interest that would tend to lessen the value of the estate or create either an actual or potential dispute in which the estate is a rival claimant.  See e.g. *In re Red Lion, Inc.*, 166 B.R. 296, 298 (Bkrtcy.S.D.Tex. 1994).  Applicant further submits that Husch Blackwell is a "disinterested person" in that no shareholder, associate, employee or representative of Husch Blackwell: (a) is a creditor, equity security holder or an insider; (b) has ever been a director, officer, or employee of the Debtor in this bankruptcy proceeding; and (c) has an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in,

the Debtor(s) in this bankruptcy case, or for any other reason. See 11 U.S.C. §101(14). An affidavit attesting to the foregoing is attached as **Exhibit B** and incorporated herein.

WHEREFORE, Applicant prays that this Court authorize the Applicant's employment of Husch Blackwell to substitute as general counsel for PCP on the hourly rates set forth for the attorneys/paralegals who will work on this matter, plus expenses, to represent the Applicant as general counsel and such other and further relief as is just and equitable.

Dated: April 19, 2022                                  Respectfully submitted,

                                                       By: /s/Catherine Stone Curtis
                                                           Catherine Stone Curtis
                                                           State Bar No. 24074100
                                                           P.O. Box 720788
                                                           McAllen, Texas 78504
                                                           (956) 467-1900; (956) 331-2815 fax

                                                       **Chapter 7 Trustee**

**HUSCH BLACKWELL LLP**

By: /s/ Lynn Hamilton Butler
    Lynn Hamilton Butler
    State Bar No. 03527350
    111 Congress Avenue, Suite 1400
    Austin, Texas 78707
    (512) 479-9758; (512) 479-1101 fax
    Email: lynn.butler@huschblackwell.com

**Proposed General Counsel**

## CERTIFICATE OF SERVICE

I certify that on the 19th day of April 2022, a true and correct copy of the foregoing was served on the Debtor, counsel for the Debtor, the Trustee and the US Trustee via regular US Mail, unless otherwise served by the CM-ECF system.

/s/ Lynn Hamilton Butler
Lynn Hamilton Butler

{00573827;1}
HB: 4863-1729-7179.3