IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re:<br><br>SCOTT VINCENT VAN DYKE<br><br>    Debtor.<br>_____<br><br>EVA S. ENGELHART, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF ANGLO-DUTCH PETROLEUM INTERNATIONAL, INC.<br>    Plaintiff<br><br>Vs.<br><br>SCOTT VINCENT VAN DYKE<br>    Defendant | § § § § § § § § § § § § § § § § § § § § | Chapter 7<br><br>Case No.: 21-60052-CML<br><br><br><br><br><br><br><br>ADVERSARY PROCEEDING<br>NO._____ |

**PLAINTIFF'S ORIGINAL COMPLAINT TO DENY DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523**

Eva S. Engelhart ("Engelhart"), as Chapter 7 Trustee of the estate of Anglo-Dutch Petroleum International, Inc. ("ADPI"), Plaintiff and Creditor herein, files this Complaint to Deny Dischargeability of Debt Pursuant to 11 U.S.C § 523. In support hereof, Plaintiff states as follows:

### I.  JURISDICTION

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157, § 1334, and 11 U.S.C. § 523. This is a core proceeding under 28 U.S.C. § 157(b)(1) and § 157(b)(2)(B), (I), and (O). This adversary proceeding is brought in

connection with Defendant's case under Chapter 7 of Title 11 U.S.C., Case No. 21-60052.

## II. VENUE

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

## III. PARTIES

3. Plaintiff Engelhart, as Chapter 7 Trustee of the estate of Anglo-Dutch Petroleum International, Inc., is an individual. ADPI is a Texas corporation. Plaintiff is a judgment creditor of the Defendant debtor, Scott Vincent Van Dyke.

4. Defendant Scott Vincent Van Dyke, Debtor and Defendant herein, is an individual residing in Harris County, Texas, who may be served with summons and complaint in accordance with Bankruptcy Rule 7004(b)(9) by mailing it to Defendant by U.S. First Class Mail, postage prepaid to the mailing address shown in his petition, 1515 South Boulevard, Houston Texas, 77006. Susan Tran Adams and Brendon D Singh are Debtor's attorneys and may be served with a copy of the summons and complaint in accordance with Bankruptcy Rule 7004(b)(9) by U.S. First Class Mail, postage prepaid, at 2502 La Branch Street, Houston, Texas, 77004.

## IV. NATURE OF THE CASE

5. In this adversary proceeding, Plaintiff seeks a determination that the judgment entered against Debtor in Civil Action No. 4:19-cv-02894 in the Southern District of Texas is a debt that should not be discharged by the Bankruptcy Court pursuant to 11 U.S.C. §§ 523(a)(2), 523(a)(4), and 523(a)(6).

## V. FACTUAL BACKGROUND

A. **The Texas State Court Breach of Contract Litigation**

6. In 2004, several investors brought breach of contract claims in Texas state court against ADPI and another Debtor-related entity, Anglo-Dutch (Tenge), LLC ("ADT"). Those claims arose out of investment contracts under which the investors invested money in ADPI and ADT. Debtor—ADPI and ADT's President and majority owner—solicited the investors to make those investments so ADPI and ADT could stay in business while litigation with Halliburton Energy Services, Inc. ("Halliburton") was ongoing. Those investments enabled ADPI and ADT to stay in business and negotiate a $51 million settlement with Halliburton.

7. The Halliburton settlement triggered ADPI's and ADT's obligations to pay the investors per their contracts. ADPI and ADT refused to do so. That refusal has spawned eighteen years of litigation. During that time, the investors have obtained long-since final judgments and turnover orders against ADPI and ADT.

8. Also in 2004, ADPI and ADT sued their lawyer Gerard Swonke ("Mr. Swonke") in a Texas state court (the "Texas State Court") in a fee dispute (the "Swonke Litigation"). Mr. Swonke counterclaimed. In 2007, the Texas State Court rendered judgment in favor of Mr. Swonke.

9. ADPI and ADT sought to appeal the Texas State Court judgment without posting a supersedeas bond. They filed affidavits swearing they had negative net worth. An evidentiary hearing was held. The Texas State Court struck the affidavits, finding them "unreliable and not credible." That Court also found ADPI, ADE and Debtor were alter egos, and that ADPI fraudulently transferred almost $20,000,000 to ADE and

Debtor "with the actual intent to hinder, delay, or defraud." [[CITE?]]

10. On February 11, 2019, Debtor filed for Chapter 7 bankruptcy protection on behalf of ADPI. After ADPI filed for bankruptcy, Engelhart was named Chapter 7 Trustee for ADPI's bankruptcy estate.

### B. The Fraudulent Transfer Litigation

11. Because ADPI and ADT did not have the money to pay the investors' judgments because their funds had been fraudulently transferred to ADE and Debtor, the investors filed fraudulent transfer lawsuits against ADE and Debtor in Texas state courts (the "Fraudulent Transfer Litigation"). The investors identified three transfers from ADPI to ADE or Debtor totaling approximately $20,000,000 (the "Transfers") that were fraudulent transfers violative of the Texas Uniform Fraudulent Transfer Act set forth at Chapter 24 of the Texas Business and Commerce Code ("TUFTA") as a matter of law. Each Transfer occurred when ADPI forgave large loans from ADPI to ADE or Debtor.

