THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 7 |
| | § | |
| SCOTT VINCENT VAN DYKE, | § | Case No. 21-60052 (CML) |
| | § | |
| Debtor. | § | |

**CHAPTER 7 TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Catherine S. Curtis, Chapter 7 Trustee (the "Trustee"), hereby files *Chapter 7 Trustee's Objection to Debtor's Claimed Exemptions* (the "Objection"). In support of the Objection, Trustee respectfully submits the following:

**I. INTRODUCTION**

1. Through the Objection, Trustee seeks the entry of an order limiting Debtor's claimed exemptions in certain real and personal property. Debtor attempts to claim exemptions over certain properties that are not supported by applicable law.

HB: 4895-8012-8293.4

2.	Specifically, the Debtor attempts to exempt his homestead notwithstanding the fact that fraudulently obtained funds were used to purchase and sustain the real property. Further, Debtor attempts to exempt personal property despite not being eligible for the exemptions.

## II.  JURISDICTION, VENUE, AND BASIS FOR REQUESTED RELIEF

3.	This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.	This is a core proceeding under 28 USC § 157(b)(2)(A), (B), and (O). Since this is a core proceeding, the Bankruptcy Court has constitutional authority to enter final orders regarding the Objection.

5.	The statutory basis for the relief requested in the Objection is sections 105 and 522 of title 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rule 4003 of the Federal Rules of Bankruptcy Procedure (individually, a "Bankruptcy Rule" and collectively, the "Bankruptcy Rules"), and Rule 4003-1 of the Bankruptcy Local Rules.

## III.  BACKGROUND

**A.	Background Regarding Litigation Prior to the Bankruptcy Filing**

6.	In 2004, several investors brought breach of contract claims arising against Anglo-Dutch Petroleum International, Inc. ("ADPI") and several judgments were issued. Because ADPI did not have the money to pay the investors' judgments, the investors filed fraudulent transfer lawsuits against the Debtor in Texas state court. The fraudulent transfer lawsuits were ultimately removed to the United States District Court for the Southern District of Texas (the "District Court"). On August 27, 2021, the District Court issued an order finding that Debtor and his related entities fraudulently transferred assets in violation of § 24.006(a) of the Texas Uniform Fraudulent Transfer Act (the "MSJ Order"). A copy of the MSJ Order is attached as Exhibit A. On

November 9, 2021, District Court issued a final judgment against Debtor (the "Final Judgment"). A copy of the Final Judgment is attached as Exhibit B.[1]

7. Also in 2004, ADPI sued its lawyer Gerard Swonke in a Texas state court ("Harris County Court"). On October 16, 2007, the Harris County Court entered an Order Granting Judgment Creditor Gerard J. Swonke's Motion to Contest the Affidavits of Net Worth and Motion for Injunction (the "State Court Order"), in which the Harris County Court found that ADPI loaned Debtor $3,800,000 to purchase the Property (the "Loan") in February 2005. *See Order Granting Judgment Creditor Gerard J. Swonke's Motion to Contest the Affidavits of Net Worth and Motion for Injunction*, Case No. 4:19-cv-02894, Dkt. No. 37, Ex. 15 (S.D. Tex. Jan. 20, 2021). A copy of the State Court Order is attached as Exhibit C. The State Court Order included a finding of the Debtor's Loan being satisfied due to the Debtor transferring $400,000 to ADPI with actual intent to hinder, delay or default a creditor. *See* Exhibit A, at 7, ¶ 23.

8. Ultimately, two different courts have issued orders that include findings of the Debtor fraudulently transferring assets. The District Court rendered the Final Judgment against the Debtor and his related entities, finding that the Debtor fraudulently transferred $19,539,546.23 out of ADPI for his own benefit and that of his related entities. *See* Exhibit B. A large portion of these fraudulently transferred funds were used by the Debtor to purchase the property located at 1515 South Boulevard, Houston, TX 77006 (the "Real Property"), as evidenced by the State Court Order. *See* Exhibit C. Because the Real Property was purchased with fraudulently obtained funds, Trustee objects to the Debtor's Real Property homestead exemption. To the extent that any amount is attributable to fraudulent proceeds, the Real Property is not exempt and therefore property of the Estate.

