**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SCOTT VINCENT VAN DYKE, | § | CASE NO. 21-60052 (CML) |
| | § | (Chapter 7) |
| Debtor. | § | |

**DEBTOR'S RESPONSE IN OPPOSITION TO CHAPTER 7 TRUSTEE'S**
**SECOND MOTION FOR EXTENSION OF TIME TO OBJECT TO DISCHARGE**
**[Ref. Dkt. No. 190]**

TO THE HONORABLE CHRISTOPHER M. LOPEZ, U.S. BANKRUPTCY JUDGE:

COMES NOW, SCOTT VINCENT VAN DYKE (the "Debtor"), and makes this his Debtor's Response in Opposition to Chapter 7 Trustee's Second Motion for Extension of Time to Object to Discharge as follows:

**I.**

**BACKGROUND**

1. On May 25, 2021, the Debtor filed his individual voluntary petition under Chapter 11 of the Bankruptcy Code. On January 31, 2022, this Court entered its order converting this case to a case under Chapter 7 of the Bankruptcy Code. On January 31, 2022, Allison Byman was appointed Chapter 7 Trustee, but she rejected the appointment. On February 1, 2022, Christopher Murray was appointed Chapter 7 Trustee, but he rejected the appointment. On February 7, 2022, Eva Engelhart was appointed Chapter 7 Trustee, but she rejected the appointment (as she is a creditor in the Debtor's case). Finally, on February 11, 2022, Catherine Stone Curtis (the "Trustee") was appointed Chapter 7 Trustee of this case, and she accepted the appointment.

2. The initial deadline for parties to file an objection to the dischargeability of a debt or to object to the Debtor's discharge was May 2, 2022.

1

3. The initial meeting of creditors was set for March 24, 2022, at 10:00 a.m. On March 17, 2022, the Trustee filed her application to employ Pulman, Cappuccio & Pullen, LLP to represent her as general counsel in this case. (Dkt. No. 144). The initial meeting of creditors was held, and the Debtor attended the meeting. At its conclusion, the Trustee requested a number of additional documents and continued the meeting to April 28, 2022, at 10:00 a.m. On April 11, 2022, this Court entered an order approving the Trustee's employment of Pulman, Cappuccio & Pullen, LLP as her counsel. (Dkt. No. 154). On April 19, 2022, the Trustee filed her application to substitute Husch Blackwell, LLP as counsel (Dkt. No. 158).

4. On April 27, 2022, the Debtor filed his conversion schedules. (Dkt. No. 162).

5. On April 28, 2022, the Trustee held the continued meeting of creditors, which the Debtor attended. At the conclusion of that meeting, the Trustee continued the meeting to May 20, 2022, so that additional documents could be provided. Also on April 28, 2022, the Trustee filed her first motion to extend the deadline for filing objections to the Debtor's discharge. (Dkt. No. 163). The thrust of her motion was that she had not yet received all the documents she had requested at the initial meeting of creditors. On May 3, 2022, this Court granted the motion and extended the deadline for parties (U.S. Trustee, Trustee, and creditors) to file a complaint objecting to the Debtor's discharge to July 1, 2022. (Dkt. No. 166). The deadline to file a complaint objecting to the dischargeability of a debt was not extended.

6. On May 20, 2022, the Trustee held the continued meeting of creditors. The Debtor appeared, and the Trustee concluded the meeting.

7. The Trustee has already conducted a full, in-person inspection on April 4, 2022 that included the Trustee and two appraisers who were employed by the Trustee of the Debtor's homestead and personal property in the homestead. The Trustee and her appraisers were in the

Debtor's house for hours inspecting property. They opened boxes, cabinets and closets to inspect property inside and inspected and photographed the Debtor's mother's estate items held at his residence.

8. On June 22, 2022, the Trustee filed an objection to the Debtor's claimed exemptions. (Dkt. No. 186).

## II.

## REASONS WHY THE RELIEF SHOULD BE DENIED

9. The only grounds that the Trustee now raises in this, her second motion for extension of the deadline to file a complaint objecting to the Debtor's discharge, are: (1) the parties are "engaged in settlement discussions," (2) "matters relating to the Debtor's scheduled assets and business interests are pertinent to those discussions, and (3) "a 2004 exam for the Debtor is expected to be set for July 2022, once parties agree to a date." First, these grounds have nothing to do with a complaint to bar the Debtor's discharge. Nevertheless, the Debtor will discuss each. Although the Debtor initially made an offer to resolve the Trustee's concerns about the Debtor's exemptions, the Trustee has not accepted or countered. There are no ongoing settlement discussions at this time. Further, the Trustee has now filed an objection to the Debtor's exemptions. (Dkt. No. 186). With respect to "matters related to scheduled assets," those do not impact a decision of whether to file a complaint to object to discharge. The Trustee has personally inspected the Debtor's personal property, and to the Debtor's knowledge there is no issue under section 727. Finally, the Debtor has not agreed to a 2004 examination, and frankly, now that an objection to the Debtor's exemptions has been filed, a 2004 examination would not be appropriate; rather, a deposition in the context of that contested matter would be the appropriate vehicle. In

any case, the Trustee has now had more than sufficient time to determine if she has grounds to file a complaint to bar the Debtor's discharge. This Court should deny the motion.

WHEREFORE, PREMISES CONSIDERED, the Debtor, SCOTT VINCENT VAN DYKE, respectfully requests that this Court deny the Trustee's motion to extend the deadline for filing a complaint to bar the Debtor's discharge.

**THE PROBUS LAW FIRM**

By: */s/ Matthew B. Probus*
    **Matthew B. Probus**
    Tex. Bar No. 16341200
    Fed. I.D. No. 10915

10497 Town and Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)
matthewprobus@theprobuslawfirm.com

-and-

**TRAN SINGH LLP**

By: */s/Susan Tran Adams*
    **Susan Tran Adams**
    TBN: 24075648
    **Brendon Singh**
    TBN: 24075646

2502 La Branch Street
Houston, Texas 77004
(832) 975-7300 (Telephone)
(832) 975-7301 (Facsimile)
stran@ts-llp.com

*ATTORNEYS FOR DEBTOR,
SCOTT VINCENT VAN DYKE*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all parties, including the U.S. Trustee, the Chapter 7 Trustee, and all creditors and parties requesting notice through the Court's PACER/ECF system on this 7th day of July 2022.

*/s/ Matthew B. Probus*
Matthew B. Probus
