**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **SCOTT VINCENT VAN DYKE,** | § | **CASE NO. 21-60052 (CML)** |
| | § | **(Chapter 7)** |
| **Debtor.** | § | |

**DEBTOR'S RESPONSE TO OBJECTIONS TO THE DEBTOR'S EXEMPTIONS FILED BY CATHERINE S. CURTIS, CHAPTER 7 TRUSTEE, BUILDERS WEST, INC., AND EVA S. ENGELHART, CHAPTER 7 TRUSTEE AND MEMORANDUM OF LAW IN SUPPORT THEREOF**
**[Ref. Doc. Nos. 186, 187, and 188]**

TO THE HONORABLE CHRISTOPHER M. LOPEZ, U.S. BANKRUPTCY JUDGE:

COMES NOW, SCOTT VINCENT VAN DYKE ("Van Dyke" or the "Debtor"), and files his Debtor's Response to Objection to the Debtor's Exemptions filed by Catherine S. Curtis, Chapter 7 Trustee ("Trustee"), Builders West, Inc., and Eva S. Engelhart, Chapter 7 Trustee, and Memorandum of Law in Support Thereof, and would show this Court as follows:

## I.

## INTRODUCTION

1. The Trustee seeks an order denying the Debtor's exemptions, including the Debtor's homestead exemption. The objection should be denied. The deadline for objecting to exemptions already passed in the Debtor's Chapter 11 case, and the Debtor's claimed exemptions have been deemed allowed. Further, there are no valid grounds for denying or limiting the Debtor's claimed exemptions. Since Eva S. Engelhart, in her capacity as Chapter 7 Trustee of the Estate of Anglo-Dutch Petroleum International, Inc. ("Engelhart") and Builders West, Inc. ("Builders West") have joined in the Chapter 7 Trustee's Objection to Debtor's Claimed Exemptions (the "Objection") filed by the Trustee, this response is to all their pleadings. The admissions and denials below are

to the allegations in the Objection but apply also to the joinder motions.

**II.**

**JURISDICTION AND CONSTITUTIONAL AUTHORITY**

2. This Court has jurisdiction over this case under 28 U.S.C. § 1334(a). This Court has the constitutional authority to hear and determine this matter under 28 U.S.C. § 157(b)(1). This matter is a "core matter" under 28 U.S.C. § 157(b)(2)(B). If this Court finds that it does not have the constitutional authority to enter a final order in this matter, the Debtor consents to entry of a final order by this bankruptcy court.

**III.**

**SPECIFIC ADMISSIONS AND DENIALS**

3. The Debtor denies the allegation contained in paragraph 1 of the Objection.

4. The Debtor denies the allegations contained in paragraph 2 of the Objection.

5. The Debtor admits the allegations contained in paragraph 3 of the Objection.

6. The Debtor admits the allegations contained in paragraph 4 of the Objection.

7. The Debtor can neither admit nor deny the allegation contained in paragraph 5 of the Objection.

8. The Debtor denies the allegations contained in the first two sentences of paragraph 6 of the Objection. Several suits were filed in 2004, and several judgments were entered, but much later. Littlemill Limited ("Littlemill") obtained a judgment for damages and legal fees against Anglo-Dutch Petroleum International, Inc. ("ADPI") and Anglo-Dutch (Tenge) LLC ("ADT") on June 6, 2006, but the legal fee award had to be re-tried and a new judgement was entered on August 7, 2009. On December 14, 2009, Littlemill filed suit for fraudulent transfer. Robert M. Press ("Press"), Anzar Settlement Corp. ("Anzar"), and Prosperity Settlement Funding, Inc.

("Prosperity") did not obtain their judgment until January 29, 2012, and filed suit for fraudulent transfer three years before obtaining that judgment. The Forest Hunter Smith ("Smith") case is not relevant as Smith has been paid in full. The Debtor admits the allegations contained in the third sentence of paragraph 6 of the Objection. The Debtor admits in part and denies in part the allegations contained in the fourth sentence of paragraph 6. The Debtor admits that the District Court held that three transfers were fraudulent transfers under section 24.006(a), but the transfers were not related to the transfer into the homestead and the holding was due to the "failure to receive reasonably equivalent value" and not an intent to defraud. There was no finding of any intent to hinder, delay or defraud creditors.

