UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| SCOTT VINCENT VAN DYKE, | § § § | CASE NO. 21-60052 (CML) (Chapter 7) |
| Debtor. | § | |
| CADENCE BANK, | § § | |
| Movant, | § § | |
| VS. | § § | CONTESTED MATTER |
| SCOTT VINCENT VAN DYKE, | § § § | |
| Respondent. | § | |

**BRIEF IN SUPPORT OF DEBTOR'S RESPONSE TO CADENCE BANK'S
MOTION FOR RELIEF FROM AUTOMATIC STAY**

TO THE HONORABLE CHRISTOPHER M. LOPEZ, U.S. BANKRUPTCY JUDGE:

COME NOW, SCOTT VINCENT VAN DYKE, ("Debtor"), and makes this Brief in Support of Debtor's Response to Cadence Bank's Motion for Relief from Automatic Stay as follows:

**I.**

**Introduction**

1. Cadence Bank's motion should be denied. There is no cause to lift the automatic stay. There are literally millions of dollars of equity in the property protecting Cadence's interest. At most, this Court should order interest only adequate protection payments to protect against any possible erosion of the equity cushion.

1

## II.

### Burden on Motion for Relief from Automatic Stay

2. The initial burden of proof on a motion for relief from the automatic stay under 11 U.S.C. § 362(d)(1) for "cause" is on the movant. The movant must establish a *prima facie* case that cause exists. *In re Kowalsky*, 235 B.R. 590, 595-596 (Bankr. E.D. Tex. 1999)(citing *In re Eastman*, 182 B.R. 386, 390 (Bankr. S.D.N.Y. 1995). To establish a *prima facie* case for cause to lift the stay to foreclose, a movant must demonstrate that it holds a claim secured by a valid, perfected lien, that a decline in the value of its collateral is occurring or is threatened, and that the creditor is precluded from protecting its interest because of the existence of the automatic stay. *In re Elmira Litho, Inc.,* 174 B.R. 892, 902 (Bankr.S.D.N.Y.1994), citing *In re Sun Valley Ranches, Inc.,* 823 F.2d 1373, 1376 (9th Cir.1987). Only when the movant meets this initial burden of proof does the burden shift to the debtor to prove that the collateral is not declining in value or that the secured creditor is adequately protected. *In re Wrecclesham Grange, Inc.,* 221 B.R. 978, 980 (Bankr.M.D.Fla.1997).

3. Cadence Bank has failed to meet its initial burden. The movant admits on the face of the motion that there is an equity cushion of over $4 million on Mr. Van Dyke's home. Cadence does not even allege any decline in value. To do so would be absurd. Mr. Van Dyke's home is an exceptional property on one of the most expensive and exclusive streets in one of the most expensive and excusive neighborhoods in all of Houston – South Boulevard in Boulevard Oaks. The home is registered as a Houston Historic Landmark. The house was designed by Birdsall P. Briscoe, one of Houston's most famous architects, for the Anderson family who founded the MD Anderson Cancer Hospital. Mr .Van Dyke's home is on the front cover of a book on Briscoe's architecture that is being published this autumn. (See Exhibit 1). It is obvious Mr. Van Dyke's

home is truly an exceptional property and is not at any risk of a decline in value. The home is valued on HCAD at $6,735,000. A picture speaks a thousand words:





Without any allegation that there is a decline in value in the property, Cadence cannot even meet its initial burden of proof, and this Court must deny the motion.

### III.

### Equity Cushion Protects Cadence's Interest in the Collateral

4. A determination of whether the movant's interest in the collateral is adequately protected is not an exact science and does not involve "a precise arithmetic computation." *In re Kowalsky*, 235 B.R. at 595-596. Section 362(d)(1) of the Bankruptcy Code does not define "cause." *In re Mirant Corp.,* 440 F.3d 238 (5th Cir. 2006). Bankruptcy courts must determine whether "cause" exists "on a case by case basis based on an examination of the totality of circumstances." *In re Reitnauer*, 152 F.3d 341, 343 n. 4 (5th Cir. 1998). The Court should balance all relevant factors in the case, including the value of the collateral and whether the collateral is likely to depreciate over time. *In re Olick,* 221 B.R. 146, 161 (Bankr.E.D.Pa.1998). Other considerations may include the balancing of hardships between the parties and whether the creditor's property interest is being unduly jeopardized. *Id.*

5. Cadence offers only two reasons it believes its interest in the collateral is not adequately protected: (1) that there are ad valorem taxes due, and (2) that there are past due payments of approximately $224,000 due to Cadence. The taxes are not due and are no threat to Cadence's interest in the property. The Debtor is 65 years old, and is not required to pay the ad valorem taxes at this time under the provisions of Tex. Tax Code, §§33.06(a) and 33.065. (See Exhibit 2). The past due ad valorem taxes thus do not threaten adequate protection.

