UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SCOTT VINCENT VAN DYKE, | § | CASE NO. 21-60052 (CML) |
| | § | (Chapter 7) |
| Debtor. | § | |

DEBTOR'S EMERGENCY MOTION FOR STATUS CONFERENCE
TO RESET HEARINGS
[Ref. Doc. Nos. 174, 175, 186, 187, and 188]

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED UPON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT RECEIVED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF BY AUGUST 19, 2022, HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**The Parties are Needing a Hearing on this Matter On or Before 8/19/2022 at 5:00 p.m.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ, U.S. BANKRUPTCY JUDGE:

COMES NOW, SCOTT VINCENT VAN DYKE ("Van Dyke" or the "Debtor"), and files his Debtor's Emergency Motion for Status Conference to Reset Hearings as follows:

1

I.

**INTRODUCTION**

1. The Debtor seeks an order granting a status conference on an emergency basis to consider resetting the hearing on the motions regarding the automatic stay (Doc. Nos. 174 and 175) and the hearing on the objections to the Debtor's exemptions. (Doc. Nos. 186, 187, and 188). The Debtor seeks this hearing on an emergency basis because the hearing on the stay motions is currently set for August 29, 2022, and the hearing on the exemption objections is currently set for September 1, 2022.

II.

**JURISDICTION AND CONSTITUTIONAL AUTHORITY**

2. This Court has jurisdiction over this case under 28 U.S.C. § 1334(a). This Court has the constitutional authority to hear and determine this matter under 28 U.S.C. § 157(b)(1). This matter is a "core matter" under 28 U.S.C. § 157(b)(2)(A) and (B). If this Court finds that it does not have the constitutional authority to enter a final order in this matter, the Debtor consents to entry of a final order by this bankruptcy court.

III.

**NEED FOR RESET HEARINGS AND STATUS CONFERENCE**

3. On August 9, 2022, this Court reset the hearing on the stay motions to August 29, 2022, at 1:00 p.m. and set for hearing the exemption objections to September 1, 2022, at 10:00 a.m. Matthew Probus, the undersigned Debtor's counsel, has a previously scheduled doctor's appointment on August 29, 2022, at 1:00 p.m.[1] and will be flying to Chicago on September 1,

---

[1] The appointment is with Dr. Asra Ali at Aspire Dermatology to inspect Mr. Probus' arms for pre-cancerous lesions after a prescription cream was applied to bring bad cells to the surface. Although not an emergency, it is time sensitive to review the skin and appointments are difficult to reset in short windows of time.

2022.[2] Mr. Probus reached out to the case manager to see if the hearings could be reset, but he was informed that a motion would be required.

4. On August 11, 2022, Mr. Probus sent an email to all the opposing counsel on the numerous motions set on those days asking if they would oppose a resetting of the exemption objections hearing. He did not ask about a reset of the stay hearing, because if he had to do so he could always try to reschedule his doctor's appointment. Although he did not hear back from every one of the counsel, Mr. Greendyke (counsel for Eva S. Engelhart, Trustee), Mr. Mellencamp (counsel for Builder's West) and Ms. Curtis-Stone (Chapter 7 Trustee) all seemed agreeable to a reset of the hearing on the exemption objections and began exchanging available dates in September. Mr. Greendyke suggested that the parties agree to hold the stay hearings at the same time for efficiency to the parties, counsel, and the court. Mr. Probus agreed and asked Mr. Badger (counsel for Cadence) if he would agree. Mr. Badger indicated that his client would oppose any reset of Cadence Bank's hearing on its motion for relief from stay.

5. As the Court can imagine, getting all the parties' dates to line up by email exchanges is like herding cats at a rock concert. The Debtor believes a brief electronic status conference is the easiest way for all counsel to weigh in on the best reset dates and times in September. In addition, the Debtor would like the Court to consider a reset of the hearing on the stay motions to occur at the same time as the hearing on the exemption objections. A consolidated hearing would be most efficient for the parties, their counsel, and frankly this Court.

---

[2] The flight, UA 2425, does not take off until 6:09 p.m., but it will begin boarding sometime around 5:30 p.m. Mr. Probus will need to leave for the airport sometime shortly after lunch to account for time driving to IAH and arriving several hours ahead of scheduled boarding so that he can get through security and board successfully, Anticipating that the hearing will be a long, evidentiary hearing, he will not be able to attend a 10:00 a.m. hearing.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that this Court grant this motion and set an emergency hearing to consider resetting the hearings on the automatic stay and objections to exemptions.

DATED: August 12, 2022

Respectfully submitted,

**THE PROBUS LAW FIRM**

By: _/s/ Matthew B. Probus_
    **Matthew B. Probus**
    Tex. Bar No. 16341200
    Fed. ID No. 10915

10497 Town and Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)
matthewprobus@theprobuslawfirm.com

*ATTORNEYS FOR DEBTOR,*
*SCOTT VINCENT VAN DYKE*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served via electronic means on parties as listed on the court's PACER/ECF noticing system on this 12th day of July 2022, and all counsel in the motions at Doc. Nos. 174, 175, 186, 187, and 188.

_/s/ Matthew B. Probus_
Matthew B. Probus