UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| SCOTT VINCENT VAN DYKE, | § § § | CASE NO. 21-60052 (CML) (Chapter 7) |
| Debtor. | § | |
| EVA S. ENGELHART, AS CHAPTER 7 TRUSTEE, | § § § § | |
| Movant, | § § | |
| VS. | § § | CONTESTED MATTER |
| SCOTT VINCENT VAN DYKE, | § § § | |
| Respondent. | § | |

**DEBTOR'S RESPONSE TO EVA S. ENGELHART, CHAPTER 7 TRUSTEE, MOTION TO CONFIRM ABSENCE OF THE AUTOMATIC STAY**
[Ref. Dkt. No. 174]

TO THE HONORABLE CHRISTOPHER M. LOPEZ, U.S. BANKRUPTCY JUDGE:

COME NOW, SCOTT VINCENT VAN DYKE, ("Debtor"), and makes this Debtor's Response to Eva S. Engelhart, Chapter 7 Trustee, Motion to Confirm Absence of the Automatic Stay as follows:

**I.**

**Introduction**

1. Eva S. Engelhart, acting as Chapter 7 Trustee of the Estate of Anglo-Dutch Petroleum, Inc. ("Engelhart") seeks an order that the automatic stay has already been lifted allowing her to proceed with a completely new lawsuit in state district court to impose a constructive trust on any assets of the Debtor. Engelhart is wrong in her assertion that there is no automatic stay. This Court lifted the automatic stay on an earlier motion for the limited purposes of allowing the claimants to

1

seek payment of the funds in the registry of the state court and to allow Engelhart to obtain a ruling on her motion for summary judgment in the federal district court fraudulent transfer case. Those matters have concluded. What Engelhart now seeks is completely new relief that would sidestep the estate in this case and is wholly premature given the pending nondischargeability adversary. If this Court finds against Engelhart and rules the debt of her claimants dischargeable, Engelhart will have no debt to use as a basis to impose a constructive trust. This Court should deny the relief sought.

## II.

### Specific Admissions and Denials of Allegations

2. The Debtor admits the allegations contained in paragraph 1 of Engelhart's motion.

3. The Debtor admits the allegations contained in paragraph 2 of Engelhart's motion.

4. The Debtor denies the allegations contained in paragraph 3 of Engelhart's motion.

5. The Debtor admits the allegations contained in paragraph 4 of Engelhart's motion.

6. The Debtor admits the allegations contained in paragraph 5 of Engelhart's motion in part, but denies the allegations in part. The case went to the Texas Supreme Court and was reversed, holding that Mr. Swonke was not owed anything. The Supreme Court of Texas specifically found that there was no contract between Anglo-Dutch and Swonke. The trial court subsequently determined that nothing whatsoever was owed to Swonke individually. Therefore, the transfers by Anglo-Dutch alleged to be fraudulent as to Swonke – and, again, only Swonke - could not have been fraudulent, because there was no underlying debt to Swonke. Once the underlying final judgment was reversed, the 2007 Order relied upon so heavily by Engelhart was void and of no practical or legal force and effect. Notably, the Final Judgment in that case supersedes and vacates all prior orders, providing that "[a]ll relief not expressly granted in the

Final Judgment is hereby denied." The Final Judgment makes no mention of fraudulent transfers. Therefore, there is no effective judgment or finding by that court that transfers made by Anglo-Dutch to the Debtor were fraudulent. In addition to the final judgment barring the intent to defraud finding, the 14th Court of Appeals later rejected the argument that the intent to defraud finding in the supersedeas context could be used outside of that limited context. In their motion for disbursement of the registry funds and the appeal following the grant of such motion, Press, Anzar, and Prosperity again argued that the findings of fraud and alter ego made by the 61st Judicial District Court in the October 29, 2007, Order on supersedeas bond entered in connection with Swonke's supersedeas challenge were somehow dispositive of - or at least relevant to - their claims to the registry funds. The 14th Court of Appeals disagreed, holding such findings to be meaningless outside the context of the supersedeas dispute. The Court wrote in its opinion:

> While we do not express any opinion concerning the parties' merits arguments, we note that the supreme court has held that "an alter ego finding in a post-judgment net worth proceeding may not be used to enforce the judgment against the unnamed alter ego or any other nonjudgment debtor, but only to determine the judgment debtor's net worth for the purposes of Rule 24 [of the Texas Rules of Appellate Procedure]." *In re Smith*, 192 S.W.3d 564, 568–69 (Tex. 2006).

*Van Dyke v. Littlemill Limited*, 579 S.W.3d 639, 643 fn. 3 (Tex. App. – Houston [14th Dist.] 2019). The 14th Court of Appeals declined to give any effect to these findings of fraud and alter ego in the very same case in which they were made.

