IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SCOTT VINCENT VAN DYKE | § | CASE NO. 21-60052 |
| | § | CHAPTER 7 |
| | § | |
| DEBTOR | § | JUDGE CHRISTOPHER M. LOPEZ |

**TRUSTEE'S JOINT MOTON TO APPROVE COMPROMISE AND SETTLEMENT
PURSUANT TO FED. R. BANKR. P. 9019(a)**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Debtor Scott Vincent Van Dyke ("Van Dyke") and the Chapter 7 Trustee, Catherine Stone Curtis, ("Trustee") (collectively the "Parties") file this Joint Motion to Approve Compromise and Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019(a) to resolve the Trustee's objection to the Debtor's homestead exemption ("Joint Motion"), and, in support thereof, respectfully show as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), (N), & (O).  Venue is properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicate for the relief requested herein is Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 5009(a) and 9019(a) (the "Bankruptcy Rules").

**BACKGROUND**

3.      On May 25, 2021 (the "Petition Date"), Scott Vincent Van Dyke (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with a Subchapter V election.  On or about the same date, Melissa Haselden was appointed Subchapter V. Trustee.

4.      The meeting of creditors was concluded on June 22, 2021.  Debtor filed his Subchapter V Plan on December 11, 2021.  Several creditors of the estate filed objections to confirmation on December 13, 2021.

5.      On January 11, 2022, Debtor filed his Motion to Convert Case to Chapter 7 for the reasons set forth therein and on the Debtor's belief that it would not be possible for him to reorganize under the Plan.

6.      On January 31, 2022, the Court entered its Order Converting Case to Chapter 7 [Dkt. No. 129] and on February 11, 2022, Catherin Stone Curtis was appointed Successor Trustee [Dkt. No. 138].

7.      The Debtor filed amended schedules and statements claiming an interest in various property, including  real property and two (2) vehicles:

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.
☑ Yes. Where is the property?

1.1 **1515 South Boulevard**
Street address, if available, or other description

**Houston, TX 77006**
City                    State          ZIP Code

**Harris**
County

**What is the property?** Check all that apply.

☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: **TR 6 BROADACRES**

Source of Value: **HCAD value in civil dispute**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?          Current value of the portion you own?
$2,661,000.00                                  $2,661,000.00

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee Simple**

☐ Check if this is community property
(see instructions)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here............................................ → $2,661,000.00

3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

☐ No
☑ Yes

3.1 Make:          **Chevrolet**
Model:         **Silverado**
Year:          **2016**
Approximate mileage:   **75000**
Other information:

**Who has an interest in the property?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?          Current value of the portion you own?
$18,380.00                                     $18,380.00

If you own or have more than one, list here:

3.2 Make:          **Chevrolet**
Model:         **Tahoe**
Year:          **2013**
Approximate mileage:   **70000**
Other information:

**Who has an interest in the property?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?          Current value of the portion you own?
$16,120.00                                     $16,120.00

[Docket No. 162].

The Debtor claimed the real property and vehicles as exempt on Schedule C:

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description:<br>1515 South Boulevard Houston, TX 77006<br><br>Line from *Schedule A/B*:   1.1 | $2,661,000.00 | ☐ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | Const. art. 16 §§ 50, 51, Texas Prop. Code §§ 41.001- 002(Claimed: $433,276.27) |
| Brief description:<br>2016 Chevrolet Silverado<br><br>Line from *Schedule A/B*:   3.1 | $18,380.00 | ☐ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | Tex. Prop. Code §§ 42.001(a), 42.002(a)(9)(Claimed: $8,365.50) |
| Brief description:<br>2013 Chevrolet Tahoe<br><br>Line from *Schedule A/B*:   3.2 | $16,120.00 | ☐ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | Tex. Prop. Code §§ 42.001(a), 42.002(a)(9)(Claimed: $3,995.81) |

[Docket No. 162].

