IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 (Converted) |
| SCOTT VINCENT VAN DYKE, | § | |
| | § | Case No. 21-60052 |
| DEBTOR. | § | Hon. Christopher M. Lopez |

**BUILDERS WEST, INC'S OBJECTION TO TRUSTEE'S
JOINT MOTION TO APPROVE COMPROMISE AND SETTLEMENT
PURSUANT TO FED. R. BANKR. P. 9019(a)**

[Relates to Doc. No. 219]

**TO THE HONORABLE CHRISTOPHER M. LOPEZ,
U.S. BANKRUPTCY JUDGE:**

Builders West, Inc. ("Builders West"), by and through its undersigned counsel, hereby files this *Objection to Trustee's Joint Motion to Approve Compromise and Settlement Pursuant to Fed. R. Bankr. P. 9019(a)* (hereinafter, the "Reply").[1] In support hereof, Builders West respectfully submits the following:

**PRELIMINARY STATEMENT**

2. As discussed below, Builders West objects to the 9019 Motion for a number of reasons. To begin, and to the extent that the 9019 Motion is interpreted as "resolving" Builders West's Joinder, Builders West objects because Builders West's Joinder was abated by Court Order [Doc. No. 224] until following a hearing on the 9019 Motion. Moreover, the very terms of the proposed compromise (which were agreed to by the Debtor) "resolve only [the Trustee's] Objection. [And, a]ny impact of this settlement on the Joining Parties' joinders to the Trustee's

---

[1] All capitalized but undefined terms shall have the same meaning as ascribed to in Builders West's *Motion to Dismiss* (the "Motion") [Doc. No. 145].

PAGE 1 OF 10

objection to the Debtor's exemptions would have to be determined by the Court." Doc. No. 219, at ¶ 6(i).

3. Additionally, the 9019 Motion lacks any substantial practical/economic considerations or explanations for such a settlement, and is not supported by any evidence except for the Trustee's conclusory statements that the assets subject to the Homestead Objection hold little to no value to the estate.

4. Accordingly, and for the reasons discussed below, Builders West requests that the Court either deny the 9019 Motion or, alternatively, abate the 9019 Motion until after the mediation has been completed since the parties are ostensibly working toward a global settlement of the primary claims against the Debtor's estate.

## BRIEF BACKGROUND

**A.     General Background**

5. On May 25, 2021 (the "Petition Date"), Mr. Scott Vincent Van Dyke (hereinafter "Van Dyke" or "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), with a Subchapter V election. Since that time, Debtor's bankruptcy has been converted to a Chapter 7 liquidation. Debtor's above-styled bankruptcy case ("Case") is pending before the United States Bankruptcy Court for the Southern District of Texas, Victoria Division (the "Court").

6. The Debtor failed to list Builders West as a creditor in his Petition, despite attesting that the "attached list of creditors is true and correct to the best of his/her knowledge." [Doc. No. 1, at 19]. Debtor subsequently filed an Amended Petition, and again failed to identify Builders West as a creditor.

7. On June 30, 2021, the Debtor filed his *Schedules* [Doc. No. 27], and listed Builders West as a creditor with "disputed" general unsecured claim of $609,167.42. [*See* Doc. No. 99, at 3].

8. On September 20, 2021, Builders West timely filed its proof of claim against the Debtor in the amount of $1,062,002.90 ("Claim Amount"). *See* Claim No. 12. The Claim Amount is based on a prepetition judgment that was entered in favor of Builders West and against the Debtor in Cause No. 2011-54019, *Builders West, Inc. v. Scott Van Dyke* in the 113th Judicial District Court, Harris County, Texas (the "Lawsuit"). The Lawsuit was based upon the Debtor's breach of his contract with Builders West. The judgment in favor of Builders West was signed by the court on June 9, 2016. See Claim No. 12, at Exhibit 1 to Addendum B. Prior to filing for protection under the United States Bankruptcy Code, Debtor exhausted any available appeals of the Judgment against him in the Lawsuit.

9. On October 29, 2021, the Debtor submitted his proposed *Plan of Reorganization* [Doc No. 66].

10. On December 11, 2021, the Debtor then filed his proposed *Amended Plan of Reorganization* [Doc. No. 86] (the "Plan").

11. On December 13, 2021, Builders West timely filed an objection to the Plan, along with several other creditors.

12. On January 11, 2022, Debtor filed his *Motion to Convert Case to Chapter 7* ("Motion to Convert") [Doc. No. 121],[2] which was initially scheduled to be heard on by telephone and video conference on February 8, 2022 at 1:00 pm CT.

