**THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 7** |
| | § | |
| **SCOTT VINCENT VAN DYKE,** | § | **Case No. 21-60052 (CML)** |
| | § | |
| **Debtor.** | § | |

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**CHAPTER 7 TRUSTEE'S EMERGENCY
MOTION FOR TELEPHONIC STATUS CONFERENCE**

Catherine S. Curtis, Chapter 7 Trustee (the "Trustee"), hereby files her *Emergency Motion for Telephonic Status Conference* (the "Emergency Motion"). In support of the Emergency Motion, Trustee respectfully submits the following:

1.      On September 28, 2022, the Court entered its *Order Granting Trustee's Application to Employ Real Estate Broker* (ECF No. 225) (the "Relator Order"), which authorized Colleen Sherlock of Greenwood King Properties II Inc. to market and sell the real property located at 1515

South Boulevard, Houston, Texas 77006 (the "Property"). Mr. Van Dyke was to remove large items from the Property so photographs for the listing could be taken.

2.      Ms. Sherlock went to photograph the interior of the Property but was not allowed into the home.  Mr. Van Dyke also told Ms. Sherlock she could not photograph the backyard.

3.      On October 7, 2022, Trustee's counsel requested an explanation from Mr. Van Dyke regarding the amount of employees working in the house. Specifically, there were three vehicles identified Infront of the Property, yet none of the vehicles were listed on Mr. Van Dyke's schedules.

4.      On October 10, 2022, Trustee's counsel advised Mr. Van Dyke's counsel that showings were to begin on October 1, 2022.

5.      On October 14, 2022, Trustee's counsel advised Mr. Van Dyke that Ms. Sherlock would be photographing the house on October 17, 2022. Mr. Van Dyke requested photographs to be taken on October 18, 2022, and subsequently requested a later date upon Trustee confirming availability.

6.      On October 19, 2022, Trustee's counsel provided additional dates and was advised that large items were still not removed from the Property.

7.      On October 20, 2022, Trustee's counsel confirmed the Ms. Sherlock would be entering the Property on October 21, 2022, or October 22, 2022, but was advised that Mr. Van Dyke was now unavailable.

8.      Additionally, on October 21, 2022, Trustee's counsel was advised by Ms. Sherlock that Mr. Van Dyke has not complied in permitting the Property to be shown to potential buyers with realtor appointments.

9.      Trustee's counsel has conferred with Mr. Van Dyke, but Mr. Van Dyke alleges that he was unaware of the realtor appointments.

10.     Trustee believes that a status conference with the Court would assist the Parties with respect to the duties of Mr. Van Dyke in complying with the Relator Order and with ensuring realtor appointments can be appropriately scheduled.

11.     Trustee also believes an order confirming Mr. Van Dyke's obligations to cooperate will ensure Ms. Sherlock can successfully complete realtor appointments. Trustee requests that, at the status conference, the Court enter an order compelling the Debtor to cooperate with the Relator to market the Property. Trustee requests the Order require Mr. Van Dyke to a) not park vehicles in the front circle driveway of the Property, b) keep all animals restrained in an area where they will not interfere with the Ms. Sherlock, her work, or any showings while for the duration of the realtor appointments, c) allow Ms. Sherlock access to the Property for the realtor appointments, and d) remove all office furniture, files, and clutter from the Property.

12.     Emergency relief is needed due to Mr. Van Dyke's lack of cooperation for the past month. The Parties are entering into mediation on Tuesday, October 25, 2022. Trustee requests a telephonic status conference occur prior to the mediation date.


*[The remainder of this page is intentionally left blank]*

HB: 4864-7248-8507.2

For the reasons set forth above, Trustee respectfully requests that the Court enter an order scheduling a status conference and granting all such other relief, both at law and in equity, to which she may justly be entitled.

Dated:  October 21, 2022                                    Respectfully submitted,


                                                   By /s/Catherine Stone Curtis
                                                      Catherine Stone Curtis
                                                      State Bar No. 24074100
                                                      P.O. Box 720788
                                                      McAllen, Texas 78504
                                                      (956) 467-1900; (956) 331-2815 fax

                                                   **Chapter 7 Trustee**


**HUSCH BLACKWELL LLP**

By:/s/ Lynn Hamilton Butler
    Lynn Hamilton Butler
    State Bar No. 03527350
    111 Congress Avenue, Suite 1400
    Austin, Texas 78707
    (512) 479-9758; (512) 479-1101 fax
    Email:  lynn.butler@huschblackwell.com

**General Counsel**


## <u>CERTIFICATE OF ACCURACY</u>

On October 21, 2022, I hereby certify the foregoing pleading for its accuracy.

                                                    /s/ Lynn Hamilton Butler
                                                      Lynn Hamilton Butler


4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 21, 2022, a true and correct copy of the foregoing pleading was served to the parties on the attached Service List either *via* this Court's ECF notification system and/or *via* United States first class mail.

*/s/ Lynn Hamilton Butler*
Lynn Hamilton Butler

HB: 4864-7248-8507.2