IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| Scott Vincent Van Dyke | § | |
| | § | Case No. 21-60052 |
| Debtor. | § | **Christopher M. Lopez** |

### EMERGENCY MOTION TO AVOID JUDICIAL LIEN OF EXEMPT PROPERTY UNDER 11 U.S.C. § 522(f)

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THIS MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THAT THIS MOTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED; IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**THE DEBTOR HAS REQUESTED EMERGENCY CONSIDERATION OF THIS MOTION. ACCORDINGLY, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT SETS THIS MOTION FOR AN EMERGENCY HEARING, ATTENDANCE AT THIS HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS.**

**EMERGENCY RELIEF HAS BEEN REQUESTED AND IF THE COURT CONSIDERS THIS MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN TWENTY-ONE (21) DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF, OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**To the Honorable Christopher M. Lopez:**

Scott Vincent Van Dyke, ("Debtor") files this Motion to Avoid Judicial Lien of Exempt Property under § 522(f) and Rules 4003(d) and 9014 ("Motion"), to avoid the judicial lien asserted by Builder's West, Inc. (hereinafter "Builders West") on the Debtor's homestead located at 1515 South Boulevard, Houston, Texas, 77006, and would show as follows:

1

## SECTION I
## BRIEF STATEMENT OF THE CASE & BACKGROUND

1. The Debtor filed his voluntary petition for relief on May 25, 2021, under Chapter 11 of Title 11 proceeding under Subchapter V, United States Code 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

2. The Debtor's case is pending before the United States Bankruptcy Court for the Southern District of Texas, Victoria Division (the "Bankruptcy Court").

3. On January 14, 2022, the Bankruptcy Court granted the Debtor's request to convert his case from Subchapter V to Chapter 7. *See* Docket No. 129.

4. On February 11, 2022, Catherine Stone Curtis was appointed Chapter 7 Trustee (the "Trustee").

5. The Debtor's principal residence is located at 1515 South Boulevard, Houston, Texas, 77006 with a legal description TR 6 Broadacres in Harris County, Texas (hereinafter referred to as the "Homestead").

6. On April 27, 2022, the Debtor filed a supplemental Schedule A/B and C (the "Amended Schedules"). As provided in the Amended Schedules, the Debtor scheduled $2,661,000.00 as the value of the Homestead and exempted the Homestead from the estate by claiming an exemption under the Texas Property Code §§ 41.001-0.222 (monetary exemption amount of $433,276.27).

7. The Chapter 7 meeting of creditors was continued and concluded on May 20, 2022. Subsequently after the meeting of creditors, several objections to the Debtor's exemptions were lodged (collectively, the "Objections"):

    a. *Chapter 7 Trustee's Objection to Debtor's Claimed Exemptions* [Dkt. No. 186];

b. *Builders West, Inc's Joinder to Chapter 7 Trustee's Objection to Debtor's Claimed Exemptions* [Dkt. No. 187] ) (the "Builders West Objection"); and

c. *Joinder of Eva Engelhart, Chapter 7 Trustee of the Estate of Anglo-Dutch Petroleum International, Inc. to Chapter 7 Trustee's Objection to Debtor's Claim Exemptions* [Dkt. No. 188].

8. On October 5, 2022, the Bankruptcy Court entered the *Agreed Order Appointing Judge Jones as Mediator* [Dkt. No. 232] to resolve the Objections among other issues.

9. Through a mediation conducted by Judge David Jones that occurred on October 25, 2022, the Debtor was able to resolve all of the Objections except for the Builders West Objection. The parties involved in the mediation are currently preparing several motions to approve compromise and settlement agreements, however, as part of the mediated settlement, the Debtor will refinance the Homestead with a third-party lender on or before December 31, 2022. In addition, as part of the mediated settlement agreement, the remaining Objections will be withdrawn.

10. After preliminary discussions with third party lenders, the Debtor has become aware of an abstract of judgment filed by BW encumbering the Homestead (the "Builders West Abstract"). Attached as **Exhibit 1** is the Builders West Abstract.

11. The Builders West Abstract is a judicial lien resulting from the entry of judgment in case number 2011-54-19 styled *Builders West Inc. v. Scott Van Dyke* filed in the 113th Judicial District of Harris County. Builders West filed a unsecured proof of claim in the amount of $1,062,002.90 [Assigned Claim no. 12].

12. As the Debtor is required to obtain financing secured on the Homestead on or before December 31, 2022, time is of the essence and the Debtor will be unable to obtain refinancing without clear title.

13. The Debtor's Homestead is subject to the following liens:

| Type of Lien | Holder of Lien | Lien Amount (per proof of claim) | Outstanding Balance on Lien |
|---|---|---|---|
| Primary Mortgage | Cadence Bank | $1,938,889.36 | $1,938,889.36[1] |
| Ad Valorem Taxes | Harris County | $257,451.51 | $257,451.51 |
| Judicial Lien | Builders West | $1,062,002.90 | $1,062,002.90 |

Total liens: $3,258,343.77

Amount Debtor is entitled to claim under Texas Property Code §§ 41.001-0.222: $433,276.27[2]

Value of Debtor's Interest Homestead: $2,661,000.00

**Impairment of Debtor's Exemption on Homestead by Universal Roofing: -$1,306,620.04**

<span style="color:red">**Total liens + hypothetical exemption – debtor's interest (without liens) = impairment**</span>

## SECTION II
## JURISDICTION & VENUE

14. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157(a) and 1334.

15. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

16. Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

---

[1] Per the payoff statement received by the Debtor dated November 1, 2021
[2] Although the Texas Property Code entitles property owners to exempt the entire asset, the Debtor employs monetary values in this Motion for clarity

4

## SECTION III
## EMERGENCY RELIEF REQUESTED

17. The Debtor respectfully requests that this Court enter an order avoiding the lien asserted by Builders West and requests emergency consideration of this Motion as the Debtor needs to immediately begin the process of obtaining refinancing as payments contemplated under the mediated settlement must be paid by December 31, 2022.

## SECTION IV
## LEGAL AUTHORITIES

**The Debtor's Exemptions.**

18. As part of the mediated settlement, the Objections, except for the Builders West Objection, will be withdrawn. The Builders West Objection should be overruled as the meeting of creditors was concluded on May 20, 2022, and its objection was filed on June 22, 2022. Although a docket entry on May 23, 2022, appears providing "Meeting of creditors held and concluded. Debtor appeared. Potential assets. Debtor appeared.", the meeting of creditors was held and concluded on May 20, 2022. After the Bankruptcy Court overrules the Builders West Objection and enters the motions for compromise, the Debtor's exemptions will be deemed allowed.

**Exemption Impairment by Builders West**

19. The Debtor's exemption on the Homestead is allowed by Texas Property Code §§ 41.001-0.222 and Debtor is entitled to claim entire Homestead as exempt.

20. In pertinent part, section 522(f) of the Bankruptcy Code provides that …" the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which debtor would have been entitled under subsection (b) of this section if such lien is—

    i. A judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5); or
    ii. A non-possessory, nonpurchase-money security interest in any—
      1. household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or dependent of the debtor;
      2. implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
      3. professionally prescribed health aids for the debtor or a dependent of the debtor.

21. Pursuant to 11 U.S.C. § 522(f)(2)(A), a lien is considered to impair an exemption to the extent that the sum of a) the lien, b) all other liens on the property, and (c) the amount of the exemption the debtor could claim if there were no liens on the property, exceeds the value of the debtor's interest in the property would have in absence of any liens. Below is the calculation as provided in 522(f)(2)(A) of the Bankruptcy Code to demonstrate the impairment of the Debtor's Homestead exemption by the Builders West Abstract:

| Type of Lien | Holder of Lien | Lien Amount (per proof of claim) | Outstanding Balance on Lien |
|---|---|---|---|
| Primary Mortgage | Cadence Bank | $1,938,889.36 | $1,938,889.36 |
| Ad Valorem Taxes | Harris County | $257,451.51 | $257,451.51 |
| Judicial Lien | Builders West | $1,062,002.90 | $1,062,002.90 |

Total liens: $3,258,343.77
Amount Debtor is entitled to claim under Texas Property Code §§ 41.001-0.222: $433,276.27[3]
Value of Debtor's Interest Homestead: $2,661,000.00

**522(f)(2)(A) formula:**

Total liens + hypothetical exemption – debtor's interest (without liens) = impairment

---

[3] Although the Texas Property Code entitles property owners to exempt the entire asset, the Debtor employs monetary values in this Motion for clarity

6

**Applying the 522(f)(2)(A) formula:**

$3,258,343.77 (total liens) + $433,276.27 (exemption amount)

- $2,661,00.00 (value without liens)

 = $1,306,620.04 (impairment)

**Impairment of Debtor's Exemption on Homestead by Universal Roofing: -$1,306,620.04**

22. The basis of the debt is a judgment rendered against the Debtor for unpaid services.

23. Since the lien asserted by Builders West impairs the Debtor's exemptions under Texas Property Code §§ 41.001-0.222 the lien asserted by Builders West as to the Debtor's Homestead may be avoided.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order avoiding the lien held by Builders West, Inc. on 1515 South Boulevard, Houston, Texas, 77006.

Date:  October 27, 2022

Respectfully submitted,

**TRAN SINGH LLP**

By: */s/Susan Tran Adams*
Susan Tran Adams | TBN: 24075648
Brendon Singh | TBN: 24075646
2502 La Branch Street
Houston Texas 77004
Ph: (832) 975-7300
Fax: (832) 975-7301
Email: stran@ts-llp.com

-and-

**THE PROBUS LAW FIRM**

By:   */s/ Matthew B. Probus*
**Matthew B. Probus**

7

Tex. Bar No. 16341200
Fed. ID No. 10915

10497 Town and Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)
Email: matthewprobus@theprobuslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served via electronic means on parties as listed on the court's PACER/ECF noticing system on this 27th day of October 2022.

*/s/Susan Tran Adams*
Susan Tran Adams