IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 7 (Converted) |
| SCOTT VINCENT VAN DYKE, | § § | Case No. 21-60052 |
| DEBTOR. | § § | Hon. Christopher M. Lopez |
| | § | |

**BUILDERS WEST, INC'S OPPOSITION TO EMERGENCY MOTION TO AVOID
JUDICIAL LIEN OF EXEMPT PROPERTY UNDER 11 U.S.C. § 522(f)**
[Relates to Doc. No. 244]

**TO THE HONORABLE CHRISTOPHER M. LOPEZ,
U.S. BANKRUPTCY JUDGE:**

Builders West, Inc. ("Builders West"), by and through its undersigned counsel, hereby files this opposition (the "Opposition") to the Debtor's *Emergency Motion to Avoid Judicial Lien of Exempt Property* [Doc. No. 244] (the "Motion").[1] In support hereof, Builders West respectfully submits the following:

### RESPONSES TO MOTION'S FACTUAL ALLEGATIONS

1. Builders West admits the allegations of paragraph 1 of the Motion.

2. Builders West admits the allegations of paragraph 2 of the Motion.

3. Builders West admits the allegations of paragraph 3 of the Motion.

4. Builders West admits the allegations of paragraph 4 of the Motion.

5. Builders West does not have sufficient information to either admit or deny the allegations of paragraph 5 of the Motion.

6. Builders West admits that the Debtor filed those schedules and claimed an exemption, but contests the Debtor's asserted homestead rights.

---

[1] Doc. No. 244.

7. Builders West denies that the 341 meeting was concluded on May 20, 2022. Builders West admits the allegations in subparagraphs (a), (b), and (c) in paragraph 7 of the Motion.

8. Builders West admits the Bankruptcy Court entered the *Agreed Order Appointing Judge Jones as Mediator* [Doc. No. 232] for purposes set forth in the order. In all other respects, this paragraph is denied.

9. Builders West does not have sufficient information to either admit or deny the first and second sentences in paragraph 9 of the Motion. Builders West denies the allegations in the third sentence in paragraph 9, as its objection will certainly not be withdrawn in any mediated settlement agreement. Builders West further denies that any Objections will be withdrawn, if certain conditions are not satisfied. It is Builders West's understanding that the Objections will not be withdrawn until the mediated settlement agreement is actually approved by this Court – and possibly only after certain conditions set forth therein are satisfied.

10. Builders West only admits it does have a recorded abstract of judgment against the Debtor as alleged in paragraph 10 of the Motion. Builders West lacks sufficient information to admit or deny the remaining portion of paragraph 10.

11. Builders West admits the allegations of paragraph 11 of the Motion.

12. Builders West does not have sufficient information to either admit or deny the allegations of paragraph 12 of the Motion.

13. Except for the allegation that Builders West has a judicial lien on the property, West does not have sufficient information to either admit or deny the allegations of paragraph 13 of the Motion. Debtor has also failed to address the impairment created by Universal Roofing – further rendering his Motion as defective.

14. Builders West denies the Court has jurisdiction over this proceeding as alleged in paragraph 14 of the Motion because the issues presented are not "ripe."

15. To the extent the Court has jurisdiction over this proceeding, Builders West admits it is a core proceeding.

16. To the extent the Court has jurisdiction over this proceeding, Builders West admits venue is proper.

17. Except for the allegation that Debtor requires Emergency Relief (which Builders West denies), Builders West does not have sufficient information to either admit or deny the remaining allegations of paragraph 17 of the Motion.

18. Except for the allegation that Builders West's claim exemptions should be overruled (which Builders West denies), Builders West does not have sufficient information to either admit or deny the remaining allegations of paragraph 18 of the Motion.

19. Builders West denies the allegations of paragraph 19 of the Motion.

20. Builders West admits that paragraph 20 of the Motion accurately describes section 522(f) of the Bankruptcy Code.

21. Builders West admits that paragraph 21 of the Motion accurately describes the mechanics of section 522(f) of the Bankruptcy Code, but denies that the Debtor is entitled to his claimed exemptions. Debtor has also failed to address the impairment created by Universal Roofing – further rendering his Motion as defective.

