IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 (Converted) |
| SCOTT VINCENT VAN DYKE, | § | |
| | § | Case No. 21-60052 |
| DEBTOR. | § | Hon. Christopher M. Lopez |

**BUILDERS WEST, INC'S AMENDED JOINDER TO CHAPTER 7 TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS, AND OBJECTION TO DEBTOR'S EXEMPTIONS**
[Relates to Doc. No. 186, 187, and 243]

**TO THE HONORABLE CHRISTOPHER M. LOPEZ,
U.S. BANKRUPTCY JUDGE:**

COMES NOW Builders West, Inc. ("Builders"), who files this *Amended Joinder to the Chapter 7 Trustee's Objection to Debtor's Claimed Exemptions, and Objection to Debtor's Exemptions* (the "Objection"),[1] and states as follows:

### I.    INTRODUCTION

1. Builders fully supports *Chapter 7 Trustee's Objection to Debtor's Claimed Exemptions* [Doc. No. 186] (the "Exemptions Objection"), and incorporates the Trustee's arguments in this Objection as if fully set forth herein. Since the Debtor utilized fraudulently obtained funds to purchase the Real Property and/or pay down debt for the Real Property, the Court should deny the Debtor's homestead exemption. Builders also believes that the Debtor should only be entitled to an exemption on one motor vehicle, and should not be entitled to an exemption on undisclosed interests/assets.

2. Moreover, Builders also fully supports and joins *11 U.S.C. § 522(q)(1)(B)(ii) Objection of Eva Engelhart, Chapter 7 Trustee of Anglo-Dutch Petroleum International, Inc.* (the

---

[1] All capitalized but undefined terms shall have the same meaning as ascribed to in the Objection.

"Englehart Objection") [Doc. No. 243], and incorporates the Englehart Objection herein as if fully set forth herein. Therefore, and in addition to and contingent upon this Court's ruling on the pending Exemption Objection and Joinders, and the State Court's ruling on the constructive trust claims (as defined in the Englehart Objection), Builders West further objects to the Debtor's homestead claim to the extent that it seeks to exempt any interest beyond the first $170,350 in value of the Real Property from the claims of creditors and seeks entry an order limiting the exemption, if any, to $170,350.00.

## II.   JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this 9019 Motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b), and by the standing order of reference from the United States District Court for the Eastern District of Texas referring to this Court all cases and proceedings in this District arising in or related to a case under Title 11 of the United States Code (the "Bankruptcy Code").

4.    This is a core proceeding under 28 USC § 157(b)(2)(A), (B), and (O). Since this is a core proceeding, the Bankruptcy Court has constitutional authority to enter final orders regarding the Objection.

## III.   BACKGROUND

**A.    The Trustee's Exemptions Objection and Builder West's Joinder were both filed timely.**

4.    On May 25, 2021 (the "Petition Date"), Mr. Scott Vincent Van Dyke (hereinafter "Van Dyke" or "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), with a Subchapter V election. Since that time, Debtor's bankruptcy has been converted to a Chapter 7 liquidation. Debtor's above-

styled bankruptcy case ("Case") is pending before the United States Bankruptcy Court for the Southern District of Texas, Victoria Division (the "Court").

5. On May 23, 2022, the docket indicated that the Meeting of Creditors had concluded:

| 05/23/2022 | | Meeting of creditors held and concluded. Debtor appeared. Potential assets. Debtor appeared. (Curtis, Catherine) (Entered: 05/23/2022) |
|---|---|---|

6. On June 22, 2022 (i.e., exactly 30 days after the creditors' meeting had concluded, per the docket), the Trustee filed her Exemptions Objection [Doc. No. 186]. As set forth in her Exemptions Objection, the Trustee alleged, in part, that the Debtor used stolen and/or unlawfully obtained funds to purchase his homestead.

7. On exactly the same day, Builders' West filed a joinder to the Trustee's Exemptions Objection [Doc. No. 187].

8. On June 23, 2022, Ms. Eva Englehart (Chapter 7 Trustee of the Estate of Anglo-Dutch Petroleum International, Inc.) likewise filed a joinder [Doc. No. 188] (collectively, with Builders West, the "Joinders" and the "Joining Parties").

**B.   Builders West's Joinder was Abated by Agreed Order.**

9. On September 26, 2022, the Trustee filed her *Joint Motion to Approve Compromise and Settlement Pursuant to Fed. R. Bankr. P. 9019(a)* (the "9019 Motion") [Doc. No. 219], which principally withdraws the Trustee's Exemptions Objection in exchange for $30,000, subject to certain terms being met. Notably, the 9019 Motion appears to be intended to:

> resolve only [the Trustee's] Objection. [ . . .] Any impact of this settlement on the Joining Parties' joinders to the Trustee's objection to the Debtor's exemptions would have to be determined by the Court. Aside from the foregoing, this settlement shall not impact any other party's rights whether in the main case or the adversary proceedings.

