IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| SCOTT VINCENT VAN DYKE § | CASE NO. 21-60052 (CML) |
| § | (Chapter 7) |
| DEBTOR § | |

### DEBTOR'S MOTION FOR ENTRY OF DISCHARGE ORDER

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED UPON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT RECEIVED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ, U.S. BANKRUPTCY JUDGE:

COMES NOW, SCOTT VINCENT VAN DYKE (the "Debtor"), and files his Motion for Entry of Discharge Order (the "Motion") and would show this Court as follows:

### I.

### Relief Requested

1. The seeks entry of a discharge order. The Debtor has now resolved the two non-dischargeability adversary proceedings (by Engelhart, Chapter 7 Trustee, Adv. Pro. No. 22-6002 and by Michael L. Noel and Sue Noel, Adv. Pro. No. 22-6008), subject to bankruptcy court approval. Although the motions to approve the compromise of controversy in those cases have not been filed and granted, entry of a discharge order is still appropriate. If the motions are not granted

and if the adversary proceedings move forward, the discharge order would be subject to any judgment in those adversary proceedings.

## II.

## Jurisdiction And Authority

2. This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), and (J). This Court has the constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the Debtor consents to the entry of a final order or judgment by this Court in this matter.

## III.

## Background

3. On May 25, 2021, Scott Vincent Van Dyke (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with a Subchapter V election. On or about the same date, Melissa Haselden was appointed Subchapter V. Trustee.

4. The meeting of creditors was concluded on June 22, 2021. Debtor filed his Subchapter V Plan on December 11, 2021. Several creditors of the estate filed objections to confirmation on December 13, 2021.

5. On January 11, 2022, Debtor filed his Motion to Convert Case to Chapter 7 for the reasons set forth therein and on the Debtor's belief that it would not be possible for him to reorganize under the Plan.

6. On January 31, 2022, the Court entered its Order Converting Case to Chapter 7 [Dkt. No. 129] and on February 11, 2022, Catherin Stone Curtis (the "Trustee") was appointed Successor Trustee [Dkt. No. 138].

7. On August 23, 2021, Michael L. Noel and Sue Noel (the "Noels") filed their Complaint to Determine Dischargeability of Debt in Adv. Pro. No. 21-6008 (the "Noel Adversary").

8. On May 2, 2022, Eva S. Engelhart, Chapter 7 Trustee of the Chapter 7 Estate of Anglo-Dutch Petroleum International, Inc. ("Engelhart"), filed her Plaintiff's Original Complaint to Deny Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a) in Adv. Pro. No. 22-6008 (the "Engelhart Adversary").

2. On May 20, 2022, the Trustee concluded the meeting of creditors in the Debtor's chapter 7 case.

3. On October 25, 2022, the Debtor, the Trustee, Engelhart, and the Noels successfully mediated their claims before the Honorable David R. Jones and entered into mediated settlement agreements. The parties are in the process of drafting motions to approve their respective compromises, and the motions should be filed soon. The settlement agreements with Engelhart and the Noels, if approved, will resolve the Engelhart Adversary and the Noel Adversary.

4. No party has filed an objection to the Debtor's discharge under 11 U.S.C. § 727.

**IV.**

**Why the Relief Should be Granted**

5. Pursuant to Fed. R. Bankr. P. 4004(c), the court is required to "forthright grant the discharge" "on expiration of the times fixed for objecting to discharge and for filing a motion to dismiss the case under Rule 1017(e)."  The times fixed for these deadlines has expired.  Entry of the order of discharge is appropriate.

WHEREFORE, PREMISES CONSIDERED, the Debtor, SCOTT VINCENT VAN DYKE, respectfully requests that this Court enter an order granting the motion and entering his discharge order.

DATED:  October 31, 2022 Respectfully submitted,

**THE PROBUS LAW FIRM**

By: ___*/s/ Matthew B. Probus*___
     Matthew B. Probus
     Tex. Bar No. 16341200
     Fed. ID No. 10915

10497 Town and Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)
matthewprobus@theprobuslawfirm.com

*ATTORNEYS FOR DEBTOR,*
*SCOTT VINCENT VAN DYKE*

-and-

**TRAN SINGH LLP**

By:*/s/Susan Tran Adams*
Susan Tran Adams
TBN: 24075648
Brendon Singh
TBN: 24075646
2502 La Branch Street
Houston, Texas 77004
(832) 975-7300 (Telephone)
(832) 975-7301 (Facsimile)
stran@ts-llp.com

*ATTORNEYS FOR DEBTOR,*
*SCOTT VINCENT VAN DYKE*

## CERTIFICATE OF SERVICE

I certify that on the 31st day of October 2022, a true and correct copy of the foregoing was served on the Debtor, counsel for the Debtor, the Trustee, counsel for the Trustee, the US Trustee, and all creditors and parties requesting notice in this case via regular US Mail, unless otherwise served by the CM-ECF system.

By:*/s/ Matthew B. Probus*
Matthew B. Probus