IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| SCOTT VINCENT VAN DYKE, | § | Case No. 21-60052 |
| | § | |
| Debtor. | § | Chapter 7 Case |

**DEBTOR'S OBJECTION TO BUILDERS WEST, INC.'S
EMERGENCY MOTION TO CONTINUE HEARING ON
TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY
AND DEBTOR'S E,MERGENCY MOTION TO AVOID LIEN**
[Ref. Dkt. No. 254]

COMES NOW, SCOTT VINCENT VAN DYKE, and makes this Debtor's Objection to Builders West, Inc.'s Emergency Motion to Continue Hearing on Trustee's Motion to Compromise Controversy and Debtor's Emergency Motion to Avoid Lien, and would show as follows:\

**Builders West Is Using Frivolous Pleadings to Derail Two Trustees' Settlements**

1. Builders West, Inc. ("Builders") was one of many creditors who attended the October 28, 2022, mediation before Judge David R. Jones of the multitude of contested matters and adversary proceedings. Present at the mediation were: (i) Catherine Curtis, Chapter 7 Trustee of this case ("Trustee Curtis") with an objection to the Debtor's exemptions, (ii) Eva S. Engelhart, Chapter 7 Trustee of the Anglo-Dutch Petroleum International, Inc. case ("Trustee Engelhart") holding a multi-million dollar judgment against the Debtor, joining in Trustee Curtis' objection to the exemptions, and plaintiff in an adversary proceeding objecting to the dischargeability of her judgment debt, (iii) Michael Noel, plaintiff in an adversary proceeding objecting to the dischargeability of his alleged multi-million dollar debt, and (iv) Builders, a judgment creditor holding an unsecured judgment debt. Trustee Curtis was represented at the mediation by Lynn Butler. Trustee Engelhart was represented by her special litigation counsel The Hagans Law Firm,

her general counsel Randy W. Williams, and William Greendyke and Julie Harrison of Norton Rose Fulbright. Noel was represented by Michael Riordan. Builders was represented by Rachel Kubanda. The mediation began at 9:00 a.m. and lasted all day. It was a long and difficult day, but as this Court knows from seeing Trustee Curtis' 9019 motion filed in this court, the Debtor's 9019 motion seeking approval of the settlement with Noel, and Trustee Engelhart's 9019 motion filed in Judge Norman's court, the mediation was wildly successful in resolving multiple parties and their numerous contested matters and adversaries. This settlement involves two experienced Chapter 7 Trustees. Counsel for the settling trustees and Noel are some of the finest and most respected bankruptcy lawyers in the City of Houston and frankly the State of Texas.

2. Builders was not only the only creditor/party who did not settle at mediation, it left early. It had its chance to see where the day would go, and frankly it blew the opportunity. It now wants to derail the substantial efforts that have resulted in numerous settlements in the cases.

## Why is Builders West Using Frivolous Tactics?

3. So why is Builders trying so hard to derail a series of settlements? Builders initially filed a proof of claim for an unsecured claim and only recently amended its claim to be a secured claim based on an abstract of judgment it filed. The abstract of judgment cannot attach to the Debtor's homestead, because it is exempt property not subject to a judgment lien. Builders did not file an adversary proceeding objecting to the Debtor's discharge of objecting to the dischargeability of its debt. Builders filed a "me too" pleading joining the Chapter 7 Trustee's objection to the Debtor's claimed exemptions. Trustee has settled her objection to the exemptions with the Debtor, so Builders sees that its "me too" pleading will not only be denied because there is no objection to exemptions to join, but because its pleading was not timely filed. The meeting of creditors was concluded on May 21, 2022 (the tape held by the U.S. Trustee bears this out).

Builders filed its "me too" pleading the same day as the Trustee Curtis, June 23, 2022, two days after the 30 day deadline for objecting to exemptions expired. Builders now faces the stark reality that it is an unsecured creditor only with no adversary objecting to the dischargeability of its debt. It is not a creditor in the Anglo-Dutch Petroleum International, Inc. ("ADPI") case pending in Judge Norman's court, so it will not receive any distribution from the settlement funds that Trustee Engelhart will receive. So Builders will receive its pro rata distribution from only those settlement proceeds that the Trustee will receive in this case. Builders is not happy about that. Instead of accepting its status and distribution as an unsecured creditor from the settlement reached by the Trustee in this case, Builders is trying its best to derail the settlement altogether and force both Trustee Engelhart and Trustee Curtis to continue litigating on its behalf in hopes that Builders gets more than what the settlement will bring it.

