United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 22, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| SCOTT VINCENT VAN DYKE, | § | Case No. 21-60052 (CML) |
| | § | (Chapter 7 Case) |
| Debtor. | § | |

**AGREED ORDER GRANTING EMERGENCY MOTION OF CHAPTER 7 TRUSTEE AND DEBTOR PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT**
**[Relates to Dkt. No. 187, 219, 246, and 249]**

After consideration of the *Emergency Motion Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 for Entry of an Order Approving Settlement* (the "Motion")[1] filed by Debtor Scott Vincent Van Dyke ("Van Dyke") and Catherine Stone Curtis, chapter 7 Trustee ("Trustee"), together with (i) the arguments and representations of counsel at the hearing on the Motion; (ii) all evidence submitted in connection with the Motion; (iii) all papers on file in this bankruptcy case; (iv) the evidence presented at the hearing on the Motion; and (v) the findings of fact and conclusions of law announced on the record at the hearing, if any, on the Motion, the Court, after due deliberation and good and sufficient cause appearing therefore, and having found and determined, among other things, that the terms of the Settlement Agreement (the "Settlement Agreement") attached to the Motion and hereto as Exhibit "A" satisfies the Fifth Circuit's applicable standards for approving a settlement under Bankruptcy Rule 9019, and after finding that proper and sufficient notice of the Motion has been given, and it appearing that no other or further notice need be given, hereby GRANTS the Motion. Accordingly, it is HEREBY

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**ORDERED** that the Motion is **GRANTED** for the reasons set forth therein; and it is further

**ORDERED** that all objections, responses and/or reservation of rights, if any, to the Motion, the relief requested therein and approval of the Settlement Agreement that have not been resolved, withdrawn, waived or settled, are overruled on the merits; and it is further

**ORDERED** that, pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlement Agreement attached as Exhibit A to the Motion is hereby approved in all respects; and it is further

**ORDERED** that the parties to the Settlement Agreement are hereby authorized to implement the Settlement Agreement and take any such other actions as may be necessary and appropriate to effectuate the Settlement Agreement and transactions contemplated therein; and it is further

**ORDERED** that the Joint Motion to Approve Compromise and Settlement Pursuant to Fed. R. Bank. P. 9019(a) [Docket No. 219] is hereby vacated and withdrawn; and it is further

**ORDERED** that Builders West, Inc. shall execute a release of its abstract of judgment, file number RP-2020-402884 (the "Abstract"), on or before November 30, 2022, and file the release of the Abstract in the real property records of Harris County, Texas; and it is further

**ORDERED** that Builders West, Inc. withdraws its joinder to the objection to the Debtor's claimed exemptions at Dkt. No. 187 and its amended joinder to the objection to the Debtor's claimed exemptions at Dkt. No. 246 without prejudice; and it is further

**ORDERED** that if the Debtor either fails to obtain a signed contract by the Contract Date or the Later Contract Date, as applicable and as defined in the Settlement Agreement, or fails to close a sale of the Property by the Closing Date or the Later Closing Date, as applicable and as

defined in the Settlement Agreement, and as a result the Debtor forfeits all claims to the Property, including any exempt property claims, such that all funds resulting from an ultimate sale of the Property revert to the Trustee, then Builders West, Inc. shall have a judicial lien against the sales proceeds realized by the Trustee's sale of the Property, which judicial lien shall for all purposes be deemed the same as the Abstract in all respects and have the same validity, priority and extent of the Abstract; and it is further

**ORDERED** that Catherine S. Curtis, Chapter 7 Trustee, may object to the validity, priority and extent of Builders West, Inc.'s claim and the limitations period set forth in Bankruptcy Code § 546 for the Trustee to bring an action to avoid the lien shall be tolled until July 7, 2023, with the parties reserving all rights, arguments and defenses as to Builders West, Inc.'s claim; and it is further

