IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| SCOTT VINCENT VAN DYKE, | § | Case No. 21-60052 |
| | § | |
| Debtor. | § | Chapter 7 Case |

**DEBTOR'S OBJECTION TO BUILDERS WEST, INC.'S
EMERGENCY MOTION TO CONTINUE HEARING ON MOTION TO DISMISS
AND MOTION FOR ENTRY OF DISCHARGE ORDER**
[Ref. Dkt. No. 271]

COMES NOW, SCOTT VINCENT VAN DYKE, and makes this Debtor's Objection to Builders West, Inc.'s Emergency Motion to Continue Hearing on Motion to Dismiss and Motion for Entry of Discharge Order, and would show as follows:

1. Builders West's motion to dismiss has been on file for over 9 months and it has been fully briefed by the Trustee's objection and a reply, ready for ruling, for over 5 months. Builders West has not in all that time sought a hearing on the motion.

2. After the global settlement was reached at the mediation, the Debtor filed his motion for entry of his discharge order. Builders West's only objection to that motion is that it still has a motion to dismiss pending, so Rule 4004(c)(1)(D) prohibits dismissal. The Debtor's motion for entry of the discharge order is now ripe for a ruling, subject to a ruling on the motion to dismiss.

3. Builders West agreed to entry of the order approving the Trustee's settlement with the Debtor, and in that order agreed to execute and file a release of its judgment lien and withdraw its joinder to the objection to the Debtor's claimed exemptions at Dkt. No. 187 and its amended joinder to the objection to the Debtor's claimed exemptions at Dkt. No. 246 (without prejudice). It frankly makes no sense at all for a creditor who has agreed to the settlement and administration

of the funds by the Trustee not to have withdrawn its motion to dismiss. Who agrees to a case moving forward with administration but wants a motion to dismiss heard?

4. The Debtor is close to completing his equity loan to pay the settlement amounts. The loan is in a title company, inspection of his property is set for next week, Builders West's and Noel's releases of abstract will be sent to the title company this week, and the wire transfer instructions have now been received from both Ms. Engelhart and Ms. Curtis. The Debtor has concerns that the lender's underwriter will need to see his discharge order before closing and funding the loan. Further, the motion to dismiss puts a chilling effect on the underwriter's final decision.

5. Builders West know the impact of its motion to dismiss and its objection to the motion for entry of discharge. The Debtor's counsel asked Builders West to simply withdraw its motion and objection, and Builders West's counsel refused, forcing the Debtor's counsel to seek and obtain the hearing on the motions.

6. Debtor's counsel copied Builders West's lead counsel of record Rachel Kubanda and the associate who worked on negotiation of the proposed agreed order approving the 9019 motion, Mack Wilson, on the email to the case manager requesting a hearing. Those two counsel were on all emails regarding the date for the setting. Mack Wilson responded that Builders West was fine with the December 7, 2022, 10:00 a.m. hearing date and time. Only after the hearing was set did Mr. Lim object and want the hearing moved to a later date.

7. Ms. Curtis is the Subchapter V Trustee in a case in which the undersigned is Debtor's counsel (In re Black Diamond Developers, LP, Case No. 22-70179). The 341 meeting was set for December 7, 2022 at 10:00 a.m. To accommodate a hearing on the motions in this case on that

date and time, Debtor's counsel obtained a reset of the 341 meeting from the U.S. Trustee, Andrew Jimenez in that case. Notice of the reset meeting of creditors has already been set.

8. The problem with moving the hearing back to the week of the 12th is that the Debtor's loan must close on or before December 31, 2022, and as this Court observed at the 9019 hearing, the holidays can cause disruption and delays. Further, with the numerous counsel in this case, obtaining dates and times when all counsel can appear is difficult at best. Builders West knows this and is hoping that its delay can somehow disrupt the Debtor's loan closing.

9. The hearing is a simple one and is set as a hybrid hearing allowing the counsel maximum flexibility in attendance. Mr. Wilson is clearly available for the hearing and he has spoken for Builders West to the Court that the 7th is available for Builders West. This Court should deny the motion for continuance.

WHEREFORE, PREMISES CONSIDERED, the Debtor, SCOTT VINCENT VAN DYKE, respectfully requests that this Court deny Builders' motion to continue the hearing and move forward with the hearing set for December 7, 2022, at 10:00 a.m.

Dated: November 17, 2022                    Respectfully submitted,

**THE PROBUS LAW FIRM**

By:/s/ *Matthew B. Probus*
      Matthew B. Probus
      Tex. Bar No. 16341200
      Fed. ID No. 10915

10497 Town and Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)
matthewprobus@theprobuslawfirm.com

- and -

**TRAN SINGH LLP**
Susan Tran Adams
TBN: 24075648
Brendon Singh
TBN: 24075646
2502 La Branch Street
Houston, Texas 77004
(832) 975-7300 (Telephone)
(832) 975-7301 (Facsimile)
stran@ts-llp.com

*ATTORNEYS FOR DEBTOR,*
*SCOTT VINCENT VAN DYKE*

## CERTIFICATE OF SERVICE

    I hereby certify that on November 30, 2022, a true and correct copy of the foregoing pleading was served *via* this Court's ECF notification system and/or *via* United States first class mail.

                                      */s/ Matthew Probus*
                                      Matthew Probus