UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| IN RE: § § § CASE NO. 21-60052 Scott Vincent Van Dyke, § Chapter 7 § § § DEBTOR. § _____ BUILDER'S WEST, INC., § § Plaintiff, § § ADVERSARY PROCEEDING vs. § § NO. _____ SCOTT VINCENT VAN DYKE, § § Defendant. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Builders West, Inc., Plaintiff and a creditor in the above-styled bankruptcy, files this its Original Complaint, and in support thereof would respectfully show the Court as follows:

I. JURISDICTION

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper pursuant to 11 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O). This adversary proceeding is brought in connection with Defendant's chapter 7 bankruptcy case, Case No. 21-60052.

II. VENUE

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

1

4864-4724-6923 v2

### III.  PARTIES

3. Plaintiff Builders West, Inc. ("Builders West") is a Texas corporation and a creditor of the Defendant debtor Scott Vincent Van Dyke.

4. Defendant Scott Vincent Van Dyke, the debtor in the above-styled chapter 7 bankruptcy case (the "Debtor" or "Defendant"), is an individual residing in Harris County, Texas, who may be served with summons and this complaint in accordance with Bankruptcy Rule 7004(b)(9) by mailing it to Defendant by U.S. First Class Mail, postage prepaid to the mailing address shown in his petition, 1515 South Boulevard, Houston Texas, 77006. Susan Tran Adams and Brendon D. Singh are Debtor's attorneys and may be served with a copy of the summons and this complaint in accordance with Bankruptcy Rule 7004(b)(9) by U.S. First Class Mail, postage prepaid, at 2502 La Branch Street, Houston, Texas, 77004.

### IV.  NATURE OF THE CASE

5. In this adversary proceeding, Plaintiff seeks a determination that, to the extent that the Debtor is found to have an exempt interest in the real property known as 1515 South Boulevard, Houston, Texas 77006 (the "Property"), the maximum amount the Debtor may claim as exempt is capped pursuant to 11 U.S.C. § 522(q)(1)(B)(i) and (ii).

### V.  FACTUAL BACKGROUND

6. Before filing bankruptcy, ADPI was in the oil and gas business. In 2004, Anglo-Dutch Petroleum International, Inc. ("ADPI") and an affiliate negotiated a $51 million settlement agreement in a lawsuit with Halliburton, and, after receiving the settlement funds, ADPI transferred almost $20 million to Defendant, its majority owner, and to another company of which Defendant was a majority owner, in the form of purported "loans." Those "loans" were forgiven shortly after they were made.

7. To fund the lawsuit against Halliburton and keep ADPI in business, the Defendant solicited investment contracts with ADPI. The Halliburton settlement triggered ADPI's obligations to pay its investors. However, ADPI breached those investment contracts, resulting in multiple lengthy state court proceedings and judgments in favor of the investors. Because ADPI did not have the money to pay the investors' judgments, the investors filed fraudulent transfer lawsuits.

8. In connection with those judgments, courts found that ADPI fraudulently transferred funds, booked them as "loans," subsequently forgave the "loans" at the direction of the Defendant, and did so with the actual intent to hinder, delay, or defraud creditors.

9. It was also determined that the Defendant received $3,800,000 from ADPI on February 11, 2005, which was used to purchase the Property. On September 28, 2006, ADPI forgave the "loan" in exchange for the Defendant advancing $400,000 to ADPI. The transfer was also found to be a fraudulent transfer.

10. The fraudulent transfer lawsuits were ultimately removed to the United States District Court for the Southern District of Texas (the "District Court"). On August 27, 2021, the District Court issued an order finding that Debtor and his related entities fraudulently transferred assets in violation of § 24.006(a) of the Texas Uniform Fraudulent Transfer Act (the "MSJ Order"). A copy of the MSJ Order is attached as **Exhibit A**. On November 9, 2021, the District Court issued a final judgment against Debtor (the "Final Judgment"). A copy of the Final Judgment is attached as **Exhibit B.**

11. Also in 2004, ADPI sued its lawyer Gerard Swonke in a Texas state court ("Harris County Court"). On October 16, 2007, the Harris County Court entered an *Order Granting Judgment Creditor Gerard J. Swonke's Motion to Contest the Affidavits of Net Worth and Motion for Injunction* (the "State Court Order"), in which the Harris County Court found that ADPI loaned

Debtor $3,800,000 to purchase the Property (the "Loan") in February 2005. *See* State Court Order, Case No. 4:19-cv-02894, Doc. No. 37, Ex. 15 (S.D. Tex. Jan. 20, 2021). A copy of the State Court Order is attached as **Exhibit C**. The State Court Order included a finding of the Debtor's Loan being satisfied due to the Debtor transferring $400,000 to ADPI with actual intent to hinder, delay or default a creditor. *See* Exhibit A, at 7, ¶ 23.

12. Ultimately, two different courts have issued orders that include findings of the Debtor fraudulently transferring assets. The District Court rendered the Final Judgment against the Debtor and his related entities, finding that the Debtor fraudulently transferred $19,539,546.23 out of ADPI for his own benefit and that of his related entities. *See* Exhibit B. A large portion of these fraudulently transferred funds were used by the Debtor to purchase the Property, as evidenced by the State Court Order. *See* Exhibit C.

13. On March 5, 2019, ADPI filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, commencing Case No. 19-30797 (the "ADPI Bankruptcy Case"). The Debtor was an officer of and owned 65 percent of ADPI, and his mother, Mary Theresa Van Dyke, owned the remaining 35 percent. Eva S. Englehart was the appointed Chapter 7 trustee (the "ADPI Trustee") in the ADPI Bankruptcy Case.

