IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| SCOTT VINCENT VAN DYKE § | CASE NO. 21-60052 |
| § | CHAPTER 7 |
| § | |
| DEBTOR § | |

**TRUSTEE'S COMMENT TO**
**DEBTOR'S STATUS REPORT OF SALE OF HOME**

TO THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE:

Chapter 7 Trustee, Catherine Stone Curtis, ("Trustee") files this Comment ("Comment") to Debtor's Status Report of Sale of Home filed on March 31, 2023, as Docket No. 302 (the "Status Report") as follows:

1. The Trustee believes that the purported sale reflected in the Status Report (the "Sale") is a sham to perpetrate a fraud on the Court and the parties. This is not a true sale, but disguised financing meant to be a work-around to this Court's pronouncement that there must be a sale to adhere to the settlement order. The indicators of this sham are as follows:

   a. Fairview Investment Fund VI, LP (the "Buyer") is the same entity from which the debtor, Scott V. Van Dyke (the "Debtor"), sought financing in March. *See* Trustee's Exhibit T-2, Dkt. No. 303-2.

   b. The Buyer is also the entity for which that the Affidavit of Non-Homestead was specifically executed. *See* Dkt. No. 295-5, at 2.

   c. As part of the Sale, the Debtor is given a twelve-month lease of the house for a monthly rental of $30,000.00. *See* Trustee's Exhibit T-3, Dkt. No. 303-3 at 5.

   d. As part of the Sale, the Debtor is given an option to repurchase the house at the end of twelve months for $3,900,000.00, a "profit" of $650,000.00 to the "buyer." *See* Trustee's Exhibit T-2, Dkt. No. 303-2 at p.13.

1

    e.    Coincidentally, the Sale price of $3,250,000.00 is strikingly close to the sum of the following:

        (i)    Cadence mortgage ($1,981,986.50 as of May 20, 2022). *See* **Exhibit A**, Affidavit in Support of Motion for Relief from Automatic Stay [Dkt. No. 175-6];

        (ii)    Harris County property taxes ($380,957.64). *See* **Exhibit B**, 2022 Property Tax Statement;

        (iii)    Payment to Trustee Engelhart ($282,000.00). *See* **Exhibit C**, Agreed Order Granting Emergency Motion of Chapter 7 Trustee and Debtor Pursuant to Section 105 of Bankruptcy Code and Bankruptcy Rule 9019 for the Entry of an Order Approving Settlement Agreement [Dkt. No. 267] (the "<u>Settlement Order</u>");

        (iv)    Payment to Trustee Curtis ($249,000). *See* Exhibit C;

        (v)    Estimated commission and closing costs at 8% ($260,000.00). *See* **Exhibit D**, Trustee's Application to Employ Real Estate Broker [Dkt. No. 214]; and

        (vi)    Homestead allowance under 11 U.S.C. § 522(q) ($189,050.00). *See* **Exhibit E**, Plaintiff's Original Complaint [Adv. Pro. No. 23-06001].

    f.    In fact, the sum total of $3,342,993.64 means that Builders West's 522(q) adversary, if successful, is effectively worthless.

    g.    Add to this the disavowment of any involvement in the Sale process and negotiations by Debtor's counsel Mr. Probus, which given the above is understandable. *See* **Exhibit F**, e-mail from Debtor's counsel to Trustee's counsel dated March 31, 2023.

    h.    Finally, and most damning, is that the Trustee understands, upon information and belief, that the Debtor turned down a $5,300,000.00 offer in favor of the current proposed Sale, a move that is simply inexplicable and against the Debtor's personal interests unless this is nothing more than a disguised financing mechanism, albeit at usurious rates ($650,000 on $3,250,000.00 over twelve months is a 20% interest rate).

2.    In sum, the Trustee believes that the purported Sale offer is disguised financing and an attempt to circumvent the Settlement Order. The Settlement Order gave the Debtor ample opportunity to correctly achieve the goals he is now trying to surreptitiously achieve. The Debtor's actions are intentional and in direct violation of the Settlement Order and this Court's last

directives. The Trustee submits that an evidentiary hearing should be scheduled to present this evidence to the Court in a manner in which the Court may decide whether or not the Debtor has abided by the Settlement Order.

Dated: April 3, 2023

Respectfully submitted,

HUSCH BLACKWELL LLP

By: */s/ Lynn Hamilton Butler*
    Lynn Hamilton Butler
    State Bar No. 03527350
    111 Congress Avenue, Suite 1400
    Austin, Texas 78701
    Tel: (512) 472-5456
    Fax: (512) 479-1101
    lynn.butler@huschblackwell.com

    Ryan A. Burgett
    Tennessee Bar No. 33641
    736 Georgia Avenue, Suite 300
    Chattanooga, Tennessee 37402
    Tel: (423) 266-5500
    Fax: (423) 266-5499
    ryan.burgett@huschblackwell.com

**COUNSEL FOR CATHERINE STONE CURTIS, CHAPTER 7 TRUSTEE**

**CERTIFICATE OF SERVICE**

I certify that on the 3rd day of April 2023, a true and correct copy of the foregoing was served on the Debtor, counsel for the Debtor, the Trustee and the US Trustee, and all parties registered to receive electronic notification via this Court's CM-ECF system.

    */s/ Lynn Hamilton Butler*
    Lynn Hamilton Butler