IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SCOTT VINCENT VAN DYKE | § | CASE NO. 21-60052 |
| | § | CHAPTER 7 |
| | § | |
| DEBTOR | § | |

**SECOND AMENDED NOTICE OF RULE 2004 EXAMINATION OF THE DEBTOR SCOTT VINCENT VAN DYKE AND SUBPOENA DUCES TECUM**

To:   All parties-in-interest in the above-identified Chapter 7 proceeding, in accordance with the attached Certificate of Service.

PLEASE TAKE NOTICE that pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 2004-1, and in connection with the above-referenced bankruptcy proceeding, Catherine Stone Curtis, the Chapter 7 Trustee (the "Trustee") for Scott Vincent Van Dyke (the "Debtor"), will conduct a Rule 2004 Examination of the Debtor, **beginning at 1:00 p.m. on Tuesday, May 2, 2023**, and continuing from day to day until completed. The examination will be taken in person at the Houston offices of Husch Blackwell LLP, 600 Travis Street, Suite 2350, Houston, Texas 77002. The Trustee may convert the examination to be held via videoconference and will provide notice of the change at least three days before the examination date. The oral examination will be stenographically recorded by a certified shorthand reporter, may be videotaped, and will relate to the matters identified in the attached **Exhibit A**, along with any matter which may affect the administration of the Debtor's estate.

In addition, on or before **April 25, 2023, at 5:00 p.m.**, pursuant to Fed. R. Bankr. P. 2004(c) and BLR 2004-1(d), Debtor is required to produce the documents, electronically stored information, and tangible things in the attached **Exhibit B** via email to

1

lynn.butler@huschblackwell.com or by delivery to Husch Blackwell LLP, 600 Travis Street, Suite 2350, Houston, Texas 77002.

Any creditor or party in interest that intends to appear at the Rule 2004 Examination should notify the undersigned to coordinate attendance.

Dated: April 19, 2023

Respectfully submitted,

HUSCH BLACKWELL LLP

By: */s/ Ryan A. Burgett*
Lynn Hamilton Butler
State Bar No. 03527350
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Tel: (512) 472-5456
Fax: (512) 479-1101
lynn.butler@huschblackwell.com

Ryan A. Burgett
Tennessee Bar No. 33641
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Tel: (423) 266-5500
Fax: (423) 266-5499
ryan.burgett@huschblackwell.com

ATTORNEYS FOR CATHERINE STONE CURTIS, CHAPTER 7 TRUSTEE

## CERTIFICATE OF CONFERENCE

On January 24, 2023, I conferred with Matthew Probus, Brendon Singh, and Susan Tran Adams, in their capacity as counsel for Debtor Scott Vincent Van Dyke, by email regarding the date and time of the above Rule 2004 Examination. The Debtor agreed to February 16, 2023, for the Rule 2004 examination. On February 13, 2023, the Court entered its Order Abating 2004 Examination and Related Deadlines [Dkt. No. 292], abating the February 16, 2023, Rule 2004 Examination until after a status conference was held. The status conference was held on April 3, 2023.

On April 17, 2023, I emailed Matthew Probus, Brendon Singh, and Susan Tran Adams, in their capacity as counsel for Debtor Scott Vincent Van Dyke, requesting convenient dates and times to reset the Rule 2004 Examination. Debtor's counsel, Susan Tran Adams, responded on April 17, 2023 and confirmed the Debtor's availability to appear and be examined on the afternoon of May 2, 2023.

