**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 (Converted) |
| | § | |
| SCOTT VINCENT VAN DYKE | § | Case No. 21-60052 |
| | § | Hon. Christopher M. Lopez |
| DEBTOR. | § | |

**BUILDERS WEST'S EMERGENCY MOTION FOR RULE 2004
EXAMINATION OF DEBTOR AND FOR RELATED RELIEF**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THE MOVANT SEEKS EMERGENCY RELIEF ON OR BEFORE **MAY 1, 2023.**

**TO THE HONORABLE CHRISTOPHER LOPEZ,
U.S. BANKRUPTCY JUDGE:**

Builders West, Inc. ("Builders West") files this *Emergency Motion for Rule 2004 Examination of Debtor and for Related Relief* ("Motion"), requesting a Rule 2004 Examination of Scott Vincent Van Dyk (the "Debtor"), beginning at **1:00 p.m. on Tuesday, May 2, 2023**, and continuing from day to day until completed. Builders West requests that the examination be taken in person at the Houston offices of Husch Blackwell LLP, 600 Travis Street, Suite 2350, Houston,

Texas 77002, or as may be changed by mutual agreement of the parties.[1] The oral examination will be stenographically recorded by a certified shorthand reporter, may be videotaped, and will relate to the matters identified below and in the attached **Exhibit A**, along with any matter which may affect the administration of the Debtor's estate. Builders West also requests that the Debtor produce the documents listed in **Exhibit A** of this Motion, at least 24 hours prior to the examination, to the extent not they have not already been provided to Builders West. To the extent the Court finds a hearing necessary, Builders West **respectfully requests an emergency hearing on or before May 1st, 2023**.

## RELEVANT BACKGROUND

*A.  Global Mediation and Settlement Agreement*

1. On October 25, 2022, the Debtor participated in an all-day mediation with the Chapter 7 Trustee and certain parties, including Builders West. At all times during that mediation—and, in fact, at all times during the pendency of this Case—the Debtor has asserted his alleged homestead rights in the property located at 1515 South Boulevard, Houston Texas 77006 (the "Property").

2. On November 22, 2022, the Court entered its *Agreed Order Granting Emergency Motion of Chapter 7 Trustee and Debtor Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 for Entry of an Order Approving Settlement* [Doc. No. 267] ("Agreed Settlement Order"), which approved the mediated agreement between, among other parties, the Debtor and the Chapter 7 Trustee ("Settlement Agreement").

---

[1] For convenience of the parties, Builders West is requesting the same date/time and location as the Chapter 7 Trustee's *Amended Notice of Rule 2004 Examination of the Debtor and Subpoena Duces Tecum* ("Amended Notice") [Doc. No. 307]. Prior to filing this Motion, the Chapter 7 Trustee graciously agreed to Builders West's request to use the same date/time and location.

3. As part of this Agreed Settlement Order, and in an effort to work cooperatively with the other major parties of this Case, Builders West agreed to several concessions, including, but not limited to, releasing its recorded abstract of judgment against the Debtor. *See* Agreed Settlement Order, at 2.

4. Pursuant to the Settlement Agreement, the Debtor was required to take certain steps by specific deadlines to pay specific amounts to the Chapter 7 Trustee, as well as the Chapter 7 trustee of Estate of Anglo-Dutch Petroleum International, Inc.

5. The Settlement Agreement set forth a December 31, 2022 deadline by which the Debtor was to obtain a refinancing of his alleged homestead to make the required payments to the Trustees. The Debtor failed to meet this deadline.

6. Since the Debtor failed to meet the December 31st deadline, the Settlement Agreement required that the Debtor "immediately market the Property for sale using Colleen Sherlock of Greenwood King Properties under the same terms and conditions contained in the court order approving her retention."[2] The Debtor finally retained Ms. Sherlock; however, such retention only occurred in the week of March 13, 2023, and only after the Court held a status conference related to the Debtor's failure to comply with the Settlement Agreement.

