IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 (Converted) |
| | § | |
| SCOTT VINCENT VAN DYKE | § | Case No. 21-60052 |
| | § | Hon. Christopher M. Lopez |
| DEBTOR. | § | |

**BUILDERS WEST, INC.'S NOTICE OF RULE 2004 EXAMINATION
AND SUBPOENA DUCES TECUM**

TO: Greenwood King Properties, Attn: Shannon Skurner / Colleen Sherlock, 3201 Kirby Drive, Houston, TX 77098,

**PLEASE TAKE NOTICE** that pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 2004-1, and in connection with the above-referenced bankruptcy proceeding, Builders West, Inc. ("Builders West") will conduct a Rule 2004 Examination of Ms. Colleen Sherlock ("Ms. Sherlock") of Greenwood King Properties, beginning at **1:00 p.m. on Wednesday, May 10, 2023** (the "Examination"), and continuing from day to day until completed. The examination will be taken in person at Kean Miller LLP's Houston office located at 711 Louisiana St., Suite 1800, Houston, Texas 77002, or as may be changed by mutual agreement of the parties. The oral examination will be stenographically recorded by a certified shorthand reporter, may be videotaped, and will relate to the matters identified in the attached **Exhibit A**, along with any matter which may affect the administration of the Debtor's estate.

In addition, and at least 24 hours before the Examination, and pursuant to Fed. R. Bankr. P. 2004(c) and BLR 2004-1(d), Greenwood King is required to produce the documents, electronically stored information, and tangible things in the attached **Exhibit B** via email to or by delivery to Kean Miller, LLP, 711 Louisiana Street, Suite 1800, Houston, Texas 77002. Any

creditor or party in interest that intends to appear at the Rule 2004 Examination should notify the undersigned to coordinate attendance.

Dated: April 25, 2023        Respectfully submitted:

       By:    */s/ Lloyd A. Lim*
            Lloyd A. Lim
            State Bar No. 24056871
            Rachel Thompson
            Kubanda State Bar No. 24093258
            Michelle Friery
            State Bar No. 24040934
            KEAN MILLER LLP
            711 Louisiana Street,
            South Tower, Suite 1800 Houston, Texas 77002
            Telephone: (713) 844-3025
            Telecopier: (713) 844-3030

            *and*

            DALE R. MELLENCAMP
            State Bar No. 13920250 Federal Bar No. 7718
            14711 Pebble Bend Drive
            Houston, Texas 77068
            Telephone: (713)862-5599
            Facsimile: (713)868-9444

            ATTORNEY FOR BUILDERS WEST, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the April 25, 2023, a copy of the foregoing instrument was served on the parties entitled to receive notices through the Court's electronic notification system as permitted by the Local Rules of the U.S. Bankruptcy Court for the Southern District of Texas. This document was also served, on April 25, 2023, by mail and email to:

    Shannon Skurner, Legal Counsel
    Greenwood King Properties
    3201 Kirby Drive,
    Houston Texas 77098
    Email: ShannonSkurner@GreenwoodKing.com

                                              */s/ Rachel T. Kubanda*
                                              Rachel T. Kubanda

## EXHIBIT A

## TOPICS FOR ORAL EXAMINATION[1]

**TOPIC NO. 1**: The *Agreed Order Granting the Emergency Motion of the Chapter 7 Trustee and Debtor Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 for Entry of an Order Approving Settlement Agreement* (the "Agreed Order and Settlement Agreement"), entered by the Bankruptcy Court on Nov. 22, 2022 at Doc. No. 267.

**TOPIC NO. 2**: All of Colleen Sherlock's and/or Greenwood King Properties' communications and dealings with Debtor and Debtor's counsel relating to the House.

**TOPIC NO. 3**: All of Colleen Sherlock's and/or Greenwood King Properties' communications and dealings with Capital Title relating to the House, including any potential or actual contract(s) to buy the House.

**TOPIC NO. 4**: All of Colleen Sherlock's and/or Greenwood King Properties' communications and dealings (if any) with the Buyer relating to the House.

**TOPIC NO. 5**: All of Colleen Sherlock's and/or Greenwood King Properties' communications and dealings with any potential buyer(s) relating to the House, including any potential and/or draft contract(s) to buy the House.

**TOPIC NO. 6**: Any questions relating to documents produced in response to the Requests set forth in Exhibit B.

---

[1] Capitalized terms shall have the meaning ascribed to them in Exhibit B, attached hereto.

**EXHIBIT B**

**REQUESTS FOR PRODUCTION**

I.      **INSTRUCTIONS**

1.      **Production.** The documents requested below may be served: (1) electronically via email on the attorney issuing this subpoena; or (2) by delivering to the issuing attorney's address shown on the subpoena.

2.      **Information Claimed as Privileged.** If you clam a privilege, or otherwise cloak from discovery, any document responsive to one or more of the following requests, you must simultaneously comply with Fed. R. Civ. P. 26(b)(5).

3.      **Destruction.** If any document that is responsive to one or more of the following requests has been destroyed, lost, or misplaced, you are to state when and under what circumstances such document was destroyed, lost, or misplaced.

4.      **Electronically Stored Information.** Electronically stored information should be produced in the following format: single page tiff with a metadata load file, or in the alternative, multi-page .pdfs with each document as a separate electronic file. The production should also be Bates labeled. Furthermore, all emails should be produced with their attachments.

5.      **Continuing in Nature.** All requests to produce documents shall be deemed continuing in nature so as to require supplemental production if further documents are obtained or discovered by You between the time You respond to these requests and the final disposition of Debtor's bankruptcy case. Such additional or supplemental information shall be furnished to the Trustee's attorneys within a reasonable time after it becomes known or is obtained.

