IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| SCOTT VINCENT VAN DYKE | § § | CASE NO. 21-60052<br>CHAPTER 7 |
| | § § | |
| DEBTOR | § | JUDGE CHRISTOPHER M. LOPEZ |

**FEE APPLICATION COVER SHEET FOR FIRST AND FINAL APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES BY HUSCH BLACKWELL LLP AS GENERAL COUNSEL FOR TRUSTEE FOR THE PERIOD FROM MARCH 14, 2022 THROUGH OCTOBER 31, 2023**

| | | |
|---|---|---|
| Name of Applicant: | | Husch Blackwell LLP |
| Applicant's Professional Role in Case: | | General Counsel for the Trustee |
| Date Order of Retention Signed: | | May 19, 2022 |
| | Beginning of Period | Ending of Period |
| Total period covered in application | March 14, 2022 | October 31, 2023 |
| Time Periods covered by any prior applications | N/A | N/A |
| Total amounts awarded in all prior applications | | $0.00 |
| Total fees applied for in this application and in all prior applications | | $153,822.30 |
| Total fees applied for in this application (including any retainer amounts to be applied) | | $153,822.30 |
| Total professional fees requested in this application | | $138,837.48 |
| Total professional hours covered by this application | | 270.50 |
| Average hourly rate for professionals | | $513.26 |
| Total paraprofessional fees requested in this application | | $14,984.82 |
| Total paraprofessional hours covered by this application | | 57.80 |
| Average hourly rate for paraprofessionals | | $259.25 |

HB: 4884-4205-1464.2

| Reimbursable expenses sought in this application | $2,164.89 |
|---|---|
| Application Cost | $6,856.01 |
| Husch Blackwell Voluntary Reductions | $5,987.19 |
| Total of other payments paid to Secured Claimants | $1,981,986.50[1] $43,572.12[2] |
| Total of other payments paid to Administrative Claimants | $1,280.86 |
| Estimated Total for distribution to Priority Unsecured Creditors | Not Applicable. |
| Expected % dividend to be paid to Priority Unsecured Creditors | Not Applicable |
| Estimated total for distribution to General Unsecured Creditors | $80,800.00[3] $282,000.00[4] |
| Expected % dividend to be paid to General Unsecured Creditors | Approx. 4.5%[5] |
| Expected amount to be paid to all pre-petition creditors | $2,388,358.62[6] |
| Receipts to date | $249,000.00 |
| Disbursements to date | $1,280.86 |
| Current balance in the Trustee's accounts | $247,719.14 |

---

[1] Sale of homestead completed per mediation agreement paid secured mortgage on Debtor's homestead in full.
[2] Sale of homestead completed per mediation agreement paid secured property taxes on Debtor's homestead in full.
[3] Amount for final distribution to General Unsecured Creditors.
[4] Sale of homestead completed per mediation agreement paid Estate of Anglo-Dutch Petroleum, Inc. in full.
[5] Includes amount received by Estate of Anglo-Dutch Petroleum, Inc.
[6] Amount includes postpetition accrued interest on mortgage and property taxes.

HB: 4884-4205-1464.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SCOTT VINCENT VAN DYKE, | § | CASE NO. 21-60052 |
| | § | CHAPTER 7 |
| | § | |
| DEBTOR | § | JUDGE CHRISTOPHER M. LOPEZ |

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES BY HUSCH BLACKWELL LLP AS GENERAL COUNSEL FOR TRUSTEE FOR THE PERIOD FROM <u>MARCH 14, 2022 THROUGH OCTOBER 31, 2023</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO:   THE HONORABLE CHRISTOPHER M. LOPEZ,
      UNITED STATES BANKRUPTCY JUDGE

Catherine Stone Curtis, Chapter 7 Trustee, (the "<u>Trustee</u>") of the above-referenced bankruptcy estate, by and through her undersigned counsel Husch Blackwell LLP ("<u>Applicant</u>" or "<u>Husch Blackwell</u>"), files the *First and Final Application for Compensation and for Reimbursement of Expenses by Husch Blackwell LLP as General Counsel for the Trustee for the Period from*

HB: 4871-7163-6360.5

*March 14, 2022 through October 31, 2023* (the "Final Application"). Husch Blackwell herein requests the Court's final approval for compensation of $153,822.30 in professional fees and $2,164.89 in reimbursement of expenses ("Total Fees and Expenses") for the period of March 14, 2022 through October 31, 2023 (the "Final Application Period"). **Based on discussions with the Trustee, Husch Blackwell has agreed to accept $150,000.00 as a total distribution for the Total Fees and Expenses.** In support of the Final Application, Husch respectfully submits as follows:

### I. BACKGROUND

A. THE BANKRUPTCY FILING AND APPOINTMENT OF THE TRUSTEE

1. On May 25, 2021 (the "Petition Date"), Scott Vincent Van Dyke (the "Debtor") filed a voluntary petition for relief pursuant to subchapter V under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code"), thereby commencing the above-styled bankruptcy case (the "Case").

