IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| SCOTT VINCENT VAN DYKE, | § | CASE NO. 21-60052 (CML) |
| | § | (Chapter 7) |
| Debtor. | § | |

**DEBTOR'S MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 105(a) DIRECTING MARY KATHERINE ALONSO, RUDOLPH M. CULP, AND SARAH PATEL PACHECO TO APPEAR AND SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CIVIL CONTEMPT FOR VIOLATING THE POST-DISCHARGE INJUNCTION IMPOSED BY 11 U.S.C. § 524**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE CHRISTOPHER M. LOPEZ, U.S. BANKRUPTCY JUDGE:**

COMES NOW, SCOTT VINCENT VAN DYKE, Debtor in the above styled Chapter 7 bankruptcy case, and makes this his *Debtor's Motion for an Order Pursuant to 11 U.S.C. § 105(a) Directing Mary Katherine Alonso, Rudolph M. Culp, and Sarah Patel Pacheco to Appear and Show Cause Why They Should Not Be Held in Civil Contempt for Violating the Post-Discharge Injunction Imposed by 11 U.S.C. § 524*, and would respectfully show the Court as follows:

## SUMMARY OF FACTS AND RELIEF REQUESTED

1. After the entry of the Debtor's discharge order was entered, Mary Katherine Alonso ("Alonso") and her counsel Sarah Patel Pacheco ("Pacheco"), and the Rudolph M. Culp, the dependent administrator of the estate of Mary Theresa Connelly Van Dyke, deceased ("Culp") (Alonso, Pacheco, and Culp hereinafter collectively referred to as the "Respondents"), have continued to pursue claims against the Debtor in the case styled *Mary Katherine Alonso, et al v. Scott Van Dyke, et al*, Cause No. 501,470-401, In the Probate Court Number Two (2) of Harris County, Texas (the "Probate Lawsuit"). The Respondents have been on notice of the existence of the bankruptcy case for well over two years. On May 24, 2024, the Debtor asked the Respondents by telephone to dismiss their claims against him. On May 29, 2024, the Debtor asked the Respondents again by an email to dismiss their claims as barred by the discharge order and in violation of the post-discharge injunction. On June 10, 2024, Pacheco responded that she and her client Alonso would hold off on proceeding against the Debtor in the Probate Lawsuit until this Court ruled on the discharge issue. Culp has not responded at all.

2. There is no dispute that the Debtor received a discharge order discharging him of all prepetition debts. There is no dispute that the Respondents never filed an adversary proceeding seeking a determination that their claims were not dischargeable. There is no dispute that Alonso's and Culp's claims are prepetition claims that have been discharged in the Debtor's Chapter 7 bankruptcy case. There is no dispute that the post-discharge injunction pursuant to 11 U.S.C. § 524 prohibits the Respondents from proceeding against the Debtor in the Probate Lawsuit. Finally, there is no dispute that the Respondents continued prosecuting the Probate Lawsuit after the Debtor received his discharge.

3. The Debtor seeks an order directing the Respondents to appear before this Court and show cause why they should not be held in civil contempt for proceeding against the Debtor in the Probate Action. The Debtor seeks as sanctions for the contempt his attorney's fees and costs of defending the Probate Lawsuit and the damages caused by the continued prosecution of the claims against him.

## JURISDICTION, CONSTITUTIONAL AUTHORITY, AND VENUE

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(a). This contested matter is a core matter under 28 U.S.C. § 157(b)(2)(A). This Court has the constitutional authority to enter a final order or judgment in this matter. This Court has venue over this case pursuant to 28 U.S.C. § 1409(a).

## RELEVANT BACKGROUND FACTS

5. On May 25, 2021, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Victoria Division (the "Bankruptcy Case")(See Exhibit 1). On May 27, 2021, the Debtor filed an amended petition under Chapter 11 to correct certain technical errors in the initial Chapter 11 petition. (See Exhibit 2).

6. On December 6, 2021, Mary Theresa Connelly Van Dyke (the "Deceased"), mother of the Debtor, died in Houston, Harris County, Texas.

7. On December 15, 2021, Alonso filed her Application for Temporary Administration – Will Not Produced in Court. (Exhibit 3).

8. On December 17, 2021, Alonso filed her Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunction (the "Ancillary Petition") alleging claims and causes of action against the Debtor for breach of fiduciary duty,

seeking a declaratory judgment that the sale of the Deceased's townhome to defendant Payton/Boomer is void, seeking a constructive trust against the proceeds of sale of the townhome, and seeking injunctive relief. (See Exhibit 4).

9. On January 3, 2022, the Debtor filed his Suggestion of Bankruptcy in the Probate Lawsuit, giving notice to the Court and Alonso of the Bankruptcy Case. (See Exhibit 5).

10. The Debtor filed a motion seeking to convert his Bankruptcy Case from one under Chapter 11 to one under Chapter 7 of the Bankruptcy Code. On January 31, 2022, the Bankruptcy Court entered an order granting the motion and converting the Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code. (See Exhibit 6).

11. On January 31, 2022, the Clerk of the Bankruptcy Court entered a Notice of Chapter 7 Bankruptcy Case. (See Exhibit 7). On February 1, 2022, the Clerk entered an Amended Notice of Chapter 7 Bankruptcy Case. (See Exhibit 8). Those notices provided notice that May 2, 2022, was the deadline for filing an objection to the dischargeability of a debt under 11 U.S.C. § 523. Alonso failed to file a complaint under 11 U.S.C. § 523(a) objecting to the dischargeability of her debt against the Debtor.

