IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 21-60052 (CML) |
| | § | |
| | § | |
| SCOTT VINCENT VAN DYKE | § | Chapter 7 |
| | § | |
| Debtor(s) | § | |

**JOINT MOTION TO CLARIFY THE ORDER
AT DOCKET NO. 176 CONDITIONALLY MODIFYING THE AUTOMATIC
STAY TO PERMIT CERTAIN PROBATE PROCEEDINGS TO CONTINUE**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Mary Katherine Alonso ("Ms. Alonso"), the prior Proposed Executor of the *Estate of Mary Theresa Connelly Van* Dyke, pending as cause no. 501470 in Probate Court No. 2, Harris County, Texas (the "Probate Estate"), and Rudolph M. Culp, the Dependent Administrator of the Estate of Mary Theresa Connelly Van Dyke, Deceased (together with Ms. Alonso, the "Movants"), jointly file this Motion to clarify the *Order Conditionally Modifying the Automatic Stay to Permit Certain Probate Proceedings to Continue* (the "Stay Order," filed at Docket No. 176 and attached as **Exhibit A**).

### Relief Requested

1. While this bankruptcy case was pending and in dire financial trouble, the Debtor breached his fiduciary duty under a power of attorney that had previously been revoked, stole money from his incapacitated mother, and pledged the proceeds from the sham sale of his mother's

40766505

homestead as collateral for his own debt. Now, as a beneficiary of the Probate Estate, Debtor stands to benefit from his own unscrupulous behavior.

2. Following Debtor's fraudulent conduct—which all occurred during the pendency of his chapter 11 bankruptcy—his mother, Mary Theresa Connelly Van Dyke, died in December 2021. The probate proceeding was opened shortly thereafter in Harris County, Texas in December 2021, but the Probate Court did not appoint a dependent administrator to administer the Probate Estate until July 27, 2023.

3. The Dependent Administrator is tasked with prosecuting suits for recovery of personal property, debts, or damages of the Probate Estate and dealing with claims of the Probate Estate and co-beneficiaries against the Debtor's share of the Probate Estate.[1] Further, the Dependent Administrator is tasked with determining the amount of liability that any person, including the Debtor, may have to the Probate Estate, to maximize value for the beneficiaries. This process was the subject of an order of this Court conditionally lifting the automatic stay to allow the Probate Estate and litigation to proceed to determine how the Probate Estate would be distributed as among the beneficiaries. The Debtor has raised his discharge as a bar to the Probate Estate proceeding to determine claims, distributions, and offsets to the Debtor's potential distribution, which the Dependent Administrator is required to do in order to make appropriate distributions. In that process the Dependent Administrator is a party to litigation in the Probate Estate and a beneficiary seeking to determine the Debtor's share and to assert offset for his defalcations and breach of fiduciary duties and other damages.

---

[1] Initially, it appeared that because Mrs. Van Dyke died more than 180 days after the commencement of the bankruptcy estate, her death did not create "property of the estate" under §541 of the Bankruptcy Code to include the Debtor's interest in her Probate Estate assets. The Chapter 7 Trustee wanted to preserve any rights in the event that any property of the estate was in fact included in the Probate Estate.

4. The Movants believed that this Court's Stay Order permitted the probate Estate to proceed to make these determinations, however the Debtor now argues that this Court's subsequent Discharge Order bars those probate determinations. Therefore, this Motion seeks clarification of the Stay Order to determine whether Probate Estate claims arising from Debtor's fraudulent conduct were preserved post-discharge so that the Movants can proceed in Probate Court on the proper course of action in protecting value in the probate estate and fairly distributing that value to the beneficiaries.

## Jurisdiction and Venue

5. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

6. Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

7. On May 25, 2021 (the "Petition Date"), Scott Van Dyke (the "Debtor") filed a voluntary chapter 11 petition.

8. All while the Debtor was in chapter 11, he:

   ➢ diverted over $110,000 from his mother's bank accounts to his own accounts and a company he owned and controlled;

   ➢ pledged as collateral the anticipated proceeds of a future sale of his mother's townhome for a loan in the amount of $25,000; and

   ➢ while his mother was incapacitated, engaged in a sham sale of his mother's townhome for less than fair market value using a revoked power of attorney document and pocketing an initial advance of $218,000.

