IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 21-60052 (CML) |
| | § | |
| | § | |
| SCOTT VINCENT VAN DYKE | § | Chapter 7 |
| | § | |
| Debtor(s) | § | RE: Docket No. 354 |

## MARY KATHERINE ALONSO, RUDOLPH M. CULP, AND SARAH PATEL PACHECO'S JOINT RESPONSE TO DEBTOR'S SHOW CAUSE MOTION

Mary Katherine Alonso ("Ms. Alonso"), the prior Proposed Executor of the *Estate of Mary Theresa Connelly Van* Dyke, pending as cause no. 501470 in Probate Court No. 2, Harris County, Texas (the "Probate Estate"), Rudolph M. Culp ("Mr. Culp"), the now qualified and serving Dependent Administrator of the Estate of Mary Theresa Connelly Van Dyke, Deceased, and Sarah Patel Pacheco ("Ms. Pacheco"), partner at Jackson Walker LLP (together with Ms. Alonso and Mr. Culp, the "Respondents"), jointly file this response ("Response") to the *Debtor's Motion for an Order Pursuant to 11 U.S.C. § 105(a) Directing Mary Katherine Alonso, Rudolph M. Culp, and Sarah Patel Pacheco to Appear and Show Cause Why They Should Not Be Held in Civil Contempt for Violating the Post-Discharge Injunction Imposed by 11 U.S.C. § 524* [Docket No. 354] (the "Show Cause Motion").[1]

### RESPONSE

1. Respondents admit that on June 10, 2024, Ms. Pacheco responded that she and her client, Ms. Alonso, would hold off on proceeding against the Debtor in the Probate Lawsuit until

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Show Cause Motion.

40867260

this Court ruled on the discharge issue. Mr. Culp admits that he has not responded at all, but the Respondents did cease all actions against the Debtor not later than June 10.

    a. Respondents admit that they have continued to prosecute the case styled *Mary Katherine Alonso, et al v. Scott Van Dyke, et al*, Case No. 501,470-401, pending in Probate Court No. 2 in Harris County, Texas (the "Probate Lawsuit") (until June 10, 2024 notice by Debtor's counsel).

    b. Respondents admit that on January 3, 2022, the Debtor filed his Suggestion of Bankruptcy in the Probate Lawsuit. Respondents admit that the Debtor asked Respondents by telephone to dismiss their claims against him on May 24, 2024.

    c. Respondents admit that on May 29, 2024, the Debtor asked by email that Respondents dismiss their claims against him.

    d. Respondents deny all other allegations in paragraph 1.

2. Respondents admit that they did not file a nondischargeability action against the Debtor as there was not a representative with legal authority to do so on behalf of the estate of Mary Theresa Connelly Van Dyke, due in part to the contest brought by Debtor to the appointment of Ms. Alonso as the administrator of Ms. Van Dyke's Probate Estate. Respondents admit that they sought discovery from Debtor pursuant to a court order in the Probate Court and filed an Amended Petition asserting new causes of action against non-debtor defendantsafter December 6, 2022. Respondents admit that the Bankruptcy Court entered its Order of Discharge at Docket No. 284. Respondents deny all other allegations in paragraph 2.

3. Paragraph 3 of the Show Cause Motion states the relief Debtor seeks, a response to which is not required. To the extent a response is required, Respondents deny the allegations and oppose the requested relief.

4. Respondents admit the allegations in paragraph 4 of the Show Cause Motion.

5. Respondents admit the allegations in paragraph 5 of the Show Cause Motion.

6. Respondents admit the allegations in paragraph 6 of the Show Cause Motion.

7. Respondents admit the allegations in paragraph 7 of the Show Cause Motion.

8. Respondents admit the allegations in paragraph 8 of the Show Cause Motion.

9. Respondents admit the allegations in paragraph 9 of the Show Cause Motion.

10. Respondents admit the allegations in paragraph 10 of the Show Cause Motion.

11. The documents filed by the Clerk of the Bankruptcy Court referenced in paragraph 11 of the Show Cause Motion speak for themselves. Therefore Respondents deny the allegations related to the documents cited and admit the remaining allegations in paragraph 11 of the Show Cause Motion.

