IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| IN RE § | |
| § | |
| SCOTT VINCENT VAN DYKE, § | CASE NO. 21-60052 (CML) |
| § | (Chapter 7) |
| Debtor. § | |

### DEBTOR'S MOTION TO ALTER OR AMEND ORDER CLARIFYING ORDER CONDITIONALLY MODIFYING THE AUTOMATIC STAY TO PERMIT CERTAIN PROBATE PROCEEDINGS TO CONTINUE
[Ref. Dkt. No. 358]

TO THE HONORABLE CHRISTOPHER M. LOPEZ, U.S. BANKRUPTCY JUDGE:

COMES NOW, SCOTT VINCENT VAN DYKE, Debtor in the above styled Chapter 7 bankruptcy case, and makes this his *Debtor's Motion to Alter or Amend Order Clarifying Order Conditionally Modifying the Automatic Stay to Permit Certain Probate Proceedings to Continue*, and would respectfully show the Court as follows:

### RELIEF REQUESTED

1. The Debtor respectfully requests this Court to enter an order, pursuant to Fed. R. Civ. P. 59(e) as incorporated by Fed. R. Bankr. P. 9023, altering or amending its Order Clarifying Order Conditionally Modifying the Automatic Stay to Permit Certain Probate Proceedings to Continue (the "Order Clarifying Stay Order"). (Dkt. No. 358). The Debtor requests that this Court amend the first numbered paragraph of the Order Clarifying the Stay Order to read as follows:

> 1. The Stay Order allowed all Probate Estate claims against the Debtor to proceed until the entry of the order of discharge, at which time the claims would be discharged and barred by the post-discharge injunction of 11 U.S.C. § 524(b)(1), unless a judgment were entered determining that the claims against the Debtor are not dischargeable.

1

## JURISDICTION, CONSTITUTIONAL AUTHORITY, AND VENUE

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(a). This contested matter is a core matter under 28 U.S.C. § 157(b)(2)(A). This Court has the constitutional authority to enter a final order or judgment in this matter. This Court has venue over this case pursuant to 28 U.S.C. § 1409(a).

3. This motion to alter or amend the order is timely pursuant to Fed. R. Bankr. P. 9023.

## RELEVANT BACKGROUND FACTS

4. On May 6, 2022, Mary Katherine Alonso ("Alonso") joined by the Chapter 7 Trustee of the Bankruptcy Case, Catherine Stone Curtis, filed their Joint Motion for an Order Conditionally Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362 to Permit Certain Probate Proceedings to Continue (the "Motion to Modify Stay"). (See Exhibit 1). On June 7, 2022, the Bankruptcy Court entered its Order Conditionally Modifying the Automatic Stay to Permit Certain Probate Proceedings to Continue (the "Stay Order"). (See Exhibit 2). On June 8, 2022, Alonso filed her Notice of Relief from Stay in Bankruptcy – Scott Van Dyke. (See Exhibit 3).

5. On December 6, 2022, the Bankruptcy Court entered its Order of Discharge in Chapter 7 Bankruptcy Case. (See Exhibit 4).

6. On February 9, 2024, Alonso and Rudolph M. Culp, the Dependent Administrator of the Estate of Mary Theresa Connelly Van Dyke, Deceased ("Culp") (Alonso and Culp collectively referred to as the "Movants") filed their Second Amended Petition in the Probate Lawsuit with claims against the Debtor for breach of fiduciary duty, an action for an accounting, and declaratory judgment. Pacheco, an attorney at Jackson Walker, LLP, signed the pleading as counsel on behalf of Alonso. Culp, an attorney at Horrigan, Goehrs, Edwards & Culp, L.L.P., signed the pleading as counsel on behalf of himself in his capacity as "Dependent Administrator With Will Annexed of

the Estate of Mary Theresa Connelly Van Dyke, Deceased." (Exhibit 5). The Respondents have begun actively pursuing discovery in the case.

7. On May 24, 2024, the Debtor asked the Respondents by telephone to dismiss their claims against him. On May 29, 2024, the Debtor asked the Respondents again by an email to dismiss their claims as barred by the discharge order and in violation of the post-discharge injunction.

8. On June 21, 2024, the Respondents filed their Joint Motion To Clarify The Order At Docket No. 176 Conditionally Modifying The Automatic Stay To Permit Certain Probate Proceedings To Continue (the "Motion to Clarify"). (Dkt. No. 355). On July 2, 2024, the Debtor filed his response to the Motion to Clarify. (Dkt. No. 356).

9. On July 16, 2024, this Court entered its Order Clarifying Order Conditionally Modifying the Automatic Stay to Permit Certain Probate Proceedings to Continue. (Dkt. No. 358). In the order, the Court held:

> 1. The Stay Order allows all Probate Estate claims against the Debtor to proceed in probate court.
> 2. This Order shall be immediately effective and enforceable upon its entry.
> 3. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

(Dkt. No. 358).

## ARGUMENT

10. Pursuant to Federal Rule of Civil Procedure 59(e), a party may move to have the Court alter or amend its final judgment. This Court's Order Clarifying Stay Order is a final order. Federal Rule of Civil Procedure 59(e) applies in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 9023. A party must file a motion to alter or amend the judgment within 14 days after

3

entry of the final order. The Debtor's motion is thus timely.

11. This Court's order clarifies the Stay Order by stating "The Stay Order allows all Probate Estate claims against the Debtor to proceed." The automatic stay terminated on December 6, 2022, the date on which the discharge order was entered. 11 U.S.C. § 362(c)(2). Upon entry of the discharge order, a post-discharge injunction arose by operation of law. 11 U.S.C. § 524(a)(2) and (3). The Movants did not obtain a judgment in an adversary proceeding in the Debtor's bankruptcy case determining the debt arising from the claims to be non-dischargeable under 11 U.S.C. § 523(a)(4). Therefore, the claims were discharged and barred by the post-discharge injunction.

12. The Court's Stay Order could not have permitted the Probate Estate claims against the Debtor to proceed past the entry of the discharge order unless there were a judgment determining the Probate Estate claims to be nondischargeable.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that this Court enter an order altering or amending its final order clarifying the Stay Order to read:

> 1. The Stay Order allowed all Probate Estate claims against the Debtor to proceed until the entry of the order of discharge, at which time the claims would be discharged and barred by the post-discharge injunction of 11 U.S.C. § 524(b)(1), unless a judgment were entered determining that the claims against the Debtor are not dischargeable.

Respectfully submitted,

THE PROBUS LAW FIRM

By:/s/ Matthew B. Probus
    Matthew B. Probus
    State Bar No. 16341200
    Fed. I.D. No. 10915

4

10497 Town & Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 – Telephone
(713) 258-2701 – Telecopy
matthewprobus@theprobuslawfirm.com

*ATTORNEYS FOR DEBTOR,*
*SCOTT VINCENT VAN DYKE*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2024, a true and correct copy of the foregoing was served electronically on Movants' counsel through the PACER CM/ECF system.

By: */s/ Matthew B. Probus*
Matthew B. Probus