IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 21-60052 (CML) |
| | § | |
| | § | |
| SCOTT VINCENT VAN DYKE | § | Chapter 7 |
| | § | |
| Debtor(s) | § | RE: Docket No. 361 |

**JOINT OBJECTION TO DEBTOR'S MOTION TO AMEND**

Mary Katherine Alonso ("Ms. Alonso"), the prior Proposed Executor of the *Estate of Mary Theresa Connelly Van* Dyke, pending as cause no. 501470 in Probate Court No. 2, Harris County, Texas (the "Probate Estate") and Rudolph M. Culp ("Mr. Culp" and, together with Ms. Alonso, the "Respondents"), the now qualified and serving Dependent Administrator of the Estate of Mary Theresa Connelly Van Dyke, Deceased, jointly file this objection ("Objection") to the *Debtor's Motion to Alter or Amend Order Clarifying Order Conditionally Modifying the Automatic Stay to Permit Certain Probate Proceedings to Continue* [Docket No. 361] (the "Motion to Amend").[1]

**Preliminary Statement**

1. Pursuant to the Stay Order (as defined herein), the Probate Estate's claims against the Debtor were preserved and reserved for determination by the Probate Court. Debtor's Motion to Amend should be denied.

**Factual Background**

2. On May 25, 2021 (the "Petition Date"), Scott Van Dyke (the "Debtor") filed a voluntary chapter 11 petition.

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Motion to Amend.

3. On December 6, 2021, the Debtor's and Ms. Alonso's mother, Mary Theresa Connelly Van Dyke, passed away and Ms. Alonso filed for probate of the will and initiated probate proceedings in the Probate Court.

4. On May 6, 2022, Ms. Alonso (a beneficiary of the Probate Estate and then seeking appointment as the dependent administratrix of the Probate Estate with the Debtor also seeking that appointment), along with the Chapter 7 Trustee, filed their *Joint Motion for an Order Conditionally Modifying the Automatic Stay to Permit Certain Probate Proceedings to Continue* [Docket No. 168] (the "Stay Motion").

5. Ms. Alonso and the Chapter 7 Trustee entered into an agreement on the Stay Motion and, after a hearing, the Court entered the Stay Order on June 7, 2022. In agreeing to the Stay Order, Ms. Alonso's intention was to preserve on behalf of the Estate and all beneficiaries' rights and claims that the Probate Estate may have against the Debtor's *interest in or liability* to the Probate Estate.

6. Although given notice, the Debtor did not respond or otherwise object to the Stay Motion or Stay Order. Accordingly, the Probate Estate proceeded in probate court to deal with the various disputed issues primarily involving the Debtor's mishandling, conversion, and defalcation regarding the Probate Estate assets.

7. On December 7, 2022, the Court entered an Order of Discharge [Docket No. 284] (the "Discharge Order").

8. On July 27, 2023, Mr. Culp was appointed as the Dependent Administrator of the Estate of Mary Theresa Connelly Van Dyke, Deceased.

9. On June 20, 2024, Debtor filed the *Debtor's Motion for an Order Pursuant to 11 U.S.C. § 105(a) Directing Mary Katherine Alonso, Rudolph M. Culp, and Sarah Patel Pacheco to*

*Appear and Show Cause Why They Should Not be Held in Civil Contempt for Violating the Post-Discharge Injunction Imposed by 11 U.S.C. § 524* [Docket No. 354] (the "Show Cause Motion").

10. On June 21, 2024, Respondents filed their *Joint Motion to Clarify the Order at Docket No. 176 Conditionally Modifying the Automatic Stay to Permit Certain Probate Proceedings to Continue* [Docket No. 355] (the "Motion to Clarify").

11. On July 11, 2024, Respondents, along with Sarah Patel Pacheco, filed *Mary Katherine Alonso, Rudolph M. Culp, and Sarah Patel Pacheco's Joint Response to Debtor's Show Cause Motion* [Docket No. 357] ("Show Cause Response").