12. While arising from the Transfers, the Fraudulent Transfer Litigation as it currently exists began as three adversary proceedings originally removed from Harris County district courts to the United States Bankruptcy Court for the Southern District of Texas in the ADPI Chapter 7 case. On June 24, 2019, Engelhart and the investors filed a Notice of Removal to the Bankruptcy Court. Then, on August 2, 2019, the District Court granted the Motion for Withdrawal of Reference filed by ADE and the Debtor.

13. On January 20, 2021, Engelhart filed her Motion for Summary Judgment before the U.S. District Court. *See* No. 4:19-cv-02894, Dkt. No. 37 (S.D. Tex. Jan. 20, 2021).

14. On August 27, 2021, Judge Gilmore of the Southern District of Texas granted Engelhart's Motion for Summary Judgment, finding that the Transfers violated § 24.006(a) of TUFTA. *See* No. 4:19-cv-02894, Dkt. No. 68 (S.D. Tex. Aug. 27, 2021).

15. On November 9, 2021, Judge Gilmore entered a final judgment for Engelhart, ordering that she shall recover from Debtor, ADE, and ADT, jointly and severally, $19,539,546.23 in actual damages, $678,379.55 for attorneys' fees, and $11,448,032.05 for prejudgment interest. *See* No. 4:19-cv-02894, Dkt. No. 74 (S.D. Tex. Nov. 9, 2021). Judge Gilmore also ordered that Engelhart shall recover post-judgment interest at the rate of 1.1% per annum. *Id.* The Judgment has never been satisfied.

## VI. COUNTS

### A. Count I – Non-Dischargeability of Plaintiff's Judgment Under § 523(a)(2)(A) of the Bankruptcy Code

16. Plaintiff incorporates by reference paragraphs 1-15 above.

17. Bankruptcy Code § 523(a)(2)(a) provides, in relevant part, that:

(a) A discharge under section 727, 1141, 1192 [1] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . .

18. All or part of the debt owed to Plaintiff, as evidenced by the Judgment

entered against Debtor, is non-dischargeable as it is a debt for money, property, services, or an extension, renewal, or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code § 523(a)(2)(A).

### B. Count II – Non-Dischargeability of Plaintiff's Judgment Under § 523(a)(4) of the Bankruptcy Code

19. Plaintiff incorporates by reference paragraphs 1-18 above.

20. Bankruptcy Code § 523(a)(4) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1192 [1] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . .

21. All or part of the debt owed to Plaintiff, as evidenced by the Judgment entered against Debtor, is non-dischargeable as it is a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny within the meaning of the Bankruptcy Code § 523(a)(4).

### C. Count III – Non-Dischargeability of Plaintiff's Judgment Under § 523(a)(6) of the Bankruptcy Code

22. Plaintiff incorporates by reference paragraphs 1-21 above.

23. Bankruptcy Code § 523(a)(6) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1192 [1] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any

debt—

(6) or willful and malicious injury by the debtor to another entity or to the property of another entity . . .

24. All or part of the debt owed to Plaintiff, as evidenced by the Judgment entered against Debtor, is non-dischargeable as it is a debt for willful and malicious injury caused by the Debtor within the meaning of the Bankruptcy Code § 523(a)(6).

## VII.  CONDITIONS PRECEDENT

25. All conditions precedent have occurred or been performed.

## VIII.  PRAYER

26. For these reasons, Plaintiff prays that summons be issued for Defendant to appear and answer, and that this Court enter a Judgment determining that the debt reflected in the Judgment entered in favor of Plaintiff against Debtor on November 9, 2021, is non-dischargeable under Bankruptcy Code §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6), and granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: May 2, 2022               Respectfully submitted,

HAGANS MONTGOMERY HAGANS

*/s/ William Fred Hagans*
William Fred Hagans
Texas State Bar No. 08685500
fhagans@hagans.law
Carl D. Kulhanek, Jr.
Texas State Bar No. 11761850
ckulhanek@hagans.law
Richard D. Eiszner
reiszner@hagans.law

Texas State Bar No. 24103713
3200 Travis, Fourth Floor
Houston, Texas  77006
Telephone: 713-222-2700
Facsimile: 713-547-4950

- and –

NORTON ROSE FULBRIGHT US LLP

William R. Greendyke (SBT 08390450)
Julie Goodrich Harrison (SBT 20492434)
1301 McKinney Street, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
william.greendyke@nortonrosefulbright.com
julie.harrison@nortonrosefulbright.com

*ATTORNEYS FOR EVA ENGELHART, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF ANGLO-DUTCH PETROLEUM INTERNATIONAL, INC.*