---

[1] The factual and procedural background of the investors' litigation (the "Litigation") leading to the Final Judgment is fully detailed in Eva S. Englehart's Motion to Confirm Absence of the Automatic Stay and in Exhibit A. *See* Dkt. No. 174 at 5-7.

HB: 4895-8012-8293.4

## B.  Bankruptcy Filing Background

9. On March 5, 2019, ADPI filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, thereby commencing Case No. 19-30797. ADPI is an entity in which Debtor owned 65% and his mother, Mary Theresa Van Dyke owned the remaining 35%. Case No. 19-30797, Dkt. No. 5, at 28. Eva S. Englehart is the appointed Chapter 7 Trustee in the ADPI Bankruptcy Case.

10. On May 25, 2021 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing this Case.

11. On June 30, 2021, Debtor filed his Schedules. Dkt. No. 27. He disclosed his interest valued at $4,215,000.00 in the Real Property and claimed a homestead exemption for all equity in the Real Property under Const. art. 16 §§ 50, 5, and Texas Prop. Code §§ 41.001-.002. Dkt. No. 27 at 30. Debtor also disclosed an interest in a 2016 Chevrolet Silverado, a 2013 Chevrolet Tahoe, and a 2004 Chevrolet Suburban (collectively, the "Vehicles") and claimed an exemption for the Vehicles under Tex. Prop. Code §§ 42.001(a), 42.002(a)(9). Doc No. 27 at 30-31. Debtor disclosed an interest in art/paintings, watches, and jewelry as well, and exempted the value of $2,000 for art/paintings, $100.00 for four watches, and $50 for a ring (the "Personal Property"). Dkt. No. 27 at 35.

12. On August 5, 2021, Debtor filed an Amended Schedule A/B, in which he reduced the value of his interest in the Real Property to $2,661,000.00. Dkt. No. 48.

13. On January 31, 2022, this Court converted Debtor's Case to Chapter 7. Dkt. No. 129. Catherine Stone Curtis was appointed as Trustee on February 11, 2022.

## IV. LEGAL AUTHORITY

A.     SECTION 522 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4003

14.     Section 522(l) of the Bankruptcy Code provides that "[t]he debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. . . . Unless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(l). As explained above, Debtor filed his Schedules and claimed the Property and Vehicles as exempt pursuant to Texas law. *See* Dkt. No. 27, at 30-31.

15.     Rule 4003 provides, in pertinent part, that "a party in interest may file an objection to the list of property claimed as exempt within 30 days after the initial meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later." Fed. R. Bankr. P. 4003(b). Rule 4003 also provides that the objecting party bears the burden of proof that the exemptions are not properly claimed. FED. R. BANKR. P. 4003(c).

## V. OBJECTION TO CLAIMED EXEMPTION

16.     Under applicable Texas law, funds obtained by fraud and used to purchase a homestead give rise to an equitable lien in favor of creditors ahead of any homestead exemption claim. Additionally, Debtor seeks to claim an exemption in personal property that he is not entitled to claim.

A.     **Objection to Debtor's Homestead Exemption under 11 U.S.C. 522(o).**

17.     The Texas Constitution creates a legal interest in real property known as a homestead. *In re Villarreal*, 401 B.R. 823, 831 (Bankr. S.D. Tex. 2009) (*citing Heggen v. Pemelton*, 836 S.W.2d 145, 148 (Tex. 1992); Tex. Const. art. 16, § 50) Tex. Prop. Code Ann. § 41.002(a) and (b) (Vernon 2001). The homestead protection afforded by the Texas Constitution, however, was never intended to protect stolen funds.

5

18. "Stolen funds used for the purchase of a homestead or improvement of an existing homestead can never acquire homestead rights as they are held in trust for the rightful owner of the funds." *Bransom v. Standard Hardware, Inc.,* 874 S.W.2d 919, 928 (Tex. App.—Ft. Worth, 1994). A debtor cannot claim a homestead exemption when wrongfully obtained money or property was used to create equity in the homestead, as the assets never belonged to the debtor in the first place. *See Baccum v. Texan Oil Corp.*, 423 S.W.2d 434, 442 (Tex. Civ. App. 1967) (discussing granting injunction).