9. The Debtor admits the allegations contained in paragraph 7 of the Objection. However, these allegations are misleading and irrelevant. The judgment underlying these 2007 proceedings was ultimately reversed by the Texas Supreme Court. On remand, in May 2014, Judge Bennett of the 61st District Court, found that the amount owed by ADPI to Swonke was only $306,000. Significantly, prior to the trial in which Swonke was awarded $1 million in actual damages and ultimately reversed by the Texas Supreme Court, the Debtor and ADPI tendered to Swonke a check in the amount of $325,000 (a bit more than the Debtor and ADPI calculated to be due and owing under the fee agreement). Swonke rejected that payment, which would have made him whole at that point in time. The Debtor could not have been engaged in a scheme to defraud Swonke when he tendered to Swonke more money than Swonke was finally determined to be owed. There was no finding of intent to defraud or fraudulent transfer supporting the ultimate judgment on remand. There has been no finding by a court, that wasn't ultimately overturned, that the Debtor used fraudulently transferred funds with an actual intent to hinder, delay, or defraud creditors.

10. The Debtor denies the allegations contained in paragraph 8 for the reasons detailed above. Further, the transfer of limited funds used in the Debtor's purchase of his homestead was not made with an intent to hinder, delay or defraud the creditors, regardless of any findings made by the Judge Gilmore (the Swonke findings cannot be considered given the reversal on appeal).

11. The Debtor admits the allegations contained in paragraph 9 of the Objection.

12. The Debtor admits the allegations contained in paragraph 10 of the Objection.

13. The Debtor admits the allegations contained in paragraph 11 of the Objection; however, those schedules were replaced by the Chapter 7 schedules filed on April 27, 2022, by the Debtor after the case was converted. (See Dkt. No. 162).

14. The Debtor admits the allegations contained in paragraph 12 of the Objection; however, those schedules were replaced by the Chapter 7 schedules filed on April 27, 2022, by the Debtor after the case was converted. (See Dkt. No. 162).

15. The Debtor admits the allegations contained in paragraph 13 of the Objection. Nevertheless, a conversion to Chapter 7 cannot be used to obtain another shot at objecting to exemptions. *Bell v. Bell (In re Bell)*, 225 F.3d 203, 206 (2nd Cir. 2000); *Smith v. Kennedy (In re Smith)*, 235 F.3d 477-478 (9th Cir. 2000); *In re Halbert*, 146 B.R. 185, 188-189 (Bankr. W.D. Tex. 1992).

16. The Debtor admits the allegations contained in paragraph 14 of the Objection; however, those schedules were replaced by the Chapter 7 schedules filed on April 27, 2022, by the Debtor after the case was converted. (See Dkt. No. 162). The Debtor filed his list of exemptions on June 30, 2021 (Dkt. No. 27) electing the Texas state exemptions pursuant to 11 U.S.C. § 522(b)(3). The Subchapter V Trustee did not object to the Debtor's exemptions, and no creditors or any parties in interest objected to the claimed exemptions. With no objections, the exemptions were deemed

allowed by operation of Fed. R. Bankr. P. 4003, and the exempted assets left the estate and are no longer property of the estate. *See Schwab v. Reilly,* 560 U.S. 770, 791 (2010) (finding that "[t]o help the debtor obtain a fresh start, the Bankruptcy Code permits him to *withdraw from the estate* certain *interests in property*, such as his car or home"). The Debtor amended his schedules following conversion to chapter 7 on April 27, 2022 (Docket No. 162) to correct assigned values to assets and exempted assets; however, the Trustee's Objection pertains to the Debtor's homestead and his vehicles, which are properly exempted assets and are no longer property of the estate. There was no timely objection filed to the exemptions claimed in the Debtor's case, and the Trustee is now barred from raising these objections to the Debtor's claimed exemptions.

17. The Debtor admits the allegations contained in paragraph 15 of the Objection.

18. The Debtor denies the allegations contained in paragraph 16 of the Objection.

19. The Debtor denies the allegations contained in paragraph 17 of the Objection.

20. The Debtor admits the allegations contained in the first sentence of paragraph 18 of the Objection but denies the remaining allegations.

21. The Debtor denies the allegations contained in paragraph 19 of the Objection.

22. The Debtor denies the allegations contained in paragraph 20 of the Objection. Further, the *Gamble-Ledbetter* case involved a debtor who embezzled funds and used those funds in part to purchase a homestead. The facts and holding do not support the Trustee's allegations. Finally, the Debtor did not obtain funds by fraud.

23. The Debtor denies the allegations contained in paragraph 21 of the Objection.

24. The Debtor denies the allegations contained in paragraph 22 of the Objection. In his conversion schedules the Debtor claims only 2 vehicles – a 2016 Silverado and a 2013 Tahoe.

25. The Debtor denies the allegations contained in paragraph 23 of the Objection. The Debtor's schedule C is highly detailed and meets the requirements of claimed exemptions.