6. The Fifth Circuit has noted that the Bankruptcy Code does not contain a specific, definitive definition of adequate protection. *In re First S. Sav. Ass'n,* 820 F.2d 700, 710 (5th Cir.1987). The Fifth Circuit has stated, however, that "'in determining whether a secured

4

creditor's interest is adequately protected, most courts engage in an analysis of the property's "equity cushion"—the value of the property after deducting the claim of the creditor seeking relief from the automatic stay and all senior claims.'" *Mendoza v. Temple–Inland Mortgage Corp. (Matter of Mendoza),* 111 F.3d 1264, 1272 (5th Cir.1997) (quoting *In re Indian Palms Assoc., Ltd.,* 61 F.3d 197, 207 (3d Cir.1995)); *See also In re Las Torres Dev., LLC*, 413 B.R. 687, 696-97 (Bankr. S.D. Tex. 2009). An equity cushion of 20% or more constitutes adequate protection. *Mendoza*, 111 F.3d at 1272 (quoting *In re Kost*, 102 B.R. 829, 831 (D. Wyo. 1989)); *In re Knight Energy Corp.*, 2009 WL 181739 at *3 (Bankr. N.D. Tex. June 26, 2009) (applying the 20% equity cushion test to determine whether the secured lender was adequately protected).

7. When Mr. Van Dyke filed bankruptcy in 2021, HCAD had the market value of his home at $5,203,566.00. During the pendency of the bankruptcy, Mr. Van Dyke's home has gained (not lost) additional value. In 2022, HCAD increased the market value of Mr. Van Dyke's home to $6,735,016.00. (See Exhibit 3). During the pendency of this bankruptcy case, the equity in Mr. Van Dyke's home has increased by over $1,500,000.00. There is a 300% equity cushion! Cadence Bank's interest in the collateral is adequately protected, and the motion should be denied.

8. To the extent that this Court were to find, after hearing the evidence, that Cadence Bank is not adequately protected, the remedy is not lifting the automatic stay. Adequate protection may be provided by requiring adequate protection payments. In this case, a monthly interest payment would provide more than enough adequate protection to Cadence Bank given the more than $4 million equity cushion in the collateral. Further, the Debtor has made two principal and interest payments since the bankruptcy, one in October of 2021 and one in June of 2022, totaling $44,820.62, leaving a balance of only $26,317.12 in accrued but unpaid interest.

9. In conclusion, the Debtor wishes to be clear about two things: (1) if the Trustee's objection to the Debtor's claimed homestead exemption is sustained, it makes no sense for the Debtor to have been making monthly principal and interest payments on the loan and makes no difference to Cadence as the Trustee will sell the home and pay Cadence in full, and (2) if the Trustee's objection to the Debtor's claimed homestead exemption is denied, the Debtor will certainly cure the arrearages on the note and reaffirm the note, protecting Cadence completely. This is just not the right time for the stay to be lifted allowing foreclosure on the home.

WHEREFORE, PREMISES CONSIDERED, SCOTT VINCENT VAN DYKE, Debtor, respectfully request that this Court deny the motion for relief from automatic stay of Cadence Bank.

DATED:     August 1, 2022         Respectfully submitted,

**THE PROBUS LAW FIRM**

By:     /s/ Matthew B. Probus
      **Matthew B. Probus**
      Tex. Bar No. 16341200
      Fed. ID No. 10915

10497 Town and Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)
matthewprobus@theprobuslawfirm.com

*ATTORNEYS FOR DEBTOR,*
*SCOTT VINCENT VAN DYKE*

-and-

**TRAN SINGH LLP**

By:/s/*Susan Tran Adams*
        **Susan Tran Adams**
        TBN: 24075648
        **Brendon Singh**
        TBN: 24075646

2502 La Branch Street
Houston, Texas 77004
(832) 975-7300 (Telephone)
(832) 975-7301 (Facsimile)
stran@ts-llp.com

*ATTORNEYS FOR DEBTOR,*
*SCOTT VINCENT VAN DYKE*

**Certificate of Service**

    I hereby certify that a true and correct copy of the foregoing instrument has been served upon the Debtor, the movant and movant's counsel, all parties requesting notice, the Chapter 7 Trustee, and all parties registered to receive notices by PACER via the Court's ECF/PACER system on this 1st day of August 2022.

                        /s/ Matthew B. Probus
                        Matthew B. Probus