7. The Debtor denies the allegations contained in paragraph 6 of Engelhart's motion.

8. The Debtor admits the allegations contained in paragraph 7 of Engelhart's motion.

9. The Debtor admits the allegations contained in paragraph 8 of Engelhart's motion.

10. The Debtor denies the allegations contained in paragraph 9 of Engelhart's motion in part, because it does not accurately state what the jury found and the judgment awarded. The judgment expressly stated that there was no fee agreement with Swonke and no breach of contract.

The Court ordered the funds to be paid to Swonke instead of the plaintiff lawfirm Greenberg Peden, because Swonke had an assignment by that point from Greenberg Peden.

11. The Debtor admits the allegations in paragraph 10 of Engelhart's motion that on February 11, 2019, ADPI filed a voluntary petition under Chapter 7 of the Bankruptcy Code and Eva S. Engelhart was appointed Chapter 7 Trustee, but the Debtor denies the remaining allegations.

12. The Debtor admits the allegations contained in paragraph 11 of Engelhart's motion.

13. The Debtor admits the allegations contained in paragraph 12 of Engelhart's motion.

14. The Debtor admits the allegations contained in paragraph 13 of Engelhart's motion.

15. The Debtor denies the allegations contained in paragraph 14 of Engelhart's motion.

16. The Debtor admits the allegations contained in paragraph 15 of Engelhart's motion.

17. The Debtor admits the allegations contained in paragraph 16 of Engelhart's motion.

18. The Debtor admits the allegations contained in paragraph 17 of Engelhart's motion.

19. The Debtor admits the allegations contained in paragraph 18 of Engelhart's motion.

20. The Debtor admits the allegations contained in paragraph 19 of Engelhart's motion.

21. The Debtor admits the allegations contained in paragraph 20 of Engelhart's motion.

22. The Debtor admits the allegations contained in paragraph 21 of Engelhart's motion to the extent that an order was entered lifting the automatic stay, but the Court retained jurisdiction to hear and determine matters arising from implementation of the order.

23. The Debtor admits the allegations contained in paragraph 22 of Engelhart's motion.

24. The Debtor can neither admit not deny the allegations contained in paragraph 23 and 24 of Engelhart's motion, as those paragraphs are a mere statement of requested relief.

25. The Debtor denies the allegations contained in paragraph 25 of Engelhart's motion.

26. The Debtor admits the allegations contained in paragraph 26 of Engelhart's motion.

27. The Debtor admits the allegations contained in paragraph 27 of Engelhart's motion.

28. The Debtor admits the allegation contained in paragraph 28 of Engelhart's motion that the Court entered an order lifting the stay at Dkt. No. 61, but denies the remaining allegations.

29. The Debtor denies the allegations contained in paragraph 29 of Engelhart's motion.

30. The Debtor denies the allegations contained in paragraph 30 of Engelhart's motion.

31. The Debtor denies the allegations contained in paragraph 31 of Engelhart's motion.

### III.

### Argument

32. Engelhart glosses over the most salient point – the initial order lifting the stay to allow the litigation to proceed, subject to the Bankruptcy Court's further orders, was prior to the conversion of the Debtor's case to a case under Chapter 7. Engelhart further glosses over the critical facts that: (1) the Debtor may be entitled to a discharge of debt, which will discharge Engelhart's judgment, and (2) Engelhart has filed an adversary proceeding seeking a determination that the judgment debt is not dischargeable, which adversary is in its infancy. If the Court rules against Engelhart in the adversary, there will be no debt to serve as the basis for collection or imposition of a constructive trust. There is an automatic stay in the Debtor's Chapter 7 case, and this Court's prior order should not be extended to allow enforcement of a judgment that may be discharged.

WHEREFORE, PREMISES CONSIDERED, SCOTT VINCENT VAN DYKE, Debtor, respectfully request that this Court deny the motion for relief from automatic stay of Eva S. Engelhart, Chapter 7 Trustee.

DATED: September 20, 2022    Respectfully submitted,

**THE PROBUS LAW FIRM**

By: /s/ *Matthew B. Probus*
    **Matthew B. Probus**
    Tex. Bar No. 16341200
    Fed. ID No. 10915

10497 Town and Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)
matthewprobus@theprobuslawfirm.com

*ATTORNEYS FOR DEBTOR,*
*SCOTT VINCENT VAN DYKE*

-and-

**TRAN SINGH LLP**

By:/s/*Susan Tran Adams*
    **Susan Tran Adams**
    TBN: 24075648
    **Brendon Singh**
    TBN: 24075646

2502 La Branch Street
Houston, Texas 77004
(832) 975-7300 (Telephone)
(832) 975-7301 (Facsimile)
stran@ts-llp.com

*ATTORNEYS FOR DEBTOR,*
*SCOTT VINCENT VAN DYKE*

### Certificate of Service

    I hereby certify that a true and correct copy of the foregoing instrument has been served upon the Debtor, the movant and movant's counsel, all parties requesting notice, the Chapter 7 Trustee, and all parties registered to receive notices by PACER via the Court's ECF/PACER system on this 20th day of September 2022.

    /s/ Matthew B. Probus
    Matthew B. Probus