8.      The Debtor listed an interest in eleven (11) business entities (the **"Entity Interests"**) on the same amended schedules, and did not claim the Entity Interests as exempt:

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☐ No
☑ Yes. Give specific
    information about
    them...................

| Name of entity: | % of ownership: | |
|---|---|---|
| Anglo-Dutch Energy, LLC | 65 % | $0.00 |
| Anglo-Dutch (Tenge), LLC | 65 % | ($16,275.68) |
| Angle-Dutch (Everest), LLC | 65 % | ($537,780.46) |
| Anglo-Dutch (Neftenge), LLC | 65 % | ($658.13) |
| Anglo-Dutch Energy Partners IV, LLC | 65 % | ($1,170.00) |
| American Oil & Gas, LLC | 65 % | ($2,822.63) |
| Trepador Energy, LLC | 100 % | $1,174,414.49 |
| Potomac Assets, LLC | 100 % | $400.00 |
| Texas Petroleum Operations, LLC | 100 % | ($864,637.72) |
| Burgoyne Investments, LLC | 100 % | $400.00 |
| Bashton Energy LLC | 75 % | ($229,161.05) |

[Docket No. 162].

9.    The Trustee filed her Objection to the Debtor's Claim of Exemptions (the **"Objection"**) on June 22, 2022 [Docket No. 186], objecting, *inter alia*, to the exemptions claimed in the real property and vehicles. Other parties filed joinders to the Objection in separate pleadings. [See Docket Nos. 187, 188].

10.    On September 21, 2022, the Parties agreed to the following settlement terms regarding the Objection (hereinafter the **"Settlement"**):

i.   Van Dyke agrees to pay $30,000, of which $22,000 shall be paid upon entry of an order approving this Motion and $8,000 to be paid within sixty (60) days of entry of the order.

ii.  The Trustee by this Settlement seeks to abate her objection to the homestead exemption for the sixty (60) day period referenced in subparagraph (a), supra (the **"Sixty-Day Period"** or the **"Abatement Period"**), and, once the Debtor complies with the terms herein and files the required declaration, the Trustee shall withdraw her objection to the exemption of the homestead claim.

iii. It is understood that the Court has discretion to determine whether it will hear and determine the other parties' joinder to the Trustee's objection to exemptions during the Abatement Period.

iv.  Van Dyke shall file with the Court within ten (10) days of filing this Motion and prior to a hearing set on the Motion, if any, a sworn declaration explaining how the valuations of his equity interests listed in his schedules were determined and a statement of the current operational and financial status of the companies.  The Debtor may, at his discretion, amend his schedules to reflect the valuations contained in his declaration.

v.   The parties recognize that the Trustee has authority to resolve only her Objection, and is agreeing to resolve only her Objection.  , The Trustee represents that she does not have authority to resolve the joinder objections of Eva S. Engelhart, Chapter 7 Trustee of the Estate of Anglo-Dutch Petroleum, Inc., and Builders West, Inc. (the "Joining Parties"). The Trustee takes no position on the impact of this settlement on those Joining Parties joinder to the Trustee's objection to the Debtor's exemptions. Any impact of this settlement on the Joining Parties' joinders to the Trustee's objection to the Debtor's exemptions would have to be determined by the Court. Aside from the foregoing, this settlement shall not impact any other party's rights whether in the main case or the adversary proceedings.  If assets come into the estate to be administered based on the other parties' actions, then the Trustee may administer those assets in accordance with the Bankruptcy Code.

vi.  The Settlement does not include any Chapter 5 causes of action.  The Estate is not releasing any rights or causes of action by this Settlement.

vii. The Trustee's withdrawal of its objection to exemption will apply to the Debtor's interests as listed in his Schedules.  Moreover, the Debtor recognizes the following equity interests and vehicle as non-exempt, and the settlement payment serves to resolve the Trustee's claims with respect to the Objection: (i) a 100% membership interest in Trepador Energy, LLC, (ii) a 100% membership interest in Potomac Assets, LLC, (iii) a 100%

membership interest in Burgoyne Investments, LLC, (iv) a 75% membership interest in Bashton Energy LLC, (v) a 100% membership interest in Texas Petroleum Operations LLC, and (vi) a 2016 Chevrolet Silverado pickup truck.