---

[2] All capitalized but undefined terms herein shall have the same meaning as ascribed to in the Debtor's Motion to Convert.

13. On January 31, 2022 (one day before the response deadline to the Motion to Convert, and without a hearing), the Court entered an *Order Converting Case to Chapter 7* ("Order to Convert") [Doc. No. 129].

14. On February 11, 2022, and after multiple Rejections of Appoints,[3] a chapter 7 trustee was appointed to this Case (hereinafter, the "Trustee"). *See* Doc. No. 138 ("Notice of Appointment of Successor Trustee and Fixing of Bond," announcing the appointment of Ms. Catherine Curtis Stone).

**B.     Builders West's Motion to Dismiss**

15. On March 18, 2022, Builders West filed its *Motion to Dismiss the Case* (the "MTD") [Doc. No. 145], which remains pending on the docket. Builders West's MTD has been fully briefed (e.g., Objection at Doc. No. 152, and Reply at Doc. No. 189).

16. Builders West intended to participate in a Rule 2004 examination of the Debtor, prior to setting its MTD for a hearing. In fact, Builders West understood that the Trustee would be seeking more detailed information pertaining to Mr. Van Dyke's finances and valuation of his various entities (as listed in his Schedules), and would be proceeding with a Rule 2004 examination.

17. In that regard, the Trustee indicated that she would be deposing Mr. Van Dyke (vis-à-vis a Rule 2004 examination) and had requested numerous documents from the Debtor. The Trustee's counsel invited Builder West's counsel to attend Mr. Van Dyke's Rule 2004 examination. The Trustee's counsel indicated that the deposition would be in late September, but explained that a date had not yet been set. Despite following up numerous times, it does not appear that the Rule 2004 examination ever occurred.

---

[3] *See, e.g.*, Doc. Nos. 131 and 135 ("Trustee's Rejection of Appointment").

18.     Builders West has not yet requested a hearing on its MTD in light of the upcoming mediation, which is currently scheduled for October 25, 2022.  However, Builders West reserves the right to pursue its MTD following the mediation, in the event that no settlement is reached.

C.     **The Trustee's Homestead Objection, and related Joinders**

19.     In response to the Debtor's argument that the Trustee's Homestead Objection and Joinders (as such terms are defined below) are late, Builders West would show that on May 23, 2022, the docket indicated that the Meeting of Creditors had concluded:

| 05/23/2022 | | Meeting of creditors held and concluded. Debtor appeared. Potential assets. Debtor appeared. (Curtis, Catherine) (Entered: 05/23/2022) |
|---|---|---|

20.     On June 22, 2022 (i.e., exactly 30 days after the creditors' meeting had concluded, per the docket), the Trustee filed her *Objection to Debtor's Claim of Exemptions* ("Homestead Objection") [Doc. No. 186].  As set forth in her Homestead Objection, the Trustee alleged, in part, that the Debtor used stolen and/or unlawfully obtained funds to purchase his homestead.

21.     On exactly the same day, Builders' West filed a joinder to the Trustee's Homestead Objection [Doc. No. 187].

22.     On June 23, 2022, Ms. Eva Englehart (Chapter 7 Trustee of the Estate of Anglo-Dutch Petroleum International, Inc.) likewise filed a joinder [Doc. No. 188] (collectively, with Builders West, the "Joinders" and the "Joining Parties").

23.     On September 26, 2022, the Trustee filed her *Joint Motion to Approve Compromise and Settlement Pursuant to Fed. R. Bankr. P. 9019(a)* (the "9019 Motion") [Doc. No. 219], which principally withdraws the Trustee's Homestead Objection in exchange for $30,000, subject to certain terms being met.  Notably, the 9019 Motion appears to be intended to:

> resolve only [the Trustee's] Objection. [ . . .] Any impact of this settlement on the Joining Parties' joinders to the Trustee's objection to the Debtor's exemptions

would have to be determined by the Court. Aside from the foregoing, this settlement shall not impact any other party's rights whether in the main case or the adversary proceedings.

Doc. No. 219, at ¶ 6(i).

24. On September 27, 2022, the Joining Parties filed their *Agreed Emergency Motion for Entry of an Order Abating Certain of the Matters Scheduled for Hearing on September 28, 2022 Related to the Objections to Debtor's Claim Exemptions* [Doc. No. 221], which was approved by the Court [Order at Doc. No. 224].