22. Builders West only admits that the basis of its claim is for a "Judgment for breach of contract," which includes unpaid services, interest, and attorneys' fees. All other remaining allegations in paragraph 22 are denied.

23. Builders West denies the allegations of paragraph 23.

**OBJECTION**

A.    **BACKGROUND**

24.    On May 25, 2021, Scott Vincent Van Dyke (hereinafter "Van Dyke" or "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), with a Subchapter V election.[2] Since that time, Debtor's bankruptcy has been converted to a Chapter 7 liquidation.[3] Catherine Stone Curtis (the "Trustee") is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate. Debtor's above-styled bankruptcy case ("Case") is pending before the United States Bankruptcy Court for the Southern District of Texas, Victoria Division (the "Court").

25.    On June 30, 2021, the Debtor filed an *Amended Schedule E/F*, which listed Builders West as a creditor with "disputed" general unsecured claim of $609,167.42.[4]

26.    On September 20, 2021, Builders West timely filed its amended proof of claim against the Debtor in the amount of $1,062,002.90 ("Claim Amount").[5] The Claim Amount is based on a prepetition judgment that was entered in favor of Builders West and against the Debtor in Cause No. 2011-54019, *Builders West, Inc. v. Scott Van Dyke* in the 113th Judicial District Court, Harris County, Texas (the "Lawsuit"). The Lawsuit was based upon the Debtor's breach of his contract with Builders West. The judgment in favor of Builders West was signed by the court on June 9, 2016 (the "Judgment").[6] Prior to filing for protection under the United States

---

[2] Doc. No. 1; *see also* Doc. No. 4 (*Amended Petition* filed May 27, 2022).

[3] Doc. No. 129 (*Order Granting Motion to Convert Case to Chapter 7*).

[4] Doc. No. 99 at 3.

[5] Claim No. 12.

[6] *Id.* at Exhibit 1 to Addendum B.

Bankruptcy Code, Debtor exhausted any available appeals of the Judgment against him in the Lawsuit.[7]

27.     Upon obtaining its Judgment, Builders West filed an abstract of judgment against the Debtor in Harris County, Texas (the "Abstract").[8]  The Abstract "constitutes a lien on and attaches to" all the Debtor's non-exempt real property in Harris County.  TEX. PROP. CODE § 52.001.

28.     On March 18, 2022, Builders West filed a *Motion to Dismiss the Case* (the "MTD"),[9] which remains pending.

29.     On April 27, 2022, the Debtor filed an *Amended Schedule C*, which claimed real property commonly known as 1515 South Boulevard, Houston, Texas 77006 (the "Disputed Property") as exempt.[10]

30.     On May 23, 2022, the Trustee filed an entry on the Case's docket indicating that the Meeting of Creditors had concluded:

| 05/23/2022 | | Meeting of creditors held and concluded. Debtor appeared. Potential assets. Debtor appeared. (Curtis, Catherine) (Entered: 05/23/2022) |

31.     On June 22, 2022 (*i.e.,* exactly 30 days after the creditors' meeting had concluded, per the docket), the Chapter 7 Trustee filed her *Objection to Debtor's Claim of Exemptions* (the "Trustee Exemptions Objection").[11]  As set forth in the Homestead Objection, the Debtor allegedly used stolen and/or unlawfully obtained funds to purchase the Disputed Property.

---

[7] *Id.* at Exhibit 4 to Addendum B.

[8] *Id.* at Exhibit 3 to Addendum B.

[9] Doc. No. 145; *see also* Doc. Nos. 152 (*Objection to Builder's West Motion to Dismiss Case*) and 189 (*Reply in Support of Motion to Dismiss Case*).

[10] Doc. No. 162 at 19.

[11] Doc. No. 186.

32. On the same day, Builders' West filed an objection to the Debtor's exemptions,[12] which fully incorporated the arguments of the Trustee Exemptions Objection. Builders West expressly reserved its right to amend or supplement its objection in the future.

33. On June 23, 2022, Ms. Eva Engelhart (Chapter 7 Trustee of the Estate of Anglo-Dutch Petroleum International, Inc.) likewise filed an objection to the Debtor's exemptions that incorporated the arguments of the Trustee Exemptions Objection, and reserved her right to amend or supplement its objection in the future.[13]

34. Ms. Engelhart filed another objection to the Debtor's homestead under section 522(q) of the Bankruptcy Code on October 24, 2022.[14] Builders West intends to file a similar objection.