Doc. No. 219, at ¶ 6(i).

10. On September 27, 2022, the Joining Parties filed their *Agreed Emergency Motion for Entry of an Order Abating Certain of the Matters Scheduled for Hearing on September 28, 2022 Related to the Objections to Debtor's Claim Exemptions* [Doc. No. 221], which was approved by the Court [Order at Doc. No. 224].

11. Accordingly, the Joinders have been abated until the conclusion of a hearing on the 9019 Motion.[2]

12. On October 13, 2022, Debtor filed a *Supplement to Response to Trustee's Objection and the Joinders* (the "<u>Supplemental Response</u>") [Doc. No. 236], alleging that the Joinders are moot because the objections were untimely.[3]

13. Despite agreeing to the abatement, Debtor has also improperly and prematurely filed a proposed *Findings of Fact and Conclusions of Law* [Doc. No. 237] asserting (in part) that the Exemptions Objection and Joinders are untimely.

14. On October 21, 2022, the Trustee filed a *Reply in Support of Chapter 7 Trustee's Objection to Debtor's Claim Exemptions* [Doc. No. 240], stating that "[o]n May 23, 2022, the Trustee concluded the 341 Meeting of Creditors."

15. Accordingly, the Trustee's Exemptions Objection was timely, as was Builders West's Joinder.

**C.    The Debtor continues to be uncooperative and appears to be attempting to defraud creditors.**

16. On October 21, 2022, and prior to the mediation, the Trustee filed an *Emergency Motion for Telephonic Status Conference* [Doc. No. 241], asserting that the Debtor was failing to

---

[2] The 9019 Motion was previously set for a hearing on October 19, 2022 at 1:00 pm CT – but has since been continued until an undetermined date in the future.
[3] Builders West contests this position, and reserves its right to file a reply and address those arguments in a response and at a hearing.

cooperate in the marketing of the real property located at 1515 South Boulevard, Houston, Texas 77006 (the "Real Property").

17. The Trustee further alleges, in part, that "[o]n October 7, 2022, Trustee's counsel requested an explanation from Mr. Van Dyke **regarding the amount of employees working in the house.** Specifically, there were **three vehicles** identified Infront of the [Real] Property, yet none of the vehicles were listed on Mr. Van Dyke's schedules." [Doc. No. 241, at ¶ 3 (emphasis added)].

18. This allegation appears to directly contradict both the Debtors' schedules and the Debtor's sworn Declaration [Doc. No. 220], in which the Debtor represents that: "[a]ll the entities on Schedule A,B are shut down and not operating." It would seem that the Debtor has been using the Real Property, which he claims to be his homestead, for undisclosed business purposes — and his allegedly defunct businesses may actually be operating with employees. This is a ***new*** allegation, which deserves some exploring and calls into question the information set forth in both the Debtor's schedules and Declaration.

19. Builders West believes that expedited discovery is in order before the approval of any settlement agreement, to the extent that such settlement agreement would nullify any of the parties' pending homestead objections (including this Objection) and/or the right of creditors of this Estate to seek a revocation of discharge.

20. Builders West believes the Debtor continues to lie to creditors and abuse this bankruptcy process for his own personal gain. It is unfathomable that a Rule 2004 examination of the Debtor – at least, not since this case's conversion to Chapter 7, and in light of all of the Trustee's allegations – has never been completed.

21. Builders West intends to issue discovery to the Debtor in relation to this Objection and in connection with its Motion to Dismiss.

## IV. LEGAL AUTHORITY

22. Section 522(l) of the Bankruptcy Code provides that "[t]he debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. . . . Unless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(l).

23. As explained above, Debtor filed his Schedules and claimed the Real Property and Vehicles as exempt pursuant to Texas law. See Doc. No. 27, at 30-31. 15.

24. Rule 4003 provides, in pertinent part, that "a party in interest may file an objection to the list of property claimed as exempt within 30 days after the initial meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later." FED. R. BANKR. P 4003(b).

## V. OBJECTION TO CLAIMED EXEMPTIONS

### A. Objection to Debtor's Homestead Exemption under 11 U.S.C. § 522(o).

25. Under applicable Texas law, funds obtained by fraud and used to purchase a homestead give rise to an equitable lien in favor of creditors ahead of any homestead exemption claim. Additionally, Debtor seeks to claim an exemption in personal property that he is not entitled to claim

26. "Stolen funds used for the purchase of a homestead or improvement of an existing homestead can never acquire homestead rights as they are held in trust for the rightful owner of the funds." *Bransom v. Standard Hardware, Inc.*, 874 S.W.2d 919, 928 (Tex. App.—Ft. Worth, 1994). A debtor cannot claim a homestead exemption when wrongfully obtained money or property was used to create equity in the homestead, as the assets never belonged to the debtor in

the first place. *See Baccum v. Texan Oil Corp.,* 423 S.W.2d 434, 442 (Tex. Civ. App. 1967) (discussing granting injunction).