4. There is no reason to delay the hearings that are set in this Court for Monday November 21, 2022. The matters and issues that Trustee Engelhart and Trustee Curtis had with the Debtor, although similar and somewhat overlapping, were different issues. The economics of each trustee's cases were different. The reasons each of the trustees decided to settle were different. The trustees were not even in the same room during the mediation. Trustee Curtis and her counsel were in one room and Trustee Engelhart and her counsel were in another. These settlements, although papered into one mediated settlement agreement, were separate settlement amounts reached for separate reasons.

**Why a Continuance of the Hearings to Match Judge Norman's Hearing Should be Denied**

5. As this Court knows, scheduling the hearings in this case for Monday was like herding cats. There are numerous attorneys with numerous calendar conflicts who were trying to work into this Court's available dates. Builders' counsel was aware of the dates being proposed and had

notice of the setting of these hearings. Builders has had ample time to prepare. The mediation was October 28, 2022, almost a month ago. There is no reason to hold a joint hearing, because Builders is not even a creditor in the ADPI case. That has not stopped Builders from trying to derail the Debtor's settlement with Trustee Engelhart by the way. Trustee Engelhart filed her 9019 motion and provided notice to the creditors and parties requesting notice in that case. The Debtor requested an expedited hearing before Judge Norman, which was granted, and the undersigned provided notice of that expedited hearing by sending a copy of Judge Norman's order to all creditors and parties on the mailing matrix. Builders had not requested notices in the ADPI case and is not a creditor in that case, so it did not receive notice of the motion or hearing. Builders knew there was a settlement and knew there would be a 9019 motion and hearing. Instead of requesting notice or simply monitoring the case as a responsible party would, it laid behind the log, waiting until Judge Norman entered his order approving the settlement, and then filed an emergency motion to vacate the order on the grounds that it did not receive notice. Judge Norman granted the motion and vacated the order, and set the hearing on Trustee Engelhart's 9019 motion for November 23, 2022, the same week as this Court's hearings. Unfortunately, Trustee Engelhart was to be out of the country that day until December 2, 2022. The parties asked Judge Norman for a reset sometime the week of December 5, 2022. Judge Norman's next available date was December 12, 2022. That is the only reason the hearing in the ADPI case is December 12, and not the same week as this Court's hearing.

6. Builders' objection to the Trustee Engelhart 9019 motion pending in Judge Norman's court is ridiculous. Builders is not a creditor in that case, and the settlement in that case will be sufficient to pay all of the creditors 100% of their allowed claims. Builders has no standing to object. Builders is trying to stop a settlement that will pay all of ADPI's creditors in full. Why is

4

Builders doing this? Is it simply angry that it is not being paid in full on its allow claim? No, the Debtor believes Builders wants to unravel the entire group of settlements so that it can gain leverage for a higher settlement offer from the Debtor than what it was being offered in mediation.

7. As this Court can imagine, time is of the essence in holding these hearings – all of the hearings on all of the pending motions and matters. Builders had its opportunity to obtain a settlement with the Debtor that would have paid it more than it stands to receive through its pro rata share. It decided to leave the mediation early instead.

WHEREFORE, PREMISES CONSIDERED, the Debtor, SCOTT VINCENT VAN DYKE, respectfully requests that this Court deny Builders' motion to continue the hearings and move forward with the hearings set for Monday.

Dated:  November 17, 2022            Respectfully submitted,

**THE PROBUS LAW FIRM**

By:/s/ Matthew B. Probus
  Matthew B. Probus
  Tex. Bar No. 16341200
  Fed. ID No. 10915

10497 Town and Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)
matthewprobus@theprobuslawfirm.com

- and -

        **TRAN SINGH LLP**
        Susan Tran Adams
        TBN: 24075648
        Brendon Singh
        TBN: 24075646
        2502 La Branch Street
        Houston, Texas 77004
        (832) 975-7300 (Telephone)
        (832) 975-7301 (Facsimile)
        stran@ts-llp.com

        *ATTORNEYS FOR DEBTOR,*
        *SCOTT VINCENT VAN DYKE*

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2022, a true and correct copy of the foregoing pleading was served to the parties on the attached Service List either *via* this Court's ECF notification system and/or *via* United States first class mail.

        */s/ Matthew Probus*
        Matthew Probus