**ORDERED** that if the Debtor does not pay off Cadence Bank in full on or before December 31, 2022, the Debtor shall make monthly adequate protection payments in the amount of $15,000 with the first such payment due on January 15, 2023, and each subsequent payment thereafter on the 15th of each month until Cadence is paid in full or until July 7, 2023, whichever is first; and further it is

**ORDERED** that this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order; and it is further

**ORDERED** that this Order shall be effective immediately upon its entry; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

Signed:  November 22, 2022

Christopher Lopez
United States Bankruptcy Judge

AGREED TO BY:

**THE PROBUS LAW FIRM**

*/s/ Matthew B. Probus*
Matthew B. Probus
Tex. Bar No. 16341200
Fed. ID No. 10915
10497 Town and Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)
matthewprobus@theprobuslawfirm.com

- and -

**TRAN SINGH LLP**
Susan Tran Adams
TBN: 24075648
Brendon Singh
TBN: 24075646 2502 La Branch Street
Houston, Texas 77004
(832) 975-7300 (Telephone)
(832) 975-7301 (Facsimile)
stran@ts-llp.com
*ATTORNEYS FOR DEBTOR,*
*SCOTT VINCENT VAN DYKE*

**HUSCH BLACKWELL LLP**

*/s/ Lynn Hamilton Butler*
Lynn Hamilton Butler
State Bar No. 03527350
111 Congress Avenue, Suite 1400
Austin, Texas 78707
(512) 479-9758; (512) 479-1101 fax
lynn.butler@huschblackwell.com
*ATTORNEYS FOR CHATHERINE STONE CURTIS,*
*CHAPTER 7 TRUSTEE*

**BADGER LAW, PLLC**

/s/ Travis C. Badger
Travis C. Badger
TXSBN: 24082646
3400 Avenue H, Second Floor
Rosenberg, Texas 77471
Tel. (281) 633-9900
Fax (281) 633-9916
*ATTORNEY FOR CADENCE BANK,*
*AS SUCCESSOR BY MERGER TO CADENCE BANK, N.A.*
*AS SUCCESSOR BY MERGER TO ENCORE BANK,*
*NATIONAL ASSOCIATION*


*/s/ Rachel T. Kubanda*
Lloyd A. Lim
State Bar No. 24056871
Rachel Thompson Kubanda
State Bar No. 24093258
Rachel.Kubanda@keanmiller.com
KEAN MILLER LLP
711 Louisiana Street,
South Tower, Suite 1800
Houston, Texas 77002
Telephone: (713) 844-3000
Telecopier: (713) 844-3030

and

DALE R. MELLENCAMP
State Bar No. 13920250
Federal Bar No. 7718
14711 Pebble Bend Drive
Houston, Texas 77068
Email: mellencamp@bairhilty.com
Telephone: (713)862-5599
Facsimile: (713)868-9444
*ATTORNEY FOR BUILDERS WEST, INC.*

NORTON ROSE FULBRIGHT US LLP

*/s/ William R. Greendyke*
William R. Greendyke (SBT 08390450)
Julie Goodrich Harrison (SBT 20492434)
1301 McKinney Street, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
william.greendyke@nortonrosefulbright.com
julie.harrison@nortonrosefulbright.com
*ATTORNEYS FOR EVA S. ENGELHART,
CHAPTER 7 TRUSTEE OF THE ESTATE OF
ANGLO-DUTCH PETROLEUM INTERNATIONAL, INC.*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 21-60052 |
| Scott Vincent Van Dyke | § | Chapter 7 |
| | § | |
| | § | |
| DEBTOR. | § | |

## MEDIATED SETTLEMENT TERM SHEET

1. <u>Parties</u>: The Parties to this settlement are the following:

   a. Scott Van Dyke (the "<u>Debtor</u>");

   b. Catherine S. Curtis, as chapter 7 trustee for the estate of Scott Van Dyke, (the "<u>Trustee</u>")

   c. Eva S. Engelhart, as chapter 7 trustee for the estate of Anglo-Dutch Petroleum, Inc. ("<u>Engelhart</u>", and collectively with the Debtor and the Trustee, the "<u>Parties</u>").