14. On May 25, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing this bankruptcy case.

15. On June 30, 2021, the Debtor filed his Schedules, disclosing his interest valued at $4,215,000.00 in the Property and claiming a homestead exemption for all the equity in the Property under Const. art. 16 §§ 50, 5, and Texas Prop. Code §§ 41.001-.002. On August 5, 2021, the Debtor filed an Amended Schedule A/B, reducing the value of his interest in the Property to $2,661,000.00.

16. On January 31, 2022, this Court converted the Debtor's bankruptcy case to Chapter 7. Catherine Stone Curtis was appointed as the chapter 7 trustee (the "Van Dyke Trustee") on February 11, 2022.

17. Because the Property was purchased with fraudulently obtained funds, the Van Dyke Trustee, the ADPI Trustee, and Builders West all objected to the Debtor's Property homestead exemption, asserting that to the extent that any amount is attributable to fraudulent proceeds, the Property is not exempt and therefore property of the bankruptcy estate. *See* Doc. Nos. 186, 187, 188 (collectively, the "Exemption Objections"). The ADPI Trustee also filed a separate objection to the homestead exemption under 11 U.S.C. § 522(q). *See* Doc. No. 243. The ADPI Trustee also filed her *11 U.S.C. Objection of Eva Engelhart, Chapter 7 trustee of Anglo-Dutch Petroleum International, Inc.* [Doc. No. 243] (the "ADPI Trustee's 522(q) Objection"), referring to her suit in State District Court seeking a determination that the Debtor's use of fraudulently transferred funds to purchase his homestead grants the ADPI Trustee a constructive trust against those proceeds in the Property and related assets.

18. Builders West is the holder of a prepetition judgment against the Debtor for breach of contract. The judgment was entered on June 9, 2016, in Cause No. 2011-54019, *Builders West, Inc. v. Scott Van Dyke*, in the 113th Judicial District Court, Harris County, Texas. Prior to filing bankruptcy, the Debtor exhausted any available appeals of the judgment against him. On September 20, 2021, Builders West timely filed its proof of claim in the amount of $1,062,002.90 ("Claim Amount") based on the judgment against the Debtor. *See* Claim No. 12. Builders West asserts that it holds a judicial lien that encumbers the Property.

19. At the time of the fraudulent transfers, the Debtor was the majority owner, a director, and the officer in charge of ADPI. The Final Judgment concluded that the transfers of

funds out of ADPI to the Debtor were fraudulent transfers. In particular, $3,800,000 was transferred from ADPI to the Debtor on February 11, 2005, to purchase the Property. The $3.8 million was subsequently forgiven by ADPI on September 28, 2006, in exchange for the Debtor advancing $400,000 to ADPI, leading to the decision that the transfers were made with the actual intent to hinder, delay, or defraud the Debtor's creditors.

20. As an officer and director of ADPI, the Debtor was a fiduciary who violated his fiduciary duty to ADPI and its creditors when he made the fraudulent transfers and subsequently used those funds to purchase the Property.

21. To the extent that either the Exemption Objections or the ADPI Trustee's constructive trust lawsuit are unsuccessful, 11 U.S.C. §522(q)(1)(B)(i) and (ii) limits the amount of proceeds that the Debtor may claim as exempt under applicable State law to no more than $189,050 given that the Debtor owes a debt (*i.e.*, the fraudulent transfer judgment) as a result of the Debtor's fraud, deceit, or manipulation in a fiduciary capacity.

## VI. COUNT 1

22. Plaintiff incorporates all the foregoing factual allegations.

23. Sections 522(q)(1)(B)(i), (ii) of the Bankruptcy Code provides, in relevant part, that: "[A] debtor may not exempt any amount of an interest in property … which exceeds in the aggregate $189,050.00 if …the debtor owes a debt arising from… violations of securities laws [or]…fraud, deceit, or manipulation in a fiduciary capacity …." 11 U.S.C. §§522(q)(1)(B)(i), (ii).

24. The Debtor has asserted an exemption under state law on the Property, which exceeds $189,050.

25. The Debtor owes debts arising from violations of the federal and state securities laws, including securities fraud. The Debtor also owes a debt arising from fraud, deceit, or

4864-4724-6923 v2

manipulation in a fiduciary capacity. Specifically, as a majority owner, a director and an officer of ADPI, the Debtor had a fiduciary duty to ADPI when he fraudulently transferred funds from ADPI to himself. These fraudulently transferred funds were used, in part, to purchase the Property.

26. Therefore, the value of Debtor's homestead exemption is limited to no more than $189,050, pursuant to 11 U.S.C. §522(q)(1)(B)(i) and (ii).

## VII. PRAYER

For these reasons, Plaintiff Builders West, Inc. prays: (i) that summons be issued for Defendant Scott Vincent Van Dyke to appear and answer; (ii) that this Court enter a Judgment determining that to the extent there is a homestead exemption on the Property, the value of that exemption, if any, cannot exceed $189,050; and (iii) that Plaintiff be granted such other and further relief as the Court may deem just and proper.

Dated: January 23, 2023

Respectfully submitted,

By: */s/Lloyd A. Lim*
Lloyd A. Lim
State Bar No. 24056871
Rachel Thompson Kubanda
State Bar No. 24093258
Michelle Friery
State Bar No. 24040934
KEAN MILLER LLP
711 Louisiana Street,
South Tower, Suite 1800
Houston, Texas 77002
Telephone: (713) 844-3025
Telecopier: (713) 844-3030

**4864-4724-6923 v2**