                                                                 */s/ Ryan A. Burgett*
                                                                 Ryan A. Burgett

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 19, 2023, a true and correct copy of the *Second Amended Notice of Rule 2004 Examination of the Debtor Scott Vincent Van Dyke* was served via the court's ECF noticing system to the parties registered to receive ECF notice, including the parties listed below:

Scott Vincent Van Dyke
c/o Matthew Brian Probus
The Probus Law Firm
10497 Town & Country Way, Suite 930
Houston, TX 77024
**Via Email:**    matthewprobus@theprobuslawfirm.com

Scott Vincent Van Dyke
c/o Brendon D. Singh
Susan Tran Adams
Tran Singh LLP
2502 La Branch Street
Houston, TX 77004
**Via Email:**    bsingh@ts-llp.com
                  stran@ts-llp.com

                                                      */s/ Ryan A. Burgett*
                                                            Ryan A. Burgett

HB: 4888-5680-3404.4

# EXHIBIT A

## TOPICS FOR ORAL EXAMINATION

**TOPIC NO. 1:**

The Transfer or conveyance of the Debtor's interest in any property during the 90 days before the Petition Date.[1]

**TOPIC NO. 2:**

The Transfer or conveyance of the Debtor's interest in any property to any Insider of the Debtor during the one-year period before the Petition Date.

**TOPIC NO. 3:**

The Transfer or conveyance of the Debtor's interest in any property to Anglo-Dutch Energy, LLC, Ango-Dutch (Tenge), LLC, any other business entity affiliated with or owned by Debtor, or any other Person or entity during the four-year period preceding the Petition Date.

**TOPIC NO. 4:**

The Transfer or conveyance of the Debtor's interest in any property, not otherwise authorized by an order of the Court, between the Petition Date and May 2, 2023.

**TOPIC NO. 5:**

The source of any Transfers made by You during the one-year period before the Petition Date.

**TOPIC NO. 5:**

The source of Transfers made by You, and not otherwise authorized by an order of the Court, since the Petition Date and through May 2, 2023.

---

[1] Capitalized terms shall have the same meaning and relevant time period as those defined in the Requests for Production attached as Exhibit B.

# EXHIBIT B

## REQUESTS FOR PRODUCTION

### I. INSTRUCTIONS

1. **Production.** The documents requested below may be served: (1) electronically via email on the attorney issuing this subpoena; or (2) by delivering to the issuing attorney's address shown on the subpoena.

2. **Information Claimed as Privileged.** If you clam a privilege, or otherwise cloak from discovery, any document responsive to one or more of the following requests, you must simultaneously comply with Fed. R. Civ. P. 26(b)(5).

3. **Destruction.** If any document that is responsive to one or more of the following requests has been destroyed, lost, or misplaced, you are to state when and under what circumstances such document was destroyed, lost, or misplaced.

4. **Electronically Stored Information.** Electronically stored information should be produced in the following format: single page tiff with a metadata load file, or in the alternative, multi-page .pdfs with each document as a separate electronic file. The production should also be Bates labeled. Furthermore, all emails should be produced with their attachments.

5. **Continuing in Nature.** All requests to produce documents shall be deemed continuing in nature so as to require supplemental production if further documents are obtained or discovered by You between the time You respond to these requests and the final disposition of Debtor's bankruptcy case. Such additional or supplemental information shall be furnished to the Trustee's attorneys within a reasonable time after it becomes known or is obtained.

6. **Relevant Time Period.** Unless otherwise indicated, the requests seek information from May 25, 2019 to the present.

### II. DEFINITIONS

1. "Bankruptcy Case" shall mean the above styled and numbered bankruptcy case, *In re Scott Vincent Van Dyke*, Case No. 21-60052, in the United States Bankruptcy Court for the Southern District of Texas, Victoria Division.

2. "Bankruptcy Court" or "Court" shall refer to the court presiding over the above captioned Bankruptcy Case, the United States Bankruptcy Court for the Southern District of Texas, Victoria Division.

3. "Debtor," "You," or "Your" shall mean Scott Vincent Van Dyke, the above-captioned chapter 7 debtor.

4. "Insider" shall be assigned the meaning set forth in 11 U.S.C. § 101(31)(A).

5. "Requests" shall mean the requests for production below in this Exhibit B.

6. "Petition Date" shall refer to May 25, 2021.