7. Finally, under the Settlement Agreement, the Debtor had until March 30, 2023, to have "a signed contract for the sale of the Property placed in a title company." In the event that the Debtor fails to meet this March 30th deadline, the Debtor "shall forfeit all claims to the Property, including any exempt property claims, such that all funds resulting from the ultimate sale of the Property shall revert to the Trustee." [*See* Doc. No. 267, at ¶ h]. Builders West shall also "have a judicial lien against the sales proceeds realized by the Trustee's sale of the Property, which judicial

---

[2] On information and belief, the Debtor finally posted the Property for sale on or around Tuesday, March 14, 2022.

3

lien shall for all purposes be deemed the same as the Abstract in all respects and have the same validity, priority and extent of the Abstract." [*See* Doc. No at 3].

8. Neither the Agreed Settlement Order nor the Settlement Agreement address how proceeds should be distributed in the event that the Debtor voluntarily renounces his homestead rights *before* the sale of the Property. Nevertheless, it is undisputable that the Settlement Agreement expressly contemplates that the Debtor's entitlement to proceeds from the sale of the Property wholly arises from the Debtor's claim that the Property is exempt property.

### B. *Debtor's Breach of the Settlement Agreement and Voluntary Renouncement of his Alleged Homestead Rights*

9. As noted above, the Debtor failed to refinance the Property by the Dec. 31st, 2022 deadline. Accordingly, the Debtor was required to *immediately* market the Property for sale with a specified real estate agent. The Debtor failed to follow the terms of the Settlement Agreement, and the Court's Order approving the Settlement Agreement. Not only was the Property not listed for sale immediately, but the Debtor also failed to immediately engage Ms. Sherlock or her company.

10. On February 7, 2023, the Debtor executed and recorded his Non-Homestead Affidavit, renouncing his homestead rights in the Property.

11. On March 7, 2023, the Chapter 7 Trustee filed its *Emergency Motion for Telephonic Status Conference* [Doc. No. 295], outlining, in part, the following: (i) the Debtor's failure to immediately market the property, (ii) the Debtor's failure to retain Ms. Sherlock; and (iii) the Debtor's attempt to refinance the property *after* the Dec. 31st deadline.

12. The Chapter 7 Trustee also discussed the Debtor's executed and recorded Non-Homestead Affidavit. Specifically, the Trustee's Motion provides that:

4

> By his actions, **the Debtor has breached the Settlement Order**. Not only did he fail to obtain a "contract for sale" with the realtor as specifically outlined in the Agreement, **but he also now has fully disclaimed any homestead property right in the house at 1515 South Blvd.** [. . . .] The Debtor has acted in a manner that, if allowed to proceed, directly violates the Settlement Order, would deprive the estate of the benefit of its bargain regarding the mediated Settlement Agreement, as well as deprive Ms. Sherlock and her company of the ability to market and sell the Property and to earn the commission under the terms and conditions approved by this Court. It bears repeating that the Settlement Order was the product of an agreement by the parties (guided by Judge Jones as mediator) for whom counsel was present both in the mediation and in front of this Court when the terms of the agreement were presented and approved by the Court.

Doc. No. 295, at ¶ 5 (emphasis added).

### C. Debtor's Alleged "Sale" of the Property

13. On March 31, 2023, the Debtor filed its *Status Report on Sale of Home* [Doc. No. 302], stating that Ms. Colleen Sherlock submitted a "fully executed real estate purchase contract for the 1515 South Blvd. property into a title company, Capital Title" (hereinafter, the "Contract").

14. On April 3, 2023, the Chapter 7 Trustee filed her *Comment to Debtor's Status Report of Sale of Home* [Doc. No. 304], asserting that she "believe[d] that the purported sale reflected in the Status Report (the 'Sale') is a sham to perpetrate a fraud on the Court and the parties," and that this was "not a true sale, but disguised financing meant to be a work-around to this Court's pronouncement that there must be a sale to adhere to the settlement order." [Doc. No. 304, at ¶ 1].

### RELIEF REQUESTED

15. By this Motion, Builders West requests an order from the Court directing the examination of the Debtor under Bankruptcy Rule 2004 (the "Examination") at **1:00 p.m. on Tuesday, May 2, 2023**, and continuing from day to day until completed, in order to examine the facts and circumstances surrounding the execution of the Contract.