6.      **Relevant Time Period.** Unless otherwise indicated, the requests seek information from May 25, 2019 to the present.

## II. DEFINITIONS

1. "Bankruptcy Case" shall mean the above styled and numbered bankruptcy case, *In re Scott Vincent Van Dyke*, Case No. 21-60052, in the United States Bankruptcy Court for the Southern District of Texas, Victoria Division.

2. "Bankruptcy Court" or "Court" shall refer to the court presiding over the above captioned Bankruptcy Case, the United States Bankruptcy Court for the Southern District of Texas, Victoria Division.

3. "Buyer" shall refer to Fairview Investment Fund VI, LP, and its officers, employees, agents, servants, attorneys, and/or representatives, including but not limited to Carson Rasmussen.

4. "Capital Title" shall mean Capital Title of Texas, LLC, and its employees, agents, servants, attorneys, and/or representatives, including but not limited to Ms. Allison Mayo and Jodi Hestand.

5. "Counsel" shall refer to the Debtor's legal counsel of record in the Bankruptcy Case.

6. "Debtor" shall mean Scott Vincent Van Dyke, the above-captioned chapter 7 debtor.

7. "Greenwood King Properties" shall mean Greenwood King Properties, Inc., and its affiliates, employees, agents, servants, attorneys, and/or representatives, including but not limited to Ms. Colleen Sherlock and Ms. Shannon Skurner.

8. "House" shall refer to 1515 South Blvd., Houston Texas 77006.

9. "Petition Date" shall refer to May 25, 2021.

10. "You" shall mean Greenwood King Properties.

11. "Requests" shall mean the requests for production below in this Exhibit B.

12. "Document" or "Documents" shall include, without limitation, information printed or reproduced or stored or recorded by any process, including electronically stored information as contemplated by Fed. R. Civ. P. 26(f)(3)(c), or written, or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, as well as, without limitation, the following items, namely: agreements, notes, letters, correspondence, contracts, books, periodicals, printed publications, communications, intra office and interoffice communications, telexes, telegrams, memoranda, summaries or records of telephone conversations, summaries and research reports and notebooks, charts, lists, schedules, plans, drawings, photographs, diaries, studies, evaluations, worksheets, minutes or records of meetings including directors' meetings, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants, maps, graphs, reports or opinions regarding oil and/or gas leases, real estate and/or mineral interest appraisals, opinions of counsel, agreements, contracts, nomination forms, reports or summaries of negotiations, court papers, administrative agency papers, transcripts, brochures, pamphlets, advertisements, circulars, promotions material, trade letters, trade magazines and/or newsletters and/or other such trade news publications, press releases, videotapes, radio tapes, other audio tapes, pay stubs and/or receipts and/or other forms evidencing payment, electronic mail or web-based mail, web pages whether or not such web pages have been before or are now available online, story boards, recordings, drafts of documents, and revisions of drafts of documents.

13. "Person" shall include any natural person, partnership, corporation, limited liability company, association, firm, any other type of business formed in the United States or in any other

country, and/or any governmental agency along with such entities' officers, employees, agents, servants, attorneys, or representatives, should the context so require.

14. The terms "Transfer" or "Transfers" mean the amount of cash or other property that was transferred to any Person by check, wire transfer, debit, credit, or by any other means, by You.

15. "Communication" shall mean and include every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, text message, mail, personal delivery, or otherwise.

16. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

17. The singular of any word includes the plural, and the plural includes the singular.

18. "Relating to" shall mean concerning, citing, quoting, regarding, involving, representing, evidencing, constituting, discussing, mentioning, containing, analyzing, supporting, embodying, reflecting, identifying, incorporating, describing, commenting on, referring to, considering, recommending, dealing with or pertaining to, in whole or in part.

[*Continued to Next Page.*]

**III.     REQUESTS**

1. **REQUEST FOR PRODUCTION NO. 1**:  All Communications and Documents between You and the Debtor relating to the House.

2. **REQUEST FOR PRODUCTION NO. 2**:  All Communications and Documents between You and the Debtor's counsel relating to the House.

3. **REQUEST FOR PRODUCTION NO. 3**:  All Communications and Documents between You and the Buyer relating to the House.

4. **REQUEST FOR PRODUCTION NO. 4**:  All Communications and Documents between You and Capital Title relating to the House.

5. **REQUEST FOR PRODUCTION NO. 5**:  All Communications and Documents since the Petition Date between You and any other potential buyer relating to the sale of the House, including but not limited to draft sale/purchase contracts.

# **EXHIBIT A**

**Subpoena for Rule 2004 Examination**

# UNITED STATES BANKRUPTCY COURT

_____Southern_____ District of _____Texas_____

In re _____Scott Vincent Van Dyke_____  Case No. ____21-60052_____
                       Debtor

Chapter _____7_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Greenwood King Properties, Attn: Shannon Skurner / Colleen Sherlock, 3201 Kirby Drive, Houston, Texas 77098

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Kean Miller LLP<br>711 Louisiana St., Ste. 1800<br>South Tower<br>Houston, TX 77002 | May 10, 2023 at 1:00 pm CT |

The examination will be recorded by this method: __See Exhibit "A" attached hereto and made a part__

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Exhibit "A" attached hereto and made a part

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 25, 2023

          CLERK OF COURT

                                            OR

_____                ___/s/ Lloyd A. Lim_____
*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Builders West, Inc._____ , who issues or requests this subpoena, are:

Lloyd A. Lim, Kean Miller LLP, 711 Louisiana St., Ste. 1800, South Tower, Houston, TX 77002; Lloyd.Lim@keanmiller.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)