2. On or about June 1, 2021, Melissa Haselden was appointed to serve as the subchapter V trustee (the "Subchapter V Trustee") in the Case.

3. On January 31, 2022, the Case was converted from Chapter 11 to Chapter 7 by this Court's *Order Converting Case to Chapter 7* [Dkt. No. 129] and the Subchapter V Trustee was removed.

4. After several appointments and rejections of appointments (*see* Dkt. Nos. 131, 135 and 137), Catherine Stone Curtis was appointed Successor Chapter 7 Trustee on February 11, 2022 [Dkt. No. 138].

2

5. On May 19, 2022, the Trustee filed her *Notice of Assets, Notice to Creditors and Other Parties in Interest of the Need to File Claims.* [Docket No. 171]. On May 23, 2022, the Trustee held and concluded the Debtor's statutory meeting of creditors.

B. **THE EMPLOYMENT OF COUNSEL FOR THE TRUSTEE**

6. In March 2022, the Trustee and Husch Blackwell began discussions to transition her representation to Husch Blackwell for this Case. On April 19, 2022, the Trustee filed her *Motion to Substitute and Application to Employ Husch Blackwell as General Counsel* [Docket No. 158]. On May 19, 2022, after motion and a hearing, the Court entered the *Order Granting Trustee's Motion to Substitute and Application to Employ Husch Blackwell as General Counsel* [Dkt. No. 170] (the "Husch Blackwell Employment Order"). As part of the negotiations, Husch Blackwell agreed to a reduction in its hourly rates. Lynn Butler's rate was reduced from $675 an hour to $575 an hour. All other timekeepers were given a 15% reduction on their hourly rates.

7. Husch Blackwell has performed legal services as counsel to the Trustee pursuant to the Husch Blackwell Employment Order and the Trustee's requests. All of the services rendered by Husch Blackwell were performed for and on behalf of the Trustee and not on behalf of any committee, creditor, or other person.

8. Husch Blackwell is a full-service law firm, with 25 offices and more than 1,000 attorneys serving clients around the world. The Austin office is composed of attorneys duly licensed to practice law before the courts of the State of Texas, the United States District Court for the Southern District of Texas, the United States Bankruptcy Court for the Southern District of Texas, and other relevant courts. Husch Blackwell's Austin offices are located at 111 Congress Avenue, Suite 1400, Austin, Texas 78701.

HB: 4871-7163-6360.5

9. Husch Blackwell has made the disclosures required by law and has no agreement or understanding with any other person with respect to sharing the compensation to be allowed Husch Blackwell for services rendered in the Case.

10. If Husch Blackwell is not allowed compensation as requested herein, such denial would have the effect of Husch Blackwell having provided, without compensation, valuable services, expertise and experience to the Trustee and would undermine the intent of section 330 of the Bankruptcy Code.  *See, Matter of Baldwin United Corp.,* 36 B.R. 401 (Bankr. S.D. Ohio 1984); *In re Wilson Foods Corp.,* 36 B.R. 317 (Bankr. W.D. Okla. 1984).  This is the first and final application for compensation filed by Husch Blackwell in the Case.

## II.  THE AMOUNT OF FEES AND EXPENSES REQUESTED

11. This Final Application seeks final approval and allowance for Husch Blackwell's professional services rendered and out-of-pocket expenses incurred during the Final Application Period.  Husch Blackwell rendered a total of 328.30 hours of professional and paraprofessional services on behalf of the Trustee during the Final Application Period.  Attached hereto as **Exhibit "A"** is a detailed statement of the services performed by Husch Blackwell for the Estate.  Included in Exhibit A is a statement reflecting the hours spent on the Case and the blended hourly rate of each participating attorney and paralegal.

12. As shown in detail in Exhibit A, Husch Blackwell's professional and paraprofessional fees for the Final Application Period total $153,822.30.  Exhibit A also includes the detail of expenses advanced during the representation in the amount of $2,164.89.  All of Husch Blackwell's services rendered were for and on behalf of the Trustee.  No agreement or understanding exists between Husch Blackwell and any other person with respect to sharing

any compensation awarded to Husch Blackwell in connection with its representation of the Trustee in the Case.