12. On May 6, 2022, Alonso, joined by the Chapter 7 Trustee of the Bankruptcy Case, Catherine Stone Curtis, filed their Joint Motion for an Order Conditionally Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362 to Permit Certain Probate Proceedings to Continue (the "Motion to Lift Stay"). (See Exhibit 9). On June 7, 2022, the Bankruptcy Court entered its Order Conditionally Modifying the Automatic Stay to Permit Certain Probate Proceedings to Continue (the "Lift Stay Order"). (See Exhibit 10). On June 8, 2022, Alonso filed her Notice of Relief from Stay in Bankruptcy – Scott Van Dyke. (See Exhibit 11).

13. On December 6, 2022, the Bankruptcy Court entered its Order of Discharge in Chapter 7 Bankruptcy Case. (See Exhibit 12).

14. On February 9, 2024, Alonso and Culp filed their Second Amended Petition in the Probate Lawsuit with claims against the Debtor for breach of fiduciary duty, an action for an accounting, and declaratory judgment. Pacheco, an attorney at Jackson Walker, LLP, signed the pleading as counsel on behalf of Alonso. Culp, an attorney at Horrigan, Goehrs, Edwards & Culp, L.L.P., signed the pleading as counsel on behalf of himself in his capacity as "Dependent Administrator With Will Annexed of the Estate of Mary Theresa Connelly Van Dyke, Deceased." (Exhibit 13). The Respondents have begun actively pursuing discovery in the case.

15. On May 24, 2024, the Debtor asked the Respondents by telephone to dismiss their claims against him. On May 29, 2024, the Debtor asked the Respondents again by an email to dismiss their claims as barred by the discharge order and in violation of the post-discharge injunction.

16. The Respondents have refused to dismiss their claims against the Debtor voluntarily.

### ARGUMENT

17. The post-discharge injunction arises as a matter of law upon entry of the order of discharge in a chapter 7 case. 11 U.S.C. § 524. This Court has the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Court may also, sua sponte, take any action or make "any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.*

18. This Court does not need to determine whether the claims in the Probate Lawsuit are discharged – they are discharged as a matter of law by the discharge order since Alonso and Culp

did not obtain a judgment in an adversary proceeding in the Debtor's bankruptcy case determining the debt arising from the claims to be non-dischargeable under 11 U.S.C. § 523(a)(4). And the post-discharge injunction is already in place to stop just this type of post-discharge action against the Debtor. If the Respondents refuse to comply with the post-discharge injunction, the remedy is to sanction the Respondents for their violations of the injunction, award appropriate damages for any future violations, and order the Respondents to dismiss the claims in the Probate Lawsuit or face additional sanctions for violating the Court's order.

### HEARING REQUEST

19. The Debtor respectfully requests that the Court enter an Order to Show Cause to be heard in Houston, Texas on a date that is convenient for the Court sometime after June 24, 2024.

### DAMAGES REQUEST

20. At the hearing, the Debtor intends to offer testimony to support a claim for his attorney's fees and costs incurred in defending against the discharged claims since December 6, 2022. The Debtor will also offer testimony to support other damages he has incurred because of the Respondents' violations of the post-discharge injunction. The Debtor will ask this Court to enter an order awarding him these fees, costs, and other damages and enter an order awarding $1,000.00 for each future action taken against the Debtor in the Probate Lawsuit. Finally, the Debtor will ask this Court to enter an order directing the Respondents to dismiss their claims against the Debtor from the Probate Lawsuit or face additional sanctions for intentionally violating the post-discharge injunction and violating the Court's orders.

Respectfully submitted,

**THE PROBUS LAW FIRM**

By:/s/ *Matthew B. Probus*
    **Matthew B. Probus**
    State Bar No. 16341200
    Fed. I.D. No. 10915

10497 Town & Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 – Telephone
(713) 258-2701 – Telecopy
matthewprobus@theprobuslawfirm.com

*ATTORNEYS FOR DEBTOR,*
*SCOTT VINCENT VAN DYKE*

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 20, 2024, a true and correct copy of the foregoing was served electronically on all parties registered to receive notices through the PACER CM/ECF system, and on the following respondents via United States regular mail, first class, postage prepaid and via email as follows:

    Mary Katherine Alonso
    c/o Sarah Pacheco
    Jackson Walker LLP
    1401 McKinney, Suite 1900
    Houston, Texas 77010
    via email at spacheco@jw.com

    Mary Katherine Alonso
    2305 Barton Creek Blvd.#48
    Austin, Texas 78735

    - and -

    Mary Katherine Alonso
    P.O. Box 93069
    Austin, Texas, 78709

    - and -

Mary Katherine Alonso
4407 Bee Caves Road, Suite 121
Austin, Texas, 78746
Via email at mkalonso@reversegravity.com

Sarah Pacheco
Jackson Walker LLP
1401 McKinney, Suite 1900
Houston, Texas 77010
via email at spacheco@jw.com

Rudolph M. Culp
Horrigan, Goehrs, Edwards & Culp, L.L.P.
1401 Truxillo Street
Houston, Texas 77004
via email at rudy@hgprobate.com

By: */s/ Matthew B. Probus*
Matthew B. Probus