9. On December 6, 2021, more than 180 days after the Petition Date, the Debtor's and Ms. Alonso's mother, Mary Theresa Connelly Van Dyke, passed away and Ms. Alonso filed for probate of the will and opened the Probate Estate.

3

10. On January 31, 2022, on Debtor's motion, this Court entered its *Order Converting Case to Chapter 7*, which converted the chapter 11 to a chapter 7 bankruptcy case [Docket No. 129].

11. On May 6, 2022, Ms. Alonso (a beneficiary of the Probate Estate and then seeking appointment as the dependent administratrix of the Probate Estate with the Debtor also seeking that appointment), along with the Chapter 7 Trustee, filed their *Joint Motion for an Order Conditionally Modifying the Automatic Stay to Permit Certain Probate Proceedings to Continue* [Docket No. 168] (the "Stay Motion").

12. Ms. Alonso and the Chapter 7 Trustee entered into an agreement on the Stay Motion and, after a hearing, the Court entered the Stay Order on June 7, 2022.

13. In agreeing to the Stay Order, Ms. Alonso's intention was to preserve on behalf of the Estate and all beneficiaries' rights and claims that the Probate Estate may have against the Debtor's *interest in* or *liability to* the Probate Estate.

14. Although given notice, the Debtor did not respond or otherwise object to the Stay Motion or Stay Order. Accordingly, the Probate Estate proceeded in probate court to deal with the various disputed issues primarily involving the Debtor's mishandling, conversion, and defalcation regarding the Probate Estate assets.

15. On December 7, 2022, the Court entered an *Order of Discharge* [Docket No. 284] (the "Discharge Order").

16. On July 27, 2023, Rudolph M. Culp was appointed as the Dependent Administrator of the Estate of Mary Theresa Connelly Van Dyke, Deceased. Thereafter, Mr. Culp became the party with legal authority to prosecute claims on behalf of the Probate Estate as well as object to

the dischargeability of debts due to the Probate Estate.[2] Prior to Mr. Culp's appointment, no party was able to pursue claims on behalf of the Probate Estate.[3]

17. This Court's Stay Order did permit the Debtor's Chapter 7 Trustee to preserve, and potentially later seek to determine, if any Probate Estate property was "property of the estate" of the Debtor, but no such Motion or claim has been asserted by the Chapter 7 Trustee.

### **Basis for Relief**

18. The Movants seek clarification of the Stay Order in order to determine whether provisions of the now final Stay Order are impacted by the Discharge Order.

19. Specifically, Movants seek clarification regarding whether Debtor's liability to the Probate Estate—i.e., for his actions committed under a revoked power of attorney, in breach of his fiduciary duties to the Probate Estate—is subsumed in this Court's Discharge Order, or whether Movants are permitted under the Stay Order to pursue all remedies in the Probate Court available to them against Debtor.

20. Pursuant to the Stay Order, the Court listed several findings including that:

> "[t]he Trustee and Alonso seek to modify the automatic stay[,] which may be applicable to all proceedings by the parties in the Probate Court[,] **and** to allow each party to proceed in the Probate Court **and** to preserve all rights and claims to any interest of the Debtor in and to the [Probate] Estate, [Probate] Estate Property, or liability to the [Probate] Estate, subject to the conditions of this Order." (emphasis added).

---

[2] *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971) ("It is settled in Texas that the personal representative of the estate of the decedent is ordinarily the only person entitled to sue for the recovery of property belonging to the estate."); *Cantu v. Medina*, 2017 LEXIS 9091, at *5 (Tex.App.—Corpus Christi Sept. 28, 2017, no pet.) ("Only a duly qualified and appointed representative of an estate may file suit on the estate's behalf.").