12. Respondents admit the allegations in paragraph 12 of the Show Cause Motion.

13. Respondents admit the allegations in paragraph 13 of the Show Cause Motion.

14. Respondents admit that on February 9, 2024, Alonso and Culp filed their Second Amended Petition in the Probate Lawsuit, which did not seek any new relief against Debtor. Respondents admit that Pacheco, an attorney at Jackson Walker LLP, signed the pleading as counsel on behalf of Alonso. Respondents admit that Culp, an attorney at Horrigan, Goehrs, Edwards & Culp, L.L.P., signed the pleading as counsel on behalf of himself in his capacity as dependent administrator of the Probate Estate. Respondents admit to filing an Amended Petition in February 2024 but have not sought discovery since, and deny all other allegations in paragraph 14 of the Motion.

15. Respondents admit that on May 24, 2024, the Debtor asked Respondents by telephone to dismiss their claims against him. Respondents admit that on May 29, 2024, the Debtor asked respondents by email to dismiss their claims against him. Respondents deny all other allegations in paragraph 15.

16. Respondents admit that they have not dismissed their claims against the Debtor, but they ceased any action against the Debtor as stated via email correspondence dated June 10, 2024. Even if the Debtor's discharge bars the Respondents from collecting against the Debtor, the Debtor is a necessary defendant in order for the Respondents to pursue claims against non-debtor parties.[2]

17. Paragraph 17 is a legal argument to which no response is required.

18. Paragraph 18 is a legal argument to which no response is required. The Respondents oppose the requested relief and deny any implied allegations of wrongdoing.

19. Paragraph 19 is a request for hearing for which a response is not required. Respondents are available for a hearing, but do have certain dates that are unworkable in July and August and therefore request that the parties confer on available dates before scheduling..

20. Paragraph 20 is a request for damages for which a response is not required. To the extent a response is required, Respondents deny the allegations and oppose the requested relief.

## LEGAL ARGUMENT

21. In the context of a bankruptcy discharge, civil contempt is not appropriate where the respondent's conduct is *objectively reasonable*. "Under the fair ground of doubt standard, civil contempt may be appropriate when the creditor violates a discharge order based on an *objectively unreasonable understanding* of the discharge order or the statutes that govern its scope." *Taggart v. Lorenzen*, 587 U.S. 554, 562 (2019) (emphasis added).

22. "A decision to invoke the inherent power to sanction requires a finding of bad faith or willful abuse of the judicial process." *In re Moore*, 739 F.3d 724, 729 (5th Cir. 2014) (internal

---

[2] The Probate Lawsuit includes other non-debtor defendants and in order to prove claims against the non-debtor defendants the Respondents will need to prove Debtor's liability.

4

quotations omitted). The finding of bad faith or willful abuse of the judicial process must be supported by clear and convincing evidence. *Id.*

23. Here, the Debtor cannot prove civil contempt under the "fair ground of doubt standard" let alone provide evidence of bad faith or willful abuse by the Respondents. The Show Cause Motion should therefore be denied. The Debtor himself waited over eighteen months to raise this issue. In the meantime, the Debtor filed his original answer in the Probate Court, engaged in discovery in the Probate Court, [MC1]severed the claims related to Debtor's fraudulent conduct in the pretend sale of his mother's homestead from the administration of the Probate Estate, and subsequently continued litigating in the Probate Court. In so doing, Debtor himself demonstrated a subjective belief that all claims concerning his fraudulent conduct were not actually discharged in bankruptcy, which is the reasonable belief of Respondents.

24. Respondents recently filed their *Joint Motion to Clarify the Order at Docket No. 176 Conditionally Modifying the Automatic Stay to Permit Certain Probate Proceedings to Continue* [Docket No. 355] (the "Clarifying Motion"). Respondents filed the Clarifying Motion in good faith and to confirm the scope of the Stay Order at Docket No. 176.

25. As noted in the Clarifying Motion, Respondents reasonably believe that the Court's *Order Conditionally Modifying the Automatic Stay to Permit Certain Probate Proceedings to Continue* [Docket No. 176] (the "Stay Order") was entered to modify the automatic stay and to preserve rights and claims that the parties to the Probate Estate (which includes the continued active participation of the Debtor) may have against the Debtor to determine the Debtor's *interest in* or *liability to* the Probate Estate.