12. On July 16, 2024, this Court entered its *Order Clarifying the Order Conditionally Modifying the Automatic Stay to Permit Certain Probate Proceedings to Continue* [Docket No. 358] (the "Clarifying Order").

13. On July 24, 2024, the Debtor filed the *Debtor's Reply to Response of Mary Katherine Alonso, Rudolph M. Culp, and Sarah Patel Pacheco to Motion for an Order to Appear and Show Cause* [Docket No. 360] (the "Show Cause Reply") and filed this Motion to Amend. The Respondents file this Objection to the Motion to Amend and will file a sur-reply to the Show Cause Reply.

## **Objection**

14. Debtor is seeking to reverse the Court's Clarifying Order and revise the Stay Order on the basis that "The Court's Stay Order could not have permitted the Probate Estate claims against the Debtor to proceed past the entry of the discharge order unless there were a judgement determining the Probate Estate claims to be nondischargeable." *See* Motion to Amend, ¶ 12. The language of the Stay Order, however, preserved rights and claims that the parties to the Probate

Estate (which includes the continued active participation of the Debtor) may have against the Debtor to determine the Debtor's *interest in* or *liability to* the Probate Estate.

15. Pursuant to the Stay Order, the Court listed several findings including that:

> "[t]he Trustee and Alonso seek to modify the automatic stay[,] which may be applicable to all proceedings by the parties in the Probate Court[,] **and** to allow each party to proceed in the Probate Court **and** to preserve all rights and claims to any interest of the Debtor in and to the [Probate] Estate, [Probate] Estate Property, **or** liability to the [Probate] Estate, subject to the conditions of this Order." (emphasis added).

Stay Order, ¶ 8. This paragraph of the Stay Order recognizes and approves the Chapter 7 Trustee's and Ms. Alonso's agreement to three separate requests for relief (to which the Debtor did not object):

> 1) to modify the stay (which may have been applicable to all proceedings in the probate court), **and**
>
> 2) to allow parties to proceed in probate court without restrictions on determining the Debtor's liability to and interest in the Probate Estate, **and**
>
> 3) to preserve all rights and claims to any interest of the Debtor
>
>> i) in and to the Probate Estate,
>>
>> ii) in and to the Probate Estate Property, **or**
>>
>> iii) liability (of the Debtor) to the Probate Estate.

16. Together, with the below paragraphs on pages 2–3 of the Stay Order, the Stay Order intended to allow the Probate Estate to litigate all Probate Estate claims, including the Debtor's liability to the Probate Estate:

> ORDERED that the stay of all proceedings provided in 11 U.S.C. § 362 be, and is hereby modified and partially lifted to allow the Trustee and Mary Katherine Alonso, as the case may be, *to proceed in the Probate Court to pursue their respective rights and obtain any and all remedies and relief available in the Probate proceeding of the Estate including against:* (i) *the Debtor or the Debtor's rights or interest in the Estate or the Estate's property*; or (ii) *the Debtor's liability to the Estate or to Alonso or to the Trustee*; *to the extent* that the Debtor is found to have any interest, tangible or intangible, in any of the Estate's property *as determined by the Probate Court*; and it is further

> ORDERED that the disposition of any interest, if any, found to belong to the Debtor *in, or to the [Probate] Estate or in, or to, any [Probate] Estate Property*, and to the extent the Trustee asserts a claim thereto, shall be fully preserved to a determination by the Bankruptcy Court as between the bankruptcy estate and any adverse or competing claim of Alonso to such interests of the Debtor.

Stay Order, p. 2–3 (emphasis added).

17. In other words, the Stay Order's language permits the Respondents to proceed in the Probate Court to determine what interest, if any, Debtor has remaining in the Probate Estate based on the Debtor's interest in and liability to the Probate Estate (including offset against the Debtor's probate distribution share for his bad acts injuring the Probate Estate). Thereafter, any interest the Chapter 7 Trustee asserts in the Probate Estate's *res* (property) is subject to further review by this Court. The Court further clarified this language in the Clarifying Order. *See* Clarifying Order, ¶ 1 ("The Stay Order allows all Probate Estate claims against the Debtor to proceed in probate court.").