19. Bankruptcy courts have equitably subordinated homestead claims when the funds used to purchase the home or pay the debt on the home were obtained fraudulently. *In re Cowin*, 2014 WL 1168714 (Bankr. S.D. Tex. 2004); *In re Huie,* 2007 WL 2317152, at *5 (Bankr. E.D. Tex. 2007) ("Texas law does not permit the Debtor[] to use their homestead exemption to shield the Home from the [Creditor's] superior equitable interest in the Home.").

20. In the case *In re Gamble-Ledbetter*, the bankruptcy court determined that a creditor had a superior equitable interest in a debtor's home because the debtor utilized fraudulently obtained funds as a way to reduce the amount of debt on the homestead. *In re Gamble-Ledbetter*, 419 B.R. 682, 701 (Bankr. E.D. 2009). A similar analysis as set forth in *Gamble-Ledbetter* should be used by the Court today. Debtor is not entitled to claim a homestead exemption because he used fraudulently obtained funds to purchase the Real Property, findings included in both the MSJ Order and the State Court Order. Exhibit A, Exhibit C.

21. Since the Debtor utilized fraudfully obtained funds to purchase the Real Property and/or pay down debt for the Real Property, the Court should determine the Debtor's homestead exemption is equitably subordinated.

### B.  Objection to Debtor's Personal Property Exemptions

22. The Texas Property Code permits an exemption on motor vehicles for each member of a family. Tex. Prop. Code Ann. § 42.002(a)(9). Debtor's schedules indicate that he had one dependent, yet he has claimed an exemption in three Vehicles. Trustee objects to the claimed exemptions on the three Vehicles. Debtor's mother has since passed away. Debtor is a single man who ostensibly lives alone. If Debtor is in fact the sole person in his household, he is allowed to exempt only one of the three Vehicles under Section 42.002(a)(9) of the Texas Property Code.

23. A debtor is also allowed to exempt property with the aggregate fair market value of no more than $50,000.00 under Section 42.001(a)(2) of the Texas Property Code. Within this Case, the Debtor is in possession and control of substantial amounts of Personal Property, yet he only disclosed the following amounts as his interest in the items: $2,0000.00 for art/paintings, $100.00 for four watches, and $50.00 for a ring. Dkt. No. 27 at 35. To the extent the Debtor has any interest in Personal Property not specifically enumerated, properly valued, disclosed, and claimed as exempt on his schedules and statements, such property is property of the bankruptcy Estate, and the Trustee would object to his claiming an exemption in any such assets.

## VI.  CONCLUSION

For the reasons set forth above, Trustee respectfully requests that the Court enter an order limiting the Debtor's exemption of the Real Property to the extent any of the Real Property is attributable to fraudulent proceeds, denying Debtor's exemption on any nonexempt vehicle, determining any undisclosed interests in Personal Property not specifically disclosed to be nonexempt, and granting all such other relief, both at law and in equity, to which it may justly be entitled.

Dated:  June 22, 2022

Respectfully submitted,

By */s/Catherine Stone Curtis*
    Catherine Stone Curtis
    State Bar No. 24074100
    P.O. Box 720788
    McAllen, Texas 78504
    (956) 467-1900; (956) 331-2815 fax

**Chapter 7 Trustee**

**HUSCH BLACKWELL LLP**

By:*/s/ Lynn Hamilton Butler*
    Lynn Hamilton Butler
    State Bar No. 03527350
    111 Congress Avenue, Suite 1400
    Austin, Texas 78707
    (512) 479-9758; (512) 479-1101 fax
    Email:  lynn.butler@huschblackwell.com

**General Counsel**

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2022, a true and correct copy of the foregoing pleading was served to the parties on the attached Service List either *via* this Court's ECF notification system and/or *via* United States first class mail.

    */s/ Lynn Hamilton Butler*
    Lynn Hamilton Butler

HB: 4895-8012-8293.4