**IV.**

**DEFENSES**

26. The Trustee's objections should be denied, because the deadline for objecting to exemptions passed, and the Trustee did not file her objection within the deadline. *Bell v. Bell (In re Bell)*, 225 F.3d 203, 206 (2nd Cir. 2000); *Smith v. Kennedy (In re Smith)*, 235 F.3d 477-478 (9th Cir. 2000); *In re Halbert*, 146 B.R. 185, 188-189 (Bankr. W.D. Tex. 1992).

27. The Trustee's objections should be denied as to the Debtor's homestead because the Debtor: (i) did not steal any funds used to purchase the homestead, (ii) did not "wrongfully obtain" any of the funds used to purchase the homestead, and (iii) did not obtain any of the funds by fraud used to purchase the homestead.

28. The Trustee's objections should be denied, because the Debtor did not have the requisite scienter or intent to hinder, delay, or defraud creditors. The Debtor at all times caused ADPI to retain sufficient funds in its account to cover payment of disputed claims. Since the litigation stretched on for decades, the ultimate judgment included millions of dollars in unanticipated attorney's fees. In addition, because the litigation has been ongoing for decades, there has been substantial pre-judgment and post-judgement incurred. There was no way the Debtor could have known, and he did not know, at the time of the transfers made that the attorney's fees and interest would add up to the sums it has.

29. The granting of such an equitable lien or subordination of the Debtor's homestead interest is outside the Court's statutory and Constitutional powers since under Texas law, no equitable lien can be imposed on a homestead.

30. An equitable lien is not warranted by the facts and circumstances of the case.

31. "Once acquired, homestead rights are not easily lost. Property may lose its homestead character only by the claimant's death, abandonment, or alienation." *Driver v. Conley*, 320 S.W.3d 516, 519 (Tex. App. – Texarkana 2010); *Duran v. Henderson,* 71 S.W.3d 833, 842 (Tex. App. - Texarkana 2002, pet. denied); *Flory v. Estate of McConnell,* 212 S.W.3d 439, 443–44 (Tex. App. – Austin 2006, rev. denied); *Majeski v. Estate of Majeski,* 163 S.W.3d 102, 107 (Tex. App. -Austin 2005, no pet.).

32. The Trustee as the objecting party bears the burden of proving that the exemption should be disallowed or reduced. Once a debtor claims property as exempt, there is a presumption that the exemption has been correctly claimed. *Pequeno v. Schmidt,* 307 B.R. 568, 584 (S.D. Tex. 2004) (citing *Sherk v. Tex. Bankrs Life & Loan Ins. Co. (In re Sherk),* 918 F.2d 1170, (5th Cir. 1990), *aff'd* 126 F. App'x 158 (5th Cir. 2005). Thus, "any party contesting the exemption has the burden to show that it was improperly claimed." *Pequeno,* 307 B.R. at 584 (S.D. Tex. 2004); *see also* Fed. R. Bankr. Pro 4003(c) ("[T]he objecting party has the burden of proving that the exemptions are not properly claimed."). A party objecting to an exemption "must establish that the exemption is improper by a preponderance of the evidence." *Fehmel v. Union State Bank (In re Fehmel),* 372 F. App'x 507, 511 (5th Cir. 2010) (quoting *In re Presto,* 376 B.R. 554, 563 (Bankr. S.D. Tex. 2007). Under both federal and state law, exemptions are to be liberally construed in favor of the debtor who claims the exemption. *See Soza v. Hill (In re Soza),* 542 F.3d 1060, 1068 (5th Cir. 2008); *In re Gandy,* 327 B.R. 807, 808 (Bankr. S.D. Tex. 2005).

33. If the homestead was not acquired for no other reason than to defraud creditors, the acquisition of the homestead was for a proper purpose and cannot be limited by section 522(o). *In*

*re Sholdon*, 217 F.3d 1006, 1011 (8th Cir. 2000). In essence, if the Debtor had a reason other than to defraud creditors, section 522(o) cannot apply.

DATED: July 8, 2022

Respectfully submitted,

**THE PROBUS LAW FIRM**

By: */s/ Matthew B. Probus*
**Matthew B. Probus**
Tex. Bar No. 16341200
Fed. ID No. 10915

10497 Town and Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)
matthewprobus@theprobuslawfirm.com

-and-

**TRAN SINGH LLP**

By: */s/Susan Tran Adams*
**Susan Tran Adams**
TBN: 24075648
**Brendon Singh**
TBN: 24075646

2502 La Branch Street
Houston, Texas 77004
(832) 975-7300 (Telephone)
(832) 975-7301 (Facsimile)
stran@ts-llp.com

*ATTORNEYS FOR DEBTOR,*
*SCOTT VINCENT VAN DYKE*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been served via electronic means on parties as listed on the court's PACER/ECF noticing system on this 8th day of July 2022.

__*/s/ Matthew B. Probus*______
Matthew B. Probus