viii.   Upon the Debtor's payment and filing of the sworn declarations outlined in the Settlement above, the Trustee will file a Notice of Abandonment of the 2016 Chevrolet Silverado and the equity interests of:

      a. Trepador Energy, LLC
      b. Potomac Assets, LLC
      c. Burgoyne Investments, LLC
      d. Bashton Energy, LLC
      e. Texas Petroleum Operations, LLC

ix.   For the avoidance of doubt, any amounts distributed to equity interests of the Debtor in this case in the Anglo-Dutch Energy, LLC case filed at case no. 21-60036, or Anglo-Dutch Petroleum International, Inc. filed at case no. 19-30797, or in adversary proceedings therefrom, will be distributed to the Trustee to administer in this case in accordance with the Bankruptcy Code.

## RELIEF REQUESTED

### A.   Approve Compromise and Settlement Agreement

11.   Pursuant to Section 105(a) of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules, this Court may approve the compromise reached by the Parties. "One of the goals of Congress in fashioning the Bankruptcy Code was to encourage parties in a distress situation to work out a deal among themselves." *In re Mirant Corp.*, 334 B.R. 800, 811 (Bankr. N.D. Tex. 2005). "Compromises are favored in bankruptcy" because they minimize litigation costs and further the parties' interest in expediting the administration of a bankruptcy case. *Myers v. Martin* (*In re Martin*), 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. Rev. 1993)).

12.   Bankruptcy Rule 9019 governs the procedural requirements to be followed before a settlement may be approved. Bankruptcy Rule 9019(a) provides in relevant part that: "[o]n

motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." Fed. R. Bankr. P. 9019(a).  Bankruptcy Rule 9019(a) empowers a bankruptcy court to approve compromises and settlements if they are "fair and equitable and in the best interest of the estate." *Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop., Inc.* (*In re Cajun Elec. Power Coop., Inc.)*, 119 F.3d 349, 355 (5th Cir. 1997); *Conn. Gen. Life Ins. Co v. United Cos. Fin. Corp.* (*In re Foster Mortg. Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995).  Moreover, Section 105(a) of the Bankruptcy Code provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

13.     Approval of a proposed compromise is left to the sound discretion of the reviewing court.  *See, e.g., In re Hibbard Brown & Co., Inc.*, 217 B.R. 41 (Bankr. S.D.N.Y. 1998) (noting that courts should exercise their discretion "in light of the general public policy favoring settlements").  The burden of establishing the fairness of a compromise rests on the proponent(s) of the compromise; however, a trustee is not required to present a full mini-trial or evidentiary hearing to adjudicate the issues being settled.  Rather, when determining whether to approve a compromise, the Court "is not to decide the numerous questions of law and fact raised" by the compromise but is "to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness."  *ARS Brook, LLC v. Jalbert (In re ServiSense.com, Inc.)*, 382 F.3d 68, 72 (1st Cir. 2004); *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

14.     In determining whether a proposed compromise is fair and equitable, a court should consider the following factors:

(a)     The probability of ultimate success should the claim be litigated;

(b)     An educated estimate of: (i) the complexity, expense, and likely duration of such

litigation; (ii) possible difficulties of collecting on any judgment which might be obtained; and (iii) all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise; and

(c)     The comparison of the terms of the settlement and compromise with the likely rewards of litigation, including: (i) uncertainties of fact and law which impact the probability of success in the litigation; and (ii) delay and inconvenience which impact the complexity or duration of the litigation.