25. Accordingly, the Joinders have been abated until following a hearing on the 9019 Motion. As of the date hereof, the 9019 Motion is currently set for a hearing on October 19, 2022 at 1:00 pm CT.

26. On October 13, 2022, Debtor filed a *Supplement to Response to Trustee's Objection and the Joinders* (the "Supplemental Response") [Doc. No. 236], alleging that the Joinders are moot because the objections were untimely. Builders West contests this position, and reserves its right to file a reply and address those arguments in a response and at a hearing.

## **OBJECTION**

27. Bankruptcy Rule 9019 provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). The purpose of Bankruptcy Rule 9019 is to ensure that creditors be given notice of the settlement and provided with the opportunity to object and the court must be able to independently review the settlement to ensure that it is in the estate's best interest. *In re Fortran Printing, Inc.*, 297 B.R. 89, 96 (Bankr. N.D. Ohio 2003) ("The principal reason for requiring court approval is that creditors must be given notice of the agreement and an opportunity to object and the court must independently review the agreement to ensure that it is in the best interests of the estate.").

28.     Builders West files this objection to the 9019 Motion for a number of reasons:

29.     To the extent that the 9019 Motion is interpreted as "resolving" Builders West's Joinder, Builders West objects because Builders West's Joinder was abated by Court Order [Doc. No. 224] until following a hearing on the 9019 Motion. That hearing has not yet happened, and no hearing on the Joinders have been set. Builders West reserves its right to assert and pursue its homestead objection.

30.     Builders West further objects to the extent there is any argument that its Joinder was untimely. As noted above, the Homestead Objection and Builders West's Joinder were filed exactly thirty (30) days after the 341 meeting had concluded, per the text of the docket. Creditors must be entitled to rely on the accuracy of the docket.

31.     Builders West further objects to the extent that the Trustee is waiving its objections to the Debtor's exemptions – which could mean millions of dollars to the estate, and a potential recovery to general unsecured creditors – for $30,000. The 9019 Motion lacks any substantial practical/economic considerations or explanations for such a settlement, and is not supported by any evidence except for the Trustee's conclusory statements that the assets subject to the Homestead Objection hold little to no value to the estate.

32.     In fact, the 9019 Motion fails to explain why and how the amount of $30,000 is being considered as the cost of settlement. This issue is even less clear in light of the fact that: (i) a Rule 2004 examination of the Debtor was apparently never completed; and (ii) it is not known if the Trustee ever received all the documents that she requested. As such, it is not known whether the requested documents would reveal critical information regarding the proper valuation of the equity interests.

33. Ultimately, the Debtor's alleged homestead is (most likely) the largest remaining asset for the estate, and yet the Trustee is withdrawing her Homestead Objection for $30,000, with no explanation for that particular amount.

34. In light of these unanswered questions, Builders West asserts these objections to the 9019 Motion, and requests that the Court hold a hearing to examine evidence in support of Builders West's objection.

35. Builders West requests that the Court either deny the 9019 Motion or, alternatively, abate the 9019 Motion until after the mediation has been completed. The parties are ostensibly working toward a global settlement of the primary claims against the Debtor's estate (since mediation is scheduled for Oct. 25, 2022). If no settlement can be reached, Builders West will proceed with its MTD and pursue all other rights and remedies.

**[CONTINUED TO NEXT PAGE.]**

## **CONCLUSION**

**WHEREFORE,** Builders West reserves its rights to pursue its Joinder, and requests that the Court deny the 9019 Motion or, alternatively, abate the 9019 Motion until after the mediation has been completed.

Dated: October 17, 2022

Respectfully submitted:

By: */s/ Rachel T. Kubanda*
Lloyd A. Lim
State Bar No. 24056871
Rachel Thompson Kubanda
State Bar No. 24093258
Rachel.Kubanda@keanmiller.com
KEAN MILLER LLP
711 Louisiana Street,
South Tower, Suite 1800
Houston, Texas 77002
Telephone: (713) 844-3000
Telecopier: (713) 844-3030

And
DALE R. MELLENCAMP
State Bar No. 13920250
Federal Bar No. 7718
14711 Pebble Bend Drive
Houston, Texas 77068
Email: mellencamp@bairhilty.com
Telephone: (713)862-5599
Facsimile: (713)868-9444

ATTORNEY FOR BUILDERS WEST, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the October 17, 2022, a copy of the foregoing instrument was served on the parties entitled to receive notices through the Court's electronic notification system as permitted by the Local Rules of the U.S. Bankruptcy Court for the Southern District of Texas.

                */s/ Rachel T. Kubanda*
                Rachel T. Kubanda