35. On October 25, 2022, Builders West participated in a mediation with the Debtor, the Trustee, and Ms. Engelhart. Although the Mediation did not resolve the outstanding issues with Builders West, Builders West understands that the Debtor reached an agreement with the Trustee and Ms. Englehart, in which the Debtor will try to obtain financing with a third-party lender by 12/31/22.[15]

36. On information and belief, and as represented to Builders West at the mediation, the Debtor will also be agreeing to waive his homestead rights in the event that certain conditions are not met. In that event, if the Debtor is forced to waive his homestead rights on those conditions, then Builders West has every right to assert its liens.

---

[12] Doc. No. 187.

[13] Doc. No. 188.

[14] Doc. No. 243.

[15] Doc. No. 244 at ¶ 9.

37. At this point, no party in the Case has sought approval of the mediated settlement. There is no new pending Rule 9019 motion on the docket, other than the previously-filed Rule 9019 Motion [Doc. No. 219, filed on Sept. 16, 2022].

38. Moreover, the Trustee Exemptions Objection, as well as Builders West's and Ms. Engelhart's objections to the Debtor's exemptions, remain pending.

B. ARGUMENT

I. *The Issue Is Not Ripe.*

39. The Court does not have jurisdiction to consider the Motion as it is not "ripe." Article III of the Constitution confines federal courts to adjudicating "cases" and "controversies." *Lower Colorado River Authority v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 922 (5th Cir. 2017). For a matter to "be a case or controversy for Article III jurisdictional purposes, the litigation 'must be ripe for decision, meaning that it must not be premature of speculative." *Id.* (quoting *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002)).

40. Here, the relief sought is premature and speculative as it is not yet established whether the Disputed Property is exempt. There are three pending objections to the Debtor's exemption of the Disputed Property. If the Court finds that the Disputed Property is in fact not exempt, then the Debtor has no basis for avoiding the Abstract under section 522(f) of the Bankruptcy Code.

41. The pending settlements referenced by the Motion do not change this calculus. The Trustee and Ms. Engelhart are unlikely to withdraw their objections to the Debtor's exemptions before the Court approves their settlement. *See* FED. R. BANKR. P. 9019(a). Further, even if those objections are resolved consensually, Builders West objections to the exemption of the Disputed Property would remain. Builders West further understands that once the settlement is approved,

there are certain conditions that the Debtor must satisfy in order for the Dispute Property to remain exempt.

42. Moreover, the purported settlement resulting from the mediation has not yet been filed for this Court's approval. Once filed, creditors are entitled to review that proposed settlement agreement and have an opportunity to object, if necessary. Until the Debtor files a Motion seeking approval of their new settlement agreement, Builders West should not be forced to guess at the settlement's purported contents – nor should it guess as to how those terms may negatively impact Builders West's rights.

43. In the event that the Debtor's real property is no longer considered exempt (vis-à-vis the express terms of the settlement agreement or otherwise), Builders West is entitled to assert and protect its rights as a secured / judgment-lien creditor.

II. *The Judicial Lien Does Not Impair an Exemption that the Debtor Would Be Entitled to Under Section 522(b)*

44. The Trustee, Builders West, and Ms. Engelhart have all objected to the Debtor's exemption of the Disputed Property on various grounds.[16] To the extent the Court determines the Debtor is not legally entitled to exempt the Disputed Property, the Abstract would not impair the Debtor's exemptions.

45. The Debtor asserts that all these objections were untimely and thus should be overruled.[17] As stated above, however, Builders West filed its objection to the Debtor's exemptions 30 days after it received notice on the Case docket that the 341 meeting was concluded. Accordingly, its objection was timely. *See* FED. R. BANKR. P. 4003(b)(1).

---

[16] Doc. Nos. 186, 187, 188, and 243.

[17] Doc. No. 244 at ¶ 18.