27. Bankruptcy courts have equitably subordinated homestead claims when the funds used to purchase the home or pay the debt on the home were obtained fraudulently. *In re Cowin*, 2014 WL 1168714 (Bankr. S.D. Tex. 2004); *In re Huie*, 2007 WL 2317152, at *5 (Bankr. E.D. Tex. 2007) ("Texas law does not permit the Debtor[] to use their homestead exemption to shield the Home from the [Creditor's] superior equitable interest in the Home.").

28. In the case *In re Gamble-Ledbetter*, the bankruptcy court determined that a creditor had a superior equitable interest in a debtor's home because the debtor utilized fraudulently obtained funds as a way to reduce the amount of debt on the homestead. *In re Gamble-Ledbetter*, 419 B.R. 682, 701 (Bankr. E.D. 2009). A similar analysis as set forth in *Gamble-Ledbetter* should be used by the Court today.

29. Here, two different courts have issued orders that include findings of the Debtor fraudulently transferring assets. *See* **Exhibit A** (MSJ Order), and **Exhibit B**. Moreover, a large portion of these fraudulently transferred funds were used by the Debtor to purchase the Real Property as evidenced by the State Court Order:

> In February 2005, **ADPI loaned Mr. Van Dyke $3,800,000 to purchase his house**. This loan was forgiven by ADPI in exchange for Mr. Van Dyke advancing $400,000 to ADPI. This loan is no longer booked by ADPI as an asset.

*See* **Exhibit C** (State Court Order, at ¶ 17 (emphasis added).

30. Because the Real Property was purchased with fraudulently obtained funds, Builders West objects to the Debtor's Real Property homestead exemption. To the extent that any amount is attributable to fraudulent proceeds, the Real Property is not exempt and therefore property of the Estate.

31. Since the Debtor utilized fraudfully obtained funds to purchase the Real Property and/or pay down debt for the Real Property, the Court should determine the Debtor's homestead exemption is equitably subordinated.

**B.     Objection to Debtor's Personal Property Exemptions**

32. The Texas Property Code permits an exemption on motor vehicles for each member of a family. TEX. PROP. CODE ANN. § 42.002(a)(9). Debtor's schedules indicate that he had one dependent, yet he has claimed an exemption in three Vehicles. More specifically, Builders West objects to the claimed exemptions on the three Vehicles because Debtor's mother has passed away and is no longer a dependent. Debtor is a single man who ostensibly lives alone. If Debtor is in fact the sole person in his household, he is allowed to exempt only one of the three Vehicles under Section 42.002(a)(9) of the Texas Property Code.

33. A debtor is also allowed to exempt property with the aggregate fair market value of no more than $50,000.00 under Section 42.001(a)(2) of the Texas Property Code. Within this Case, the Debtor is in possession and control of substantial amounts of Personal Property, yet he only disclosed the following amounts as his interest in the items: $2,0000.00 for art/paintings, $100.00 for four watches, and $50.00 for a ring. [Doc. No. 27 at 35].

34. To the extent the Debtor has any interest in Personal Property not specifically enumerated, properly valued, disclosed, and claimed as exempt on his schedules and statements, such property is property of the bankruptcy Estate, and the Builders West would object to his claiming an exemption in any such assets.

## VI.     RESERVATION OF RIGHTS

35. Builders West reserves the to amend or supplement this Objection in the future, including at any hearing.

## VII.   CONCLUSION

WHEREFORE, Builders West joins the Trustee's Exemptions Objection, requests that the Court deny the Debtor's Exemptions, and grant all other and further relief to which it may be justly entitled.

Dated: October 28, 2022

        Respectfully submitted:

By:   */s/ Rachel T. Kubanda*
      Lloyd A. Lim
      State Bar No. 24056871
      Rachel Thompson Kubanda
      State Bar No. 24093258
      Rachel.Kubanda@keanmiller.com
      KEAN MILLER LLP
      711 Louisiana Street,
      South Tower, Suite 1800
      Houston, Texas 77002
      Telephone: (713) 844-3000
      Telecopier: (713) 844-3030

And

DALE R. MELLENCAMP
State Bar No. 13920250
Federal Bar No. 7718
14711 Pebble Bend Drive
Houston, Texas 77068
Email: mellencamp@bairhilty.com
Telephone: (713)862-5599
Facsimile: (713)868-9444

ATTORNEY FOR BUILDERS WEST, INC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the October 28, 2022, a copy of the foregoing instrument was served on the parties entitled to receive notices through the Court's electronic notification system as permitted by the Local Rules of the U.S. Bankruptcy Court for the Southern District of Texas.

>    /s/ Rachel T. Kubanda
>    Rachel T. Kubanda