2. <u>Pending Action</u>: In re Scott Van Dyke, Case No. 21-60052 (the "<u>Chapter 7 Case</u>").

3. <u>Pending Matters</u>: The below matters are collectively referred to as the "<u>Claims</u>".

   a. The Trustee's Objection to Debtor's Claimed Exemptions [Dkt. No. 186];

   b. Engelhart's Joinder to the Trustee's Objection to Debtor's Claim Exemptions [Dkt. No. 188];

   c. Engelhart's Original Complaint to Deny Dischargeability of Debt Pursuant to 11 U.S.C. § 523 [Adv. No. 22-06002] and any motions pending in Adv. No. 22-06002;

   d. Engelhart's Original Petition [Cause No. 2022-68697 in the 164th District Court of Harris County, Texas]; and

   e. Engelhart's 11 U.S.C. § 522(q)(1)(B)(ii) Objection [Dkt. No. 243].

4. <u>Mediation</u>: The Parties agreed to attempt to settle the Claims through mediation before the Honorable David R. Jones (the "<u>Mediator</u>"). The Parties acknowledge and agree that this is a compromise of the Claims and nothing contained herein shall be construed as an admission of liability of any Party, all such liability being expressly denied.

1

5. Disputes Resolved: The Parties attended the mediation and reached a settlement, as provided in this Term Sheet, of the Claims.

6. Settlement Terms: The Parties have agreed to the following terms to settle the Claims:

   a. The Parties will execute a formal Settlement Agreement, in a form mutually agreeable, incorporating these settlement terms and agreed upon mutual releases, which releases shall not become effective until payment in full has been received by the Trustee and Engelhart.

   b. Upon execution of the formal Settlement Agreement, the Trustee and Engelhart shall abate the pending Claims and, within five (5) days following receipt of payment in full, shall withdraw or dismiss with prejudice, as applicable, the Claims.

   c. The Debtor shall complete a cash-out refinancing (the "Refinancing") of his mortgage on the property located at 1515 South Blvd., Houston, Texas 77006 (the "Property"). The Trustee and Engelhart shall provide any documentation necessary to facilitate the closing of the Refinancing.

   d. The Debtor shall pay $282,000.00 by wire transfer made payable to Engelhart (the "Engelhart Payment") within five (5) days of receipt of funds from the Refinancing, and in no event later than December 31, 2022.

   e. The Debtor shall pay $249,000.00 by wire transfer made payable to Trustee (the "Trustee Payment") within five (5) days of receipt of funds from the Refinancing, and in no event later than December 31, 2022. The Debtor has the option to pay the Trustee Payment in two installments of $200,000.00 no later than December 31, 2022 ("First Trustee Installment Payment") and $49,000.00 no later than February 5, 2023 ("Final Trustee Installment Payment").

   f. If the Debtor fails to pay both the Engelhart Payment and the First Trustee Installment Payment by December 31, 2022, the Debtor shall immediately market the Property for sale using Colleen Sherlock of Greenwood King Properties under the same terms and conditions contained in the court order approving her retention. If Debtor has a signed contract for the sale of the Property placed in a title company by March 30, 2023 (the "Contract Date"), the Debtor shall have until May 31, 2023 to close such sale (the "Closing Date"). The Debtor shall fully pay the Engelhart Payment and the Trustee Payment no later than five (5) days after the Closing Date.

   g. If the Debtor has paid both the Engelhart Payment and the First Trustee Installment Payment, but fails to pay the Final Trustee Installment Payment by February 6, 2023, the Debtor shall immediately market the Property for sale using Colleen Sherlock of Greenwood King Properties under the same terms and conditions contained in the court order approving her retention. If Debtor has a signed contract for the sale of the Property placed in a title company by May 8, 2023 (the "Later