7. "Document" or "Documents" shall include, without limitation, information printed or reproduced or stored or recorded by any process, including electronically stored information as contemplated by Fed. R. Civ. P. 26(f)(3)(c), or written, or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, as well as, without limitation, the following items, namely: agreements, notes, letters, correspondence, contracts, books, periodicals, printed publications, communications, intra office and interoffice communications, telexes, telegrams, memoranda, summaries or records of telephone conversations, summaries and research reports and notebooks, charts, lists, schedules, plans, drawings, photographs, diaries, studies, evaluations, worksheets, minutes or records of meetings including directors' meetings, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants, maps, graphs, reports or opinions regarding oil and/or gas leases, real estate and/or mineral interest appraisals, opinions of counsel, agreements, contracts, nomination forms, reports or summaries of negotiations, court papers, administrative agency papers, transcripts, brochures, pamphlets, advertisements, circulars, promotions material, trade letters, trade magazines and/or newsletters and/or other such trade news publications, press releases, videotapes, radio tapes, other audio tapes, pay stubs and/or receipts and/or other forms evidencing payment, electronic mail or web-based mail, web pages whether or not such web pages have been before or are now available online, story boards, recordings, drafts of documents, and revisions of drafts of documents.

8. "Person" shall include any natural person, partnership, corporation, limited liability company, association, firm, any other type of business formed in the United States or in any other country, and/or any governmental agency along with such entities' officers, employees, agents, servants, attorneys, or representatives, should the context so require.

9. The terms "Transfer" or "Transfers" mean the amount of cash or other property that was transferred to any Person by check, wire transfer, debit, credit, or by any other means, by You.

10. "Communication" shall mean and include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

11. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

12. The singular of any word includes the plural, and the plural includes the singular.

13. "Relating to" shall mean concerning, citing, quoting, regarding, involving, representing, evidencing, constituting, discussing, mentioning, containing, analyzing, supporting,

6

embodying, reflecting, identifying, incorporating, describing, commenting on, referring to, considering, recommending, dealing with or pertaining to, in whole or in part.

### III. REQUESTS

**REQUEST FOR PRODUCTION NO. 1.** All Documents reflecting the source of Transfers made by You to any Person during the 90 days before the Petition Date.

**REQUEST FOR PRODUCTION NO. 2.** All Documents reflecting the source of Transfers made by You to any Insider during the one-year period before the Petition Date.

**REQUEST FOR PRODUCTION NO. 3.** All Documents reflecting the source of Transfers made by You to Anglo-Dutch Energy, LLC, Ango-Dutch (Tenge), LLC, or any other business entity affiliated with or owned by You during the four-year period before the Petition Date.

**REQUEST FOR PRODUCTION NO. 4.** All Documents reflecting the source of Transfers made by You to any Person, not otherwise authorized by order of the Court, since the Petition Date.

**REQUEST FOR PRODUCTION NO. 5.** All account statements for Debtor's bank account with Frost Bank, account number ending in ****360, between the period of May 2017 and December 2018, if any.

**REQUEST FOR PRODUCTION NO. 6.** All account statements for Theresa Van Dyke's bank account with JPMorgan Chase Bank, N.A., account number ending in ****328, for (1) May 2020, and (2) the period between July 2020 and February 2021.

**REQUEST FOR PRODUCTION NO. 7.** All account statements for Theresa Van Dyke's bank account with JPMorgan Chase Bank, N.A., account number ending in ****359, for May 2021.

**REQUEST FOR PRODUCTION NO. 8.** All account statements for any of Debtor's bank accounts between the Petition Date and the present date.

**REQUEST FOR PRODUCTION NO. 9.** All account statements for Theresa Van Dyke's bank account with JPMorgan Chase Bank, N.A., account number ending in ****328, for the period between the Petition Date and the present date.

**REQUEST FOR PRODUCTION NO. 10.** All account statements for Theresa Van Dyke's bank account with JPMorgan Chase Bank, N.A., account number ending in ****359, for the period between the Petition Date and the present date.

**REQUEST FOR PRODUCTION NO. 11.** All documents you have reviewed or consulted in preparation for Your oral examination.

**REQUEST FOR PRODUCTION NO. 12.** All of your federal income tax returns, including any attachments or schedules thereto, whether filed by You or by an agent on Your behalf, for the years ending 2017 and 2018.