5

16. Builders West requests that the Examination will be taken in person at the Houston offices of Husch Blackwell LLP, 600 Travis Street, Suite 2350, Houston, Texas 77002, or as may be changed by mutual agreement of the parties.

17. Builders West also requests entry of an order from the Court directing the Debtor to produce the documents set forth in **Exhibit A** (the "Documents") at least 24 hours prior to the date and time of the Examination. Such documents will assist Builders West: (i) determine whether the Contract is legitimate; and (ii) decide whether bringing a formal challenge to the legitimacy of the Sale.

18. Builders West requests that the Court shorten all relevant notice periods under Local Bankruptcy Rule 2004 to two (2) days or such other date as this Court orders.

19. Finally, Builders West requests that authority to employ subpoena powers to compel the Debtor's attendance at the Examination, as authorized by Bankruptcy Rule 2004(c).

20. Emergency Relief Requested. Builders West attempted to confer (via email) with Debtor's counsel on Friday, April 21, 2023. In that email, Builders West attached a copy of the Rule 2004 Notice, which is attached hereto as Exhibit A. After receiving no response, Builders West followed up again on Monday, April 24, 2023. Debtor's counsel stated that they would object to Builders West's Rule 2004 Notice, despite the fact that Builders West (in an effort to minimize time constraints of all parties) was seeking to examine the Debtor on the same date/time and location as the Ch. 7 Trustee's Amended Notice.

21. Builders West is seeking emergency relief because the Ch. 7 Trustee's Amended Notice has the Debtor's examination set for May 2nd, 2023 – which is eight (8) days from the date hereof.[3]

---

[3] Builders West is happy to take the Debtor's examination on another date and time, and is willing to conduct the examination virtually to the extent that is helpful to the Debtor. Builders West chose May 2nd in an effort to minimize time constraints on all parties.

22. Builders West is in the process of evaluating and prosecuting a potential challenge of the Sale and Contract -- and, therefore, needs to conduct discovery. To the extent that the documents produced show no fraud in connection with procuring the Contract, or breach of the Agreed Settlement Order and Settlement Agreement, then Builders West reserves the right to withdraw/cancel its oral Examination of the Debtor.

## ARGUMENT AND AUTHORITIES

23. This Court has jurisdiction over the Bankruptcy Case and the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding under 28 U.S.C. § 157 (b)(2).

24. Rule 2004 provides that, "[o]n motion of any party in interest, the court may order the examination of any entity." FED. R. BANKR. P. 2004(a); *see also In re Fearn*, 96, B.R. 135, 138 (Bankr. S.D. Ohio 1989) (the "examination is not limited to the debtor or his agents, but may be properly extend to creditors and third parties who have had dealings with the debtor"); *In re GHR Energy Corp.*, 35 B.R. 534, 537 (Bankr. D. Mass. 1983); *In re Maidman*, 2 B.R. 18, 18-19 (Bankr. S.D. Fla. 1979).

25. The scope of the Rule 2004 examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." FED. R. BANKR. P. 2004(b). "The purpose of a Rule 2004 examination is to determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors." *In re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000).

26. The scope of a Rule 2004 examination is "extremely broad," and has even been likened by some courts to a "lawful 'fishing expedition.'" (quoting *Bank One, Columbus N.A. v. Hammond* (*In re Hammond*), 140 B.R. 197, 201 (S.D. Ohio 1992)). "[T]he scope of a [ ] Rule 2004 examination is 'unfettered and broad.' Its purpose is to facilitate the discovery of assets and the unearthing of frauds

and has been likened to a quick 'fishing expedition' into general matters and issues regarding the administration of the bankruptcy case." *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) (quoting *In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983). The standard for granting a Rule 2004 examination is whether the movant has "good cause." *In re Hammond*, 140 B.R. at 201.

27. Builders West has good cause for seeking the Examination of the Debtor. Builders West has reason to believe that the Contract does not evidence a legitimate Sale, and may be the product of fraud on the Court and the Debtors' creditors. Stated differently, the purported Sale appears to be disguised financing – and Builders West is entitled to investigate and seek discovery on matters related to the Contract and/or Sale, including, without limitation: (i) the facts and circumstances related to the procurement of the Contract; and the timing of when the Contract was transmitted to/accepted by the title company.