### III.  SUMMARY OF MAJOR TASKS

13. The legal services performed by Husch Blackwell can be summarized by project/task code as set forth below.

14. **Task B110.  Case Administration (2.1 hours; $1,037.61).**  General case administration includes matters not allocable to particular tasks, but which nonetheless must be performed to ensure the Case proceeds properly.  During the Final Application Period, Husch Blackwell, communicated with the Trustee and attended to and addressed various case issues, including the overall logistics of the Case.

15. **Task B120.  Asset Analysis and Recovery (45.5 hours; $24,659.91)**.  Asset Analysis and Recovery includes fees incurred for the identification of potential assets of the Estate and the evaluation of whether further action should be taken in connection therewith. During the Final Application Period, Husch Blackwell represented the Trustee and the Estate in conducting an extensive review of the Debtor's pre-petition accounting practices; investigation and analysis of potential Chapter 5 causes of action and extensive work to resolve objections to Debtor's claimed exemptions.  The initial work included an investigation and inspection of the Debtor's residence and a review of the Debtor's oil and gas corporate holdings.  Husch Blackwell also investigated the Debtor's actions with regard to his mother's probate estate and alleged causes of action against third parties.  A majority of this Task involved the disputes involving the Debtor's residence, his homestead objection and the residential mortgage lender's attempts to foreclose on that property.  The work with regard to the Debtor's residence was resolved by settlement and provided significant value to the Estate.  This Task also includes the

5

dispute regarding the Debtor's production of bank statements and documents to allow the Trustee to complete her due diligence of the Estate's assets.

16. **Task B130.  Asset Disposition and Related Issues. (77.80 hours; $35,929.71)**. Asset Disposition and Related Issues includes fees incurred related specifically to the liquidation of assets, including sales, abandonment and transaction work related to asset disposition, particularly involving the Debtor's residence.  This Task includes the settlement and resolution of the disposition of the Debtor's residence.  This Task also includes objecting to a creditor's attempt to dismiss the Case after a resolution of the Debtor's residence issue had been reached.  Finally, this Task includes the advice and litigation regarding the Debtor's sale of his residence.

17. **Task B140.  Relief from Stay/Adequate protection Proceedings (14.2 hours; $6,341.17)**.  Relief from Stay/Adequate Protection Proceedings includes fees incurred for services relating to Debtor's residential mortgage lender's attempt to lift the automatic stay and proceed with foreclosure on the residence.

18. **Task B150.  Meetings & Communications with Creditors (8.1 hours; $4,657.50)**.  Meetings & Communications with Creditors includes all services related to the meeting of creditors and the communications with the individual creditors.  During the Final Application Period, Husch Blackwell represented the Trustee and the Estate in by attending the section 341 creditors meeting and addressing creditor inquiries.

19. **Task B160.  Fee/Employment Applications (25.2 hours; $8,796.07).** Fee/Employment Applications includes time for preparation and filing of employment and fee applications.  During the Final Application Period, Husch Blackwell assisted the Trustee with the preparation and filing of Husch Blackwell's retention pleading and worked on the preparation of this Final Application.

20. **Task B180. Avoidance Action Analysis and Litigation. (120.0 hours; $56,870.99).** Avoidance Action Analysis and Litigation includes time for review of potential avoiding actions under Chapter 5 of the Code to determine whether pursuit of such actions and adversary proceedings are warranted. This Task includes the Trustee's involvement in the Debtor's homestead dispute, the litigation of that dispute and the resulting mediation. The settlement of that dispute resulted in a payment by the Debtor to the Estate in the amount of $249,000.00. During the Final Application Period, Husch Blackwell assisted the Trustee by obtaining and reviewing Debtor's financial information for preferential and fraudulent transfers. In addition, Husch Blackwell spent time preparing for a 2004 Examination of the Debtor to obtain additional financial information and conducted a substantive review of the supplemental information to identify any potential preferential and fraudulent transfers.

21. **Task B185. Assumption/Rejection of Leases/Contracts (3.2 hours; $1,303.23).** Assumption/Rejection of Leases/Contracts covers the analysis of leases and executory contracts. During the Final Application Period, Husch Blackwell assisted the Trustee with the preparation and prosecution of a motion to extend the deadlines for the Trustee to assume or reject executory contracts and unexpired leases in an effort to afford the Trustee adequate time to analyze the Debtor's executory contracts and unexpired leases to determine if any held value for the Estate and should be preserved.