[3] A fact even the Debtor has previously acknowledged. *See Scott Vincent Van Dyke's Original Answer*, Estate of Mary Theresa Connelly Van Dyke, Harris County, Texas, Cause No. 501470, ¶ 8 ("Plaintiff [Mary Katherine] is not the personal representative of Decedent's estate and thus lacks authority to prosecute any claims on behalf of the Estate.").

Stay Order, ¶ 8. As interpreted by the Movants, this paragraph of the Stay Order recognizes and approves the Chapter 7 Trustee's and Alonso's agreement to three separate requests for relief:

> 1) to modify the stay (which may have been applicable to all proceedings in the probate court), **and**
>
> 2) to allow parties to proceed in probate court without restrictions on determining the Debtor's liability to and interest in the Probate Estate, **and**
>
> 3) to preserve all rights and claims to any interest of the Debtor
>
>> i) in and to the Probate Estate,
>>
>> ii) in and to the Probate Estate Property, **or**
>>
>> iii) liability (of the Debtor) to the Probate Estate.

21. Together, with the below paragraphs on pages 2–3 of the Stay Order, the Movants believe that the Stay Order intended to allow the Probate Estate to litigate all Probate Estate claims, including the Debtor's liability to the Probate Estate:

> ORDERED that the stay of all proceedings provided in 11 U.S.C. § 362 be, and is hereby modified and partially lifted to allow the Trustee and Mary Katherine Alonso, as the case may be, *to proceed in the Probate Court to pursue their respective rights and obtain any and all remedies and relief available in the Probate proceeding of the Estate including against:* (i) *the Debtor or the Debtor's rights or interest in the Estate or the Estate's property*; or (ii) *the Debtor's liability to the Estate or to Alonso or to the Trustee*; <u>to the extent</u> that the Debtor is found to have any interest, tangible or intangible, in any of the Estate's property *as determined by the Probate Court*; and it is further
>
> ORDERED that the disposition of any interest, if any, found to belong to the Debtor *in, or to the [Probate] Estate or in, or to, any [Probate] Estate Property*, and to the extent the Trustee asserts a claim thereto, shall be fully preserved to a determination by the Bankruptcy Court as between the bankruptcy estate and any adverse or competing claim of Alonso to such interests of the Debtor.

Stay Order, p. 2–3 (emphasis added).

22. In other words, the Stay Order's language permits the Chapter 7 Trustee and the Movants to proceed in the Probate Court to determine what interest, if any, Debtor has remaining in the Probate Estate based on the Debtor's interest in and liability to the Probate Estate. Thereafter,

6

any interest the Trustee asserts in the Probate Estate's property is subject to further review by this Court. Movants seek clarification that this interpretation is correct.

23. Importantly, prior to July 27, 2023, and appointment of the Dependent Administrator, the Probate Estate did not have a personal representative with legal authority to prosecute claims against Debtor for the fraud he committed. The now appointed Dependent Administrator is the personal representative with legal authority to prosecute the Probate Estate's claims (similar to a chapter 7 trustee and a chapter 7 bankruptcy estate claim) and would be the proper party to bring any dischargeability actions. Here, however, the Probate Estate was never scheduled in the chapter 11 or chapter 7 cases and the Dependent Administrator (which the Debtor was seeking appointment) was not appointed until July 27, 2023, well after any dischargeability deadlines, if applicable, and the Discharge Order. As such, Debtor stands to benefit from defrauding his mother's Probate Estate, and then having that fraud discharged via this Court's Discharge Order, all having occurred before a personal representative with legal authority to prosecute the Probate Estate's claims was appointed.

24. Alternatively, the Debtor's discharge does not prevent Movants from pursuing equitable remedies in the Probate Court, including an accounting from the Debtor. Nor should the discharge impact Movants' ability to prosecute claims against non-debtor defendants. For example, the Debtor's breach of fiduciary duty is an element in other causes of action that Movants are pursuing against other non-debtor defendants. Irrespective of whether Movants can collect damages from Debtor, Movants are still entitled to pursue relief in the form of equitable remedies that necessarily involve Debtor, but do not seek a recovery from Debtor.