26. Pursuant to the Stay Order, the Court listed several findings including that:

> "[t]he Trustee and Alonso seek to modify the automatic stay[,] which may be applicable to all proceedings by the parties in the Probate Court[,] **and**

> to allow each party to proceed in the Probate Court **and** to preserve all rights and claims to any interest of the Debtor in and to the [Probate] Estate, [Probate] Estate Property, **or** liability to the [Probate] Estate, subject to the conditions of this Order." (emphasis added).

Stay Order, ¶ 8. Respondents reasonably interpret this paragraph of the Stay Order to recognize and approve the Chapter 7 Trustee's and Ms. Alonso's agreement to three separate requests for relief (to which the Debtor did not object):

> 1) to modify the stay (which may have been applicable to all proceedings in the probate court), **and**
>
> 2) to allow parties to proceed in probate court without restrictions on determining the Debtor's liability to and interest in the Probate Estate, **and**
>
> 3) to preserve all rights and claims to any interest of the Debtor
>
> > i) in and to the Probate Estate,
> >
> > ii) in and to the Probate Estate Property, **or**
> >
> > iii) liability (of the Debtor) to the Probate Estate.

27.    Together, with the below paragraphs on pages 2–3 of the Stay Order, Respondents reasonably believe that the Stay Order intended to allow the Probate Estate to litigate all Probate Estate claims, including the Debtor's liability to the Probate Estate:

> ORDERED that the stay of all proceedings provided in 11 U.S.C. § 362 be, and is hereby modified and partially lifted to allow the Trustee and Mary Katherine Alonso, as the case may be, *to proceed in the Probate Court to pursue their respective rights and obtain any and all remedies and relief available in the Probate proceeding of the Estate including against:* (i) *the Debtor or the Debtor's rights or interest in the Estate or the Estate's property*; or (ii) *the Debtor's liability to the Estate or to Alonso or to the Trustee*; <u>to the extent</u> that the Debtor is found to have any interest, tangible or intangible, in any of the Estate's property *as determined by the Probate Court*; and it is further
>
> ORDERED that the disposition of any interest, if any, found to belong to the Debtor *in, or to the [Probate] Estate or in, or to, any [Probate] Estate Property*, and to the extent the Trustee asserts a claim thereto, shall be fully preserved to a determination by the Bankruptcy Court as between the bankruptcy estate and any adverse or competing claim of Alonso to such interests of the Debtor.

Stay Order, p. 2–3 (emphasis added).

28. In other words, the Stay Order's language permits the Respondents to proceed in the Probate Court to determine what interest, if any, Debtor has remaining in the Probate Estate based on the Debtor's interest in and liability to the Probate Estate (including offset against the Debtor's probate distribution share for his bad acts injuring the Probate Estate). Thereafter, any interest the Chapter 7 Trustee asserts in the Probate Estate's *res* (property) is subject to further review by this Court. This interpretation by Respondents is objectively reasonable based on the language of the Stay Order and the parties' intent at the time the Stay Order was entered.

29. Even, arguendo, if the Discharge Order bars the Probate Estate from collecting or offsetting against the Debtor's interest in the *res*, it does not bar prosecution to determine the Debtor's liability *solely* for the purpose of prosecuting and proving claims against non-debtors. The Respondents need certain discovery from the Debtor to determine the scope of his actions in order to determine the scope of liable parties and the liability of those parties. Certain of these claims against non-debtors are dependent on the Debtor's liability so that if the Debtor is dismissed, the claims against these non-debtors may fail.

30. Similarly, even if the Court determines Respondents were not objectively reasonable in their belief that their actions did not violate the Discharge Order, Respondents' conduct does not rise to the level of bad faith or willful abuse required for sanctions. Respondents acted on a good faith belief that the Discharge Order did not alter the Stay Order, which was entered and final long before the Discharge Order. The Debtor's request for damages should be denied.

For the foregoing reasons, Respondents request that this Court deny the Show Cause Motion.

Dated: July 11, 2024

*/s/ Genevieve M. Graham*
**JACKSON WALKER LLP**
Bruce J. Ruzinsky (TX Bar No. 17469425)
Genevieve M. Graham (TX Bar No. 24085340)
Emily Meraia (TX Bar No. 24129307)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:	(713) 752-4200
Facsimile:	(713) 752-4221
Email:	bruzinsky@jw.com
	ggraham@jw.com
	emeraia@jw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on July 11, 2024, I caused a copy of the forgoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                  */s/ Genevieve M. Graham*
                                                  Genevieve M. Graham