18. "Compliance with the requisites of an adversary proceeding may be excused by waiver of the parties." *In re Village Mobile Homes, Inc.*, 947 F.2d 1282, 1283 (5th Cir. 1991). Parties waive their right to protest a lack of adversary proceeding when the court affords them all the protections of an adversary proceeding and they fail to litigate after having an opportunity to do so. *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 763 (5th Cir. 1995) (citing *Halverson v. Estate of Cameron (In re Mathiason),* 16 F.3d 234, 238 (8th Cir.1994)). Here, the Debtor had multiple opportunities to object to entry of the Stay Order, which the Respondents believe excepted the Probate Estate claims from the Discharge Order, and failed to do. The Debtor did not file an objection to the Lift Stay Motion and had the opportunity to raise issues at the hearing on the Lift Stay Motion. The Lift Stay Motion put the Debtor on notice that Ms. Alonso was trying to preserve the Probate Estate claims against the Debtor and even detailed what those claims entailed. The

5

Lift Stay Motion laid out that Ms. Alonso was seeking to preserve these claims for the Probate Estate, discussed the Probate Estate claims, and even attached Ms. Alonso's Application for Probate which detailed various causes of action. Further, the original complaint in the Probate court was filed on December 17, 2021, providing the Debtor with actual notice of the Probate Estate's claims against him. Accordingly, the Debtor had notice of the claims and notice of Ms. Alonso's intentions, but failed to litigate, waiving his right to now protest the lack of an adversary proceeding.

19.   Further, the Stay Order appropriately defers jurisdiction to the Probate Court over the Probate Estate's claims. "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006). As such, the Probate Court has exclusive jurisdiction to determine Debtor's rights to the Probate Estate *res*, if any, and disposition of such *res*, which requires analysis of the Probate Estate claims against the Debtor.

20.   Lastly, no party existed to bring an adversary proceeding until July 27, 2023 when Mr. Culp was appointed as the Dependent Administrator of Decedent's Estate. Thereafter, Mr. Culp became the party with legal authority to prosecute claims on behalf of the Probate Estate as well as object to the dischargeability of debts due to the Probate Estate.[2] Prior to Mr. Culp's

---

[2]   *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971) ("It is settled in Texas that the personal representative of the estate of the decedent is ordinarily the only person entitled to sue for the recovery of property belonging to the estate."); *Cantu v. Medina*, 2017 LEXIS 9091, at *5 (Tex.App.—Corpus Christi Sept. 28, 2017, no pet.) ("Only a duly qualified and appointed representative of an estate may file suit on the estate's behalf.").

appointment, which occurred after the deadline to object to dischargeability, no party was able to pursue claims on behalf of the Probate Estate.[3]

For the foregoing reasons, Respondents request that this Court sustain the Objection and deny the Motion to Amend.

Dated:  August 14, 2024

*/s/ Genevieve M. Graham*
**JACKSON WALKER LLP**
Bruce J. Ruzinsky (TX Bar No. 17469425)
Genevieve M. Graham (TX Bar No. 24085340)
Emily Meraia (TX Bar No. 24129307)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:      (713) 752-4200
Facsimile:       (713) 752-4221
Email:              bruzinsky@jw.com
                        ggraham@jw.com
                        emeraia@jw.com

---

[3] A fact even the Debtor has previously acknowledged. *See Scott Vincent Van Dyke's Original Answer*, Estate of Mary Theresa Connelly Van Dyke, Harris County, Texas, Cause No. 501470, ¶ 8 ("Plaintiff [Mary Katherine] is not the personal representative of Decedent's estate and thus lacks authority to prosecute any claims on behalf of the Estate.").

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2024, I caused a copy of the forgoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Genevieve M. Graham*
Genevieve M. Graham