*See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson (In re TMT*

*Trailer Ferry, Inc.)*, 390 U.S. 414, 424-25 (1968); *Rivercity v. Herpel (In re Jackson Brewing Co.)*,

624 F.2d 599, 602-03 (5th Cir. 1980) (decided under the Bankruptcy Act).

15.     The Trustee alleged in her Objection that the Debtor used stolen and/or unlawfully obtained funds to purchase his homestead, which should serve as grounds to deny the homestead exemption claim under state law. The Debtor has argued in his response that the Trustee's objection is not timely filed and is barred. The Debtor has further alleged that the purchase was with lawfully borrowed funds – not stolen or unlawfully obtained funds. Resolution of the issues would require findings regarding the Debtor's state of mind, which are inherently difficult to prove. The Trustee bears the burden of proof, and the burden on denying a homestead exemption is high. This makes it difficult if not impossible to determine what the likelihood of success on the merits would be. In addition, litigating the issue to conclusion, including appeal, would involve considerable cost and expense to the Estate that may abrogate the ultimate benefit to creditors. If the Debtor's arguments were to prevail, the Trustee would recover nothing. The Trustee strongly disagrees with this assertion; however, the Trustee has considered it in her business judgment. Resolving the Estate's claims allows other parties to move forward (in the Court's discretion) and the Estate to benefit from the outcome of Engelhart's and Builder's West's objections if those objections are not barred or unsuccessful.  The Debtor will likely appeal any order sustaining any objection to the homestead exemption, making the fees and expenses and time involved even more

substantial. The Trustee has considered the complexity, expense, and likely duration of such litigation as being substantial considering the lengthy and tortious history between the Debtor and other parties relevant to the determination of the claims.

16.     Moreover, regarding the Trustee's objection to the exemptions of personal property items, the Trustee is confident that she would prevail and does not believe that expense or complexity would be factors hindering recovery in that instance.  The Trustee has conducted a home inspection and had an informal appraisal of the art and jewelry in the Debtor's possession as of the date of conversion.  The Trustee considered the likely value of those assets at auction, professional expenses and costs of sale, issues related to the litigation of whether those assets are property of the estate, and claims of the probate estate of the Debtor's deceased mother as to that, and other, property when reaching this settlement.

17.     In addition, regarding the Entity Interests, which have not been claimed as exempt by the Debtor, the Trustee and her professionals have undertaken an analysis of the assets of these entities and the Trustee does not believe, based on her investigation and business judgment, that the equity interests even come close to the valuation on the Debtor's schedules.  The Trustee has considered the costs associated with continuing to leave those assets in the estate, including potential tax implications. Nonetheless, the Trustee is requiring the Debtor as a part of this Settlement to declare under penalty of perjury the valuation methods and amounts.

18.     In sum, the Parties submit that the determination, allowance, and terms of the proposed settlement satisfies the requirements established by the Supreme Court in *TMT Trailer Ferry*, as expanded upon by *Jackson Brewing*.

19.     Given the costs and uncertainty of litigation, the Parties agree that consensual resolution on the terms of the Agreement is the most efficient and beneficial resolution for the Parties and the Court.

20.     In light of these considerations, the proposed compromise falls well within the range of reasonableness and meets the standards of *TMT Trailer Ferry*, *Jackson Brewing*, and other applicable law.  The ability of both the Plaintiff and the Defendant to prove up their relative positions will require a fact-intensive and expensive trial with no certainty for either party as to the ultimate outcome.  The parties' agreement buys peace and stops the accrual of litigation expense under terms and conditions acceptable to both parties.  The foregoing particularly weighs in favor of the approval of the compromise and settlement in light of the practical reality that "compromises are . . . often times desirable and wise methods of bringing to a close proceeding [that are] otherwise lengthy, complicated and costly."  *Jackson Brewing*, 624 F.2d at 602 (quoting *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)).

## **<u>PRAYER</u>**

WHEREFORE, Debtor Scott Vincent Van Dyke and Trustee Catherine Stone Curtis respectfully request that (1) the Court enter an order finding that the Settlement Agreement satisfies the applicable standards for such compromises and is approved in all respects; (2) the Court direct the clerk to close the Bankruptcy Case; and (3) grant such other and further relief as the Court may deem just and proper.