46. Further, even if the Court finds that the objections were filed more than 30 days after the 341 meeting, at least one of the objections asserted against the Debtor's claimed exemptions is not untimely.  *See* FED. R. BANKR. P. 4003(b)(3) (an exemption objection based on 11 U.S.C. § 522(q) may be filed by any party at any time before the closing of the case); *see* Doc. No. 243 (a copy of *11 U.S.C. § 522(q)(1)(B)(ii) Objection of Eva Engelhart, Chapter 7 Trustee of Anglo-Dutch Petroleum International, Inc.)*.

47. Finally, numerous courts have held that a secured creditor's failure to object to claimed exemptions *does not* foreclose their ability to defend against a motion to avoid a lien brought under section 522(f) by questioning the validity of the claimed exemption.  *See In re Tinker*, 355 B.R. 380, 386 (Bankr. D. Mass. 2006) (collecting cases on the topic).

48. Upon information and belief, the value of the Real Property is more than $5 million[18] and, therefore, the Debtor's exemption on the property is unimpaired. Ultimately, the property valuation is a fact issue subject to discovery, and we request that the Court allow Builders West to take discovery on that very issue.

49. Accordingly, the Debtor has not met its burden of showing that it is entitled to an exemption under section 522(b), and can thus not prevail on its motion to avoid the Abstract under 522(f).

III. <u>The Motion Does Not Warrant Emergency Consideration</u>

50. The Debtor asserts there is an emergency here --- but does not explain why emergency relief is necessary. To begin, Debtor has included negative notice language of 21-days

---

[18] *See* Zillow Report (as of Oct. 27, 2022), with previous listing on 10/21/22 for the Real Property in the amount of **$5,750,000.00**, available at https://www.zillow.com/homedetails/1515-South-Blvd-Houston-TX-77006/27817077_zpid.

on the face of his Motion. Accordingly, Builders West should be entitled to, at minimum, 21 days to respond to this Motion.

51. Neither the Debtor nor the Chapter 7 Trustee have even filed a motion seeking approval of their purported mediation settlement. Therefore, until the mediation settlement is <u>*actually approved*</u> by this Court, in which parties may need certain relief to effectuate their agreement, there is no emergency.

52. To the extent that the Debtor request emergency relief at the status conference (currently scheduled for October 28, 2022 at 11:00 am CT), Builders West strenuously objects:

- The Debtor has failed to sufficiently explain *why* he needs emergency relief, especially why he would need relief in less than 24 hours.

- The Debtor has not provided sufficient notice to Builders West. As of the filing of this motion, there is no notice on either the docket or on the court's calendar, which would indicate that this Motion was being heard on its merits. Moreover, Builders West has not received any notice from Debtor's counsel that they would be seeking emergency relief in less than 24-hours' notice.

53. For all these reasons, Builders West objects to the Debtor's request for emergency consideration, which is improper. In the event that the Court considers the Motion, Builders West requests that it be denied.

**[CONTINUED TO NEXT PAGE.]**

## CONCLUSION

**WHEREFORE,** Builders West requests that this Court: (i) deny the Debtor's Motion; (ii) deny the Debtor's request for emergency relief; and/or (iii) for any other just and equitable relief to which it may be entitled.

Dated: October 28, 2022

Respectfully submitted:

By: /s/ Rachel T. Kubanda
Lloyd A. Lim
State Bar No. 24056871
Rachel Thompson Kubanda
State Bar No. 24093258
Rachel.Kubanda@keanmiller.com
KEAN MILLER LLP
711 Louisiana Street,
South Tower, Suite 1800
Houston, Texas 77002
Telephone: (713) 844-3000
Telecopier: (713) 844-3030

and

DALE R. MELLENCAMP
State Bar No. 13920250
Federal Bar No. 7718
14711 Pebble Bend Drive
Houston, Texas 77068
Email: mellencamp@bairhilty.com
Telephone: (713)862-5599
Facsimile: (713)868-9444

ATTORNEY FOR BUILDERS WEST, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the October 28, 2022, a copy of the foregoing instrument was served on the parties entitled to receive notices through the Court's electronic notification system as permitted by the Local Rules of the U.S. Bankruptcy Court for the Southern District of Texas.

*/s/ Rachel T. Kubanda*
Rachel T. Kubanda