2

Contract Date"), Debtor shall have until July 7, 2023 to close such sale (the "Later Closing Date"). The Debtor shall fully pay the Trustee Payment no later than five (5) days after the Later Closing Date.

h. If the Debtor either fails to obtain a signed contract by the Contract Date or the Later Contract Date, as applicable, or fails to close a sale of the Property by the Closing Date or the Later Closing Date, as applicable, the Debtor shall forfeit all claims to the Property, including any exempt property claims, such that all funds resulting from an ultimate sale of the Property shall revert to the Trustee. If such reversion occurs, the Engelhart Payment shall be secured by an equitable lien on the Property. The Trustee shall be entitled to immediate market the Property.

i. Upon the sale of the Property, whether by the Debtor or the Trustee, if the Engelhart Payment has not been paid in full, the Trustee will remit $282,000.00 to Engelhart within five (5) days of receipt of funds from the sale of the Property.

j. Upon Engelhart's receipt of the Engelhart Payment, whether through the Refinancing or the sale of the Property, Engelhart will distribute all remaining property of the Anglo-Dutch Petroleum International, Inc. estate in accordance with 11 U.S.C § 726(a)(6).

k. Engelhart shall file a motion to approve the settlement in *In re Anglo-Dutch Petroleum International, Inc.*, Case No. 19-30797, notifying parties in interest that Engelhart's Claims have been settled pursuant to the terms of the Settlement Agreement.

l. The Trustee shall file a motion to approve the settlement in *In re Scott Van Dyke*, Case No. 21-60052, notifying parties in interest that the Trustee's Claims have been settled pursuant to the terms of the Settlement Agreement.

m. The Settlement does not include any Chapter 5 causes of action held by the Trustee.

n. If and only if the Debtor timely makes the Trustee Payment, either in whole or in installments under the terms set forth above, the Trustee shall file a Notice of Abandonment of the 2016 Chevrolet Silverado and the equity interests of the corporate entities listed in Debtor's Schedule B, #19, which are:

    a. Trepador Energy, LLC
    b. Potomac Assets, LLC
    c. Burgoyne Investments, LLC
    d. Bashton Energy, LLC
    e. Texas Petroleum Operations, LLC
    f. Anglo-Dutch Petroleum International, LLC
    g. Anglo-Dutch Energy, LLC
    h. Anglo-Dutch (Tenge) LLC
    i. American Oil & Gas LLC [handwritten]

3

      i.    Anglo-Dutch (Neftenge) LLC
      j.    Anglo-Dutch (Everest) LLC
      k.    Anglo-Dutch Energy Partners IV LLC

7. Each signatory hereto warrants and represents that:

   a. He or she has authority to bind the Party or Parties for whom that signatory acts, provided, however, that, as described above in Section 6, Engelhart and the Trustee shall file motions in the Bankruptcy Court seeking approval of the settlement; and

   b. The claims, suits, rights and/or interests that are the subject matter hereto are owned by the Party asserting same, have not been assigned, transferred or sold, and are free of encumbrance, except for attorneys' fees in this case, if applicable.

8. This agreement is made and performable in Harris County, Texas, shall be construed in accordance with the laws of the State of Texas, and is enforceable under Texas Rule of Civil Procedure 11 or the applicable Federal Rules of Civil Procedure.

9. Each signatory to this Term Sheet has carefully read each and every provision of this agreement and has entered into same freely and without duress after having consulted with professionals of his or her choice. **EACH SIGNATORY UNDERSTANDS THAT THIS IS A BINDING AND IRREVOCABLE SETTLEMENT TERM SHEET.**

SIGNED THIS 25th DAY OF OCTOBER 2022.

Scott Van Dyke:                  Catherine S. Curtis, Chapter 7 Trustee of the Estate of Scott Van Dyke:

_[signature]_                             _[signature]_

Eva S. Engelhart, Chapter 7 Trustee of the
Estate of Anglo-Dutch Petroleum International, Inc.:

_[signature]_