28. Rule 2004 also contemplates the production of documents as evidence by part (c) of Rule 2004, which provides, "[t]he attendance of an entity for examination and for the production of documents . . . may be compelled." FED. R. BANKR. P. 2004(c). Builders West lacks personal knowledge of the documents, and requires the production of such documents in connection with its investigation.

29. The Documents requested by Builders West are narrowly focused on and critical in allowing Builders West to evaluate whether to file a formal challenge of the purported Sale.

## SCOPE OF THE EXAMINATION AND DOCUMENT REQUESTS[4]

30. Builders West seeks to conduct the Examination of the Debtor regarding the following areas:

---

[4] All capitalized but undefined terms in this Section shall have the same meaning as ascribed to them in Exhibit A.

8

**TOPIC NO. 1**: The *Agreed Order Granting the Emergency Motion of the Chapter 7 Trustee and Debtor Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 for Entry of an Order Approving Settlement Agreement* (the "Agreed Order and Settlement Agreement"), entered by the Bankruptcy Court on Nov. 22, 2022 at Doc. No. 267.

**TOPIC NO. 2**: All of the Debtor's efforts to market, refinance, and sell the House, following the entry of the Agreed Order and Settlement Agreement.

**TOPIC NO. 3**: All of the Debtor's and Debtor's counsel's communications and dealings with the Buyer regarding the sale and/or refinancing of the House, as contemplated in the Agreed Order and Settlement Agreement.

**TOPIC NO. 4**: All of the Debtor's and Debtor's counsel's communications and dealings with the Colleen Sherlock and/or Greenwood King Properties regarding the sale contemplated in the Agreed Order and Settlement Agreement.

**TOPIC NO. 5**: All of the Debtor's and Debtor's counsel's communications and dealings with the Allison Mayo and/or Capital Title regarding the sale contemplated in the Agreed Order and Settlement Agreement.

**TOPIC NO. 6**: The Debtor's Non-Homestead Affidavit.

**TOPIC NO. 7**: Any questions relating to documents produced in response to the Requests set forth in Exhibit B.

31.   Further, as part of its investigation, Builders West has a need for any and all documentary evidence (the "Documents") in the possession of the Debtor regarding the issues described above and in **Exhibit A,** and requests that the Debtor be ordered to produce such documents.

[*Remainder of Page Left Blank Intentionally.*]

## **PRAYER**

**WHEREFORE,** Builders West respectfully requests that the Court enter an order: (i) granting this Motion; (ii) ordering the Examination, and ordering the Debtor to submit to the Examination; (iii) ordering the production of the Documents; (iv) authorizing Builders West to employ subpoena powers to compel the same; (v) shortening all relevant notice periods to 2 days; and (vi) granting Builders West such other and further relief to which it may be entitled.

Dated: April 24, 2023                             Respectfully submitted:

                                            */s/ Lloyd A. Lim*
                                            Lloyd A. Lim
                                            State Bar No. 24056871
                                            Rachel Thompson Kubanda
                                            State Bar No. 24093258
                                            Rachel.Kubanda@keanmiller.com
                                            KEAN MILLER LLP
                                            711 Louisiana Street,
                                            South Tower, Suite 1800
                                            Houston, Texas 77002
                                            Telephone: (713) 844-3000
                                            Telecopier: (713) 844-3030

                                            *Counsel for Builders West, Inc.*

**CERTIFICATE OF CONFERENCE**

I certify that, on April 21, 2023, the undersigned counsel attempted to confer with Debtor's counsel regarding the scheduling of the Examination and the production of documents. On April 21st, 2023, Builders West attached a copy of the Rule 2004 Notice in its email to Debtor's counsel. After receiving no response, the undersigned reached out again by email on April 24, 2024 -- and Debtor's counsel said that they would object to the Rule 2004 Notice. Therefore, out of an abundance of caution, Builders West's counsel filed this Emergency Motion.

                                                      */s/ Rachel T. Kubanda*
                                                      Rachel T. Kubanda

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on April 24, 2023, a copy of the foregoing document served to all parties entitled to receive notices through the Court's CM/ECF system.

                                                       */s/ Rachel T. Kubanda*
                                                      Rachel T. Kubanda