22. **Task B190. Other Contested Matters (excluding assumption/rejection motions) (2.0 hours; $837.27).** Other Contested Matters (excluding assumption/rejection motions) covers the analysis and preparation of all other motions, opposition to motions and reply memoranda in support of motions.

23. **Task B195. Non-Working Travel (5.2 hours; $2,990.00)**. Non-Working Travel where the court reimburses at less than full hourly rates. During the Final Application Period, Husch Blackwell was required to travel to Houston to represent the Trustee at the mediation and hearings.

24. **Task B310. Claims Administration and Objections (24.2 hours; $9,938.84)**. Claims Administration and Objections is time spent on specific claim inquiries; bar date motions; analyses, objections and allowances of claims. During the Final Application Period, Husch Blackwell advised the Trustee of the claims analysis and assisted the Trustee with preparing, prosecuting and/or settling multiple claim objections resulting in favorable solutions for the Estate. Husch Blackwell also negotiated with creditors with filed claims to either compromise or eliminate the claims. This work resulted in a number of claims being withdrawn in the total amount of $43,883,961.50.

25. **Task B410. General Bankruptcy Advice/Opinions (0.8 hours; $460.00)**. General Bankruptcy Advice/Opinions covers the analysis, advice and/or opinion regarding potential bankruptcy related issues, where no bankruptcy case has been filed. During the Final Application Period, Husch Blackwell assisted the Trustee with general bankruptcy advice.

### III.  THE *FIRST COLONIAL* FACTORS

26. Husch Blackwell has not received any payments for fees or expenses during this Final Application Period.

27. The Fifth Circuit in *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir.), *cert. denied*, 97 S. Ct. 1696 (1977), described certain factors which should be considered in compensating attorneys in Chapter 7 cases. Those factors are discussed in the following paragraphs.

28. <u>Time and labor required and novelty and difficulty of the questions involved</u>. As reflected in Exhibit A, Husch Blackwell attorneys have expended a total of 270.50 hours on the Case during the Final Application Period. During the Final Application Period, the blended hourly rate for the attorneys is $513.26. Husch Blackwell has devoted the time necessary to efficiently attend to the procedures, issues, claims, correspondence, and pleadings involved in the Case. The questions presented were somewhat complex and unique. When initially retained, the Estate had no cash resources. The initial potential for recovery for creditors was less than ideal. The Debtor was a beneficiary of a probate estate but the inheritance was outside of the 180-day period in Bankruptcy Code § 541(a)(5). The Debtor's only assets of any perceived value were his homestead and equity interests in largely defunct oil and gas exploration companies. Additionally, the Debtor had been pursued by judgment creditors for nearly a decade prior to filing bankruptcy, thereby leaving doubt as to any real assets reachable by the Estate. The Case dealt with a number of complicated legal issues: Whether a homestead can lose its exemption status based on being purchased by fraudulent funds; whether a residential mortgage lender can have foreclosure delayed where no mortgage payments are made, whether closely held oil and gas companies hold any interests of public record; and, whether an alleged collusive sale of a homestead meets the requirement of a sale under the Bankruptcy Code. Notwithstanding these problems, the Trustee reached resolutions with the Debtor and various creditor groups that brought in $249,000.00 to the Estate and resolved numerous claims.

29. <u>Reputation of attorneys</u>. The attorneys involved in the Case have regularly appeared before the Courts of the Southern District. These attorneys have significant experience in bankruptcy law including reorganizations and liquidations and have regularly represented

Chapter 11 debtors and Chapters 11 and 7 trustees in both large and small cases for many years. Therefore, Husch Blackwell's attorneys are well qualified to represent the Trustee in the Case.

30. Skill required. The preceding paragraphs reflect the skill required by the Case. A higher than ordinary degree of skill has been required and employed by Husch Blackwell in the representation of the Trustee for the reasons indicated in Paragraph 28 above.

31. Preclusion of other employment. Husch Blackwell was precluded from engaging in other employment only to the extent of the 328.30 hours in the Case during this Final Application Period. Further, during its representation of the Trustee, Husch Blackwell was precluded from representing entities that were or could be adverse to the Trustee and the Estate.

32. Undesirability of the Case. A Chapter 7 case is only undesirable to the extent that Husch Blackwell's compensation is always contingent upon the availability of sufficient assets with which to reimburse Husch Blackwell for its fees and expenses incurred. This case in particular was initially very undesirable, with no readily identifiable assets or pathways to value for the creditor body.