25. Finally, it was the Debtor's duty to file accurate schedules and he failed to schedule any interest he had or received in either the funds he took from his mother or in the proceeds he

received from his mother's home sale, since he took the position that the Probate Estate did not hold any "property of the estate."[4] The Debtor also failed to amend his schedules for any potential interest he had in the Probate Estate. Pursuant to rule 1007(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") a debtor is required to amend its schedules within 14 days after a debtor acquires or becomes entitled to acquire any interest in property as provided by section 541(a)(5). *See* Bankruptcy Rule 1007(h). Under rule 1019-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), a debtor must file supplemental schedules within 14 days after entry of an order converting a case from one chapter to another. *See* Bankruptcy Local Rule 1019-1. Here, the Debtor neither amended his schedules after becoming entitled to acquire an interest in his mother's Probate Estate nor did he file supplemental schedules after converting to chapter 7.[5]

26. Movants believe this Court's Stay Order clearly provides that the Probate Court shall determine any rights or liability of the Debtor in and to the Probate Estate, preserving only the Chapter 7 Trustee's right to claim an interest in the assets of the Probate Estate if for some reason a portion of those assets did become property of the estate.

---

[4] Although the schedules note that "Debtor also receives sporadic income from family assistance" [Docket No. 27], we do not believe this covers the funds from his mother or proceeds from the sham sale of his mother's homestead, as that would have required Debtor to alert this Court to the fraud Debtor engaged in.

[5] The Fifth Circuit has consistently held that a debtor has a continuing obligation to disclose post-petition claims, causes of action, and assets. *See In re Flugence*, 738 F.3d 126, 129 n.1 (5th Cir. 2013); *Superior Crewboats, Inc. v. Primary P & I Underwriters (In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004); *Jethrow v. Omnova Solutions Inc.*, 412 F.3d 598, 600 (5th Cir. 2005). Even if the Debtor's inheritance was not property of his bankruptcy estate, the Debtor should still be required to disclose his interest; the Court is the ultimate determiner, *not* the Debtor. *See Flugence*,. 738 F.3d at 130 n.4 (citing *In re Robinson*, 292 B.R. 599, 607 (Bankr. S.D. Ohio 2003) where the court held that "debtors have the absolute duty to report whatever interests they hold in property, even if they believe their assets are worthless or unavailable to the bankruptcy estate . . . [b]ecause the bankruptcy court, not the debtor, decides what property is exempt from the bankruptcy estate.").

Similarly, even if a debtor does not have changes from the original schedules and therefore does not need to file supplemental schedules under Bankruptcy Local Rule 1019-1, the debtor must still file a statement that there are no changes. *See* Bankruptcy Local Rule 1019-1. Debtor did no such thing here

2

The Movants request that the Court enter an order clarifying the Stay Order and granting them any further relief to which they may be entitled.

Dated: June 21, 2024

*/s/ Genevieve M. Graham*
**JACKSON WALKER LLP**
Bruce J. Ruzinsky (TX Bar No. 17469425)
Genevieve M. Graham (TX Bar No. 24085340)
Emily Meraia (TX Bar No. 24129307)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: bruzinsky@jw.com
ggraham@jw.com
emeraia@jw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on June 21, 2024, I caused a copy of the forgoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                              */s/ Genevieve M. Graham*
                                              Genevieve M. Graham

**<u>Exhibit A</u>**

**Stay Order**

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
June 07, 2022
Nathan Ochsner, Clerk

# THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 21-60052-CML |
| | § | |
| SCOTT VINCENT VAN DYKE | § | Chapter 7 |
| | § | |
| Debtor(s) | § | |