Dated:  September 26, 2022                    Respectfully submitted,

By:/s/*Catherine Stone Curtis*
    Catherine Stone Curtis
    State Bar No. 24074100
    P.O. Box 720788
    McAllen, Texas 78504
    (956) 467-1900; (956) 331-2815 fax

HB: 4869-6161-5924.2

**Chapter 7 Trustee**

**HUSCH BLACKWELL LLP**

By: /s/ Lynn Hamilton Butler
    Lynn Hamilton Butler
    State Bar No. 03527350
    111 Congress Avenue, Suite 1400
    Austin, Texas 78707
    (512) 479-9758; (512) 479-1101 fax
    Email:  lynn.butler@huschblackwell.com

**General Counsel**

**THE PROBUS LAW FIRM**

By:*/s/ Matthew B. Probus*
Matthew B. Probus
Tex. Bar No. 16341200
Fed. ID No. 10915
10497 Town and Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)
matthewprobus@theprobuslawfirm.com
*ATTORNEYS FOR DEBTOR,*
*SCOTT VINCENT VAN DYKE*

      -and-

**TRAN SINGH LLP**

By:*/s/Susan Tran Adams*
Susan Tran Adams
TBN: 24075648
Brendon Singh
TBN: 24075646
2502 La Branch Street
Houston, Texas 77004
(832) 975-7300 (Telephone)
(832) 975-7301 (Facsimile)

HB: 4869-6161-5924.2

stran@ts-llp.com
*ATTORNEYS FOR DEBTOR,*
*SCOTT VINCENT VAN DYKE*

## CERTIFICATE OF SERVICE

I certify that on the 26rd day of September, a true and correct copy of the foregoing was served on the Debtor, counsel for the Debtor, the Trustee and the US Trustee via regular US Mail, unless otherwise served by the CM-ECF system.  The following were served by the CM-ECF system:

21-60052 Notice will be electronically mailed to:

Travis Clayton Badger on behalf of Creditor Cadence Bank, N.A.
bkcy@badgerlawoffice.com

Reese W Baker on behalf of Creditor Reese Baker
courtdocs@bakerassociates.net,
i.go@bakerassociates.net;igotnotices@gmail.com;courtdocsrbaker@gmail.com;reese.baker@ba
kerassociates.net;bakernotices@gmail.com;baker5151calendar@gmail.com;staff@bakerassociat
es.net;bakerassociates@jubileebk.net

Lynn Hamilton Butler on behalf of Trustee Catherine Stone Curtis
lynn.butler@huschblackwell.com,
penny.keller@huschblackwell.com;christine.deacon@huschblackwell.com;lynn-hamilton-butler-
2113@ecf.pacerpro.com

Catherine Stone Curtis
ccurtis@pulmanlaw.com,
ecf@pulmanlaw.com;mgarcia@pulmanlaw.com;csc@trustesolutions.net;ccsc11@trustesolutions
.net

John P Dillman on behalf of Creditor Harris County, et al.
houston_bankruptcy@publicans.com

David S Elder on behalf of Creditor Michael L. Noel
davidspeedelder@gmail.com, rdiep@foley.com;david-elder-1574@ecf.pacerpro.com

William Fred Hagans on behalf of Creditor Anzar Settlement Funding Corp.
fhagans@hagans.law,
nwidmann@hagans.law;jaguilar@hagans.law;reiszner@hagans.law;ckulhanek@hagans.law;km
ontgomery@hagans.law

William Fred Hagans on behalf of Creditor Littlemill Limited
fhagans@hagans.law,
nwidmann@hagans.law;jaguilar@hagans.law;reiszner@hagans.law;ckulhanek@hagans.law;km

ontgomery@hagans.law

William Fred Hagans on behalf of Creditor Prosperity Settlement Funding, Inc.
fhagans@hagans.law,
nwidmann@hagans.law;jaguilar@hagans.law;reiszner@hagans.law;ckulhanek@hagans.law;km
ontgomery@hagans.law

William Fred Hagans on behalf of Creditor Andrea Lore
fhagans@hagans.law,
nwidmann@hagans.law;jaguilar@hagans.law;reiszner@hagans.law;ckulhanek@hagans.law;km
ontgomery@hagans.law

William Fred Hagans on behalf of Creditor Eva S. Engelhart, Chapter 7 Trustee
fhagans@hagans.law,
nwidmann@hagans.law;jaguilar@hagans.law;reiszner@hagans.law;ckulhanek@hagans.law;km
ontgomery@hagans.law