33. Results obtained. Husch Blackwell has efficiently attended to the matters as described above, with recoveries for the Estate as noted above in Paragraph 28. As stated, what was a nearly no-asset case now has $249,000.00 in value based on the Trustee's actions, as assisted by Husch Blackwell.

34. Time limitations imposed by the case. Husch Blackwell's attorneys have been available at all times to meet the Trustee's needs as they have arisen. The time restrictions imposed by the Bankruptcy Code and Rules added some pressure to achieve results within those timeframes.

35. <u>Customary charges for the services rendered</u>.  The hourly rates of Husch Blackwell's attorneys are described at the end of **Exhibit A**.  The rates charged are commensurate with the abilities of the persons involved and are on the low end of the rates customarily charged in this district for excellent legal counsel.  Furthermore, the rates charged in this representation are those customarily charged by Husch Blackwell for equivalent work in non-bankruptcy matters.

36. <u>Contingent nature of the fee</u>.  Any fees to be paid to Husch Blackwell in any chapter 7 case are dependent on the availability of assets and/or recovery of avoidable transfers.  Representation of a bankruptcy trustee is always of a contingent nature because of the uncertainty concerning the existence of sufficient assets for liquidation.  Husch Blackwell was not, however, hired on a percentage contingency agreement, but at the regular hourly rates of the professionals doing the work, subject to available funds.

37. <u>Nature and length of professional relationship with client</u>.  Mr. Butler has represented many Chapter 7 Trustees over the past several years and has established a close working relationship with Ms. Curtis over the course of this representation, as well as over the course of Ms. Curtis' legal career.

38. <u>Awards in similar cases</u>. This Court is familiar with the size of fee awards in cases similar to this Case.  The Court may wish to consider that awards of similar or larger fees have been made in other cases over the past years in this district.

39. <u>Economic administration of the Estate</u>.  In its representation of the Trustee, Husch Blackwell has sought to conserve the Estate and believes that the fees and expenses requested herein were reasonable and necessary in light of the circumstances at the time.

40. Husch Blackwell believes the compensation and reimbursement of expenses sought herein are reasonable and represent work that was necessary to the proper administration of the Estate.

41. Husch Blackwell, in compliance with Rule 2016 of the Bankruptcy Code, hereby states that: (i) no compensation previously received has been shared with any other entity; and (ii) no agreement or understanding exists between Husch Blackwell and any other entity for the sharing of compensation received or to be received for services rendered in connection with the Case. Husch Blackwell did not receive any pre- or post-employment retainer in this matter and is holding no funds belonging to the Trustee, the Debtor, or the Estate.

42. Husch Blackwell has submitted this Application to the Trustee for review prior to filing it, and she has no objection to it. However, based on discussions between the Trustee and Husch Blackwell, notwithstanding the request for full approval of the fees and expenses, Husch Blackwell has agreed to accept $150,000.00 in full satisfaction of the approved fees and expenses.

## IV. <u>CONCLUSION</u>

43. Husch Blackwell LLP prays that this Court, after notice and hearing, enter an Order (i) authorizing the final approval for Husch Blackwell's professional fees of $153,822.30 and expenses of $2,164.89 incurred during this Final Application Period, (ii) authorizing immediate payment of compensation to Husch Blackwell in the total amount of $150,000.00 with such payment being a priority administrative expense under 11 U.S.C. § 507(a)(2); and (iii) granting all such other and further relief, both at law and in equity, to which Husch Blackwell may be entitled.

Date: November 7, 2023                                      Respectfully Submitted,


                                                          By: */s/ Lynn Hamilton Butler*
                                                              Lynn Hamilton Butler
                                                               State Bar No. 03527350
                                                               Husch Blackwell LLP
                                                               111 Congress Avenue, Suite 1400
                                                               Austin, Texas 78701
                                                               (512) 479-9758
                                                               (512) 479-1101 (fax)

                                                          GENERAL COUNSEL FOR CATHERINE CURTIS STONE, CHAPTER 7 TRUSTEE FOR THE DEBTOR'S ESTATE

## CERTIFICATE OF SERVICE

      I hereby certify that on November 7, 2023, a true and correct copy of the foregoing document was served via the Court's CM/ECF notification system and further certify that a copy of the *Notice of Filing First and Final Application for Compensation and for Reimbursement of Expenses by Husch Blackwell LLP as General Counsel for the Trustee for the Period from March 14, 2022 through October 31, 2023* will be served on November 7, 2023, by United States first-class mail to the parties listed on the Creditor Matrix.


                                                          By: */s/ Lynn Hamilton Butler*
                                                               Lynn Hamilton Butler

HB: 4871-7163-6360.5