### ORDER CONDITIONALLY MODIFYING THE AUTOMATIC STAY TO PERMIT CERTAIN PROBATE PROCEEDINGS TO CONTINUE

Upon the Joint Motion of Catherine Curtis, Chapter 7 Trustee for the Estate of Scott VanDyke and Mary Katherine Alonso, a party in interest requesting an Order Conditionally Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362 to Permit Certain Probate Proceedings to Continue as set out hereinbelow, and finding that this Court has core jurisdiction over the relief sought and due and proper notice and opportunity to be heard has been afforded according to law, and the Court further finds:

1. On May 25, 2021 (the "Petition Date"), Scott VanDyke (herein the "Debtor") filed a voluntary Chapter 11 Petition [Dkt #1] that has since been converted to a Chapter 7 case [Dlt #129], (the "Bankruptcy Case") with Catherine Curtis being appointing and qualifying and is now acting as the Chapter 7 case Trustee (herein "Trustee").

2. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334, which is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Beyond 180 days from the Petition Date, and on or about December 6, 2021 the Debtor's and Alonso's mother Mary Theresa Connelly VanDyke died and probate of her estate has been opened in Harris County, Texas, Docket No. 501470 (the "Estate").

4. The Debtor's sisters, including Mary Katherine Alonso, are heirs to the estate and Alonso has filed her First Amended Application For Probate of Will (the "Application"), a true and accurate copy of which is attached to the Joint Motion whereby Alonso seeks the appointment as the Independent Administrator of the Estate and seeks letters of administration confirming her power and authority.

5.       The Debtor has applied for appointment as the Independent Executor under and pursuant to a Durable Power of Attorney and Living Will set out in the Application.

6.       In response, as set out in the Application filed by Alonso, are a series of claims made by Alonso that the Debtor has breached his fiduciary duty to his mother, to the Estate, and to the family members and is unqualified to serve in a fiduciary capacity to the Estate.

7.       The probate court has jurisdiction over Estate property and the handling of the Estate's property, subject in part to the automatic stay arising upon the Debtors filing of his Bankruptcy Case and the Probate Court has exclusive jurisdiction to administer the Probate Estate but desires that the Trustee and Alonso obtain modification of the automatic stay to allow the determination of all issues related to probate and the right and entitlement of probate-related parties, to be determined by the Probate Court, and subject to the conditions of this Order.

8.       The Trustee and Alonso seeks to modify the automatic stay which may be applicable to all proceedings by the parties in the Probate Court and to allow each party to proceed in the Probate Court and to preserve all rights and claims to any interest of the Debtor in and to the Estate, Estate Property, or liability to the Estate, subject to the conditions of this Order.

and the Court accordingly further finds that good cause exists for the relief requested by both the Trustee and Mary Katherine Alonso in all things, and accordingly, it is

ORDERED that the stay of all proceedings provided in 11 U.S.C. § 362 be, and is hereby modified and partially lifted to allow the Trustee and Mary Katherine Alonso, as the case may be, to proceed in the Probate Court to pursue their respective rights and obtain any and all remedies and relief available in the Probate proceeding of the Estate including against: (i) the Debtor or the Debtor's rights or interest in the Estate or the Estate's property; or (ii) the Debtor's liability to the Estate or to Alonso or to the Trustee; to the extent that the Debtor is found to have any interest, tangible or intangible, in any of the Estate's property as determined by the Probate Court; and it is further

ORDERED that the disposition of any interest, if any, found to belong to the Debtor in, or to, the Estate or in, or to, any Estate Property, and to the extent the Trustee asserts a claim thereto, shall be fully preserved to a determination by the Bankruptcy Court as between the bankruptcy

estate and any adverse or competing claim of Alonso to such interests of the Debtor; and it is further

ORDERED that this determination of competing interest shall be promptly brought by Motion of the Trustee in, and determined exclusively by, this United States Bankruptcy Court; and it is further

ORDERED that the Court retains jurisdiction to modify, amend this Order on the Motion of a party in interest.

Signed: June 07, 2022

_____
Christopher Lopez
United States Bankruptcy Judge