William Fred Hagans on behalf of Plaintiff Eva S. Engelhart, Chapter 7 Trustee
fhagans@hagans.law,
nwidmann@hagans.law;jaguilar@hagans.law;reiszner@hagans.law;ckulhanek@hagans.law;km
ontgomery@hagans.law

Julie Goodrich Harrison on behalf of Creditor Anzar Settlement Funding Corp.
julie.harrison@nortonrosefulbright.com

Julie Goodrich Harrison on behalf of Creditor Littlemill Limited
julie.harrison@nortonrosefulbright.com

Julie Goodrich Harrison on behalf of Creditor Prosperity Settlement Funding, Inc.
julie.harrison@nortonrosefulbright.com

Julie Goodrich Harrison on behalf of Creditor Andrea Lore
julie.harrison@nortonrosefulbright.com

Julie Goodrich Harrison on behalf of Creditor Eva S. Engelhart, Chapter 7 Trustee
julie.harrison@nortonrosefulbright.com

Melissa A Haselden on behalf of Trustee Melissa A Haselden
mhaselden@haseldenfarrow.com,
haseldenbankruptcytrustee@gmail.com;mhaselden@ecf.axosfs.com;haselden.melissaa.r104367
@notify.bestcase.com

Shelby A Jordan on behalf of Interested Party Mary Katherine Alonso
cmadden@jhwclaw.com

Rachel Thompson Kubanda on behalf of Creditor Builders West, Inc.

HB: 4869-6161-5924.2

rachel.kubanda@keanmiller.com, kskelton@balch.com

Dale Robert Mellencamp on behalf of Creditor Builders West, Inc.
dmellencamp@bairhilty.com

Robert W. Miller on behalf of Creditor Philadelphia Indemnity Insurance Company
rmiller@manierherod.com

Leann Opotowsky Moses on behalf of Creditor Forest Home Plantation, LLC
moses@carverdarden.com, Langley@carverdarden.com;8167471420@filings.docketbird.com

Ha Minh Nguyen on behalf of U.S. Trustee US Trustee
ha.nguyen@usdoj.gov

Matthew Brian Probus on behalf of Attorney The Probus Law Firm
matthewprobus@theprobuslawfirm.com, sdianiska@w-plaw.com;wtomlinson@w-plaw.com

Matthew Brian Probus on behalf of Debtor Scott Vincent Van Dyke
matthewprobus@theprobuslawfirm.com, sdianiska@w-plaw.com;wtomlinson@w-plaw.com

Matthew Brian Probus on behalf of Defendant Scott Vincent Van Dyke
matthewprobus@theprobuslawfirm.com, sdianiska@w-plaw.com;wtomlinson@w-plaw.com

Randall A Pulman on behalf of Trustee Catherine Stone Curtis
rpulman@pulmanlaw.com, jgonzales@pulmanlaw.com;mvilla@pulmanlaw.com

Michael Kevin Riordan on behalf of Plaintiff Michael L. Noel
mriordan@foley.com, rdiep@foley.com;mike-riordan-8644@ecf.pacerpro.com

Michael Kevin Riordan on behalf of Plaintiff Sue Noel
mriordan@foley.com, rdiep@foley.com;mike-riordan-8644@ecf.pacerpro.com

Jayson B. Ruff on behalf of U.S. Trustee US Trustee
jayson.b.ruff@usdoj.gov

Brendon D Singh on behalf of Debtor Scott Vincent Van Dyke
bsingh@ts-llp.com, corraltransinghllp@jubileebk.net

Susan Tran Adams on behalf of Debtor Scott Vincent Van Dyke
corraltransinghllp@jubileebk.net,                                            stran@ts-
llp.com;corraltransinghllp@jubileebk.net;ecf@mpatellaw.com

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

Jett Williams, III on behalf of Creditor Henke, Williams & Boll, LLP

jwilliams@henkelawfirm.com, vclark@henkelawfirm.com

/s/ Lynn Hamilton Butler
Lynn Hamilton Butler