### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### VICTORIA DIVISION

| | | |
|---|---|---|
| **In Re:** | § | **Case No. 21-60052 (CML)** |
| | § | |
| | § | |
| **SCOTT VINCENT VAN DYKE** | § | **Chapter 7** |
| | § | |
| **Debtor(s)** | § | |

### JOINT <u>EMERGENCY</u> MOTION FOR A STATUS CONFERENCE

---

> **Emergency relief has been requested. Relief is requested not later than September 6, 2024.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Mary Katherine Alonso ("<u>Ms. Alonso</u>"), the prior Proposed Executor of the *Estate of Mary Theresa Connelly Van* Dyke, pending as cause no. 501470 in Probate Court No. 2, Harris County, Texas (the "<u>Probate Estate</u>"), Rudolph M. Culp ("<u>Mr. Culp</u>"), the now qualified and serving Dependent Administrator of the Estate of Mary Theresa Connelly Van Dyke, Deceased, and Sarah Patel Pacheco ("<u>Ms. Pacheco</u>"), partner at Jackson Walker LLP (together with Ms. Alonso and Mr. Culp, the "<u>Movants</u>"), jointly file this *Joint <u>Emergency</u> Motion for a Status Conference* (the "<u>Motion</u>").

### <u>Preliminary Statement</u>

1.      After filing his motion seeking to hold Movants in contempt for allegedly violating the post-discharge injunction of 11 U.S.C. Section 524 (Docket No. 354), and after briefing from both sides (*See* Docket Nos. 357 and 360), but before any ruling from this Court, Debtor has now filed a United States District Court complaint against Movants initiating Case No. 24-cv-03179

seeking the same relief but ignoring the standing *Order of Reference to Bankruptcy Judges, General Order 2012–6* (S.D. Tex. May 24, 2021) (the "Order of Reference").  As such, Movants request that the Court set a status conference at which Scott Vincent Van Dyke (the "Debtor") and his counsel can address the complaint (the "Complaint," a copy of which is attached hereto as **Exhibit A**) filed against Ms. Alonso, Mr. Culp, Ms. Pacheco, and Jackson Walker LLP in the United States District Court for the Southern District of Texas ("District Court") alleging causes of action pursuant to violation of the post-discharge injunction imposed by section 524(a) under title 11 of the United States Code (the "Bankruptcy Code") and how Debtor and his counsel proposes to bring the Complaint against the Movants before this Court in compliance with the Order of Reference.

2.      Under the Order of Reference, proceedings arising under the Bankruptcy Code or related to a case pending under the Bankruptcy Code are automatically referred to the Bankruptcy Court unless the civil actions and proceedings are "specifically withdrawn from the general reference to the Bankruptcy Court." Order of Reference, ¶ (1)(B).  The Complaint filed in the District Court by the Debtor and his counsel is a core proceeding that arises under the Bankruptcy Code.  The Debtor and his counsel have not filed a motion to withdraw the Order of Reference as it relates to the Complaint that is now pending in District Court.[1]

3.      Debtor's Complaint is not only subject to the Order of Reference, but also a collateral attack of final orders of this Court. The Debtor's Complaint should either be dismissed or transferred to this Court for disposition.  All issues related to the post-discharge injunction and

---

[1]      In addition to the Complaint in the District Court, the Debtor filed the *Debtor's Motion for an Order Pursuant to 11 U.S.C. § 105(a) Directing Mary Katherine Alonso, Rudolph M. Culp, and Sarah Patel Pacheco to Appear and Show Cause Why They Should Not be Held in Civil Contempt for Violating the Post-Discharge Injunction Imposed by 11 U.S.C. § 524* [Docket No. 354] (the "Show Cause Motion"), which will require identical findings on the same issues.

any purported violation should be resolved in this Court to avoid forum shopping and potentially inconsistent findings of fact and so that the fundamental principle of judicial economy is served.

4.      The Complaint is further improper given this Court's Clarifying Order and Debtor's pending Motion to Amend (each as defined herein).  The Complaint directly contradicts this Court's Clarifying Order and appears to be an attempt to end-run the appeal process.

### Relief Requested and Emergency Consideration

5.      The causes of action in the Complaint are a core proceeding and therefore should be automatically transferred to this Court pursuant to the Order of Reference. As such, Movants request that the Court set a status conference for Debtor and his counsel to address the Complaint and how they propose to bring the Complaint against the Movants before this Court in compliance with the Order of Reference.

6.      The deadline for Movants to answer the Complaint in District Court is September 16, 2024.  Movants therefore request emergency consideration of this Motion by no later than September 6, 2024.  The Movants request that the Court set a status conference no later than September 6, 2024 and grant such other and further relief to which they may be entitled.

### Jurisdiction and Venue

7.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

8.      Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

9.      On June 20, 2024, Debtor filed the Show Cause Motion.

10. On June 21, 2024, Ms. Alonso and Mr. Culp filed their *Joint Motion to Clarify the Order at Docket No. 176 Conditionally Modifying the Automatic Stay to Permit Certain Probate Proceedings to Continue* [Docket No. 355] (the "Motion to Clarify").

11. On July 11, 2024, Ms. Alonso, Mr. Culp, and Ms. Pacheco, filed *Mary Katherine Alonso, Rudolph M. Culp, and Sarah Patel Pacheco's Joint Response to Debtor's Show Cause Motion* [Docket No. 357] ("Show Cause Response").

12. On July 16, 2024, this Court entered its *Order Clarifying the Order Conditionally Modifying the Automatic Stay to Permit Certain Probate Proceedings to Continue* [Docket No. 358] (the "Clarifying Order"), which clarified that the *Order Conditionally Modifying the Automatic Stay to Permit Certain Probate Proceedings to Continue* [Docket No. 176] (the "Stay Order") allows all Probate Estate claims against the Debtor to proceed in the Probate Court. *See* Clarifying Order, ¶ 1.

13. On July 24, 2024, the Debtor filed the *Debtor's Reply to Response of Mary Katherine Alonso, Rudolph M. Culp, and Sarah Patel Pacheco to Motion for an Order to Appear and Show Cause* [Docket No. 360] (the "Show Cause Reply") and *Debtor's Motion to Alter or Amend Order Clarifying Order Conditionally Modifying the Automatic Stay to Permit Certain Probate Proceedings to Continue* [Docket No. 358] (the "Motion to Amend").

14. On August 14, 2024, Ms. Alonso and Mr. Culp filed their *Joint Objection to Debtor's Motion to Amend* [Docket No. 362] (the "Objection to Motion to Amend").

15. Notwithstanding the Clarifying Order and the Motion to Amend, on August 26, 2024, Debtor filed *Plaintiff's Original Complaint* [Docket No. 1, Case No. 4:24-cv-03179] against

the Movants[2] in District Court requesting, after a trial by jury, judgment be entered against Movants for (a) actual damages; (b) exemplary and/or punitive damages; (c) a declaratory judgment declaring that the claims, causes of action, and debts of Alonso and Culp asserted in the Probate Case were discharged by the bankruptcy court's discharge order (the "Discharge Order"); reasonable and necessary attorney's fees; and costs of court.

## Basis for Relief

16.    The Complaint is improper given the Order of Reference, the Clarifying Order, and the *pending* Show Cause Motion and Motion to Amend.

17.    The Fifth Circuit has held that claims for violation of the discharge injunction under section 524 of the Bankruptcy Code are core proceedings arising under title 11.  *In re Nat'l Gypsum Co.*, 118 F.3d 1056, 1064 (5th Cir. 1997) (a declaratory judgment action seeking merely a declaration that collection of an asserted pre-confirmation liability is barred by a bankruptcy court's confirmation of a debtor's reorganization plan (and the attendant discharge injunctions under sections 524 and 1141 of the Bankruptcy Code) is a core proceeding arising under title 11."); *In re Gervin*, 300 Fed. Appx. 293, 298 (5th Cir. 2008) ("A proceeding to enforce a discharge injunction is a core proceeding under section 157(b)(2)(O) of title 28.").  Bankruptcy courts also plainly have jurisdiction to interpret and enforce their own prior orders, and such matters fall within the Court's "arising in" and "arising under" jurisdiction.  *Travelers Indem. Co. v. Bailey*, 557 U.S. 157, 151 (2009); *Cano v. GMAC Mortg. Corp. (In re Cano)*, 410 B.R. 506, 546 (Bankr. S.D. Tex. 2009).  The Order of Reference requires that all "proceedings arising under Title 11 or arising in or related to a case under Title 11 of the United States Code are automatically referred to the

---

[2]    Notably, Debtor has now added Jackson Walker, LLP as a Defendant in the District Court complaint and asserted a claim for purported damages suffered.

bankruptcy judges of this district, except . . . [c]ivil actions, bankruptcy cases and proceedings specifically withdrawn from the general reference to the Bankruptcy Court."  Order of Reference, ¶ 1(B).

18.     Debtor's Complaint is a core proceeding arising under Title 11 because the Debtor seeks "a declaratory judgment declaration that the claims, causes of action, and debts of Alonso and Culp asserted in the Probate Case were discharged by the bankruptcy court's discharge order" pursuant to section 524 of the Bankruptcy Code.  The Discharge Order was also issued by this Court, and therefore this Court has jurisdiction to interpet and enforce it.  If not dismissed, the Complaint is subject to the Order of Reference and should automatically be referred to this Court.

19.     Further, the Debtor's Show Cause Motion and Motion to Amend both remain pending in this Court.  The Complaint makes allegations that are substantially similar to what the Debtor alleged in his Show Cause Motion.  The Show Cause Motion seeks to hold Ms. Alonso, Mr. Culp, and Ms. Pacheco in civil contempt for allegedly violating the Discharge Order and seeks sanctions for such alleged violation.  Although the Court has not ruled on the Show Cause Motion or Motion to Amend, the Debtor filed a declaratory action in the District Court based on the same facts and alleged violation that is currently before this Court.

20.     This Court's Clarifying Order makes clear that Movants are not violating the Discharge Order by pursuing the Probate Estate claims in Probate Court.  Unwilling to accept this Court's ruling, the Debtor filed a Motion to Amend, which, like the Show Cause Motion, remains pending before this Court.  Rather than wait for this Court to rule on the Motion to Amend, or even appeal the Clarifying Order, the Debtor is attempting to collaterally attack this Court's prior orders through the District Court.  Debtor makes no mention of the Stay Order, the Clarifying Order

relating thereto, Movants' Motion to Clarify, or the pending Motion to Amend in his Complaint—as doing so would foreclose Debtor's attempted collateral attack.

21.     Debtor and his counsel's attempt to circumvent this Court's prior orders and its continuing core jurisdiction invoked voluntarily by the Debtor should not prevail.  The Movants request an emergency status conference and for any other relief to which they may be entitled.

Dated:  August 30, 2024

*/s/ Genevieve M. Graham*
**JACKSON WALKER LLP**
Bruce J. Ruzinsky (TX Bar No. 17469425)
Genevieve M. Graham (TX Bar No. 24085340)
Emily Meraia (TX Bar No. 24129307)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:        (713) 752-4200
Facsimile:         (713) 752-4221
Email:               bruzinsky@jw.com
                          ggraham@jw.com
                          emeraia@jw.com

**<u>Certificate of Service</u>**

I hereby certify that on August 30, 2024, I caused a copy of the forgoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Genevieve M. Graham*
Genevieve M. Graham

**<u>Exhibit A</u>**

**Complaint**

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Scott Vincent Van Dyke

### DEFENDANTS

Mary Katherine Alsonso, Rudolph M. Culp, Sarah Patel Pacheco, and Jackson & Walker, LLP

**(b)** County of Residence of First Listed Plaintiff   Harris County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Travis County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Matthew Probus, The Probus Law Firm, 10497 Town & Country Way, #930, Houston, TX 77024   (713) 258-2700

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other<br><br>**LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016<br>**SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g)) | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[X] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>[ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | **CIVIL RIGHTS**<br>[ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
11 U.S.C. sec. 524(a) - Violation of the post-discharge injunction from a bankruptcy discharge

Brief description of cause:
Violation of the injunction on discharge of Ch 7 Bankruptcy

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____ DOCKET NUMBER _____

DATE   8/26/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT VINCENT VAN DYKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | (JURY DEMANDED) |
| MARY KATHERINE ALONSO; | § | |
| RUDOLPH M. CULP, Individually and as | § | |
| dependent administer of the estate of | § | |
| Mary Theresa Connelly Van Dyke, | § | |
| Deceased; SARAH PATEL PACHECO; | § | |
| AND JACKSON WALKER, LLP, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

COMES NOW, SCOTT VINCENT VAN DYKE, Plaintiff ("Van Dyke" or the "Plaintiff"), and for cause of action against MARY KATHERINE ALONSO, RUDOLPH M. CULP, Individually and as dependent administrator of the estate of Mary Theresa Connelly Van Dyke, SARAH PATEL PACHECO, and JACKSON WALKER, LLP, would show the Court as follows:

## I.

## PARTIES

1. Plaintiff Scott Vincent Van Dyke is a citizen of the State of Texas residing in Houston, Harris County, Texas.

2. Defendant Mary Katherine Alsonso ("Alonso") is an individual citizen of the State of Texas residing in Austin, Travis County, Texas and may be served by serving her at her principal place of residence located at 2305 Barton Creek Blvd.#48, Austin, Texas 78735, or wherever she

may be found.

3. Defendant Rudolph M. Culp, Individually and as dependent administrator of the estate of Mary Theresa Connelly Van Dyke ("Culp"), is an individual citizen of the State of Texas residing in Houston, Harris County, Texas and may be served by serving him at his principal place of business located at Horrigan, Goehrs, Edwards & Culp, L.L.P., 1401 Truxillo Street, Houston, Texas 77004, or wherever he may be found.

4. Defendant Sarah Patel Pacheco ("Pacheco") is an individual citizen of the State of Texas residing in the Houston metropolitan area and may be served by serving her at her principal place of business located at Jackson Walker, LLP, 1401 McKinney, Suite 1900, Houston, Texas 77010, or wherever she may be found.

5. Defendant Jackson Walker, LLP ("JW") is a Texas limited liability partnership doing business in the State of Texas and may be served by serving its general partner C. Wade Cooper, at its principal office located at 2323 Ross Avenue, Suite 600, Dallas, Texas 75201, or wherever he may be found.

## II.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the matter under 28 U.S.C. § 1331, because the action arises under the laws of the United States. In particular, the Plaintiff's claim is for a violation of the post-discharge injunction under 11 U.S.C. § 524. Further, the Plaintiff seeks a declaratory judgment that the claims of defendants Alonso and Culp have been discharged by the Discharge Order entered in the Plaintiff's Chapter 7 Bankruptcy Case. This Court has personal jurisdiction over the defendants, as they are all citizens of the State of Texas and do business in the State of Texas. Further, the defendants' conduct was committed in the State of Texas.

7.   Venue is proper in this district under 28 U.S.C. § 1391(b), because all the defendants reside in the State of Texas. In addition, a substantial part of the events giving rise to the claim occurred in this district.

### III.

### BACKGROUND FACTS

8.   On May 25, 2021, Van Dyke filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Victoria Division (the "Bankruptcy Case")(See Exhibit 1). On May 27, 2021, Van Dyke filed an amended petition under Chapter 11 to correct certain technical errors in the initial Chapter 11 petition. (See Exhibit 2).

9.   On December 6, 2021, Van Dyke's mother Mary Theresa Connelly Van Dyke (the "Deceased") died in Houston, Harris County, Texas.

10. On December 15, 2021, Alonso filed her Application for Temporary Administration – Will Not Produced in Court. (Exhibit 3).

11. On December 17, 2021, Alonso filed her Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunction (the "Ancillary Petition") alleging claims and causes of action against Van Dyke, who is her brother, for breach of fiduciary duty, seeking a declaratory judgment that the sale of the Deceased's townhome is void, seeking a constructive trust against the proceeds of sale of the townhome, and seeking injunctive relief. (See Exhibit 4).

12. On January 3, 2022, Van Dyke filed his Suggestion of Bankruptcy in the Probate Lawsuit, giving notice to the Probate Court and Alonso of the Bankruptcy Case. (See Exhibit 5).

13. Van Dyke filed a motion seeking to convert his Bankruptcy Case from one under Chapter 11 to one under Chapter 7 of the Bankruptcy Code. On January 31, 2022, the Bankruptcy Court entered an order granting the motion and converting the Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code. (See Exhibit 6).

14. On January 31, 2022, the Clerk of the Bankruptcy Court entered a Notice of Chapter 7 Bankruptcy Case. (See Exhibit 7). On February 1, 2022, the Clerk entered an Amended Notice of Chapter 7 Bankruptcy Case. (See Exhibit 8). Those notices provided notice that May 2, 2022, was the deadline for filing an objection to the dischargeability of a debt under 11 U.S.C. § 523. Alonso failed to file a complaint under 11 U.S.C. § 523(a) objecting to the dischargeability of her debt against Van Dyke.

15. On May 6, 2022, Alonso, joined by the Chapter 7 Trustee of the Bankruptcy Case, Catherine Stone Curtis, filed their Joint Motion for an Order Conditionally Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362 to Permit Certain Probate Proceedings to Continue (the "Motion to Lift Stay"). (See Exhibit 9). On June 7, 2022, the Bankruptcy Court entered its Order Conditionally Modifying the Automatic Stay to Permit Certain Probate Proceedings to Continue (the "Lift Stay Order"). (See Exhibit 10). On June 8, 2022, Alonso filed her Notice of Relief from Stay in Bankruptcy – Scott Van Dyke. (See Exhibit 11).

16. On December 6, 2022, the Bankruptcy Court entered its Order of Discharge in Chapter 7 Bankruptcy Case. (See Exhibit 12).

17. On February 9, 2024, Alonso and Culp filed their Second Amended Petition in the Probate Lawsuit with claims against Van Dyke for breach of fiduciary duty, an action for an accounting, and declaratory judgment. Pacheco, an attorney at JW acting within the course and scope of her duties as an attorney at JW, signed the pleading as counsel on behalf of Alonso.

Pacheco's actions as counsel for Alonso were taken as an agent for Alonso and are binding on Alonso. Culp, an attorney at Horrigan, Goehrs, Edwards & Culp, L.L.P., signed the pleading as counsel on behalf of himself in his capacity as "Dependent Administrator with Will Annexed of the Estate of Mary Theresa Connelly Van Dyke, Deceased." (Exhibit 13).

18. On May 24, 2024, Van Dyke's counsel asked the Defendants by telephone to dismiss their claims against Van Dyke. On May 29, 2024, Van Dyke's counsel asked the Defendants again by an email to dismiss their claims as barred by the discharge order and in violation of the post-discharge injunction.

19. The Defendants have refused to dismiss their claims against Van Dyke voluntarily. Not only have the Defendants refused to dismiss the claims against Van Dyke voluntarily, but they are actively pursuing their claims against him in the Probate Lawsuit. Most recently, Culp has filed a motion to compel an accounting, even though all of the accounting documents were provided to Culp over a year ago. (Exhibit 14).

## IV.

## CAUSES OF ACTION

### Violation of the Post-Discharge Injunction

20. The Defendants' conduct constitutes a violation of the post-discharge injunction imposed by 11 U.S.C. § 524(a). Under section 524(a), a discharge in a case under Title 11 "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). In the Bankruptcy Case, Van Dyke was granted a discharge under 11 U.S.C. § 727. The claims brought by Alonso and Culp were discharged by the discharge order, because those defendants did not request, and the

bankruptcy court did not determine, the claims to be excepted from discharge under 11 U.S.C. § 523(a)(2), (4), or (6), as was required by 11 U.S.C. § 523(c)(1). Nevertheless, after entry of the discharge order, the Defendants continued to take actions against Van Dyke in the Probate Court on the claims and causes of action.

21. As a direct and proximate result of the Defendants' conduct, Van Dyke suffered damages, including but not limited to attorney's fees and costs incurred in defending against the discharged claims since December 6, 2022, mental anguish, and loss of personal and business reputation.

22. The Defendants' conduct was willful and intentional, malicious, oppressive or in reckless disregard of Van Dyke's rights. The Defendants' conduct was committed with actual malice. Alonso has born a deep degree of ill will and spite against Van Dyke through the years. Her conduct in the Probate Case pursuing the claims against Van Dyke has been for the purpose of injuring Van Dyke. In part, her conduct in pursuing claims against Van Dyke is to hide the fact that she has stolen property of the Deceased from the probate estate. Culp's conduct has been taken with a complete indifference to Van Dyke's rights under the discharge order. Further, all the Defendants have acted in the face of the perceived risk that their actions would violate Van Dyke's rights under federal law, namely the post-discharge injunction.  Finally, the Defendants violated the rights of Van Dyke under the post-discharge injunction with unnecessary harshness or severity by misusing or abusing their authority or power and by taking advantage of the weakness and misfortune Van Dyke has lived under trying to establish his fresh start after being discharged of his debts in the bankruptcy. Van Dyke therefore requests an award of exemplary and/or punitive damages against the Defendants.

### Request for Declaratory Judgment

23. Pursuant to 28 U.S.C. § 2201, Van Dyke seeks a declaratory judgment declaring that the claims, causes of action, and debts of Alonso and Culp asserted in the Probate Case were discharged by the bankruptcy court's discharge order.

### V.

### JURY DEMAND

24. In accordance with Fed. R. Civ. P. 38, Van Dyke hereby demands a trial of all issues by jury under the Seventh Amendment of the United States Constitution.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff SCOTT VINCENT VAN DYKE respectfully prays that after a trial by jury, judgment be entered against the Defendants MARY KATHERINE ALONSO, RUDOLPH M. CULP, Individually and as dependent administrator of the estate of Mary Theresa Connelly Van Dyke, SARAH PATEL PACHECO, and JACKSON WALKER, LLP, as follows:

1. Actual damages;

2. Exemplary and/or punitive damages;

3. A declaratory judgment declaring that the claims, causes of action, and debts of Alonso and Culp asserted in the Probate Case were discharged by the bankruptcy court's discharge order;

4. Reasonable and necessary attorney's fees; and

5. Costs of Court.

Respectfully submitted,

**THE PROBUS LAW FIRM**

By:*/s/ Matthew B. Probus*
      **Matthew B. Probus**
      (Attorney-in-Charge)
      State Bar No. 16341200
      Fed. I.D. No. 10915

10497 Town & Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 – Telephone
(713) 258-2701 – Telecopy
matthewprobus@theprobuslawfirm.com

*ATTORNEYS FOR PLAINTIFF,*
*SCOTT VINCENT VAN DYKE*

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

**Southern District of Texas**

Case number (*If known*): _____

Chapter you are filing under:

☐ Chapter 7
☑ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this is an amended filing

# Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

04/20

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint* case—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | **Scott**<br>First name<br><br>**Vincent**<br>Middle name<br><br>**Van Dyke**<br>Last name<br><br>Suffix (Sr., Jr, II, III) | First name<br><br>Middle name<br><br>Last name<br><br>Suffix (Sr., Jr, II, III) |
| **2. All other names you have used in the last 8 years**<br><br>Include your married or maiden names. | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx - xx - __2__ __4__ __3__ __3__<br>OR<br>9xx - xx - ___ ___ ___ ___ | xxx - xx - ___ ___ ___ ___<br>OR<br>9xx - xx - ___ ___ ___ ___ |

EXHIBIT 1

Debtor 1    __Scott_____    __Vincent_____    __Van Dyke_____    Case number *(if known)* _____
            First Name           Middle Name            Last Name

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

About Debtor 1:

☐ I have not used any business names or EINs.

__Anglo-Dutch Energy, LLC_____
Business name

__Anglo-Dutch (Tenge), LLC_____
Business name

_7_ _6_ - _0_ _5_ _3_ _4_ - _0_ _4_ _1_
EIN

_7_ _6_ - _0_ _4_ _3_ - _0_ _1_ _4_ - _0_
EIN

See continuation page.

About Debtor 2 (Spouse Only in a Joint Case):

☐ I have not used any business names or EINs.

_____
Business name

_____
Business name

__ __ - __ __ __ __ __ __ __
EIN

__ __ - __ __ __ __ __ __ __
EIN

**5. Where you live**

__1515 South Boulevard_____
Number      Street

_____

__Houston, TX 77006_____
City                    State   ZIP Code

__Harris_____
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

_____
Number      Street

_____
P.O. Box

_____
City                    State   ZIP Code

**If Debtor 2 lives at a different address:**

_____
Number      Street

_____

_____
City                    State   ZIP Code

_____
County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to you at this mailing address.

_____
Number      Street

_____
P.O. Box

_____
City                    State   ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain.
(See 28 U.S.C. § 1408)

_____

_____

_____

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain.
(See 28 U.S.C. § 1408)

_____

_____

_____

EXHIBIT 1

Official Form 101    Voluntary Petition for Individuals Filing for Bankruptcy    page 2

Debtor 1    **Scott**      **Vincent**      **Van Dyke**
      First Name        Middle Name        Last Name

Case number *(if known)* _____

---

## Part 2:   Tell the Court About Your Bankruptcy Case

**7.**   **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

- ☐ Chapter 7
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

**8.**   **How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments. If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9.**   **Have you filed for bankruptcy within the last 8 years?**

☑ No.
☐ Yes.

| District | When | Case number |
|---|---|---|
| _____ | _____ MM / DD / YYYY | _____ |
| District _____ | When _____ MM / DD / YYYY | Case number _____ |
| District _____ | When _____ MM / DD / YYYY | Case number _____ |

**10.**   **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☐ No.
☑ Yes.

Debtor **Anglo-Dutch Energy, LLC**    Relationship to you **Business**
District **Southern District of Texas**    When **04/23/2021**    Case number, if known **21-60036**
                          MM / DD / YYYY
Debtor _____    Relationship to you _____
District _____    When _____    Case number, if known _____
                          MM / DD / YYYY

**11.**   **Do you rent your residence?**

☑ No.   Go to line 12.

☐ Yes.   Has your landlord obtained an eviction judgment against you?

     ☐ No. Go to line 12.

     ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

**EXHIBIT 1**

| Debtor 1 | **Scott** | **Vincent** | **Van Dyke** | | Case number *(if known)* _____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

### Part 3: Report About Any Businesses You Own as a Sole Proprietor

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No. Go to Part 4.

☐ Yes. Name and location of business

_____
Name of business, if any

_____
Number        Street

_____

_____
City                    State        ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor* or a debtor as defined by 11 U.S. C. § 1182(1)?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor or a debtor choosing to proceed under Subchapter V so that it can set appropriate deadlines.* If you indicate that you are a small business debtor or you are choosing to proceed under Subchapter V, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ No. I am not filing under Chapter 11.

☑ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes. I am filing under Chapter 11, I am a debtor according to the definition in § 1182(1) of the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

### Part 4: Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No.

☐ Yes. What is the hazard? _____

_____

If immediate attention is needed, why is it needed? _____

_____

Where is the property? _____
Number        Street

_____

_____
City                    State        ZIP Code

| Debtor 1 | Scott | Vincent | Van Dyke | Case number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

## Part 5: Explain Your Efforts to Receive a Briefing About Credit Counseling

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

EXHIBIT 1

| Debtor 1 | Scott | Vincent | Van Dyke | Case number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**16. What kind of debts do you have?**

**16a. Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

**16b. Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

**16c.** State the type of debts you owe that are not consumer debts or business debts.

_____

---

**17. Are you filing under Chapter 7?**

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☑ No. I am not filing under Chapter 7. Go to line 18.

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?
   ☐ No
   ☐ Yes

---

**18. How many creditors do you estimate that you owe?**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,000-100,000
☐ More than 100,000

---

**19. How much do you estimate your assets to be worth?**

☑ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☑ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11, 12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**X** /s/ Scott Vincent Van Dyke
Scott Vincent Van Dyke, Debtor 1

Executed on **05/25/2021**
MM/ DD/ YYYY

Debtor 1    **Scott**          **Vincent**          **Van Dyke**                    Case number *(if known)* _____
            First Name          Middle Name          Last Name

| For your attorney, if you are represented by one | I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect. |
|---|---|

**If you are not represented by an attorney, you do not need to file this page.**

**X** **/s/ Susan Tran Adams**                              Date **05/25/2021**
    Signature of Attorney for Debtor                          MM / DD / YYYY

**Susan Tran Adams**
Printed name

**TRAN SINGH, LLP**
Firm name

**2502 La Branch St.**
Number          Street

_____

**Houston**                                          **TX**   **77004**
City                                                 State    ZIP Code

Contact phone **(832) 975-7300**          Email address **stran@ts-llp.com**

**24075648**                                         **TX**
Bar number                                           State

EXHIBIT 1

| Debtor 1 | **Scott** | **Vincent** | **Van Dyke** | Case number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**Additional Items:** Continuation Page

| About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|

**4.** **Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years (cont)**

*Include trade names and doing business as names*

**Anglo-Dutch (Everest), LLC**
Business name

**Anglo-Dutch (Neftenge), LLC**
Business name

**Anglo-Dutch Energy Partners IV, LLC**
Business name

**American Oil & Gas, LLC**
Business name

**Trepador Energy, LLC**
Business name

**Potomac Assets, LLC**
Business name

**Texas Petroleum Operations, LLC**
Business name

**Burgoyne Investments, LLC**
Business name

**7  6** - **0  6  3  3  1  9  7**
EIN

**7  6** - **0  4  9  2  4  1** - **0**
EIN

**4  5  4  6  6  9  6  5  2**
EIN

**7  6** - **0  6  3  1  1  3  9**
EIN

**4  7  4  3  5  8  4  3  2**
EIN

**8  5** - **2  4  8  5  4  0  7**
EIN

**8  5** - **2  4  8  5  4  0  7**
EIN

**8  5** - **2  1  5** - **2  5  1** - **2**
EIN

EXHIBIT 1

**Fill in this information to identify your case:**

| Debtor 1 | **Scott** | **Vincent** | **Van Dyke** |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Southern District of Texas**

Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 104

# For Individual Chapter 11 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims Against You and Are Not Insiders

**12/15**

If you are a individual filing for bankruptcy under Chapter 11, you must fill out this form. If you are filing under Chapter 7, Chapter 12, or Chapter 13, do not fill out this form. Do not include claims by anyone who is an *insider*. Insiders include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20 percent or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Also, do not include claims by secured creditors unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.

**Part 1:** List the 20 Unsecured Claims in Order from Largest to Smallest. Do Not Include Claims by Insiders.

**1**

| | |
|---|---|
| Cadence/Superior Bank | What is the nature of the claim? _____ None _____ $1,885,210.00 |
| Creditor's Name | |
| | As of the date you file, the claim is: Check all that apply. |
| Operations Center | ☐ Contingent |
| Number       Street | ☐ Unliquidated |
| Birmingham, AL 35203 | ☐ Disputed |
| City       State       Zip Code | ☑ None of the above apply |
| | |
| | Does the creditor have a lien on your property? Secured |
| Contact | ☐ No |
| | ☑ Yes. |
| Contact phone | Total claim (secured and unsecured):       $1,885,210.00 |
| | Value of security:       –       $0.00 |
| | Unsecured Claim:       $1,885,210.00 |

EXHIBIT 1

Debtor 1  **Scott**          **Vincent**          **Van Dyke**          Case number *(if known)* _____

First Name     Middle Name        Last Name

|  |  | Unsecured claim |
|---|---|---|

**2**

What is the nature of the claim? _____ CreditCard _____          $46,074.00

Bank of America

Creditor's Name

As of the date you file, the claim is: Check all that apply.

4909 Savarese Circle FL1-908-01-50

☐ Contingent

Number        Street

☐ Unliquidated

Tampa, FL 33634

☐ Disputed

City            State      Zip Code

☑ None of the above apply

Contact

**Does the creditor have a lien on your property? Unsecured**

☑ No

☐ Yes.

Contact phone

Total claim (secured and unsecured):     _____

Value of security:                    – _____

Unsecured Claim:                      _____

**3**

What is the nature of the claim? _____ CreditCard _____          $45,559.00

Chase Card Services

Creditor's Name

As of the date you file, the claim is: Check all that apply.

Attn: Bankruptcy

☐ Contingent

PO Box 15298

☐ Unliquidated

Number        Street

☐ Disputed

Wilmington, DE 19850

☑ None of the above apply

City            State      Zip Code

**Does the creditor have a lien on your property? Unsecured**

Contact

☑ No

☐ Yes.

Contact phone

Total claim (secured and unsecured):     _____

Value of security:                    – _____

Unsecured Claim:                      _____

**4**

What is the nature of the claim? _____ None _____          $13,000.00

Titlemax of Texas

Creditor's Name

As of the date you file, the claim is: Check all that apply.

15 Bull St Ste 200

☐ Contingent

Number        Street

☐ Unliquidated

Savannah, GA 31401-2686

☐ Disputed

City            State      Zip Code

☑ None of the above apply

Contact

**Does the creditor have a lien on your property? Secured**

☐ No

☑ Yes.

Contact phone

Total claim (secured and unsecured):          $13,000.00

Value of security:                    –        $0.00

Unsecured Claim:                             $13,000.00

EXHIBIT 1

| Debtor 1 | **Scott** | **Vincent** | **Van Dyke** | Case number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| | | **Unsecured claim** |
|---|---|---|

### 5

Wells Fargo Dealer Services
_____
Creditor's Name

Attn: Bankruptcy
_____

1100 Corporate Center Drive
_____
Number          Street

Raleigh, NC 27607
_____
City          State     Zip Code

_____
Contact

_____
Contact phone

What is the nature of the claim? _____ None _____     $9,969.00

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed
☑ None of the above apply

**Does the creditor have a lien on your property? Secured**
☐ No
☑ Yes.

| | |
|---|---|
| Total claim (secured and unsecured): | $9,969.00 |
| Value of security: − | $0.00 |
| Unsecured Claim: | $9,969.00 |

### 6

Central Portfolio Control
_____
Creditor's Name

Attn: Bankruptcy Attn: Bankruptcy
_____

10249 Yellow Circle Dr , Ste 200
_____
Number          Street

Minnetonka, MN 55343
_____
City          State     Zip Code

_____
Contact

_____
Contact phone

What is the nature of the claim? _____ CollectionAttorney _____     $3,675.00

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed
☑ None of the above apply

**Does the creditor have a lien on your property? Unsecured**
☑ No
☐ Yes.

| | |
|---|---|
| Total claim (secured and unsecured): | _____ |
| Value of security: − | _____ |
| Unsecured Claim: | _____ |

### 7

Phoenix Financial Services, LLC
_____
Creditor's Name

Attn: Bankruptcy
_____

PO Box 361450
_____
Number          Street

Indianapolis,, IN 46236
_____
City          State     Zip Code

_____
Contact

_____
Contact phone

What is the nature of the claim? _____ CollectionAttorney _____     $777.00

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed
☑ None of the above apply

**Does the creditor have a lien on your property? Unsecured**
☑ No
☐ Yes.

| | |
|---|---|
| Total claim (secured and unsecured): | _____ |
| Value of security: − | _____ |
| Unsecured Claim: | _____ |

EXHIBIT 1

Debtor 1 __Scott__ __Vincent__ __Van Dyke__     Case number *(if known)* _____

First Name     Middle Name     Last Name

**Unsecured claim**

### 8

_____
Creditor's Name

_____
Number     Street

_____

_____
City          State     Zip Code

_____
Contact

_____
Contact phone

**What is the nature of the claim?** _____

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed
☐ None of the above apply

**Does the creditor have a lien on your property?**
☐ No
☐ Yes.

Total claim (secured and unsecured):     _____
Value of security:                      – _____
Unsecured Claim:                          _____

### 9

_____
Creditor's Name

_____
Number     Street

_____

_____
City          State     Zip Code

_____
Contact

_____
Contact phone

**What is the nature of the claim?** _____

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed
☐ None of the above apply

**Does the creditor have a lien on your property?**
☐ No
☐ Yes.

Total claim (secured and unsecured):     _____
Value of security:                      – _____
Unsecured Claim:                          _____

### 10

_____
Creditor's Name

_____
Number     Street

_____

_____
City          State     Zip Code

_____
Contact

_____
Contact phone

**What is the nature of the claim?** _____

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed
☐ None of the above apply

**Does the creditor have a lien on your property?**
☐ No
☐ Yes.

Total claim (secured and unsecured):     _____
Value of security:                      – _____
Unsecured Claim:                          _____

EXHIBIT 1

Debtor 1 __Scott_____ __Vincent_____ __Van Dyke_____         Case number (if known) _____

First Name          Middle Name          Last Name

**Unsecured claim**

**11**

**What is the nature of the claim?** _____

_____
Creditor's Name

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent

_____         ☐ Unliquidated
Number       Street
☐ Disputed

_____         ☐ None of the above apply

_____

City                State      Zip Code      **Does the creditor have a lien on your property?**

☐ No
_____
Contact                             ☐ Yes.

Total claim (secured and unsecured):    _____

_____         Value of security:                    – _____
Contact phone
Unsecured Claim:                       _____

**12**

**What is the nature of the claim?** _____

_____
Creditor's Name

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent

_____         ☐ Unliquidated
Number       Street
☐ Disputed

_____         ☐ None of the above apply

_____

City                State      Zip Code      **Does the creditor have a lien on your property?**

☐ No
_____
Contact                             ☐ Yes.

Total claim (secured and unsecured):    _____

_____         Value of security:                    – _____
Contact phone
Unsecured Claim:                       _____

**13**

**What is the nature of the claim?** _____

_____
Creditor's Name

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent

_____         ☐ Unliquidated
Number       Street
☐ Disputed

_____         ☐ None of the above apply

_____

City                State      Zip Code      **Does the creditor have a lien on your property?**

☐ No
_____
Contact                             ☐ Yes.

Total claim (secured and unsecured):    _____

_____         Value of security:                    – _____
Contact phone
Unsecured Claim:                       _____

EXHIBIT 1

Debtor 1 __Scott__ __Vincent__ __Van Dyke__     Case number *(if known)* _____

First Name     Middle Name     Last Name

**Unsecured claim**

---

**14**

What is the nature of the claim? _____

_____
Creditor's Name

As of the date you file, the claim is: Check all that apply.

❏ Contingent

_____
Number    Street

❏ Unliquidated

❏ Disputed

❏ None of the above apply

_____
City     State    Zip Code

Does the creditor have a lien on your property?

❏ No

_____
Contact

❏ Yes.

Total claim (secured and unsecured): _____

Value of security: – _____

_____
Contact phone

Unsecured Claim: _____

---

**15**

What is the nature of the claim? _____

_____
Creditor's Name

As of the date you file, the claim is: Check all that apply.

❏ Contingent

_____
Number    Street

❏ Unliquidated

❏ Disputed

❏ None of the above apply

_____
City     State    Zip Code

Does the creditor have a lien on your property?

❏ No

_____
Contact

❏ Yes.

Total claim (secured and unsecured): _____

Value of security: – _____

_____
Contact phone

Unsecured Claim: _____

---

**16**

What is the nature of the claim? _____

_____
Creditor's Name

As of the date you file, the claim is: Check all that apply.

❏ Contingent

_____
Number    Street

❏ Unliquidated

❏ Disputed

❏ None of the above apply

_____
City     State    Zip Code

Does the creditor have a lien on your property?

❏ No

_____
Contact

❏ Yes.

Total claim (secured and unsecured): _____

Value of security: – _____

_____
Contact phone

Unsecured Claim: _____

---

EXHIBIT 1

Debtor 1    **Scott**              **Vincent**            **Van Dyke**                    Case number *(if known)* _____

     First Name        Middle Name       Last Name

**Unsecured claim**

**17**

What is the nature of the claim? _____

_____
Creditor's Name

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent

_____
Number     Street

☐ Unliquidated

☐ Disputed

_____

☐ None of the above apply

_____
City         State    Zip Code

**Does the creditor have a lien on your property?**

☐ No

_____
Contact

☐ Yes.

Total claim (secured and unsecured):   _____

_____

Value of security:           – _____

Contact phone

Unsecured Claim:          _____

**18**

What is the nature of the claim? _____

_____
Creditor's Name

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent

_____
Number     Street

☐ Unliquidated

☐ Disputed

_____

☐ None of the above apply

_____
City         State    Zip Code

**Does the creditor have a lien on your property?**

☐ No

_____
Contact

☐ Yes.

Total claim (secured and unsecured):   _____

_____

Value of security:           – _____

Contact phone

Unsecured Claim:          _____

**19**

What is the nature of the claim? _____

_____
Creditor's Name

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent

_____
Number     Street

☐ Unliquidated

☐ Disputed

_____

☐ None of the above apply

_____
City         State    Zip Code

**Does the creditor have a lien on your property?**

☐ No

_____
Contact

☐ Yes.

Total claim (secured and unsecured):   _____

_____

Value of security:           – _____

Contact phone

Unsecured Claim:          _____

EXHIBIT 1

Debtor 1    **Scott**          **Vincent**          **Van Dyke**                        Case number *(if known)* _____
            First Name       Middle Name         Last Name

                                                                                              **Unsecured claim**
                                                                                    _____

**20**

                                        **What is the nature of the claim?** _____

                                        **As of the date you file, the claim is:** Check all that apply.
_____
Creditor's Name                         ☐ Contingent

                                        ☐ Unliquidated
_____
Number      Street                      ☐ Disputed

                                        ☐ None of the above apply
_____

                                        **Does the creditor have a lien on your property?**
_____               ☐ No
City              State    Zip Code     ☐ Yes.

_____               Total claim (secured and unsecured):    _____
Contact                                 Value of security:                    – _____
                                        Unsecured Claim:                        _____
_____
Contact phone

---

**Part 2:** Sign Below

**Under penalty of perjury, I declare that the information provided in this form is true and correct.**

X _____/s/ Scott Vincent Van Dyke_____          X _____
Signature of Debtor 1                               Signature of Debtor 2

Date  05/25/2021                                    Date _____
      MM/  DD/  YYYY                                      MM/  DD/  YYYY

EXHIBIT 1

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Southern District of Texas

**In re**     Van Dyke, Scott Vincent

Case No. _____

**Debtor**

Chapter _____11_____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept ...........................................................................     $0.00

    Prior to the filing of this statement I have received .............................................................     $23,162.00

    Balance Due ...........................................................................................................................     ($23,162.00)

2.  The source of the compensation paid to me was:

    ☑ Debtor        ☐ Other (specify)

3.  The source of compensation to be paid to me is:

    ☑ Debtor        ☐ Other (specify)

4.  ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.   Analysis of the debtor' s financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b.   Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

    c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:

EXHIBIT 1

B2030 (Form 2030) (12/15)

---

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| _05/25/2021_ | /s/ Susan Tran Adams |
| *Date* | Susan Tran Adams |
| | *Signature of Attorney* |

Bar Number: 24075648
TRAN SINGH, LLP
2502 La Branch St.
Houston, TX 77004
Phone: (832) 975-7300

TRAN SINGH, LLP
*Name of law firm*

---

EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

IN RE: **Van Dyke, Scott Vincent**

CASE NO

CHAPTER **11**

## VERIFICATION OF CREDITOR MATRIX

The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date _____ 05/25/2021 _____    Signature _____ /s/ Scott Vincent Van Dyke _____

Scott Vincent Van Dyke, Debtor

EXHIBIT 1

AmeriCredit/GM Financial
Attn: Bankruptcy
PO Box 183853
Arlington, TX 76096

Bank of America
4909 Savarese Circle FL1-908-01-50
Tampa, FL 33634

BBVA Compass
Attn: Bankruptcy
PO Box 10566
Birmingham, AL 35296

Cadence/Superior Bank
Operations Center
Birmingham, AL 35203

Central Portfolio Control
Attn: Bankruptcy Attn: Bankruptcy
10249 Yellow Circle Dr , Ste 200
Minnetonka, MN 55343

Chase Auto Finance
P.O. Box 78101
Phoenix, AZ 85062

Chase Card Services
Attn: Bankruptcy
PO Box 15298
Wilmington, DE 19850

Citibank
Citicorp Credit Srvs/Centralized Bk dept
PO Box 790034
St Louis, MO 63179

EXHIBIT 1

Encore Bank
Nine Greenway Plaza
Houston, TX 77046

Phoenix Financial Services,
LLC
Attn: Bankruptcy
PO Box 361450
Indianapolis,, IN 46236

Titlemax of Texas
15 Bull St Ste 200
Savannah, GA 31401-2686

Wells Fargo Dealer Services
Attn: Bankruptcy 1100 Corporate Center
Drive
Raleigh, NC 27607

EXHIBIT 1

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

_____
**Southern District of Texas**

Case number (*If known*): **21-60052**          Chapter you are filing under:

☐ Chapter 7
☑ Chapter 11
☐ Chapter 12
☐ Chapter 13

☑ Check if this is an
amended filing

# Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy                    04/20

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint* case—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:  Identify Yourself

|  |  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|
| **1.** | **Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | **Scott**<br>First name<br><br>**Vincent**<br>Middle name<br><br>**Van Dyke**<br>Last name<br><br>_____<br>Suffix (Sr., Jr, II, III) | _____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name<br><br>_____<br>Suffix (Sr., Jr, II, III) |
| **2.** | **All other names you have used in the last 8 years**<br><br>Include your married or maiden names. | _____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name<br><br>_____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name | _____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name<br><br>_____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name |
| **3.** | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – __2_ _4_ _3_ _3_<br>OR<br>9xx – xx – ___ ___ ___ ___ | xxx – xx – ___ ___ ___ ___<br>OR<br>9xx – xx – ___ ___ ___ ___ |

**EXHIBIT 2**

| Debtor 1 | Scott | Vincent | Van Dyke | Case number *(if known)* 21-60052 |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

☐ I have not used any business names or EINs.

**Anglo-Dutch Energy, LLC**
Business name

**Anglo-Dutch (Tenge), LLC**
Business name

7  6 - 0  5  3  4 - 0  4  1
EIN

7  6 - 0  4  3 - 0  1  4 - 0
EIN

See continuation page.

☐ I have not used any business names or EINs.

_____
Business name

_____
Business name

__ __ - __ __ __ __ __ __ __
EIN

__ __ - __ __ __ __ __ __ __
EIN

**5. Where you live**

**1515 South Boulevard**
Number        Street

_____

**Houston, TX 77006**
City                    State    ZIP Code

**Harris**
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

_____
Number        Street

_____
P.O. Box

_____
City                    State    ZIP Code

**If Debtor 2 lives at a different address:**

_____
Number        Street

_____

_____
City                    State    ZIP Code

_____
County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to you at this mailing address.

_____
Number        Street

_____
P.O. Box

_____
City                    State    ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain.
(See 28 U.S.C. § 1408)

_____

_____

_____

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain.
(See 28 U.S.C. § 1408)

_____

_____

_____

EXHIBIT 2

| Debtor 1 | Scott | Vincent | Van Dyke | Case number (if known) 21-60052 |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

Tell the Court About Your Bankruptcy Case

| 7. | The chapter of the Bankruptcy Code you are choosing to file under | Check one. (For a brief description of each, see Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)). Also, go to the top of page 1 and check the appropriate box. |
|---|---|---|

☐ Chapter 7
☑ Chapter 11
☐ Chapter 12
☐ Chapter 13

| 8. | How you will pay the fee |
|---|---|

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the Application for Individuals to Pay The Filing Fee in Installments (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments. If you choose this option, you must fill out the Application to Have the Chapter 7 Filing Fee Waived (Official Form 103B) and file it with your petition.

| 9. | Have you filed for bankruptcy within the last 8 years? |
|---|---|

☑ No.

☐ Yes.

| District _____ | When _____ | Case number _____ |
|---|---|---|
| | MM / DD / YYYY | |
| District _____ | When _____ | Case number _____ |
| | MM / DD / YYYY | |
| District _____ | When _____ | Case number _____ |
| | MM / DD / YYYY | |

| 10. | Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate? |
|---|---|

☐ No.

☑ Yes.

| Debtor **Anglo-Dutch Energy, LLC** | Relationship to you **Business** |
|---|---|
| District **Southern District of Texas** | When **04/23/2021** | Case number, if known **21-60036** |
| | | MM / DD / YYYY | |
| Debtor _____ | | Relationship to you _____ |
| District _____ | When _____ | Case number, if known _____ |
| | MM / DD / YYYY | |

| 11. | Do you rent your residence? |
|---|---|

☑ No.   Go to line 12.

☐ Yes.   Has your landlord obtained an eviction judgment against you?

☐ No. Go to line 12.

☐ Yes. Fill out Initial Statement About an Eviction Judgment Against You (Form 101A) and file it as part of this bankruptcy petition.

EXHIBIT 2

| Debtor 1 | **Scott** | **Vincent** | **Van Dyke** | Case number *(if known)* 21-60052 |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

## Part 3: Report About Any Businesses You Own as a Sole Proprietor

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No. Go to Part 4.

☐ Yes. Name and location of business

_____
Name of business, if any

_____
Number        Street

_____

_____
City                              State        ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor* or a debtor as defined by 11 U.S. C. § 1182(1)?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor or a debtor choosing to proceed under Subchapter V so that it can set appropriate deadlines.* If you indicate that you are a small business debtor or you are choosing to proceed under Subchapter V, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ No.      I am not filing under Chapter 11.

☐ No.      I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.     I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☑ Yes.     I am filing under Chapter 11, I am a debtor according to the definition in § 1182(1) of the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

## Part 4: Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No.

☐ Yes.     What is the hazard? _____

_____

If immediate attention is needed, why is it needed? _____

_____

Where is the property? _____
                                        Number        Street

_____
City                              State        ZIP Code

EXHIBIT 2

| Debtor 1 | **Scott** | **Vincent** | **Van Dyke** | Case number *(if known)* **21-60052** |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| **Part 5:** | Explain Your Efforts to Receive a Briefing About Credit Counseling |
|---|---|

**15.** **Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

EXHIBIT 2

Debtor 1    **Scott**          **Vincent**          **Van Dyke**                    Case number *(if known)* **21-60052**
            First Name        Middle Name          Last Name

| Part 6: | Answer These Questions for Reporting Purposes |
|---|---|

**16. What kind of debts do you have?**

**16a. Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☑ No. Go to line 16b.
☐ Yes. Go to line 17.

**16b. Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☑ Yes. Go to line 17.

**16c.** State the type of debts you owe that are not consumer debts or business debts.

_____

**17. Are you filing under Chapter 7?**

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☑ No.  I am not filing under Chapter 7. Go to line 18.

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

    ☐ No
    ☐ Yes

**18. How many creditors do you estimate that you owe?**

☑ 1-49            ☐ 1,000-5,000       ☐ 25,001-50,000   ☐ 50,000-100,000   ☐ More than 100,000
☐ 50-99           ☐ 5,001-10,000
☐ 100-199         ☐ 10,001-25,000
☐ 200-999

**19. How much do you estimate your assets to be worth?**

☑ $0-$50,000          ☐ $1,000,001-$10 million       ☐ $500,000,001-$1 billion
☐ $50,001-$100,000    ☐ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000   ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million ☐ $100,000,001-$500 million    ☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000          ☑ $1,000,001-$10 million       ☐ $500,000,001-$1 billion
☐ $50,001-$100,000    ☐ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000   ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million ☐ $100,000,001-$500 million    ☐ More than $50 billion

| Part 7: | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**X**   **/s/ Scott Vincent Van Dyke**
    Scott Vincent Van Dyke, Debtor 1

Executed on **05/27/2021**
    MM/ DD/ YYYY

EXHIBIT 2

| Debtor 1 | **Scott** | **Vincent** | **Van Dyke** | | Case number *(if known)* **21-60052** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**X** **/s/ Susan Tran Adams**

Signature of Attorney for Debtor

Date **05/27/2021**

MM / DD / YYYY

**Susan Tran Adams**
Printed name

**TRAN SINGH, LLP**
Firm name

**2502 La Branch St.**

Number        Street

**Houston**          **TX**      **77004**
City            State      ZIP Code

Contact phone **(832) 975-7300**          Email address **stran@ts-llp.com**

**24075648**              **TX**
Bar number                State

---

**EXHIBIT 2**

Official Form 101          Voluntary Petition for Individuals Filing for Bankruptcy          page 7

| Debtor 1 | **Scott** | **Vincent** | **Van Dyke** | | Case number *(if known)* **21-60052** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| **Additional Items:** Continuation Page |
|---|

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|

**4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years (cont)**

*Include trade names and doing business as names*

**Anglo-Dutch (Everest), LLC**
Business name

**Anglo-Dutch (Neftenge), LLC**
Business name

**Anglo-Dutch Energy Partners IV, LLC**
Business name

**American Oil & Gas, LLC**
Business name

**Trepador Energy, LLC**
Business name

**Potomac Assets, LLC**
Business name

**Texas Petroleum Operations, LLC**
Business name

**Burgoyne Investments, LLC**
Business name

7 6 - 0 6 3 3 1 9 7
EIN

7 6 - 0 4 9 2 4 1 - 0
EIN

4 5 4 6 6 9 6 5 2
EIN

7 6 - 0 6 3 1 1 3 9
EIN

4 7 4 3 5 8 4 3 2
EIN

8 5 - 2 4 8 5 4 0 7
EIN

8 5 - 2 4 8 5 4 0 7
EIN

8 5 - 2 1 5 - 2 5 1 - 2
EIN

FILED
12/15/2021 8:31 PM
Teneshia Hudspeth
County Clerk
Harris County - County Probate Court No. 2
Accepted By: OG

**NOTICE: THIS DOCUMENT CONTAINS
SENSITIVE DATA.**

No. 501470
_____

| | | |
|---|---|---|
| **ESTATE OF** | § | **IN THE PROBATE COURT** _____ |
| | § | |
| **MARY THERESA CONNELLY VAN DYKE,** | § | **OF** |
| | § | |
| **DECEASED** | § | **HARRIS COUNTY, TEXAS** |

## APPLICATION FOR TEMPORARY ADMINISTRATION
## WILL NOT PRODUCED IN COURT

POST 12/16/2021- W/S

**Applicant: Mary Katherine Alonso**

**Decedent: Mary Theresa Connelly Van Dyke**

Applicant files this application in connection with the Estate of Mary Theresa Connelly Van Dyke, Deceased, for the appointment of Mary Katherine Alonso as Temporary Administrator and for issuance of letters of temporary administration, and shows the Court as follows:

*1. Applicant's Information*

Applicant, Mary Katherine Alonso, is domiciled in Travis County, Texas, and may be served at 2305 Barton Creek Blvd #48, Austin 78735. The last three digits of Mary Katherine Alonso's Social Security number are 421. The last three digits of Mary Katherine Alonso's Texas driver's license are 340.

*2. Domicile of Decedent and Age on Date of Death*

Mary Theresa Connelly Van Dyke, Decedent, was domiciled at Autumn Grove Cottage, 1405 West 24th Street, Houston, Harris County, Texas. On the date of death, Decedent was 91 years old.

Doc ID: 831ab3cc07577cf10a2c55b7b9bf3b8e25a6004

EXHIBIT 3



Page 2 of 8   Thursday, June 20, 2024   County Clerk Harris County, Texas

*3. Decedent's Identifying Information*

Decedent's Social Security number is not known at this time. Decedent's driver's license number is not known at this time.

*4. Fact, Date and Place of Death*

Mary Theresa Connelly Van Dyke died on December 6, 2021 in Houston, Harris County, Texas.

*5. Jurisdiction and Venue*

This Court has jurisdiction over this matter and venue is proper because Decedent resided in this county and had a domicile or fixed place of residence in Texas.

*6. Property*

Decedent owned real and personal property having an aggregate probable value of at least $10,000.

*7. Medicaid Benefits*

Decedent did not receive Medicaid benefits on or after March 1, 2005.

*8. Date of Will*

Applicant believes that Decedent executed a holographic written Will sometime in 2005, which was never revoked, but is currently unavailable.

*9. Executor Facts*

It is unknown or unconfirmed at this time as to if Decedent named an executor.

*10. After-Born Children*

No children were born to or adopted by the Decedent after execution of the Will.

*11. Divorce after Execution of Will*

No marriage of Decedent was ever dissolved after the Will.

*12. Government Agency or Charity Named as Devisee*

Doc ID: 831ab3cc07577cf10a2c55b7b9bf3b8e25a6004

EXHIBIT 3

The Decedent's Will does not name the State of Texas, an agency of the state, or a charitable organization as a devisee.

*13. Time Between Date of Death and Application*

Four years have not elapsed since the date of Decedent's death and before the application.

*14. Lost Will Not Produced in Court*

Decedent's Will cannot be produced in Court because the original hand-written holographic will, believed to be dated sometime in 2005 is not readily available or in the possession, custody and/or control of Applicant. Applicant requests authority as Temporary Administrator to locate and authenticate the Will.

*15. Contents of the Will*

To the extent known by the Applicant, the contents of the Will are as follows: Unknown as of this time. Applicant requests authority as Temporary Administrator to locate and authenticate the Will.

*16. Devisees*

To the extent known by the Applicant, the Decedent's devisees are as follows:

    Name: Janice Van Dyke Walden
       Address: 9002 Chimney Rock Rd., Unit G234, Houston, Texas
       Status: Adult
       Relationship to Decedent: Child

    Name: Scott Vincent Van Dyke
       Address: 1515 South Blvd, Houston, TX
       Status: Adult
       Relationship to Decedent: Child

    Name: Mary Katherine Alonso
       Address: 2305 Barton Creek Blvd #48, Austin 78735
       Status: Adult
       Relationship to Decedent: Child

    Name: Karen Jean Van Dyke Nevins

Application for Temporary Administration-1.doc

3

Doc ID: 831ab3cc07577cf10a2c55b7b9bf3b8e25a600f


EXHIBIT 3

Address: 761 42nd Ave North, St. Petersburg, FL
Status: Adult
Relationship to Decedent: Child

*17. Heirs and Possible Heirs*

To the extent known by the Applicant, the Decedent's heirs who would inherit in the absence of the devisees, are as follows:

Name: Janice Van Dyke Walden
Address: 9002 Chimney Rock Rd., Unit G234, Houston, Texas
Status: Adult
Relationship to Decedent: Child

Name: Scott Vincent Van Dyke
Address: 1515 South Blvd, Houston, TX
Status: Adult
Relationship to Decedent: Child

Name: Mary Katherine Alonso
Address: 2305 Barton Creek Blvd #48, Austin 78735
Status: Adult
Relationship to Decedent: Child

Name: Karen Jean Van Dyke Nevins
Address: 761 42nd Ave North, St. Petersburg, FL
Status: Adult
Relationship to Decedent: Child

*18. Necessity for Administration*

A necessity exists for administration of Decedent's estate. The interest of Decedent's estate requires the immediate appointment of a temporary administrator because real property of the estate is currently under contract for sale with a closing date of 12/21/2021 and a duly appointed representative is required to take receipt of and secure proceeds for further administration of the estate.

*19. Requested Powers and Duties*

The requested powers and duties of the temporary administrator are:

Doc ID: 831ab3cc07577cf10a2c55b7b9bf3b8e25a6004

EXHIBIT 3

(a)  to collect all estate assets and property for administration under this Court's supervision;

(b)  to file suit, or defend against any legal action, on behalf of the estate, as necessary to protect the estate's assets and property interests;

(c)  to prepare and file all tax returns or other necessary governmental filings;

(d)  to prepare and file the Inventory, Appraisement and List of Claims  in the records of this Court; and

(e)  to conduct all necessary business on behalf of the estate.

20.  *Qualification for Letters of Administration*

Mary Katherine Alonso is not disqualified by law from being appointed temporary administrator and from accepting letters of administration.

Applicant requests the Court to immediately appoint Mary Katherine Alonso as temporary administrator of Decedent's estate, that citation issue to all persons having any interest in Decedent's estate as required by law, that Mary Katherine Alonso receive letters of temporary administration, that Mary Katherine Alonso serve until discharged by order of this Court, and that this Court enter all other orders it deems proper.

Respectfully submitted,

_____

Mary Katherine Alonso, Applicant

EXHIBIT 3

Doc ID: 831ab3cc07577cf10a2c55b7b9bf3b8e25a6004

Page 6 of 8   Thursday, June 20, 2024, County Clerk Harris County, Texas

Law Office of Edwin E Lee
1105 Tabor St
Houston, TX 77009


_____ /s/ Ed Lee _____
Ed Lee
**Attorney for Mary Katherine Alonso**
Bar no: 00792641
Phone: (713) 582-5088
Fax:
Email: ed@lexmedica.net

Doc ID: 831ab3cc07577cf10a2c55b7b9bf3b8e25a6000

EXHIBIT 3

**UNSWORN DECLARATION**

"My name is Mary Katherine Alonso, my date of birth is 04/23/1962, and my address is 2305 Barton Creek Blvd #48, Austin 78735. I declare under penalty of perjury that the foregoing is true and correct."

Executed in Travis County, State of Texas, on 12/15/2021.

_____
Mary Katherine Alonso
Declarant

Doc ID: 831ab3cc07577cf10a2c55b7b9bf3b8e25a6004

EXHIBIT 3

# ▽ HELLOSIGN

# Audit Trail

| | |
|---|---|
| **TITLE** | Application for Temporary Administration-1.pdf |
| **FILE NAME** | Application%20for...inistration-1.pdf |
| **DOCUMENT ID** | 831ab3cc07577cf10a2c55b7b9bf3b8e25a60050 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ○ Completed |

**This document was requested from app.clio.com**

## Document History

| | | | |
|---|---|---|---|
| ↗ **SENT** | **12 / 15 / 2021** 15:55:52 UTC | Sent for signature to Mary Katherine Alonso (mkalonso@reversegravity.com) from ed@lexmedica.net IP: 98.34.254.225 |
| 👁 **VIEWED** | **12 / 15 / 2021** 17:28:52 UTC | Viewed by Mary Katherine Alonso (mkalonso@reversegravity.com) IP: 24.55.51.149 |
| ✎ **SIGNED** | **12 / 15 / 2021** 17:32:47 UTC | Signed by Mary Katherine Alonso (mkalonso@reversegravity.com) IP: 24.55.51.149 |
| ☑ **COMPLETED** | **12 / 15 / 2021** 17:32:47 UTC | The document has been completed. |

Powered by ▽ **HELLOSIGN**

EXHIBIT 3






I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that these pages are a true and correct copy of the original record filed and recorded in my office, electronically or hard copy, as it appears on this date.

Witness my official hand and seal of office
This June 20, 2024

*Teneshia Hudspeth*

**Teneshia Hudspeth, County Clerk
Harris County, Texas**

Confidential information may have been redacted from the document in compliance with the Public Information Act.

EXHIBIT 3

FILED
12/17/2021 4:37 PM
Teneshia Hudspeth
County Clerk
Harris County - County Probate Court No. 2
Accepted By: AG

**NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA.**

CAUSE NO. 501470 _____

| | | |
|---|---|---|
| **MARY KATHERINE ALONSO** | § | **IN THE PROBATE COURT** |
| | § | |
| **VS** | § | **No. 2** |
| | § | |
| **SCOTT VAN DYKE and** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **PAYTON/BOOMER INVESTMENTS LLC** | | 1 TRO by IN w/s |
| | | |
| **[IN THE ESTATE OF MARY THERESA** | § | |
| **CONNELLY VAN DYKE, DECEASED,** | § | |
| **CAUSE NO. 501470]** | § | |

### PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY AND PERMANENT INJUNCTION

Plaintiff, Mary Katherine Alonso, files against Defendants this original petition and application for temporary restraining order and files this temporary and permanent injunction against Defendants, Scott Van Dyke and Payton/Boomer Investments, LLC.

#### Jurisdiction

1. The damages sought in this suit are within the jurisdictional limits of the Court. As required by Rule 47, Texas Rules of Civil Procedure, Plaintiff states that Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

#### Venue

2. Venue is proper in this county in that the events giving rise to this cause of action occurred within Harris County.

#### Plaintiff

3. This Petition is filed by Mary Katherine Alonso, Plaintiff, an individual whose address is 2305 Barton Creek Blvd #48 Austin TX 78735. The last three digits of Plaintiff's driver's license number are 340. The last three digits of Plaintiff's Social Security number are 421.



EXHIBIT 4



4. Plaintiff and her two sisters, Janice Van Dyke Walden and Karen Jean Van Dyke Nevins, along with Defendant Van Dyke, are heirs to Mary Theresa Connelly Van Dyke's estate.

5. Plaintiff has standing to bring this action as an 'interested person' as defined in the Texas Estates Code Sec. 22.018.

### Defendant

6. Defendant, Scott Van Dyke, is an individual who may be served with process at Defendant's residence by personal delivery at 1515 South Blvd Houston TX 77006.

7. This Court has jurisdiction over Scott Van Dyke because said Defendant is a resident of Texas.

8. Defendant Payton/Boomer Investments, LLC is a Texas Limited Liability Company having its principal place of business at 708 Main Street, 10th Floor, Houston TX 77002. Payton/Boomer Investments, LLC may be served with process at their principal place of business through its Manager, Jonathan Paull.

9. This Court has jurisdiction over Payton/Boomer Investments, LLC because the company is doing business in Texas, has its primary office in Harris County, TX and the events underling this litigation took place in Harris County Texas.

### Discovery Control Plan

10. Under Texas Rule of Civil Procedure 190.3, Plaintiff plans to conduct discovery under Level 2 and affirmatively pleads this suit is not governed by the expedited actions process Rule 169 of the Texas Rules of Civil Procedure because Plaintiff seeks injunctive relief.

### Facts

11. Sometime prior to April 1, 2014, Defendant Van Dyke searched the internet for a power of attorney template, downloaded, edited and prepared a Durable Power of Attorney With Living Will Authorities for Mary Theresa Connelly Van Dyke to execute.

12. On April 1, 2014, Mary Theresa Connelly Van Dyke granted her son, Scott Van Dyke power of attorney. However, as with all POAs, Defendant Van Dyke had a fiduciary duty to act in the best interests of Ms. Van Dyke, and the POA did not permit self-dealing of the acting agent.

Original Petition and Application for TRO Injunction and Other Relief-2.doc      2





EXHIBIT 4

13. Defendant Van Dyke is and was on May 28, 2021, in dire financial troubles, personally and professionally, and under supervision of the district's bankruptcy court.

14. On May 28th, 2021, in Harris County, Texas, Defendants entered into an Equity Participation Agreement (EPA) concerning real property owned by Mary Theresa Connelly Van Dyke located at 5304 Southampton Est, Houston TX 77005 (aka "the townhouse"). This EPA, as drafted, cloaks the subsequent transfer of ownership of the townhouse to Defendant Payton/Boomer as a 'sale of real property', but is in fact a loan instrument intended to provide above-allowable interest on loan as a 'lender of last resort.'

15. Simultaneously with the execution of the EPA, Defendant Van Dyke, in violation of his fiduciary duty to his mother under her POA, executed a Special Warranty Deed transferring ownership of the townhouse to Payton/Boomer. It is unclear where the proceeds went; however, on December 16, 2021, Defendant Van Dyke admitted to Plaintiff and sisters that "some amount of money was paid directly to my business" not for the benefit of Ms. Van Dyke, but for his own purposes. Additionally, the EPA provided for continued real ownership interest in the townhouse for Ms. Van Dyke.

16. Defendant Payton/Boomer knew or should have known Defendant Van Dyke's financial circumstances, the conflict inherent in Van Dyke's self-dealing in the transaction and assisted in the fraud and breach of fiduciary duty.

17. On or about June 11, 2021, the townhouse was listed for sale on MLS for $825,000.00. The listing was later terminated on 6/18/21; relisted on the same day for $799,000.00. That listing was terminated on 7/28/21; relisted on the same day for $789,000.00. On 10/7/21, the listing was terminated again and immediately relisted for $749,000.00. The townhouse was removed from public sale on 11/15/21 and is not currently shown as for sale on MLS by any realtor.

18. Per the last authorized listing agent, Bill Baldwin of Boulevard Realty, he was pressured to step out of the deal as listing agent by Jonathan Paull of Payton/Boomer because "his $20,000.00 commission was affecting the numbers with the sale."

Original Petition and Application for TRO Injunction and Other Relief-2.doc

3



EXHIBIT 4



19. On information and belief, the property is currently under contract, buyer's escrow deposited with Patton Title, coordinated by Shay Johnson, Escrow Officer, with a closing date of December 21, 2021.

20. In addition to the real estate transaction, Defendant Van Dyke has removed personal property of significant value from the townhouse to his home at 1515 South Blvd, Houston TX 77005 (and/or other undisclosed locations) for the purposes of valuation and sale. He has refused to provide Plaintiff access to these assets.

### Breach of Fiduciary Duty

21. Based on the facts of this case, Defendant Scott Van Dyke engaged in inappropriate self-dealing, breaching the fiduciary duty owed to his mother, Ms. Van Dyke, leading to damages both during her life and extending to her Estate.

22. Under the purported Power of Attorney, Defendant Van Dyke owed the following

    (a) The duty of fair dealing and utmost good faith.

    (b) The duty of complete candor.

    (c) The duty to refrain from all forms of self-dealing, which extends to dealings with a fiduciary's spouse, agents, employees, and other persons whose interests are closely identified with those of the fiduciary.

    (d) The duty of fair and honest dealing.

    (e) The duty of full disclosure of all important and/or material information concerning any self-dealing transaction.

    (f) The duty to place the best interest of the principal above the interest of the fiduciary, and not use the position of fiduciary to gain any form of benefit for the fiduciary at the expense of the principal.

23. Defendant Van Dyke breached that duty by engaging in the transfer of the townhouse to Defendant Payton/Boomer in exchange for funds that Van Dyke used for his own benefit.





EXHIBIT 4

24. This breach of duty materially damaged both Ms. Van Dyke and her Estate; and because Defendant Van Dyke benefitted from the transfer of the townhouse, the element of damage is by law satisfied.

### Declaratory Judgement | Voidable Transaction

25. Under Texas Civil Practice and Remedies Code section 37.004, Plaintiff is entitled to bring an action for declaratory judgement to determine the validity of the May 28, 2021 transaction and asks the court for a Declaratory Judgment as to the respective rights of the parties.

26. Where property is transferred as a result of a breach of fiduciary duty, that transaction is voidable. Plaintiff asks that the court void the transaction due to Defendant Van Dyke's conduct.

27. In any proceeding for declaratory judgment, the court may award costs and reasonable and necessary attorneys' fees as are equitable and just. Plaintiff asks for attorney's fees.

### Constructive Trust

28. A constructive trust provides a vehicle for protecting and recovering wrongfully taken property.

29. Plaintiff is entitled to have the townhouse and / or any direct proceeds from the May 28, 2021 and any subsequent sale held in trust for the benefit of Plaintiff and the Estate.

### Application for Temporary Restraining Order

30. Plaintiff asks the Court for specific injunctive relief of preventing Scott Van Dyke from taking any action to sell, gift or otherwise encumber any asset of the Estate or finalize any transactions in which he served as purported attorney-in-fact for Mary Theresa Connelly Van Dyke.

31. Plaintiff asks the Court for specific injunctive relief preventing Payton/Boomer from selling or otherwise transferring title to the townhouse prior to resolution of the underlying cause of action and clarifying the rights of the Estate.

Original Petition and Application for TRO Injunction and Other Relief-2.doc

5



EXHIBIT 4



32. Plaintiff's application for a specific temporary restraining order is statutorily authorized under TCPR 65.011:

*Sec. 65.011. GROUNDS GENERALLY. A writ of injunction may be granted if:*

*(4) a cloud would be placed on the title of real property being sold under an execution against a party having no interest in the real property subject to execution at the time of sale, irrespective of any remedy at law; or*

*(5) irreparable injury to real or personal property is threatened, irrespective of any remedy at law.*

33. Plaintiff is likely to recover from Defendants after a trial on the merits because Scott Van Dyke engaged in conduct that constitutes a material and egregious breach of fiduciary duty, having entered into one or more fraudulent transactions against the interest of Mary Theresa Connelly Van Dyke.

34. Plaintiff is likely to recover from Defendants on claims of usury in that the purported Equity Participation Agreement disguised a usurious loan, resulting in interest charges in excess of what is allowed by law.

35. If this Court does not grant this request to restrain the Defendant, the Plaintiff will suffer imminent and irreparable harm in that loss of property, invaluable family heirlooms, precious antiquities and cloud on title of real property, namely the property located at 5304 Southampton Est, Houston TX 77005.

36. Plaintiff has no adequate remedy at law because monetary damages are not adequate to compensate for the loss of family antiquities; nor is recovery against possible real property buyers suitable in this instance.

37. There is insufficient time to serve notice on Defendants and to hold a hearing on this petition and application because of the risk of liquidation of personal property in Defendant Van Dyke's exclusive possession against the rights and interest of Plaintiff, and the pending closing of the sale of the townhouse by Defendant Payton/Boomer.

**Request for Temporary Injunction**

Original Petition and Application for TRO Injunction and Other Relief-2.doc

6





EXHIBIT 4

38.  Plaintiff asks the Court to set this application for temporary injunction for hearing and to issue a temporary injunction against Defendants after hearing.

### Request for Permanent Injunction

39.  Plaintiff asks the Court to set this request for permanent injunction for a full trial on the merits and to issue a permanent injunction against Defendants after the trial.

### Initial Disclosures

40.  As provided in Rule 194, Texas Rules of Civil Procedure, required Initial Disclosures of all items listed in Rule 194.2 must be made at or within 30 days after the filing of the first answer unless a different time is set by the parties' agreement or court order.

41.  Plaintiff asks the Court to keep the requirement of Initial Disclosures to be made within 30 days.

### Conditions Precedent

42.  Plaintiff confirms that all conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

### Prayer

Plaintiff prays that the Court will cite Defendants to appear and answer and that Plaintiff be awarded a judgment against Defendants, on final trial, as follows:

Temporary restraining order, temporary injunction, and permanent injunction of preventing Scott Van Dyke from taking any action to sell, gift or otherwise encumber any asset of the Estate or finalize any transactions in which he served as purported attorney-in-fact for Mary Theresa Connelly Van Dyke.

Plaintiff further prays that the Court will grant actual damages of an amount to be determined after a hearing on the merits, prejudgment and post judgment interest, all costs of Court, and for all other relief to which Plaintiff is entitled both in equity and law.



EXHIBIT 4



Respectfully submitted,


Law Office of Edwin E Lee
1105 Tabor St
Houston, TX 77009


_____/s/ Ed Lee_____
Ed Lee
Attorney for Plaintiff
Bar no: 00792641
Phone: (713) 582-5088
Fax:
Email: ed@lexmedica.net

EXHIBIT 4



**Notice of Hearing**

The above Motion is set for hearing on _____, at _____ for the Statutory Probate Court of Harris County, Texas via Zoom video conference. You do not need to make an appearance at the Courthouse.

**To appear via video conference on Zoom, you will need to have an electronic device with an internet connection. You may use a smart phone, iPad/tablet, or webcam/built in camera with sound and video. You will also need to install the ZOOM App before the conference begins at <u>www.zoom.us</u>.**

You will be notified by the Court of the Meeting ID and Password.

_____/s/ Ed Lee_____
Ed Lee

**Certificate of Service**

I certify that a true copy of this document was served in accordance with Rule 21a of the Texas Rules of Civil Procedure on the following on December 17, 2021.

_____/s/ Ed Lee_____
Ed Lee
Attorney for Plaintiff





EXHIBIT 4

**VERIFICATION**

**STATE OF TEXAS**                                   §

**COUNTY OF TRAVIS**                               §

  BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally appeared the person known by me to be Mary Katherine Alonso who, after being by me duly sworn, testified as follows:

  "My name is Mary Katherine Alonso, I am over 18 years of age, and I am competent to testify to these matters. I have personal knowledge of all facts stated in the above Original Petition and Application for Temporary Restraining Order and all such facts are true and correct."

_Mary Katherine Alonso, Affiant_

SUBSCRIBED AND SWORN TO before me on   12 / 17 / 2021  .

_Notary Public_

> SIAN RHODA DAVISON
> Notary ID #12366833
> My Commission Expires
> July 2, 2025





EXHIBIT 4



I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that these pages are a true and correct copy of the original record filed and recorded in my office, electronically or hard copy, as it appears on this date.

Witness my official hand and seal of office
This June 20, 2024

Teneshia Hudspeth, County Clerk
Harris County, Texas

Confidential information may have been redacted from the document in compliance with the Public Information Act.

EXHIBIT 4

FILED
1/3/2022 5:59 PM
Teneshia Hudspeth
County Clerk
Harris County - County Probate Court No. 2
Accepted By: JS

**CAUSE NO. 501470**

| | | |
|---|---|---|
| **ESTATE OF** | § | **IN THE PROBATE COURT** |
| | § | |
| **MARY THERESA CONNELLY VAN** | § | |
| **DYKE,** | § | **NO. 2 (TWO) OF** |
| | § | |
| | § | |
| **DECEASED** | § | |
| | § | **HARRIS COUNTY, TEXAS** |

<u>**SUGGESTION OF BANKRUPTCY**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **SCOTT VAN DYKE** ("**VANDYKE** ") DEVISEE in the above numbered cause of action, and would respectfully show unto this Court as follows:

Debtor, **SCOTT VAN DYKE** has filed a proceeding in the Bankruptcy Court for the Southern District of Texas, Cause No. **21-60052** on May 25, 2021. Pursuant to 11 U.S.C. §362, Debtor is stayed and enjoined from taking any further action to obtain or enforce a judgment in this or any other cause of action arising before the filing of the bankruptcy case.

Therefore, Vandyke request that this Court retain this cause on its active docket, pending the disposition of said Debtor's Bankruptcy action.

Dated: January 3, 2022

Respectfully submitted,

**TRAN SINGH LLP**

By: */s/Brendon Singh*
Susan Tran Adams | TBN: 24075648
Brendon Singh | TBN: 24075646
2502 La Branch Street
Houston TX 77004
Ph: (832) 975-7300



EXHIBIT 5



Fax: (832) 975-7301
Email: bsingh@ts-llp.com

**ATTORNEYS FOR DEBTOR SCOTT VAN DYKE**

### CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing was forwarded in accordance with the Texas Rules of Civil Procedure on January 3, 2022, to all counsel of record below:

**ATTORNEY FOR MARY KATHERINE ALONSO**

Edwin E. Lee
**LAW OFFICE OF EDWIN E. LEE**
1105 TABOR STREEET
Houston, Texas 77009
Telephone: (713) 582-5088
Facsimile:
**VIA EMAIL:** ed@lexmedica.net

*/s/Brendon Singh*
Brendon Singh



EXHIBIT 5





I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that these pages are a true and correct copy of the original record filed and recorded in my office, electronically or hard copy, as it appears on this date.

Witness my official hand and seal of office
This June 20, 2024

Teneshia Hudspeth, County Clerk
Harris County, Texas

Confidential information may have been redacted from the document in compliance with the Public Information Act.

EXHIBIT 5

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

January 31, 2022

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | |
|---|---|
| In re: | § |
| | § Subchapter V |
| Scott Vincent Van Dyke | § |
| | § Case No. 21-60052 |
| Debtor. | § **Christopher M. Lopez** |

### ORDER CONVERTING CASE TO CHAPTER 7

Came on consideration the Debtor's Motion to Convert Case to Chapter 7 (the "<u>Motion</u>") and after considering the pleading and evidence, it is

**ORDERED** that the Motion is granted and Chapter 11 Subchapter V case is converted to Chapter 7;

**IT IS FURTHER ORDERED** that within thirty (30) days from the entry of this Order, any party entitled to compensation shall file an application for compensation and reimbursement of expenses;

**ORDERED** that within fourteen (14) days, from the date of entry of this Order, the Debtor shall file statements and schedules required by Bankruptcy Rule 1007(b).

Signed: January 31, 2022

_____

Christopher Lopez
United States Bankruptcy Judge

EXHIBIT 6

| Information to identify the case: | | |
|---|---|---|
| **Debtor 1:** Scott Vincent Van Dyke<br>First Name  Middle Name  Last Name | Social Security number or ITIN:  xxx–xx–2433<br>EIN:  __–_____ | |
| **Debtor 2:**<br>(Spouse, if filing)  First Name  Middle Name  Last Name | Social Security number or ITIN:  _ _ _ _<br>EIN:  __–_____ | |
| United States Bankruptcy Court:  Southern District of Texas | Date case filed in chapter:  11  5/25/21 | |
| Case number:  21–60052 | Date case converted to chapter:  7  1/31/22 | |

## Official Form 309A (For Individuals or Joint Debtors)
## Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline 10/20

**For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although creditors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | **About Debtor 1:** | | **About Debtor 2:** |
|---|---|---|---|---|
| **1.** | **Debtor's full name** | Scott Vincent Van Dyke | | |
| **2.** | **All other names used in the last 8 years** | dba Anglo–Dutch Energy, LLC, dba Anglo–Dutch (Tenge), LLC | | |
| **3.** | **Address** | 1515 South Boulevard<br>Houston, TX 77006 | | |
| **4.** | **Debtor's attorney**<br>Name and address | Susan Tran Adams<br>Tran Singh LLP<br>2502 La Branch Street<br>Houston, TX 77004 | | Contact phone 832–975–7300<br><br>Email:  susan.tran@ctsattorneys.com |
| **5.** | **Bankruptcy trustee**<br>Name and address | Allison D Byman<br>Byman & Associates PLLC<br>7924 Broadway<br>Suite 104<br>Pearland, TX 77581 | | Contact phone 281–884–9269<br><br>Email:  adb@bymanlaw.com |

**For more information, see page 2 >**

EXHIBIT 7

Debtor **Scott Vincent Van Dyke**                                                            Case number 21–60052

| | | |
|---|---|---|
| **6. Bankruptcy clerk's office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | United States Bankruptcy Court<br>PO Box 61010<br>Houston, TX 77208 | Hours open:<br>8:00 am – 5:00 pm Monday through Friday<br><br>Contact phone (361) 788–5000<br><br>Date: 1/31/22 |
| **7. Meeting of creditors**<br><br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **March 3, 2022 at 10:00 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br><br>**Telephone Conference, Call 866–708–3547, passcode 1592365** |
| **8. Presumption of abuse**<br><br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. | |
| **9. Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br><br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | **Filing deadline: 5/2/22** |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **10. Proof of claim**<br><br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| **11. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. | |

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline**                     page **2**

EXHIBIT 7

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Scott Vincent Van Dyke** | Social Security number or ITIN: | xxx–xx–2433 |
| | First Name   Middle Name   Last Name | EIN: __–_____ | |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN: ____ EIN: __–_____ | |
| United States Bankruptcy Court: | Southern District of Texas | Date case filed in chapter: 11   5/25/21 | |
| Case number: | 21–60052 | Date case converted to chapter: 7   1/31/22 | |

## Official Form 309A (For Individuals or Joint Debtors)
## AMENDED Notice of Chapter 7 Bankruptcy Case        12/15

**For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered. This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

**NOTE: This notice amends the previous notice you received. Please review it carefully to determine changes in settings, deadlines or trustee information.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | | About Debtor 2: |
|---|---|---|---|---|
| 1. | **Debtor's full name** | Scott Vincent Van Dyke | | |
| 2. | **All other names used in the last 8 years** | dba Anglo–Dutch Energy, LLC, dba Anglo–Dutch (Tenge), LLC | | |
| 3. | **Address** | 1515 South Boulevard Houston, TX 77006 | | |
| 4. | **Debtor's attorney** Name and address | Susan Tran Adams Tran Singh LLP 2502 La Branch Street Houston, TX 77004 | | Contact phone 832–975–7300 Email: susan.tran@ctsattorneys.com |
| 5. | **Bankruptcy trustee** Name and address | Christopher R Murray Jones Murray & Beatty LLP 602 Sawyer St Ste 400 Houston, TX 77007 | | Contact phone 832–529–1999 Email: chris@jmbllp.com |

**For more information, see page 2 >**

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline**            page 1

EXHIBIT 8

Debtor **Scott Vincent Van Dyke**                                                    Case number 21–60052

| | | |
|---|---|---|
| **6. Bankruptcy clerk's office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | United States Bankruptcy Court<br>PO Box 61010<br>Houston, TX 77208 | Hours open:<br>8:00 am – 5:00 pm Monday through Friday<br><br>Contact phone (361) 788–5000<br><br>Date: 2/1/22 |
| **7. Meeting of creditors**<br><br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **March 15, 2022 at 04:00 PM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br><br>**Telephone Conference, Call 866–919–8170, passcode 9260331** |
| **8. Presumption of abuse**<br><br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. | |
| **9. Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | **Filing deadline: 5/2/22** |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **10. Proof of claim**<br><br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| **11. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. | |

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline**                    page **2**

<br>

EXHIBIT 8

# THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### VICTORIA DIVISION

| | | |
|---|---|---|
| In Re: | § | **Case No. 21-60052-CML** |
| | § | |
| | § | |
| **SCOTT VINCENT VAN DYKE** | § | **Chapter 7** |
| | § | |
| **Debtor(s)** | § | |

## JOINT MOTION TO FOR AN ORDER CONDITIONALLY MODIFYING THE AUTOMATIC STAY TO PERMIT CERTAIN PROBATE PROCEEDINGS TO CONTINUE

**This is a motion for relief from the automatic stay. If it is granted, the movants may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle. If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the court may rule.**

**Represented parties should act through their attorney. A hearing has been set on this matter on Tuesday, June 7, 2022, at 10:00 a.m. (prevailing central time). Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. You will be responsible for your own long-distance charges. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153.**

**You may view video via GoToMeeting. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "JudgeLopez" in the GoToMeeting app or click the link on Judge Lopez's home page on the Southern District of Texas website.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Now Come Catherine Curtis, Chapter 7 Trustee for the Estate of Scott Van Dyke, and Mary Katherine Alonso, a party in interest, and file the Joint Motion for an Order Conditionally Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362 to Permit Certain Probate Proceedings to Continue, and would show the Court as follows:

# I.
# PRELIMINARY STATEMENT

1.      On May 25, 2021 (the "Petition Date"), Scott VanDyke (herein the "Debtor") filed a voluntary Chapter 11 Petition [Dkt #1] that has since been converted to a Chapter 7 case [Dkt #129], (the "Bankruptcy Case") with Catherine Curtis being appointing and qualifying and is now acting as the Chapter 7 case Trustee (herein "Trustee"). The Court has jurisdiction over this Motion under 28 U.S.C. § 1334, which is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### A.    The Death of Debtors' Mother

2.      Beyond 180 days from the Petition Date, and on or about December 6, 2021, the Debtor's and Alonso's Mother Mary Theresa Connelly VanDyke died and probate of her estate has been opened in Harris County, Texas, Docket No. 501470 (the "Probate Estate").

### B.    Alonso As the Proposed Independent Administrator

3.      The Debtor's sisters, including Mary Katherine Alonso, are heirs to the estate and Alonso has filed her First Amended Application For Probate of Will (the "Application"), a true and accurate copy of which is attached hereto as Exhibit "1". Alonso seeks the appointment as the Independent Administrator of the Probate Estate and seeks letters of administration confirming her power and authority.

4.      The Debtor has applied for appointment as the Independent Executor under and pursuant to a Durable Power of Attorney and Living Will set out in the Application. In response, as set out in the Application filed by Alonso, are a series of claims made by Alonso that the Debtor has breached his fiduciary duty to his mother, to the Probate Estate, and to the family members and is unqualified to serve in a fiduciary capacity to the Probate Estate.

**C.  Probate Court Jurisdiction and the Automatic Stay**

5.     The probate court has jurisdiction over Probate Estate property and the handling of the Probate Estate's property, subject in part to the application of the automatic stay arising upon the Debtor's filing of his Bankruptcy Case, as well as the rights of the Bankruptcy Trustee to property of the Bankruptcy Estate.  Likewise, the Probate Court has exclusive jurisdiction to administer the Probate Estate but desires that the Trustee and Alonso obtain modification of the automatic stay to allow the determination of all issues of probate and the right and entitlement of probate-related parties, to be determined by the Probate Court.  Issues as to whether certain assets are property of the Bankruptcy Estate will remain in the exclusive jurisdiction of the Bankruptcy Court.

**D.  The Parties' Desire To Proceed in the Probate Court Subject to Conditions**

6.     Alonso seeks to modify the automatic stay which may be applicable to all proceedings by the parties in the Probate Court and to allow her to proceed in the Probate Court and to preserve all rights and claims to any interest of the Debtor in and to the Probate Estate, Probate Estate Property, or liability to the Probate Estate, subject to the conditions of the proposed Agreed Order Modifying the Stay agreed to by the Trustee and Alonso and filed with this Motion, subject to the Bankruptcy Court's exclusive jurisdiction over property of the Bankruptcy Estate.

7.     The Trustee also seeks by this motion to preserve all claims of the Chapter 7 Bankruptcy Estate against the Debtor or against any assets of the Estate that may comprise, in whole or in part, property of the Estate in the Bankruptcy Case, particularly in the event it is shown that the Debtor is liable to the Chapter 7 Estate through mishandling or defalcation while acting on behalf of his mother or her property and while the Debtor was also acting as a Debtor in Possession and Debtor in the pending Bankruptcy Cases.   The Trustee also seeks to preserve all

claims, if any, against the Debtor for any avoidance or other actions or rights the Trustee may have to recover from the Debtor or for the Debtor's conduct or misconduct or defalcation occurring within two years of the filing of the Bankruptcy Cases.

**E**     **The Debtor's Estate Interest and Possession of Estate Property**

8.     The Debtor has an interest in the Probate Estate as an heir. On information and belief, the Debtor likewise had and should have significant assets of the Probate Estate or proceeds from his unauthorized sale of Probate Estate assets or opportunities of the Probate Estate, all of which Alonso will seek to have sequestered or made subject to a Probate Court mandatory injunction prohibiting the Debtor from hiding or secreting those assets, pending resolution of the Estate' interest and the Probate Court orders protecting the Probate Estate and remaining assets.

**II.**
**RELIEF REQUESTED**

9.     Both the Trustee and Alonso seek to reach a resolution of claims of both the Probate Estate and Bankruptcy Estate as to assets either held by or owned by the Debtor and to seek a prompt liquidation of such assets utilizing the appropriate tribunal.  To that end, both the Trustee and Alonso seek an order of this Court modifying the automatic stay, to the extent the stay is applicable, allowing the Probate Court, and all parties to pursue their rights and obtain any and all remedies and relief available in the Probate proceeding of the Probate Estate against: (i) the Debtor or the Debtor's rights or interest in the Probate Estate or the Probate Estate's property; or  (ii) the Debtor's liability to the Probate Estate or to Alonso or to the Bankruptcy Trustee, to the extent that the Debtor is found to have any interest, tangible or intangible, in any of the Probate Estate's property.

10.     Both the Trustee and Alonso further agree, however, that the disposition of any interest, if any, found to belong to the Debtor in or to the Probate Estate or in or to any Probate

Estate Property, and to the extent the Trustee makes a claim thereto, shall be fully preserved to determination by the Bankruptcy Court as between the Bankruptcy Estate and any adverse or competing claim of Alonso to such interests of the Debtor. The Trustee and Alonso further agree that this determination of competing interest shall be promptly brought by the Trustee in, and determined exclusively by, the United States Bankruptcy Court.

11. The parties incorporate herein the terms of the proposed order submitted with this Motion.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form as filed with this Motion, (a) granting the Motion granting the Joint Motion to Modify the Automatic Stay, (b) conditionally lift the stay to allow the probate court to proceed to determine the rights and interests of the Debtor, and (c) specifically reserving to the Trustee and this Bankruptcy estate the determination of the rights of parties as to any interests of the Debtor determined in the Estate, and as between Alonso, the Trustee and the Debtor.

Dated: May 6, 2022

Respectfully submitted,

*/s/ Shelby A. Jordan*
SHELBY A. JORDAN
State Bar No. 11016700
S.D. No. 2195
ANTONIO ORTIZ
State Bar No. 24074839
S.D. No. 1127322
***Jordan & Ortiz, P.C.***
500 North Shoreline Blvd., Suite 900
Corpus Christi, TX 78401
Telephone: (361) 884-5678
Facsimile: (361) 888-5555
Email: sjordan@jhwclaw.com
aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com
Attorney for Mary Katherine Alonso

*/s/ Lynn Hamilton Butler*
Lynn Hamilton Butler
Hush Blackwell LLP
111 Congress Avenue, Suite 1400
Austin, TX 78701
Telephone: (512) 479-9758
Facsimile: (512) 226-7318
Email: lynn.butler@huschblackwell.com
Attorney for Catherin Stone Curtis, Chapter 7 Trustee

## CERTIFICATE OF CONFERENCE

On May 4, 2022, an effort was made to confer with Susan Tran, Chapter 7 Debtor's counsel. Ms. Tran was not available until May 8, 2022. Accordingly, this Motion is considered Opposed.

*/s/ Shelby A. Jordan*
Shelby A. Jordan

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2022, a true and correct copy of the foregoing Motion for Relief From Stay was served to the parties on the attached service list by United States mail, first class, postage prepaid or via CM/ECF to all parties who are authorized to receive electronic notice in this case.

*/s/ Shelby A. Jordan*
Shelby A. Jordan

```
Label Matrix for local noticing        Forest Home Plantation, LLC         Harris County, et al.
0541-6                                  c/o Leann O. Moses                  Linebarger Goggan Blair & Sampson LLP
Case 21-60052                           1100 Poydras Street                 c/o John P. Dillman
Southern District of Texas              Suite 3100                          P.O. Box 3064
Victoria                                New Orleans, LA 70163-1102          Houston, TX 77253-3064
Tue May  3 13:23:19 CDT 2022

Henke, Williams & Boll, LLP             6                                   AmeriCredit/GM Financial
2929 Allen Parkway, Suite 3900          United States Bankruptcy Court      Attn: Bankruptcy
Houston, TX 77019-7125                  PO Box 61010                        PO Box 183853
                                        Houston, TX 77208-1010              Arlington, TX 76096-3853


(p)PNC BANK RETAIL LENDING              Bank of America                     Big Tex Storage
P O BOX 94982                           4909 Savarese Circle FL1-908-01-50  3480 Ella
CLEVELAND OH 44101-4982                 Tampa, FL 33634-2413                Houston Texas 77018-6136


Builders West Inc.                      Cadence/Superior Bank               Central Portfolio Control
8905 Friendship,                        Operations Center                   Attn: Bankruptcy Attn: Bankruptcy
Houston, Texas 77080-4111               Birmingham, AL 35203                10249 Yellow Circle Dr , Ste 200
                                                                            Minnetonka, MN 55343-9111


(p)JPMORGAN CHASE BANK  N A             Citibank                            City of Houston Public Works
BANKRUPTCY MAIL INTAKE TEAM             Citicorp Credit Srvs/Centralized Bk dept  Attn: Effie Green
700 KANSAS LANE FLOOR 01                PO Box 790034                       4200 Leeland
MONROE LA 71203-4774                    St Louis, MO 63179-0034             Houston, TX 77023-3016


(p)ECHELON ANALYTICS                    Encore Bank                         Harris County et al.
ATTN MALINDA PISCIOTTA                  Nine Greenway Plaza                 c/o John P. Dillman
1717 MAIN STREET                        Houston, TX 77046-0905             Linebarger Goggan Blair & Sampson LLP
STE 3380                                                                    P.O. Box 3064
DALLAS TX 75201-7364                                                        Houston, TX 77253-3064


Henke, Williams & Boll, LLP             JPMorgan Chase Bank, N.A.           Johns & Hebert PLLC f/k/a Johns & Counsel PL
2929 Allen Parkway, Suite 3900          s/b/m/t Chase Bank USA, N.A.        2028 East Ben White Boulevard, Suite 240
Houston, Texas 77019-7125               c/o Robertson, Anschutz & Schneid, P.L.  Austin, Texas 78741-6931
                                        6409 Congress Avenue, Suite 100
                                        Boca Raton, FL 33487-2853


(p)LIBERTAS FUNDING LLC                 Michael L. Noel                    (p)PHOENIX FINANCIAL SERVICES LLC
411 WEST PUTNAM ST                      12222 Taylorcrest                   PO BOX 361450
SUITE 220                               Houston, TX 77024-4247             INDIANAPOLIS IN 46236-1450
GREENWICH CT 06830-6295


(p)TMX FINANCE LLC FORMERLY TITLEMAX    US Trustee                         Wells Fargo Bank N.A., d/b/a Wells Fargo Aut
15 BULL STREET                          Office of the US Trustee            PO Box 130000
SUITE 200                               515 Rusk Ave                        Raleigh, NC 27605-1000
SAVANNAH GA 31401-2686                  Ste 3516
                                        Houston, TX 77002-2604


Wells Fargo Dealer Services             Brendon D Singh                    Catherine Stone Curtis
Attn: Bankruptcy 1100 Corporate Center D  Tran Singh, LLP                  Pulman, Cappuccio & Pullen, LLP
Raleigh, NC 27607-5066                  2502 La Branch Street               P.O. Box 720788
                                        Houston, TX 77004-1028              McAllen, TX 78504-0788
```

EXHIBIT 9

Eva S. Engelhart, Chapter 7 Trustee
7700 San Felipe, Suite 550
Houston, TX 77063-1618

Reese Baker
950 Echo Lane, Suite 300
Houston, TX 77024-2824

Scott Vincent Van Dyke
1515 South Boulevard
Houston, TX 77006-6335

Susan Tran Adams
Tran Singh LLP
2502 La Branch Street
Houston, TX 77004-1028

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

BBVA Compass
Attn: Bankruptcy
PO Box 10566
Birmingham, AL 35296

Chase Auto Finance
P.O. Box 78101
Phoenix, AZ 85062

(d)Chase Card Services
Attn: Bankruptcy
PO Box 15298
Wilmington, DE 19850

Echelon Analytics, LLC
1717 Main St Ste 3380
Dallas, TX 75201

Libertas Funding LLC
382 Greenwich Ave, Ste 2
Greenwich, CT 06380

Phoenix Financial Services, LLC
Attn: Bankruptcy
PO Box 361450
Indianapolis,, IN 46236

Titlemax of Texas
15 Bull St Ste 200
Savannah, GA 31401-2686

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Anzar Settlement Funding Corp.

(u)Builders West, Inc.

(u)Cadence Bank, N.A.

(u)Littlemill Limited

(u)Philadelphia Indemnity Insurance Company

(u)Prosperity Settlement Funding, Inc.

(u)Andrea Lore, Individually and in Her Capac

(du)Anzar Settlement Funding Corp.

(u)Cadence Bank

EXHIBIT 9

(u)Eva S. Engelhart, in Capacity as Chapter 7          (du)Littlemill Limited          (du)Philadelphia Indemnity Insurance Company

(du)Prosperity Settlement Funding, Inc.          (u)Andrea Lore          (u)Michael L. Noel

End of Label Matrix
Mailable recipients    33
Bypassed recipients    15
Total                  48

EXHIBIT 9

NOTICE:  THIS DOCUMENT CONTAINS
SENSITIVE DATA.

## No.  501470

| | | |
|---|---|---|
| **ESTATE OF** | § | **IN THE PROBATE COURT 2** |
| | § | |
| **MARY THERESA CONNELLY VAN** | § | **OF** |
| **DYKE,** | § | |
| | § | |
| **DECEASED** | § | **HARRIS COUNTY, TEXAS** |

### 1ST AMENDED APPLICATION FOR PROBATE OF WILL AND FOR LETTERS OF INDEPENDENT ADMINISTRATION WITH WILL ANNEXED PURSUANT TO TEXAS ESTATES CODE SECTION 401.002(b)

**Applicant:  Mary Katherine Alonso**

**Decedent:  Mary Theresa Connelly Van Dyke**

Applicant files this application for an order admitting to probate the Will of Decedent, for the appointment of Mary Katherine Alonso as Independent Administrator With Will Annexed under the provisions of Sec. 401.002(b), Texas Estates Code, and for issuance for letters of administration, and shows the Court as follows:

*1.  Domicile of Applicant*

Applicant, Mary Katherine Alonso, biological daughter, an interested person, is domiciled in Travis County, and may be served at 2305 Barton Creek Blvd, #48, Austin, Texas 78735. The last three digits of Mary Katherine Alonso's Social Security number are 421. The last three digits of Mary Katherine Alonso's Texas driver's license are 340.

*2.  Domicile of Decedent and Age on Date of Death*

Decedent, Mary Theresa Connelly Van Dyke, was domiciled at Autumn Grove Cottage, 1405 West 24th Street, Houston, Harris County, Texas  77008. On the date of death, Decedent was 91 years old.

*3.  Decedent's Identifying Information*

**Exhibit**

**1**

The last 3 digits of Decedent's Social Security number are 7955. The last 3 digits of Decedent's Texas Identification number are 718.

*4. Facts, Date and Place of Death*

Decedent died on December 6, 2021 in Houston, Harris County, Texas.

*5. Jurisdiction and Venue*

This Court has jurisdiction over this matter and venue is proper because Decedent resided in this county and had a domicile or fixed place of residence in Texas.

*6. Time Between Date of Death and Application*

Four years have not elapsed since the date of Decedent's death and before the application.

*7. Property*

Decedent owned real and personal property having an aggregate probable value of at least $250,000.

*8. Medicaid Benefits*

Decedent did not receive Medicaid benefits on or after March 1, 2005.

*9. Date of Will*

Decedent executed a valid, holographic written Will on March 23, 2005, which was never revoked. The holographic will was not made self-proving as provided by Section 251.107 of the Estates Code, in that the Testator never attached or annexed an affidavit meeting the requirements for such.

*10. No Valid Codicil*

Decedent's "DURABLE POWER OF ATTORNEY WITH LIVING WILL AUTHORITIES" dated December 30, 2019 is invalid as a codicil to the March 23, 2005 will. The power of attorney document fails to be a codicil for the following reasons:

1. Decedent was incapacitated such that she could not manage her personal affairs at the time of the signing of the document; See generally Exhibit A entitled *"Emergency Motion Of Eva Engelhart, As Chapter 7 Trustee Et Al To Compel Production Of Documents And Depositions."*

2. The document is not self-proving in that it is not in form and content substantially as provided by TEXAS ESTATES CODE 251.104(e) REQUIREMENTS FOR SELF PROVING AFFIDAVIT;

3. The purported codicil fails to clearly identify the will to which it applies. When a person seeks to amend his or her will, that may be done by codicil. A codicil must follow the same formalities as a will and it must clearly identify the will to which it applies and intends to modify.

*11. Executor Facts (Disqualification of Scott Van Dyke)*

No executor is named in Decedent's Will. However, if the court recognizes the 2019 "DURABLE POWER OF ATTORNEY WITH LIVING WILL AUTHORITIES" as a valid codicil, Scott Van Dyke is disqualified from serving in such role under TEXAS ESTATES CODE Sec. 304.003. PERSONS DISQUALIFIED TO SERVE AS EXECUTOR OR ADMINISTRATOR Subsection (5) a person whom the court finds unsuitable:

1. Scott Van Dyke, while serving in a fiduciary position under Decedent's various powers of attorney, breached his fiduciary duty by diverting funds from his mother's accounts to himself and entities owned by him, an act of self-dealing with respect to personal loans and/or gifts to himself, without express authority to engage in self-dealing. See generally Exhibit A entitled "Emergency Motion Of Eva Engelhart, As Chapter 7 Trustee Et Al To Compel Production Of Documents And Depositions."

2. Scott Van Dyke, while serving in a fiduciary position under Decedent's various powers of attorney, breached his fiduciary duty by signing promissory notes on behalf of Decedent for loans from family and other third parties against a pledge of proceeds from the future sale of Decedent's residence, then using the funds to, among other things, pay his personal bankruptcy counsel retainer.

3. Scott Van Dyke has an inherent conflict of interest precluding him from serving as executor because Decedent's estate has one or more claims and causes of action against him for breach of fiduciary duty, theft and conversion.

4. Scott Van Dyke is unsuitable to act in an executor capacity because, while serving in a fiduciary position under Decedent's various powers of attorney, breached his fiduciary duty by mismanaging her accounts such as to create an approximately $43,256.61 federal tax liability beginning in 2015 and continuing unpaid until 2022, as evidenced by a federal tax lien on behalf of the Internal Revenue Service, attached as Exhibit B.

5. Scott Van Dyke has an inherent conflict of interest precluding him from serving as executor because in his Chapter 7 Bankruptcy case[1], the bankruptcy Trustee and creditors allege improper transactions regarding his handling of Decedent's finances and comingling with his own outside the reach and view of the creditors.

6. Scott Van Dyke is unsuitable to act in an executor capacity because he has a pattern, practice and history of obstructing court proceedings and progress by refusal and failure to timely provide information he is required to disclose. See generally Exhibit A entitled "Emergency Motion of Eva Engelhart, As Chapter 7 Trustee Et Al To Compel Production Of Documents And Depositions." See further, in the court's files, Motion to Show Cause and Deliver Will; Affidavit of Non-Service due to Scott Van Dyke's hiding, refusal to accept and avoidance of proper service.

## 12. Decedent's Majority

At the time Decedent executed the Will, Decedent was at least 18 years of age, was of sound mind, and executed the Will with the formalities and solemnities and under the circumstances required by law to make the Will valid.

## 13. After-Born Children

---

[1] In Re: Scott Van Dyke, Case # 21-60052 In the United States Bankruptcy Court for the Southern District of Texas, Victoria Division

No children were born to or adopted by the Decedent after execution of the Will.

*14. Divorce After Execution of Will*

No marriage of the Decedent was ever dissolved after the Will was executed by Decedent.

*15. Government Agency or Charity Named as Devisee*

The Decedent's Will does not name the State of Texas, an agency of the state, or a charitable organization as a devisee.

*16. Agreement on Independent Administration*

As provided in Section 401.002, Texas Estates Code, all of the non-disqualified distributees of the estate agree on the advisability of having an independent administration and collectively designate Mary Katherine Alonso to serve as Independent Administrator with Will Annexed. It is further requested that no other action shall be had in the probate court in relation to the settlement of this estate other than the return of an inventory, appraisement, and list of claims of the Decedent's estate.

*17. Administrator*

Applicant requests Mary Katherine Alonso be appointed Independent Administrator of Decedent's estate, without bond. Mary Katherine Alonso is qualified to be appointed as administrator of this estate, and is not disqualified by law to act as such.

*18. Required Information*

Pursuant to Section 256.052(b) of the Texas Estates Code, no information required for this application has been omitted.

Applicant requests that citation issue to all persons having any interest in Decedent's estate as required by law, that Decedent's Will be admitted to probate, that Mary Katherine Alonso receive letters of administration, and that no action be had in this court in relation to the settlement of such estate other than the probating and recording of such Will and the filing of an inventory, appraisement, and list of claims of such estate, or an affidavit in lieu of the inventory, and that this Court enter all other orders it deems proper.

Respectfully submitted,


Law Office of Edwin E Lee
1105 Tabor St
Houston, TX 77009


_____/s/ Ed Lee_____
Ed Lee
Attorney for Mary Katherine Alonso
Bar no: 00792641
Phone: (713) 582-5088
Fax:
Email: ed@lexmedica.net

EXHIBIT 9

# THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 21-60052-CML |
| | § | |
| | § | |
| SCOTT VINCENT VAN DYKE | § | Chapter 7 |
| | § | |
| Debtor(s) | § | |

## JOINT MOTION TO FOR AN ORDER CONDITIONALLY MODIFYING THE AUTOMATIC STAY TO PERMIT CERTAIN PROBATE PROCEEDINGS TO CONTINUE

_____.

Upon the Joint Motion of Catherine Curtis, Chapter 7 Trustee for the Estate of Scott VanDyke and Mary Katherine Alonso, a party in interest requesting an Order Conditionally Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362 to Permit Certain Probate Proceedings to Continue as set out hereinbelow, and finding that this Court has core jurisdiction over the relief sought and due and proper notice and opportunity to be heard has been afforded according to law, and the Court further finds:

1. On May 25, 2021 (the "Petition Date"), Scott VanDyke (herein the "Debtor") filed a voluntary Chapter 11 Petition [Dkt #1] that has since been converted to a Chapter 7 case [Dlt #129], (the "Bankruptcy Case") with Catherine Curtis being appointing and qualifying and is now acting as the Chapter 7 case Trustee (herein "Trustee").

2. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334, which is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Beyond 180 days from the Petition Date, and on or about December 6, 2021 the Debtor's and Alonso's mother Mary Theresa Connelly VanDyke died and probate of her estate has been opened in Harris County, Texas, Docket No. 501470 (the "Estate").

4. The Debtor's sisters, including Mary Katherine Alonso, are heirs to the estate and Alonso has filed her First Amended Application For Probate of Will (the "Application"), a true and accurate copy of which is attached to the Joint Motion whereby Alonso seeks the appointment as the Independent Administrator of the Estate and seeks letters of administration confirming her power and authority.

5.      The Debtor has applied for appointment as the Independent Executor under and pursuant to a Durable Power of Attorney and Living Will set out in the Application.

6.      In response, as set out in the Application filed by Alonso, are a series of claims made by Alonso that the Debtor has breached his fiduciary duty to his mother, to the Estate, and to the family members and is unqualified to serve in a fiduciary capacity to the Estate.

7.      The probate court has jurisdiction over Estate property and the handling of the Estate's property, subject in part to the automatic stay arising upon the Debtors filing of his Bankruptcy Case and the Probate Court has exclusive jurisdiction to administer the Probate Estate but desires that the Trustee and Alonso obtain modification of the automatic stay to allow the determination of all issues related to probate and the right and entitlement of probate-related parties, to be determined by the Probate Court, and subject to the conditions of this Order.

8.      The Trustee and Alonso seeks to modify the automatic stay which may be applicable to all proceedings by the parties in the Probate Court and to allow each party to proceed in the Probate Court and to preserve all rights and claims to any interest of the Debtor in and to the Estate, Estate Property, or liability to the Estate, subject to the conditions of this Order.

and the Court accordingly further finds that good cause exists for the relief requested by both the Trustee and Mary Katherine Alonso in all things, and accordingly, it is

ORDERED that the stay of all proceedings provided in 11 U.S.C. § 362 be, and is hereby modified and partially lifted to allow the Trustee and Mary Katherine Alonso, as the case may be, to proceed in the Probate Court to pursue their respective rights and obtain any and all remedies and relief available in the Probate proceeding of the Estate including against: (i) the Debtor or the Debtor's rights or interest in the Estate or the Estate's property; or (ii) the Debtor's liability to the Estate or to Alonso or to the Trustee; to the extent that the Debtor is found to have any interest, tangible or intangible, in any of the Estate's property as determined by the Probate Court; and it is further

ORDERED that the disposition of any interest, if any, found to belong to the Debtor in, or to, the Estate or in, or to, any Estate Property, and to the extent the Trustee asserts a claim thereto, shall be fully preserved to a determination by the Bankruptcy Court as between the bankruptcy

estate and any adverse or competing claim of Alonso to such interests of the Debtor; and it is further

ORDERED that this determination of competing interest shall be promptly brought by Motion of the Trustee in, and determined exclusively by, this United States Bankruptcy Court; and it is further

ORDERED that the Court retains jurisdiction to modify, amend this Order on the Motion of a party in interest.

Dated: _____, 2022.


_____
HON. CHRISTOPHER LOPEZ
UNITED STATES BANKRUPTCY JUDGE

EXHIBIT 9

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

June 07, 2022

Nathan Ochsner, Clerk

**THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| In Re: | § | **Case No. 21-60052-CML** |
| | § | |
| | § | |
| **SCOTT VINCENT VAN DYKE** | § | **Chapter 7** |
| | § | |
| Debtor(s) | § | |

**ORDER CONDITIONALLY MODIFYING THE AUTOMATIC STAY TO**
**PERMITCERTAIN PROBATE PROCEEDINGS TO CONTINUE**
_____.

Upon the Joint Motion of Catherine Curtis, Chapter 7 Trustee for the Estate of Scott

VanDyke and Mary Katherine Alonso, a party in interest requesting an Order Conditionally

Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362 to Permit Certain Probate Proceedings

to Continue as set out hereinbelow, and finding that this Court has core jurisdiction over the relief

sought and due and proper notice and opportunity to be heard has been afforded according to law,

and the Court further finds:

1.      On May 25, 2021 (the "Petition Date"), Scott VanDyke (herein the "Debtor") filed a voluntary Chapter 11 Petition [Dkt #1] that has since been converted to a Chapter 7 case [Dlt #129], (the "Bankruptcy Case") with Catherine Curtis being appointing and qualifying and is now acting as the Chapter 7 case Trustee (herein "Trustee").

2.      The Court has jurisdiction over this Motion under 28 U.S.C. § 1334, which is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      Beyond 180 days from the Petition Date, and on or about December 6, 2021 the Debtor's and Alonso's mother Mary Theresa Connelly VanDyke died and probate of her estate has been opened in Harris County, Texas, Docket No. 501470 (the "Estate").

4.      The Debtor's sisters, including Mary Katherine Alonso, are heirs to the estate and Alonso has filed her First Amended Application For Probate of Will (the "Application"), a true and accurate copy of which is attached to the Joint Motion whereby Alonso seeks the appointment as the Independent Administrator of the Estate and seeks letters of administration confirming her power and authority.

5.      The Debtor has applied for appointment as the Independent Executor under and pursuant to a Durable Power of Attorney and Living Will set out in the Application.

6.      In response, as set out in the Application filed by Alonso, are a series of claims made by Alonso that the Debtor has breached his fiduciary duty to his mother, to the Estate, and to the family members and is unqualified to serve in a fiduciary capacity to the Estate.

7.      The probate court has jurisdiction over Estate property and the handling of the Estate's property, subject in part to the automatic stay arising upon the Debtors filing of his Bankruptcy Case and the Probate Court has exclusive jurisdiction to administer the Probate Estate but desires that the Trustee and Alonso obtain modification of the automatic stay to allow the determination of all issues related to probate and the right and entitlement of probate-related parties, to be determined by the Probate Court, and subject to the conditions of this Order.

8.      The Trustee and Alonso seeks to modify the automatic stay which may be applicable to all proceedings by the parties in the Probate Court and to allow each party to proceed in the Probate Court and to preserve all rights and claims to any interest of the Debtor in and to the Estate, Estate Property, or liability to the Estate, subject to the conditions of this Order.

and the Court accordingly further finds that good cause exists for the relief requested by both the

Trustee and Mary Katherine Alonso in all things, and accordingly, it is

ORDERED that the stay of all proceedings provided in 11 U.S.C. § 362 be, and is hereby

modified and partially lifted to allow the Trustee and Mary Katherine Alonso, as the case may be,

to proceed in the Probate Court to pursue their respective rights and obtain any and all remedies

and relief available in the Probate proceeding of the Estate including against: (i) the Debtor or the

Debtor's rights or interest in the Estate or the Estate's property; or (ii) the Debtor's liability to the

Estate or to Alonso or to the Trustee; to the extent that the Debtor is found to have any interest,

tangible or intangible, in any of the Estate's property as determined by the Probate Court; and it is

further

ORDERED that the disposition of any interest, if any, found to belong to the Debtor in, or

to, the Estate or in, or to, any Estate Property, and to the extent the Trustee asserts a claim thereto,

shall be fully preserved to a determination by the Bankruptcy Court as between the bankruptcy

estate and any adverse or competing claim of Alonso to such interests of the Debtor;  and it is further

ORDERED that this determination of competing interest shall be promptly brought by Motion of the Trustee in, and determined exclusively by, this United States Bankruptcy Court; and it is further

ORDERED that the Court retains jurisdiction to modify, amend this Order on the Motion of a party in interest.


Signed:  June 07, 2022

Christopher Lopez
United States Bankruptcy Judge

FILED
6/8/2022 2:20 PM
Teneshia Hudspeth
County Clerk
Harris County - County Probate Court No. 2
Accepted By: AG

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA.**

## No. 501470

| | |
|---|---|
| **ESTATE OF** § | **IN THE PROBATE COURT 2** |
| § | |
| **MARY THERESA CONNELLY VAN DYKE,** § | **OF** |
| § | |
| **DECEASED** § | **HARRIS COUNTY, TEXAS** |

### NOTICE OF RELIEF FROM STAY IN BANKRUPTCY – SCOTT VAN DYKE

Mary Katherine Alonso, Applicant brings this notice of relief from the automatic stay in bankruptcy regarding the Suggestion of Bankruptcy filed by Scott Van Dyke January 3, 2022 (In re: Scott Van Dyke in the Bankruptcy Court for the Southern District of Texas, Cause No. 21-60052 on May 25, 2021).

Ruling after hearing on June 7, 2022, the court "ORDERED that the stay of all proceedings provided in 11 U.S.C. § 362 be, and is hereby modified and partially lifted to allow the Trustee and Mary Katherine Alonso, as the case may be, to proceed in the Probate Court to pursue their respective rights and obtain any and all remedies and relief available in the Probate proceeding of the Estate including against: (i) the Debtor or the Debtor's rights or interest in the Estate or the Estate's property; or (ii) the Debtor's liability to the Estate or to Alonso or to the Trustee; to the extent that the Debtor is found to have any interest, tangible or intangible, in any of the Estate's property as determined by the Probate Court."

A copy of the signed order granting relief of stay is attached as Exhibit A.

EXHIBIT 11

Page 2 of 3   Thursday, June 20, 2024

County Clerk Harris County, Texas

Respectfully submitted,

Law Office of Edwin E Lee
1105 Tabor St
Houston, TX 77009

/s/ Ed Lee
Ed Lee
Attorney for Mary Katherine Alonso
Bar no: 00792641
Phone: (713) 582-5088
Fax:  000-000-0000
Email: ed@lexmedica.net

## Certificate of Service

I certify that a true copy of this document was served in accordance with Rule 21a of the Texas Rules of Civil Procedure on the following on June 8, 2022.

Robert MacNaughten by electronic filing manager at robert@porterpowers.com.

Kenneth Krohn by electronic filing manager at ken@krohnpllc.com.

/s/ Ed Lee
Ed Lee
Attorney for Mary Katherine Alonso

EXHIBIT 11





I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that these pages
are a true and correct copy of the original record filed and recorded in my office,
electronically or hard copy, as it appears on this date.

Witness my official hand and seal of office
This June 20, 2024

*Teneshia Hudspeth*

**Teneshia Hudspeth, County Clerk**
**Harris County, Texas**

Confidential information may have been redacted from the document in compliance with the Public Information Act.

EXHIBIT 11

**501470**

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

June 07, 2022

Nathan Ochsner, Clerk

# THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 21-60052-CML |
| | § | |
| **SCOTT VINCENT VAN DYKE** | § | Chapter 7 |
| | § | |
| **Debtor(s)** | § | |

## ORDER CONDITIONALLY MODIFYING THE AUTOMATIC STAY TO PERMITCERTAIN PROBATE PROCEEDINGS TO CONTINUE

Upon the Joint Motion of Catherine Curtis, Chapter 7 Trustee for the Estate of Scott VanDyke and Mary Katherine Alonso, a party in interest requesting an Order Conditionally Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362 to Permit Certain Probate Proceedings to Continue as set out hereinbelow, and finding that this Court has core jurisdiction over the relief sought and due and proper notice and opportunity to be heard has been afforded according to law, and the Court further finds:

1. On May 25, 2021 (the "Petition Date"), Scott VanDyke (herein the "Debtor") filed a voluntary Chapter 11 Petition [Dkt #1] that has since been converted to a Chapter 7 case [Dlt #129], (the "Bankruptcy Case") with Catherine Curtis being appointing and qualifying and is now acting as the Chapter 7 case Trustee (herein "Trustee").

2. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334, which is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Beyond 180 days from the Petition Date, and on or about December 6, 2021 the Debtor's and Alonso's mother Mary Theresa Connelly VanDyke died and probate of her estate has been opened in Harris County, Texas, Docket No. 501470 (the "Estate").

4. The Debtor's sisters, including Mary Katherine Alonso, are heirs to the estate and Alonso has filed her First Amended Application For Probate of Will (the "Application"), a true and accurate copy of which is attached to the Joint Motion whereby Alonso seeks the appointment as the Independent Administrator of the Estate and seeks letters of administration confirming her power and authority.

Page 1 of 3

EXHIBIT 11



5.    The Debtor has applied for appointment as the Independent Executor under and pursuant to a Durable Power of Attorney and Living Will set out in the Application.

6.    In response, as set out in the Application filed by Alonso, are a series of claims made by Alonso that the Debtor has breached his fiduciary duty to his mother, to the Estate, and to the family members and is unqualified to serve in a fiduciary capacity to the Estate.

7.    The probate court has jurisdiction over Estate property and the handling of the Estate's property, subject in part to the automatic stay arising upon the Debtors filing of his Bankruptcy Case and the Probate Court has exclusive jurisdiction to administer the Probate Estate but desires that the Trustee and Alonso obtain modification of the automatic stay to allow the determination of all issues related to probate and the right and entitlement of probate-related parties, to be determined by the Probate Court, and subject to the conditions of this Order.

8.    The Trustee and Alonso seeks to modify the automatic stay which may be applicable to all proceedings by the parties in the Probate Court and to allow each party to proceed in the Probate Court and to preserve all rights and claims to any interest of the Debtor in and to the Estate, Estate Property, or liability to the Estate, subject to the conditions of this Order.

and the Court accordingly further finds that good cause exists for the relief requested by both the

Trustee and Mary Katherine Alonso in all things, and accordingly, it is

ORDERED that the stay of all proceedings provided in 11 U.S.C. § 362 be, and is hereby

modified and partially lifted to allow the Trustee and Mary Katherine Alonso, as the case may be,

to proceed in the Probate Court to pursue their respective rights and obtain any and all remedies

and relief available in the Probate proceeding of the Estate including against: (i) the Debtor or the

Debtor's rights or interest in the Estate or the Estate's property; or (ii) the Debtor's liability to the

Estate or to Alonso or to the Trustee; to the extent that the Debtor is found to have any interest,

tangible or intangible, in any of the Estate's property as determined by the Probate Court; and it is

further

ORDERED that the disposition of any interest, if any, found to belong to the Debtor in, or

to, the Estate or in, or to, any Estate Property, and to the extent the Trustee asserts a claim thereto,

shall be fully preserved to a determination by the Bankruptcy Court as between the bankruptcy

EXHIBIT 11



estate and any adverse or competing claim of Alonso to such interests of the Debtor; and it is further

ORDERED that this determination of competing interest shall be promptly brought by Motion of the Trustee in, and determined exclusively by, this United States Bankruptcy Court; and it is further

ORDERED that the Court retains jurisdiction to modify, amend this Order on the Motion of a party in interest.

Signed: June 07, 2022

Christopher Lopez
United States Bankruptcy Judge

EXHIBIT 11



I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that these pages
are a true and correct copy of the original record filed and recorded in my office,
electronically or hard copy, as it appears on this date.

Witness my official hand and seal of office
This June 20, 2024

*Teneshia Hudspeth*

**Teneshia Hudspeth, County Clerk**
**Harris County, Texas**

Confidential information may have been redacted from the document in compliance with the Public Information Act.

EXHIBIT 11

United States Bankruptcy Court
Southern District of Texas

**ENTERED**
December 06, 2022
Nathan Ochsner, Clerk

**Information to identify the case:**

| | |
|---|---|
| Debtor 1 | **Scott Vincent Van Dyke** |
| | First Name   Middle Name   Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court | Southern District of Texas |
| Case number: | 21–60052 |

Social Security number or ITIN   xxx–xx–xxxx
EIN   _ _–_ _ _ _ _ _ _

Social Security number or ITIN   _ _ _ _
EIN   _ _–_ _ _ _ _ _ _

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Scott Vincent Van Dyke
dba Anglo–Dutch Energy, LLC, dba Anglo–Dutch
(Tenge), LLC

12/6/22

**By the court:**  Christopher M. Lopez
United States Bankruptcy Judge

## Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

EXHIBIT 12

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for most taxes;

- ♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- ♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- ♦ some debts which the debtors did not properly list;

- ♦ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- ♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

EXHIBIT 12

FILED
2/9/2024 2:46 PM
Teneshia Hudspeth
County Clerk
Harris County - County Probate Court No. 2
Accepted By: SC

## CAUSE NO. 501470-401

| | | |
|---|---|---|
| MARY KATHERINE ALONSO, AND RUDOLPH M. CULP, AS DEPENDENT ADMINISTRATOR WITH WILL ANNEXED OF THE ESTATE OF MARY THERESA CONNELLY VAN DYKE, DECEASED | § § § § § § § | IN THE PROBATE COURT |
| *Plaintiffs,* | § § § | |
| v. | § § | NUMBER TWO (2) OF |
| SCOTT VAN DYKE, PAYTON BOOMER INVESTMENTS, LLC, AND PATTEN TITLE HOLDINGS #1 LLC d/b/a PATTEN TITLE COMPANY | § § § § § § | |
| *Defendants.* | § | HARRIS COUNTY, TEXAS |

## CAUSE NO. 501,470

| | | |
|---|---|---|
| IN THE ESTATE OF | § § | IN THE PROBATE COURT |
| MARY THERESA CONNELLY VAN DYKE, | § § | NUMBER TWO (2) OF |
| DECEASED | § § | HARRIS COUNTY, TEXAS |

### SECOND AMENDED ORIGINAL PETITION

Rudolph M. Culp, Dependent Administrator with Will Annexed of the Estate of Mary Theresa Connelly Van Dyke, Deceased and Mary Katherine Alonso (collectively "Plaintiffs") and file this Second Amended Original Petition against Defendants Scott Van Dyke, Payton Boomer Investments, LLC, and Patten Title Holdings #1 LLC d/b/a Patten Title Company (collectively "Defendants"). In support thereof, Plaintiffs respectfully show the Court as follows:

Page 1 of 16





EXHIBIT 13

# I.
## Discovery Level

1.      This is a Level 2 case under the Texas Rules of Civil Procedure 190.3. Plaintiff affirmatively moves this Court to issue a docket control order under Level 3 of Rule 190.3.

# II.
## Parties

2.      Plaintiff Rudolph M. Culp, as Dependent Administrator with Will Annexed of the Estate of Mary Theresa Connelly Van Dyke, Deceased ("Administrator"), was appointed by the above-referenced Court and has joined in this Petition as the personal representative of the Estate of Mary Theresa Connelly Van Dyke, Deceased ("Estate").

3.      Plaintiff Mary Katherine Alonso ("Mary Katherine") is an individual who is an interested person in the Estate and filed the original Petition. Mary Katherine has appeared through counsel.

4.      Defendant Scott Van Dyke ("Scott") is an individual who has appeared through counsel.

5.      Defendant Payton Boomer Investments, LLC ("Payton Boomer") is a Texas limited liability company which has appeared through counsel.

6.      Defendant Patten Title Holdings #1 d/b/a Patten Title Company ("Patten Title") is a Texas limited liability company who has appeared through counsel.

# III.
## Jurisdiction and Venue

7.      This Court has proper jurisdiction and venue over this proceeding pursuant to the Texas Estates Code, as this action is related to a probate proceeding pending in this Court. Tex. Est. Code §§ 32.005, 33.002.

EXHIBIT 13

8.       The damages sought in this suit are within the jurisdictional limits of the Court. As required by Rule 47, Texas Rules of Civil Procedure. Plaintiffs seek monetary relief over $250,000 but not more than $1,000,000.

## IV.
## Background

9.       This action concerns a "purported sale of a homestead" and the impact, damages and aftermath of that transaction.

**A.    The Powers of Attorney**

10.      Sometime prior to April 1, 2014, it appears that Scott started assisting Mrs. Van Dyke with the drafting and execution of various powers of attorney.

11.      On April 1, 2014, Mrs. Van Dyke executed a power of attorney appointing Scott as her initial agent and attorney-in-fact ("2014 POA"). However, as with all POAs, Scott had a fiduciary duty to act in the best interests of Mrs. Van Dyke, and the 2014 POA did not expressly permit self-dealing of the acting agent. The 2014 POA was not executed in an attorney's or title company's office.

12.      On or about October 2, 2018, Mrs. Van Dyke was involved in the signing of another power of attorney, which expressly provided that it fully replaces and fully substitutes for the 2014 POA ("2018 POA").   It again appointed Scott as her agent pursuant to the terms of the 2018 POA. Like the 2014 POA, Scott had a fiduciary duty to act in the best interests of Mrs. Van Dyke, and the 2018 POA did not expressly permit self-dealing of the acting agent. The 2018 POA was not executed in an attorney's or title company's office.

13.      On or about, December 26, 2019, Mrs. Van Dyke was involved in the signing of another power of attorney, which expressly provided that it fully replaces and fully substitutes for the 2018 POA ("First 2019 POA").   It again appointed Scott as her agent pursuant to the terms of

EXHIBIT 13

the First 2019 POA. Like the 2014 POA and the 2018 POA, Scott had a fiduciary duty to act in the best interests of Mrs. Van Dyke, and the First 2019 POA did not expressly permit self-dealing of the acting agent. The First 2019 POA was not executed in an attorney's or title company's office.

14.     On or about December 30, 2019—only four days after she executed the First 2019 POA, Mrs. Van Dyke was involved in the signing of yet another power of attorney ("Second 2019 POA"). The Second 2019 POA included the following revocation language: "*This Durable Power of Attorney with Living Will Authorities fully replaces and fully substitutes all previous Durable Power of Attorney with Living Will Authorities that I executed (including, but not limited to the ones I executed April 1, of 2014, October 2, 2018, and December 26, 2019).*" The Second 2019 power of attorney similarly did not expressly permit self-dealing of the acting agent, and it was not executed in an attorney's or title company's office.

**B.    Sham Sale Transaction of Mrs. Van Dyke's Homestead**

15.     Starting in 2004, Mrs. Van Dyke acquired and resided in the real property commonly known as 5304 Southampton Est, Houston TX 77005 (the "Townhouse"). She confirmed in 2014 POA, the 2018 POA, the First 2019 POA and the Second 2019 POA that the Townhouse was her residence. It was also represented to be her homestead to the Harris County Appraisal District.

16.     By May of 2021, Scott was in dire financial troubles, personally and professionally, and under supervision of the district's bankruptcy court.

17.     Documents produced by Payton Boomer now confirm that Defendants were involved in a discussion of how Scott could receive a loan related to the Townhouse.

EXHIBIT 13

18.    On May 24, 2021, Jonathan Paull, on behalf of Payton Boomer, and Ashely Patten, along with others associated with Patten Title exchanged emails regarding how to structure the loan.  It was Ashley Patten who advised that "the best way to do this is to do an equity participation agreement."  *See* Payton Boomer 000380.  In that same communication, Ashley Patten raised a concern about Mrs. Van Dyke's capacity and wanted to ensure that she "didn't have altzheimers [sic] the day the POA was executed."  *Id.*

19.    On May 24, 2021, Payton Boomer and Scott as Mrs. Van Dyke's agent entered into an "Option Agreement".  The Option Agreement claimed that Mrs. Van Dyke had sold the Townhouse to Payton Boomer for $218,000, subject to the existing encumbrances, and Payton Boomer was granting Mrs. Van Dyke the option to repurchase the Townhouse back for $514,954.90 before November 30, 2021. In order to maintain this option, Mrs. Van Dyke was obligated to pay an option fee of $985.48 immediately, make monthly payments to Payton Boomer of $2,750, plus continue to pay her mortgage, utilities, HOA fees and insurance expenses for the Townhouse. If Mrs. Van Dyke failed to make any of these payments or failed to repurchase the property for more than double what Payton Boomer paid her for it, the option would extinguish, allowing Payton Boomer to purchase the Townhouse for far below its value.

20.    On the same day as the Option Agreement was signed, Payton Boomer went as far as advancing $30,000.00 to Scott (via Mrs. Van Dyke's account), even though Payton Boomer was yet to have any ownership interest in the Townhouse and Defendants were struggling to find an underwriter that would issue title insurance on the transaction.  This advance of funds was made at a time where Payton Boomer, Scott and Patten Title all had knowledge of Mrs. Van's Dyke's lack of mental capacity. Upon information and belief, the advance of funds was so that Scott could

EXHIBIT 13

pay his bankruptcy lawyers. The very next day, Scott wrote a $25,000 check from Mrs. Van Dyke's bank account to his bankruptcy attorney.

21.     On May 28th, 2021, Payton Boomer and Scott entered into the "Equity Participation Agreement" (the "EPA") involving the Townhouse, as suggested by Mr. Patten. Scott signed the EPA as Mrs. Van Dyke's agent (although the notary states it was signed by Mrs. Van Dyke). Jonathan Paull signed the EPA as manager for Payton Boomer.

22.     Simultaneously with the execution of the EPA, Scott, in violation of his fiduciary duties to his mother, executed a Special Warranty Deed, dated May 21, 2021, but actually signed on May 28, 2021 ("SWD"). Mr. Paull as Manager of Payton Boomer also signed the document. The SWD purported to transfer ownership of the Townhouse to Payton Boomer, subject to the alleged Option Agreement and first mortgage of approximately $300,000 at that time.

23.     The EPA and Option Agreement (collectively referred to as the "Sham Sale of Homestead"), as drafted, cloak the transfer of ownership of the Townhouse to Payton Boomer as a "sale of real property," but is in fact a home equity loan against Mrs. Van Dyke's homestead, intended to provide above-allowable interest as a "lender of last resort."

24.     It's notable that on the day the EPA and SWD were signed, Mrs. Van Dyke continued to live in the Townhouse as her residence and homestead, had been suffering from progressive memory decline since 2014, was on Excelon—an Alzheimer's medication, and needed assistance with even her basic activities of daily living. Yet, Scott signed, as Mrs. Van Dyke's agent, a purported Designation of Homestead and Affidavit of Nonhomestead dated May 21, 2021—but actually signed on May 28, 2021—claiming that she resided in a nursing home and designating the nursing home – which she did not have any ownership interest in – as her homestead.

EXHIBIT 13

25.    Given the documented medical issues, the title insurance underwriters refused to accept the Second 2019 POA to close the transaction.  It was Patten Title who suggested that Scott use the revoked 2014 POA to close the transaction. All Defendants were aware that the 2014 POA had been revoked by the 2018 POA, the First 2019 POA and the Second 2019 POA.  Additionally, all Defendants were aware that none of the POAs were executed in an attorney's office or title company office.  Payton Boomer and Patten Title engaged in numerous communications reflecting a desire to convince the underwriters to accept authority under some means to close the transaction and assist Scott in breaching fiduciary duties to the detriment of Mrs. Van Dyke.

26.    It is unclear where the proceeds went; however, on December 16, 2021, Scott admitted to Mary Katherine and their sister that "some amount of money was paid directly to my business"—not for the benefit of Mrs. Van Dyke, but for his own purposes.

27.    On December 6, 2021, Mrs. Van Dyke died. On December 23, 2021, Payton Boomer sold the Townhouse to third-party buyers for $710,750.00.

## V.
## Causes of Action

28.    Plaintiffs incorporate the facts detailed in the foregoing paragraphs by reference in each of the causes of action set out below.

**A.    Breach of Fiduciary Duty | Defendant Scott Van Dyke**

29.    Plaintiffs affirmatively plead that Scott is liable for breach of fiduciary duty in his capacity as a purported agent for Mrs. Van Dyke under the 2014 POA, the 2018 POA, the First 2019 POA and the Second 2019 POA, and pursuant to his informal fiduciary relationship with Mrs. Van Dyke.

30.    The elements of a claim for breach of fiduciary duty are: 1) the plaintiff and the defendant had a fiduciary relationship; 2) the defendant breached his fiduciary duty to the plaintiff;



EXHIBIT 13



and 3) the defendant's breach resulted in either injury to the plaintiff or a benefit to the defendant. *Burrow v. Arce*, 997 S.W.2d 229, 237 (Tex. 1999); *Heritage Gulf Coast Props. Ltd. v. Sandalwood Apts., Inc.*, 416 S.W.3d 642, 650 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

31.     A cause of action for breach of fiduciary duty arises when one with a fiduciary duty intends to gain additional benefit for himself. *Edwards v. Holleman*, 893 S.W.2d 115, 120 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *Cheek v. Humphreys*, 800 S.W.2d 596, 599 (Tex. App.—Houston [14th Dist.] 1990, writ denied). A finding that the act in breach was intentional is sufficient for damages, and a finding of malice is not required. *Interfirst Bank Dallas, N.A. v. Risser*, 739 S.W.2d 882, 907 (Tex. App.—Texarkana 1987, no writ).

32.     To prove an action for breach of fiduciary duty, the plaintiff must establish that the defendant was the plaintiff's fiduciary. *Priddy v. Rawson*, 282 S.W.3d 588, 599 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). The relationship may consist of formal fiduciary relations or of informal relations in which one person places a special confidence in another who, in equity and good conscience, is bound to act in good faith and with due regard for the interest of the person placing the confidence. *See Texas Bank & Trust Co. v. Moore*, 595 S.W.2d 502, 507 (Tex. 1980).

33.     Agents, as a matter of Texas law, owe a fiduciary duty to their principals. *See Nat. Plan Adm'rs, Inc. v. Nat. Health Ins.*, 235 S.W.3d 695, 700 (Tex. 2007).

34.     Under the all of the POAs, Scott owed the following duties:

(a)     The duty of fair dealing and utmost good faith;
(b)     The duty of complete candor;
(c)     The duty to refrain from all forms of self-dealing, which extends to dealings with a fiduciary's spouse, agents, employees, and other persons whose interests are closely identified with those of the fiduciary;
(d)     The duty of fair and honest dealing;
(e)     The duty of full disclosure of all important and/or material information; and,



EXHIBIT 13



(f)     The duty to place the best interest of the principal above the interest of the fiduciary, and not use the position of fiduciary to gain any form of benefit for the fiduciary at the expense of the principal.

35.     The duty of loyalty is fundamental to a fiduciary relationship. It requires that a trustee place the interest of a principal above his own and prohibits a fiduciary from using the advantage of his position to gain any benefit for himself at the expense of the beneficiaries. And, it is strictly applied. *See Tex. Bank and Trust Co. v. Moore*, 595 S.W.2d 502 508–09 (Tex. 1980); *Slay v. Burnett Trust*, 187 S.W.2d 377, 387 (Tex. 1945).

36.     Scott breached these duties by engaging in the Sham Sale of Homestead in exchange for funds that Scott used for his own benefit, and by spending Mrs. Van Dyke's money and incurring debt on her behalf for his own personal benefit.

37.     Scott's breaches materially damaged both Mrs. Van Dyke and her Estate.

**B.     Assisting or Encouraging Breach of Fiduciary Duty | Defendant Payton Boomer Investments, LLC**

38.     With relation to the Sham Sale of Homestead, Scott's breaches of fiduciary were made possible with the assistance of Payton Boomer. Thus, Plaintiffs seek to hold Payton Boomer liable for assisting-or-encouraging Scott's breaches of fiduciary duty.

39.     As stated above, Scott breached the fiduciary duties he owed to Mrs. Van Dyke by entering into the Sham Sale of Homestead on behalf of Mrs. Van Dyke for the purpose of personally benefitting. Payton Boomer knew that Scott's involvement in the Sham Sale of Homestead constituted tortious conduct, as they had knowledge of Scott's intentions in the transaction and even advanced significant funds before the transaction closed so that Scott could pay his bankruptcy attorney. Payton Boomer participated in structuring the Sham Sale of Homestead and even assisted with drafting a doctor's letter for Mrs. Van Dyke's doctor to sign, so that the transaction could close.

EXHIBIT 13

Page 10 of 17   Thursday, June 20, 2024   County Clerk Harris County, Texas

40.     Payton Boomer drafted the EPA with the assistance of Patten Title, and otherwise gave Scott assistance in breaching the fiduciary duties Scott owed Mrs. Van Dyke. And, Payton Boomer's assistance was a substantial factor in causing Scott's breaches.

41.     Accordingly, Plaintiffs seek to hold Payton Boomer joint and severally liable for all damages caused by Scott's breaches of fiduciary duty that relate to the Sham Sale of Homestead.

**C.      Assisting or Encouraging Breach of Fiduciary Duty | Defendant Patten Title**

42.      With relation to the Sham Sale of Homestead, Scott's breaches of fiduciary were made possible with the assistance of Patten Title. Thus, Plaintiffs also seek to hold Patten Title liable for assisting-or-encouraging Scott's breaches of fiduciary duty.

43.     As stated above, Scott breached the fiduciary duties he owed to Mrs. Van Dyke by entering into the Sham Sale of Homestead on behalf of Mrs. Van Dyke, for the purpose of personally benefitting. Patten Title knew that Scott was not authorized to sell Mrs. Van Dyke's homestead, both because the 2014 POA had been revoked by subsequent POAs and because none of the POAs granted to Scott were executed in an attorney's or title company office.

44.     Patten Title played a significant role in Scott's breaches of fiduciary duty; they assisted in the structuring of the Sham Sale of Homestead, helped draft the EPA, and encouraged Scott to use the revoked 2014 POA to close the transaction.  Furthermore, Patten Title was on notice that Payton Boomer would not close the transaction (and Patten Title would not receive compensation) if title insurance was not obtained.

45.     In addition to Payton Boomer, Patten Title's assistance was a substantial factor in causing Scott's breaches. Accordingly, Plaintiffs seek to hold Patten Title joint and severally liable

EXHIBIT 13

for all damages caused by Scott's breaches of fiduciary duty that relate to the Sham Sale of Homestead.

**D.    Texas Deceptive Trade Practices Act | Defendant Payton Boomer Investments, LLC**

46.    Payton Boomer's actions further violates the Texas Deceptive Trade Practices Act. Specifically, Section 41.006 of the Texas Property Code states:

> (a) Except as provided by Subsection (c), any sale or purported sale in whole or in part of a homestead *at a fixed purchase price that is less than the appraised fair market value* of the property at the time of the sale or purported sale, and in connection with which the buyer of the property executes a lease of the property to the seller *at lease payments that exceed the fair rental value of the property*, is considered to be a loan with all payments made from the seller to the buyer in excess of the sales price considered to be interest subject to Title 4, Finance Code.
>
> (b) The taking of any deed in connection with a transaction described by this section *is a deceptive trade practice* under Subchapter E, Chapter 17, Business & Commerce Code, and *the deed is void* and no lien attaches to the homestead property as a result of the purported sale.

Tex. Prop. Code § 41.006(emphasis added).

47.    In accordance with Texas Property Code §41.006, the Sham Sale of Homestead was effectively a home equity loan made by Payton Boomer against Mrs. Van Dyke's homestead. At the time of the Sham Sale of Homestead, the Townhouse was Mrs. Van Dyke's only residence and designated homestead, and its fair market value far exceeded the $218,000 sales price. In fact, Payton Boomer sold the Townhouse for nearly $500,000 more than that only seven months later.

48.    As a condition of the Sham Sale of Homestead, Mrs. Van Dyke was obligated to pay approximately $36,550.00 to Payton Boomer over the course of six-months in order to continue having access to the Townhouse. After that six-month period, Mrs. Van Dyke was obligated to pay Payton Boomer an additional $514,954.90 or else lose all rights, title or interest to her Townhouse forever. Accordingly, Payton Boomer committed false, misleading and

EXHIBIT 13



deceptive acts or practices, which were the producing cause of damage to Mrs. Van Dyke and her Estate.

49.     Additionally, Plaintiffs affirmatively plead that the statute of limitations for this and all causes of action is governed by Section 16.062 of the Texas Civil Practice and Remedies Code.

## E.     Usury | Defendant Payton Boomer Investments, LLC

50.     Additionally, Payton Boomer is liable for committing usury. By entering into Sham Sale of Homestead, Payton Boomer contracted for and is attempting to charge Mrs. Van Dyke, as obligor, (and her estate) a usurious amount.  As previously stated, the Sham Sale of Homestead was actually an attempted secured loan for money that benefitted Scott.

51.     In the Sale of Homestead, Payton Boomer contracted to receive from Mrs. Van Dyke a minimum 235% return on their initial investment, plus the guaranteed monthly payments from Mrs. Van Dyke. This amount was usurious, pursuant to Texas Property Code Section 41.006 and Title 4 of the Texas Finance Code.

## F.     Action for Accounting | Defendant Scott

52.     Pleading further, and without waiving the foregoing or any other demand for accounting previously made, Plaintiffs hereby ask this Court to compel Scott to fully account for all actions taken as agent for Mrs. Van Dyke pursuant to Section 751.105 of the Texas Estates Code.

53.     Plaintiffs demanded an accounting from Scott, as agent for Mrs. Van Dyke on July 11, 2022. As of this date, Scott has wholly failed to sufficiently account to Mrs. Van Dyke or her Estate in any role in which he claims to be a fiduciary for Mrs. Van Dyke, be it formal or informal.

EXHIBIT 13



54.    By and through their filing of this petition, Plaintiffs again make demand upon Scott to provide a full, complete accounting for all actions he has taken in the above-described capacities, and ask this Court to compel Scott to provide the same.

55.    Scott had an affirmative duty of full disclosure for all of his activities as an agent. Because Scott has refused and continues to refuse to sufficiently account for any of his actions in these capacities, he is liable for breach of his duty of full disclosure, which is akin to constructive fraud. Plaintiffs further reiterate their request that the Court find that Scott is liable for breach of his duty of full disclosure.

**G.    Declaratory Judgement | Purported Sale of Homestead Protections**

56.    Plaintiffs also bring this action pursuant to Section 37.004 of the Texas Civil Practice and Remedies Code. Specifically, a person interested under a deed, will, written contract, or other writings constituting a contract on whose rights, status, or other legal relations are affected by a statute, municipal ordinance, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder. Tex. Civ. Prac. & Rem. Code § 37.004(a).

57.    Under Texas Civil Practice and Remedies Code Section 37.004, Plaintiffs are entitled to bring an action for declaratory judgement to determine the validity of the Sham Sale of Homestead and SWD, and asks the court for a Declaratory Judgment as to the respective rights of the parties considering the protections afforded under certain homestead property as laid out in Texas Property Code 41.006 and Article 16, Section 50 of the Texas Constitution.

58.    Specifically, section 41.006 of the Texas Property Code states:

(a) Except as provided by Subsection (c), any sale or purported sale in whole or in part of a homestead at a fixed purchase price that is less than the appraised fair

EXHIBIT 13




market value of the property at the time of the sale or purported sale, and in connection with which the buyer of the property executes a lease of the property to the seller at lease payments that exceed the fair rental value of the property, is considered to be a loan with all payments made from the seller to the buyer in excess of the sales price considered to be interest subject to Title 4, Finance Code.

(b) The taking of any deed in connection with a transaction described by this section is a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, and the deed is void and no lien attaches to the homestead property as a result of the purported sale.

Tex. Prop. Code § 41.006(a-b).

59.    Similarly, Article 16, Section 50 of the Texas Constitution provides explicit requirements under which a loan or other obligation may attach to a homestead. *See generally* Tex. Const. Art. XVI, § 50. None of the requirements therein are met here.

60.    Plaintiffs requests this Court to issue a declaratory judgment which determines and declares conclusively that the Sham Sale of Homestead, including the Option Agreement, EPA and SWD are invalid, void, and otherwise without force, given both section 41.006 of the Texas Property Code and Article 16, Section 50 of the Texas Constitution.

## VI.
## Damages

61.    Defendants actions have injured Mrs. Van Dyke and her Estate. Plaintiffs accordingly seeks the following relief without electing a remedy:

- Actual damages for Scott's breaches of his fiduciary duties;
- Exemplary damages for Scott's breaches of his fiduciary duties;
- Declarations that the Option Agreement, EPA and SWD are void;
- A constructive trust over the Townhouse and/or the direct proceeds from the subsequent sale of the Townhouse, held in trust for the benefit of Plaintiffs and the Estate;
- Actual damages for Payton Boomer's violation of the Deceptive Trade Practices Act, including out of pocket damages, loss of benefit of the bargain, and lost profits;
- Treble damages for Payton Boomer's knowing and intentional violation of the Deceptive Trade Practices Act;
- Reasonable court costs, pre- and post-judgment interest, and recovery of attorney fees for Payton Boomer's violation of the Deceptive Trade Practices Act;

EXHIBIT 13




- Penalties in an amount allowable under Title 4 of the Texas Finance Code for Payton Boomer's usury;
- Forfeiture of principal, interest and all other amounts charged or received by Payton Boomer for Payton Boomer's usury;
- Recovery of reasonable and necessary attorney's fees for Payton Boomer's usury; and
- An equitable award of reasonable and necessary attorney's fees to Plaintiffs and against all Defendants, as authorized by Section 37.009 of the Texas Civil Practice and Remedies Code.

## VII.
## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court:

i) Find that Scott breached his fiduciary duties to Mrs. Van Dyke;

ii) Award actual and exemplary damages against Scott and in favor of Plaintiffs for his breaches of fiduciary duty;

iii) Find that Payton Boomer and Patten Title assisted or encouraged Scott's breaches of fiduciary duty relating to the Sham Sale of Homestead;

iv) Hold Payton Boomer and Patten Title joint and severally liable for all actual and exemplary damages awarded against Scott in favor of Plaintiffs for Scott's breaches of fiduciary duty arising out of or relating to the Sham Sale of Homestead;

v) Determine and declare conclusively that the Option Agreement, EPA and EPA are invalid, void, and otherwise without force;

vi) Impose a constructive trust over the direct proceeds from the subsequent sale of the Townhouse, held in trust for the benefit of Plaintiffs and Mrs. Van Dyke's Estate;

vii) Find that Payton Boomer's actions and conduct relating to Sham Sale of Homestead violated the Texas Deceptive Trade Practices Act and constitutes usury;

viii) Award actual damages, treble damages and penalties allowable under Title 4 of the Texas Finance Code against Payton Boomer and in favor of Plaintiffs;

ix) Order forfeiture of principal, interest and all other amounts charged or received by Payton Boomer in favor of Plaintiffs;

x) Require Scott to provide a sufficient accounting and corresponding backup for all actions he has taken as a fiduciary for Mrs. Van Dyke;

xi) Award Plaintiffs all reasonable and necessary fees and costs incurred in the prosecution of this action;

xii) Award Plaintiffs all court costs and pre- and post-judgment interest against Payton Boomer; and

xiii) Award any and other such further relief to which Plaintiffs may show themselves to be justly entitled to receive.

EXHIBIT 13



Respectfully submitted,

**HORRIGAN GOEHRS EDWARDS & CULP, L.L.P.**

By: */s/ Rudy M. Culp*
    RUDOLPH M. CULP
    State Bar No. 24043014
    1401 Truxillo Street
    Houston, Texas 77004
    (713) 659-4200
    (713) 659-3804 (Facsimile)
    Rudy@hgprobate.com

DEPENDENT ADMINISTRATOR WITH
WILL ANNEXED OF THE ESTATE OF
MARY THERESA CONNELLY VAN DYKE,
DECEASED

–AND–

**JACKSON WALKER LLP**

By: */s/ Sarah Patel Pacheco*
    SARAH PATEL PACHECO
    Texas State Bar No. 00788164
    Efile-spacheco@jw.com
    JOCELYN THIBODAUX SLATER
    Texas State Bar No. 24098435
    Efile-jslater@jw.com
    1401 McKinney, Suite 1900
    Houston, Texas 77010
    Telephone: (713) 752-4200
    Facsimile: (713) 752-4221

*Attorneys for Mary Katherine Alonso*

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing instrument has been served on the all counsel of record via the Court's e-file system on February 9, 2024 in accordance with the Texas Rules of Civil Procedure.

                */s/ Jocelyn T. Slater*
                JOCELYN THIBODAUX SLATER
                SARAH PATEL PACHECO

EXHIBIT 13





I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that these pages
are a true and correct copy of the original record filed and recorded in my office,
electronically or hard copy, as it appears on this date.

Witness my official hand and seal of office
This June 20, 2024

*Teneshia Hudspeth*

Teneshia Hudspeth, County Clerk
Harris County, Texas

Confidential information may have been redacted from the document in compliance with the Public Information Act.

EXHIBIT 13

CAUSE NO. 501,470

| IN THE ESTATE OF | § | IN THE PROBATE COURT |
|---|---|---|
| | § | |
| MARY THERESA CONNELLY VAN | § | NUMBER TWO (2) OF |
| DYKE, | § | |
| | § | |
| DECEASED | § | HARRIS COUNTY, TEXAS |

**PLAINTIFFS' MOTION TO COMPEL**
**SCOTT VAN DYKE TO PROVIDE AN ACCOUNTING**
**IN COMPLIANCE WITH SECTION 751.104 OF THE TEXAS ESTATES CODE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RUDOLPH M. CULP, Dependent Administrator ("Administrator") with Will Annexed of the Estate of Mary Theresa Connelly Van Dyke, Deceased, and Applicant/Administrator herein, furnishes the following information to the Court:

1. Scott Van Dyke served as agent under the powers of attorney ("POA") dated March 23, 2005; April 21, 2009; August 17, 2009; April 1, 2014; October 2, 2018; March 9, 2019; December 26, 2019; and December 30, 2019, for Mary Theresa Connelly Van Dyke ("Decedent"). The various powers of attorney naming Scott as agent for the Decedent are attached hereto as Exhibit "A".

2. On February 9, 2024, Mary Katherine Alonso and Rudolph M. Culp, as Dependent Administrator with Will Annexed of the Estate of Mary Theresa Connelly Van Dyke, Deceased, ("Plaintiffs"), filed their Second Amended Original Petition against Scott Van Dyke, ("Scott"), Payton Boomer Investments, LLC, ("Payton Boomer") and Patten Title Holdings #1, LLC d/b/a Patten Title Company, ("Patten Title"), (collectively "Defendants") concerning Breach of Fiduciary Duty by Scott Van Dyke; Assisting or Encouraging Breach of Fiduciary Duty by Payton Boomer Investments, LLC and Patten Title; Texas Deceptive Trade Practices Act violation(s) and Usury by Payton Boomer; Action for Accounting on Scott Van Dyke; and Declaratory Judgment on Purported Sale of Homestead Protections.

3. On March 18, 2024, Administrator sent a demand letter to Scott through his counsel of record Kenneth Krohn demanding a full accounting of the actions taken by Scott as agent under powers of

EXHIBIT 14

Page 1 of 3

attorney for the Decedent in accordance with Section 751.104 of the Texas Estate's Code. A copy of that correspondence is attached hereto as Exhibit "B". **The 90-day period ended on June 16, 2024.**

4.      On June 24, 2024, Movant reached out to Scott via email through his counsel of record Kenneth Krohn, requesting an update on the status of the accounting. The email is attached hereto as Exhibit "C". As of the date this Motion was filed, neither Scott nor his counsel of record has responded to Movant's email and/or produced an accounting in compliance with the Texas Estate's Code, as required by Texas law.

## PRAYER

For these reasons, Administrator asks the Court to set this motion for hearing and, after the hearing, enter an Order which: (i) compels Scott Van Dyke to produce a full and complete accounting for actions taken as agent under power of attorney for the Decedent, within a set time period from the date the Order is signed and to include specific detail as determined by this Court; (ii) and for such other and further relief to which he may show himself entitled at law or in equity.

Respectfully submitted,

HORRIGAN GOEHRS EDWARDS & CULP, LLP

By: /s/ *Rudolph M. Culp*
     **RUDOLPH M. CULP**
     **State Bar No. 24043014**
     rudy@hgprobate.com
     1401 Truxillo Street
     Houston, Texas 77004
     (713) 659-4200
     (713) 659-3804 (Facsimile)

**DEPENDENT ADMINISTRATOR WITH WILL ANNEXED OF THE ESTATE OF MARY THERESA CONNELLY VAN DYKE, DECEASED**

## CERTIFICATE OF CONFERENCE

Counsel for Movant has personally attempted to contact the counsel for Scott Van Dyke to resolve the matters presented by email dated June 24, 2024, and which is attached to this Motion as Exhibit "B". Counsel for Scott Van Dyke has failed to respond or attempt to resolve the matters presented.

*/s/ Rudolph M. Culp*
**RUDOLPH M. CULP**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been duly served by electronic filing, email, hand delivery, certified mail return receipt requested or by telephonic document transfer to counsel of record on this 17th day of July 2024.

*/s/ Rudolph M. Culp*
**RUDOLPH M. CULP**

EXHIBIT 14

Page 3 of 3

Case 4:24-cv-00521 Document 68-1 Filed on 06/26/24 in TXSD Page 126 of 146

## MEDICAL POWER OF ATTORNEY

Pursuant to this Medical Power of Attorney, I, MARY THERESA VAN DYKE (hereinafter called "Principal") have made, constituted and appointed, and by these presents do make, constitute and appoint SCOTT VAN DYKE as my true and lawful attorney (hereinafter called the "Attorney") as hereafter set forth.

### · W I T N E S S E T H :

WHEREAS, in the event that Principal should ever be unable to make her own health care decisions, Principal desires that the Attorney make such decisions; and

WHERAS, the Attorney desires to comply with Principal's wishes as hereinabove stated;

NOW, THEREFORE, PREMISES CONSIDERED, Principal has and does hereby make, constitute and appoint SCOTT VAN DYKE as her true and lawful attorney in her name, place and stead with full power to have the exclusive authority to give consent for such medical treatment to be performed on Principal and to authorize, arrange for, consent to, waive and terminate any and all medical and survival procedures on Principal's behalf, including the administration of drugs and life-sustaining procedures; or to withhold such consent.

Furthermore, to arrange for Principal's entrance to and care at any hospital, nursing home, health center, convalescent home, retirement home, or similar institution; and to employ physicians, dentists and other persons to render services for or to Principal.

And in respect to any and all of the foregoing, my Attorney shall have full power of substitution and resignation.

This Medical Power of Attorney shall not terminate upon the Principal's disability; and those persons who may deal in any manner with the Attorney under this Medical Power of Attorney may fully rely thereon (unless such person has actual notice of the revocation of this Medical Power of Attorney) and this Medical Power of Attorney may be voluntarily revoked by Principal only by the placing of record in the Office of the County Clerk of Brazos County, Texas, a written and specific revocation of the same.

IN WITNESS WHEREOF, I have hereunto set my hand on this the 23 day of March, 2005.

MARY THERESA VAN DYKE

EXHIBIT 14

Case 4:14-cv-05317 Document 3681-1 Filed in TXSD on 06/28/24 Page 127 of 146

THE STATE OF TEXAS        §·
                                  §
COUNTY OF HARRIS           §

     BEFORE ME, the undersigned authority, on this day personally appeared MARY THERESA VAN DYKE, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

     GIVEN UNDER MY HAND AND SEAL OF OFFICE on this, the 23 _____ day of March, 2005.



NOTARY PUBLIC

FRANCES BARBER
Notary Public, State of Texas
My Commission Expires Dec. 27, 2008

EXHIBIT 14

## CONSENT FOR RELEASE OF MEDICAL INFORMATION
### MARY THERESA VAN DYKE

TO.

ANY AND ALL MEDICAL HEALTH CARE PROVIDERS:

That I, Mary Theresa Van Dyke, legal resident of Houston, Texas, as of this date and by this document, do hereby consent to the release of any and all medical records for any treatment done on my behalf to Scott Van Dyke, Houston, Texas, including a complete medical records of any kind whatsoever, relating to my care, including copies of any and all medical records now in your possession, beginning from January 1, 2005.

IN CONFIRMATION OF THIS DOCUMENT I sign my name on this ___23 rd___ day of March, 2005.

_(signature)_

MARY THERESA VAN DYKE

### Acknowledgment

STATE OF TEXAS

COUNTY OF HARRIS

This instrument was acknowledged before me on ___23 rd___ day of March, 2005, by MARY THERESA VAN DYKE.

_(signature)_

Notary Public

FRANCES BARBER
Notary Public, State of Texas
My Commission Expires Dec. 27, 2008

EXHIBIT 14

I, Mary Eileen VanDyke of Hunters Hill, and of being of sound mind, state this is my Last Will & Testament.

Each of my 3 daughters (being Karen Nevins, Janice Marie Walden, and Mary Katherine Alonso) shall each be given the market value ¼ of the market value of my ownership in all companies that I own in common with my only son, Scott VanDyke (including Anglo-Dutch Petroleum International Inc., Anglo-Dutch Energy LLC, and Anglo-Dutch Tenge LLC) and the actual ownership I have in all companies that I own in common with my son Scott VanDyke shall be given to him.

Any cash that I have in my bank accounts and any money owed to me by anyone (excluding monies owed to me by the Anglo-Dutch companies) shall be divided equally between my four children.

EXHIBIT 14

My personal effects and house
shall be given as follows:
Queen Ann dining chairs - Janice Walden
Charles Sprone Red Painting - Janice Walden
Marble Top table (dining) - Janice Walden
Red Secretary - Scott VanHoe
Life size Santos - Scott VanHoe
Henry Theron French Painting - Karen Nevins
The Blue Neen Painting - Scott VanHoe
Secretary in Bedroom - Janice Walden
Lucas Johnson Painting - Janice Walden


The House is divided 4 way
between my children.

Mary Theresa Van

March 23, 2005

EXHIBIT 14

## CHASE ◯
### DURABLE POWER OF ATTORNEY FOR DEPOSIT ACCOUNTS

Principal Name
**Mary Theresa Van Dyke**

Tax Identification Number
**455 40 7075**

Principal Street Address
**P.O. Box 22322**

City
**Houston**

State
**TX**

Zip Code
**77227**

Agent Name
**Scott V. Van Dyke**

Date of Birth
**May 3, 1957**

Tax Identification Number
**463 04 2433**

Agent Street Address
**P.O. Box 22322**

City
**Houston**

State
**TX**

Zip Code
**77227**

Telephone Number
**713-993-9303**

I, the principal named above, sign my name to this Power of Attorney and do declare that I execute this instrument as my Power of Attorney for the expressed purposes. I authorize the Agent named above to do all of the following things on my behalf as my act and deed, with respect to all of the accounts identified below: (1) execute and deliver any checks, drafts, withdrawals, or other instruments for the payment of money from my accounts; (2) endorse any checks (except US Government), drafts, or other items payable to me, or to my order, and Bank is authorized to pay cash on any such items, or to accept them for deposit to any of my accounts without further inquiry or regard as to the use of said checks, or other items, or the proceeds thereof; (3) agree to a modification of the terms of any account; (4) receive bank statements, notices, similar documents, or other information regarding my accounts; and (5) request and agree to any additional services the agent believes appropriate relating to my accounts. If I have checked the appropriate box below, I authorize Agent to establish any account(s) in my name, for purposes of transacting my normal Bank business. For retirement plans the Agent is authorized to execute all provisions under the applicable retirement plan agreement that the participant can execute, including the designation and change of beneficiaries (including the power to name the Agent as beneficiary). This Power of Attorney does not authorize monetary transactions on Investment Accounts in any retirement plan.

Bank will be entitled to rely on this Power of Attorney until I notify the Bank in writing that this Power of Attorney is revoked or until the Bank is notified of my death, and in either case the Bank has had a reasonable opportunity to act on that notice. I hereby indemnify the Bank and hold Bank harmless against any loss or liability (including court costs and attorneys fees) incurred by it in acting in reliance on this Power of Attorney at any time before Bank receives notice of revocation or termination of this Power of Attorney and has a reasonable opportunity to act on that notice.

**THIS POWER OF ATTORNEY SHALL NOT BE AFFECTED BY MY DISABILITY, INCAPACITY, OR LAPSE OF TIME.**

☐ Initial: _____ Includes any non-retirement account(s) currently open in my name or which I may open in my name in the future.

☐ Initial: _____ My agent may establish non-retirement accounts in my name and this authorization also extends to those accounts (this box may be checked in addition to the preceding box).

☒ Initial: _____ Includes only the following specific account(s) # **CCCCC 6902006427** , # _____, # _____
This option not applicable for retirement plans.

☐ Initial: _____ Includes all new or existing retirement accounts in ☐ any retirement plan OR ☐ only the specific plan(s) checked below.
☐ Traditional IRA  ☐ Traditional Rollover IRA  ☐ Roth IRA  ☐ Roth Conversion IRA  ☐ SEP  ☐ Money Purchase Pension Plan  ☐ Profit Sharing Plan

**ACCEPTANCE BY AGENT: I accept the foregoing appointment.**

X _____
Signature of Agent [i.e., (Principal Name) by (Agent Name)]

**4/21/09**
Date

**Principal's Acknowledgement (Required in all states.)**

I, **Mary Theresa Van Dyke** the principal, sign my name to this Power of Attorney this **21** day of **April**, 20**09**, and, being first duly sworn, do declare to the undersigned authority that I sign and execute this instrument as my Power of Attorney and that I sign it willingly, or willingly direct another to sign for me, that I execute it as my free and voluntary act for the purposes expressed in the Power of Attorney and that I am eighteen years of age or older, of sound mind and under no constraint or undue influence.

X _____
Signature of Principal

**4/21/09**
Date

NOTE: Affidavit of Validity for Power of Attorney is required if the Principal is not present and the POA is 6 months or more past issue date when presented to the Bank.

**Notary (Required in all state)**

STATE OF **Texas** )
                              ) SS:
COUNTY OF **Harris** )

Subscribed, sworn to and acknowledged before me by _____, the principal, this _____

X _____
Notary Public

**4/21/09**
Date

[Notary seal: GERALDINE C HOVEN, Notary Public, State of Texas, My Commission Expires Oct. 20, 2012]

My commission expires _____

**Witness' Acknowledgement (Required in AZ. Witness cannot be the agent, agent's spouse, agent's child, or the notary public.)**

I, _____, the witness, sign my name to this Power of Attorney and do declare that the principal signs and executes this instrument as his/her Power of Attorney and that he/she signs it willingly, or willingly directs another to sign for him/her, and that I, in the presence and hearing of the principal, sign this Power of Attorney as witness to the principal's signing and that to the best of my knowledge the principal is eighteen years of age or older, of sound mind and under no constraint or undue influence.

X _____
Signature of Witness

Date

(SEAL)

AZ: Subscribed, sworn to and acknowledged before me by _____, as witness, this _____ day of _____

X _____                    Month          Year
Notary Public                Date               My commission expires: _____



10682 (06/08)          JPMorgan Chase Bank, N.A.  Member FDIC          Page 1 of 2

EXHIBIT 14

# CHASE ○

## DURABLE POWER OF ATTORNEY FOR DEPOSIT ACCOUNTS

**Principal Name** Mary Theresa Van Dyke
**Tax Identification Number** 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

**Principal Street Address** 8 Greenway Plaza #900
**City** Houston
**State** TX
**Zip Code** 77046

**Agent Name** Scott V. Van Dyke
**Date of Birth** May 3, 1957
**Tax Identification Number** 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

**Agent Street Address** 8 Greenway Plaza #900
**City** Houston
**State** TX
**Zip Code** 77046
**Telephone Number** 713-993-9307

I, the principal named above, sign my name to this Power of Attorney and do declare that I execute this instrument as my Power of Attorney for the expressed purposes. I authorize the Agent named above to do all of the following things on my behalf as my act and deed, with respect to all of the accounts identified below: (1) execute and deliver any checks, drafts, withdrawals, or other instruments for the payment of money from my accounts; (2) endorse any checks (except US Government), drafts, or other items payable to me, or to my order, and Bank is authorized to pay cash on any such items, or to accept them for deposit to any of my accounts without further inquiry or regard as to the use of said checks, or other items, or the proceeds thereof; (3) agree to a modification of the terms of any account; (4) receive bank statements, notices, similar documents, or other information regarding my accounts; and (5) request and agree to any additional services the agent believes appropriate relating to my accounts. If I have checked the appropriate box below, I authorize Bank to establish any account(s) in my name, for purposes of transacting my normal Bank business. For retirement plans the Agent is authorized to execute all provisions under the applicable retirement plan agreement that the participant can execute, including the designation and change of beneficiaries (including the power to name the Agent as beneficiary). This Power of Attorney does not authorize monetary transactions on Investment Accounts in any retirement plan.

Bank will be entitled to rely on this Power of Attorney until I notify the Bank in writing that this Power of Attorney is revoked or until the Bank is notified of my death, and in either case the Bank has had a reasonable opportunity to act on that notice. I hereby indemnify the Bank and hold Bank harmless against any loss or liability (including court costs and attorneys fees) incurred by it in acting in reliance on this Power of Attorney at any time before Bank receives notice of revocation or termination of this Power of Attorney and has a reasonable opportunity to act on that notice.

**THIS POWER OF ATTORNEY SHALL NOT BE AFFECTED BY MY DISABILITY, INCAPACITY, OR LAPSE OF TIME.**

☑ Initial: _MTVD_ Includes any non-retirement account(s) currently open in my name or which I may open in my name in the future.

☑ Initial: _MTVD_ My agent may establish non-retirement accounts in my name and this authorization also extends to those accounts (this box may be checked in addition to the preceding box).

☐ Initial: _____ Includes only the following specific account(s) # _____ , # _____ , # _____
This option not applicable for retirement plans.

☐ Initial: _____ Includes all new or existing retirement accounts in ☐ any retirement plan OR ☐ only the specific plan(s) checked below.

☐ Traditional IRA  ☐ Traditional Rollover IRA  ☐ Roth IRA  ☐ Roth Conversion IRA  ☐ SEP  ☐ Money Purchase Pension Plan  ☐ Profit Sharing Plan

**ACCEPTANCE BY AGENT:** I accept the foregoing appointment.

_[signature]_     **Date** 8/17/09
Signature of Agent [i.e., (Principal Name) by (Agent Name)]

**Principal's Acknowledgement (Required in all states.)**

I, _Mary Theresa Van Dyke_ the principal, sign my name to this Power of Attorney this _17th_ day of _August_, 20 _09_ and, being first duly sworn, do declare to the undersigned authority that I sign and execute this instrument as my Power of Attorney and that I sign it willingly, or willingly direct another to sign for me, that I execute it as my free and voluntary act for the purposes expressed in the Power of Attorney and that I am eighteen years of age or older, of sound mind and under no constraint or undue influence.

X _Mary Theresa Van Dyke_     **Date** 8/17/09
Signature of Principal

NOTE: Affidavit of Validity for Power of Attorney is required if the Principal is not present and the POA is 6 months or more old. ∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗

**Notary (Required in all state)**

STATE OF _Texas_ )
                        ) SS:
COUNTY OF _Harris_ )

Subscribed, sworn to and acknowledged before me by _Mary Theresa Van Dyke_ the principal, this _17_ day of _August_, _2009_

X _[signature]_     **Date** 8/17/2009     My commission expires: 12/27/2012
Notary Public

*[Notary Seal]* FRANCES BARBER
Notary Public, State of Texas
My Commission Expires Dec. 27, 2012

**Witness' Acknowledgement (Required in AZ. Witness cannot be the agent, agent's spouse, agent's child, or the notary public.)**

I, _____ , the witness, sign my name to this Power of Attorney and do declare that the principal signs and executes this instrument as his/her Power of Attorney and that he/she signs it willingly, or willingly directs another to sign for him/her, and that I, in the presence and hearing of the principal, sign this Power of Attorney as witness to the principal's signing and that to the best of my knowledge the principal is eighteen years of age or older, of sound mind and under no constraint or undue influence.

X _____     (SEAL)
Signature of Witness     Date

**AZ:** Subscribed, sworn to and acknowledged before me by _____ , as witness, this _____ day of _____
                                                                                                                    Month          Year

X _____
Notary Public     Date     My commission expires: _____

  10682 (06/08)     JPMorgan Chase Bank, N.A.  Member FDIC     Page 1 of 2     

EXHIBIT 14



# CHASE ⬡

## AFFIDAVIT OF VALIDITY FOR POWER OF ATTORNEY
### (Required if Principal is not present and POA is 6 months or more past the issue date when presented to the Bank.)

Before me, the authority identified below, personally appeared _Scott V. Van Dyke_, who, being duly sworn by me,

deposes and says that:

1. Attached is a true, correct and completed and unaltered copy of a Power of Attorney dated _8/17/09_, from _Mary Theres Van Dyke_.

2. Principal, on the date of this Affidavit, is alive and has not given any notice to Agent of changes or termination of the Power of Attorney. Principal/Grantor was mentally competent at the time the Power of Attorney was executed.

3. In consideration of Chase Bank's acceptance of Agent's authority and the Bank's action in conducting transactions pursuant to such Power of Attorney, Agent agrees to indemnify, defend and hold the Bank harmless from and against any and all losses, claims, costs, damages, causes of action (including attorney's fees) and any other expense incurred by the Bank arising directly or indirectly out of its acceptance of Agent's authority pursuant to said Power of Attorney.

X _____    Date _8/17/09_
Signature of Agent [i.e., (Principal Name)] by (Agent Name)]

_8 Greenway Plaza #900_  _Houston_  _TX_  _77046_  _713-993-9303_
Address    City    State    Zip Code    Telephone Number

_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_    _May 3, 1957_
Tax Identification Number    Date of Birth

**Notary**

STATE OF _Texas_ )
                        ) SS:
COUNTY OF _Harris_ )

Subscribed, sworn to and acknowledged before me this _17th_ day of _August_, _2009_.

X _____    Date _8/17/2009_
Notary Public

My commission expires: _12/27/2012_

(SEAL)

FRANCES BARBER
Notary Public, State of Texas
My Commission Expires Dec. 27, 2012



**EXHIBIT 14**



# DURABLE POWER OF ATTORNEY WITH
# LIVING WILL AUTHORITIES

**STATE OF TEXAS** }
} **KNOW ALL MEN BY THESE PRESENTS, THAT:**
**COUNTY OF HARRIS** }

**THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING. THIS DOCUMENT AUTHORIZES THE AGENT TO MAKE MEDICAL AND HEALTH-CARE DECISIONS. FURTHERMORE, YOU MAY REVOKE THIS POWER OF ATTORNEY ANYTIME, IF YOU CHOOSE TO DO SO.**

I, Mary Theresa Van Dyke, currently residing at 5304 Southampton Estates, Houston, Harris County, Texas, 77005 (herein "Principal") do hereby appoint my son, Scott V. Van Dyke, who currently resides at 1515 South Boulevard, Houston, Harris County, Texas, 77006, as my agent (attorney-in-fact) to act for me in any lawful way, including but not limited to all of the below described powers:

1. Real property transactions;
2. Tangible personal property transactions;
3. Stock and bond transactions;
4. Commodity and option transactions;
5. Banking and other financial institution transactions;
6. Business operating transactions;
7. Insurance and annuity transactions;
8. Estate, trust, and other beneficiary transactions;
9. Claims and litigation;
10. Personal and family maintenance;
11. Benefits from social security, Medicare, Medicaid, or other governmental programs;
12. Retirement plan transactions;
13. Tax matters; and
14. Any medical or health care decisions, including the decision to not have life maintained by artificial means.

**THIS DOCUMENT SHALL BE CONSTRUED AND INTERPRETED AS A GENERAL POWER OF ATTORNEY AND MY AGENT (ATTORNEY IN FACT) SHALL HAVE THE POWER AND AUTHORITY TO PERFORM OR UNDERTAKE ANY ACTION I COULD PERFORM OR UNDERTAKE IF I WERE PERSONALLY PRESENT.**

**SPECIAL INSTRUCTIONS:**

There are no special instructions.

EXHIBIT 14

**THIS POWER OF ATTORNEY IS EFFECTIVE IMMEDIATELY AND WILL CONTINUE UNTIL IT IS REVOKED.** This power of attorney is **not** affected by my subsequent disability or incapacity.

I agree that any third party who receives a copy of this document may act under it. Revocation of the durable power of attorney is not effective as to a third party until the third party receives actual notice of the revocation. I agree to indemnify the third party for any claims that arise against the third party because of reliance on this power of attorney.

This Durable Power of Attorney with Living Will Authorities fully replaces and fully substitutes the Statutory Durable Power of Attorney that I executed on March 23, 2005.

If my son, Scott V. Van Dyke, or any other agent named by me dies, becomes legally disabled, or resigns in writing, I name the following (each to act alone and successively, in the order named) as successor(s) to that agent: first my daughter, Karen Jean Nevins, second followed by my daughter, Mary Katherine Alonso, and third followed by my daughter, Janice Marie Walden.

Signed this 1st day of April, 2014.

_____
Mary Theresa Van Dyke, Principal

**STATE OF TEXAS** }
}           **ACKNOWLEDGEMENT –TEXAS**
**COUNTY OF HARRIS** }

This document was acknowledged before me on this 1st day of April, 2014, by Mary Theresa Van Dyke, Principal.

FRANCES BARBER
Notary Public, State of Texas
My Commission Expires 12/27/2016

_____
Notary Public for the State of Texas

Witnessed by: _____

Name: Ann Brunson                April 1, 2014

Witnessed by: _____

Name: Harry G. McMahon, III      April 1, 2014

**THE ATTORNEY IN FACT OR AGENT HEREIN, BY ACCEPTING OR ACTING UNDER THE APPOINTMENT HEREOF, ASSUMES THE FIDUCIARY DUTY AND OTHER LEGAL RESPONSIBILITIES OF AN AGENT.**

EXHIBIT 14

# DURABLE POWER OF ATTORNEY WITH
# LIVING WILL AUTHORITIES

**STATE OF TEXAS**       }

                      }    **KNOW ALL MEN BY THESE PRESENTS, THAT:**

**COUNTY OF HARRIS**    }

**THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING. THIS DOCUMENT AUTHORIZES THE AGENT TO MAKE MEDICAL AND HEALTH-CARE DECISIONS. FURTHERMORE, YOU MAY REVOKE THIS POWER OF ATTORNEY ANYTIME, IF YOU CHOOSE TO DO SO.**

I, Mary Theresa Van Dyke, currently residing at 5304 Southampton Estates, Houston, Harris County, Texas, 77005 (herein "Principal") do hereby appoint my son, Scott V. Van Dyke, who currently resides at 1515 South Boulevard, Houston, Harris County, Texas, 77006, as my agent (attorney-in-fact) to act for me in any lawful way, including but not limited to all of the below described powers:

1. Real property transactions;
2. Tangible personal property transactions;
3. Stock and bond transactions;
4. Commodity and option transactions;
5. Banking and other financial institution transactions;
6. Business operating transactions;
7. Insurance and annuity transactions;
8. Estate, trust, and other beneficiary transactions;
9. Claims and litigation;
10. Personal and family maintenance;
11. Benefits from social security, Medicare, Medicaid, or other governmental programs;
12. Retirement plan transactions;
13. Tax matters; and
14. Any medical or health care decisions, including the decision to not have life maintained by artificial means.

My attorney-in-fact has my permission to access all of my records at all times.

**THIS DOCUMENT SHALL BE CONSTRUED AND INTERPRETED AS A GENERAL POWER OF ATTORNEY AND MY AGENT (ATTORNEY IN FACT) SHALL HAVE THE POWER AND AUTHORITY TO PERFORM OR UNDERTAKE ANY ACTION AT ANY TIME I COULD PERFORM OR UNDERTAKE IF I WERE PERSONALLY PRESENT.**

**SPECIAL INSTRUCTIONS:**

There are no special instructions.

EXHIBIT 14

**THIS POWER OF ATTORNEY IS EFFECTIVE IMMEDIATELY AND WILL CONTINUE UNTIL IT IS REVOKED.** This power of attorney is **not** affected by my subsequent disability or incapacity.

I agree that any third party who receives a copy of this document may act under it. Revocation of the durable power of attorney is not effective as to a third party until the third party receives actual notice of the revocation. I agree to indemnify the third party for any claims that arise against the third party because of reliance on this power of attorney.

This Durable Power of Attorney with Living Will Authorities fully replaces and fully substitutes the Durable Power of Attorney that I executed on April 1, 2014.

If my son, Scott V. Van Dyke, or any other agent named by me dies, becomes legally disabled, or resigns in writing, I name the following (each to act alone and successively, in the following order named) as successor(s) to that agent: first my granddaughter, Jennifer Nevins Patrick, secondly followed by my daughter, Mary Katherine Alonso, and thirdly followed by my daughter, Janice Van Dyke Walden.

Signed this 2nd day of October, 2018.

_Mary Theresa Van Dyke_
Mary Theresa Van Dyke, Principal

**STATE OF TEXAS** }
                    }          **ACKNOWLEDGEMENT –TEXAS**
**COUNTY OF HARRIS** }

This document was acknowledged before me on this 2nd day of October, 2018, by Mary Theresa Van Dyke, Principal.

_Frances Barber_
Notary Public for the State of Texas

FRANCES BARBER
NOTARY ID # 272943-5
My Commission Expires
December 27, 2020

Witnessed by: _Harper G. McMahon III_
Name: HARPER G. MCMAHON III          October 2, 2018

Witnessed by: _Liduvina Quintanilla_
Name: Liduvina Quintanilla          October 2, 2018

THE ATTORNEY IN FACT OR AGENT HEREIN, BY ACCEPTING OR ACTING UNDER THE APPOINTMENT HEREOF, ASSUMES THE FIDUCIARY DUTY AND OTHER LEGAL RESPONSIBILITIES OF AN AGENT.

EXHIBIT 14

# MEDICAL POWER OF ATTORNEY



## DESIGNATION OF HEALTH CARE AGENT

000292

I, _Mary Theresa Van Dyke_ (insert your name) appoint:

Name: _Scott V. Van Dyke_

Address: _P.O. Box 22322, Houston, TX 77227_

Phone: _713-385-5304(c)   713-993-9303(o)_

as my agent to make any and all health care decisions for me, except to the extent I state otherwise in this document. This medical power of attorney takes effect if I become unable to make my own health care decisions and this fact is certified in writing by my physician.

### LIMITATIONS ON THE DECISION-MAKING AUTHORITY OF MY AGENT ARE AS FOLLOWS:

_- none -_

## DESIGNATION OF ALTERNATE AGENT

(You are not required to designate an alternate agent but you may do so. An alternate agent may make the same health care decisions as the designated agent if the designated health agent is unable or unwilling to act as your agent. If the agent designated is your spouse, the designation is automatically revoked by law if your marriage is dissolved.)

If the person designated as my agent is unable or unwilling to make health care decisions for me, I designate the following persons to serve as my agent to make health care decisions for me as authorized by this document, who serve in the following order:

### A. First Alternate Agent

Name: _Karen Nevins_

Address: _14364 Newberg Road, Cat Spring, TX 78933_

Phone: _979-865-8321(hm)   713-230-2100(o)_

### B. Second Alternate Agent

Name: _Mary Katherine Alonso_

Address: _1702 Barton Creek Blvd, Austin, Tx 78735_

Phone: _512-633-3523 (c)_

The original of this document is kept at:

_8 Greenway Plaza #900, Houston, TX 77046   (office: 713-993-9303)_

The following individuals or institutions have signed copies:

Name: _____

Address: _____

Name: _____

Address: _____

ADHERE
PATIENT LABEL
WITHIN THIS
AREA

**Methodist** The Methodist
Hospital
Houston Texas

**MEDICAL POWER
OF ATTORNEY**

EXHIBIT 14

FORM # 282 (11/1999)

## DURATION

I understand that this power of attorney exists indefinitely from the date I execute this document unless I establish a shorter time or revoke the power of attorney. If I am unable to make health care decisions for myself when this power of attorney expires, the authority I have granted my agent continues to exist until the time I become able to make health care decisions for myself.

**(IF APPLICABLE)** This power of attorney ends on the following date: _____

## PRIOR DESIGNATIONS REVOKED

I revoke any prior medical power of attorney.

## ACKNOWLEDGMENT OF DISCLOSURE STATEMENT

I have been provided with a disclosure statement explaining the effect of this document. I have read and understand that information contained in the disclosure statement.

## (YOU MUST DATE AND SIGN THIS POWER OF ATTORNEY)

I sign my name to this medical power of attorney on the _____ 9th _____

day of _March 2009_ at _8 Greenway Plaza #500_
  (Month, year)                  (Address)

_Houston, TX 77046_
  (City and State)

_Mary Theresa VanDyke_
  (Signature)

_Mary Theresa Van Dyke_
  (Print Name)

## STATEMENT OF FIRST WITNESS

I am not the person appointed as agent by this document. I am not related to the principal by blood or marriage. I would not be entitled to any portion of the principal's estate on the principal's death. I am not the attending physician of the principal or an employee of the attending physician. I have no claim against any portion of the principal's estate on the principal's death. Furthermore, if I am an employee of a health care facility in which the principal is a patient, I am not involved in providing direct patient care to the principal and am not an officer, director, partner, or business office employee of the health care facility or of any parent organization of the health care facility.

Signature: _Fran Barbee Buchanan_

Print Name: _FRAN BARBEE BUCHANAN_                Date: _3/9/2009_

Address: _2922 Glenn Lakes    Missouri City, Tx    77459_

## SIGNATURE OF SECOND WITNESS

Signature: _Edna Ann Brunson_

Print Name: _Edna Ann Brunson_

Date: _March 9, 2009_

Address: _8131 Timmons Ln. Houston, TX 77027_

**MEDICAL POWER OF ATTORNEY**
EXHIBIT 14

FORM # 292 (11/1999)                Page 2

ADHERE
PATIENT LABEL
WITHIN THIS
AREA

# DURABLE POWER OF ATTORNEY WITH
# LIVING WILL AUTHORITIES

STATE OF TEXAS          }
                        }   KNOW ALL MEN BY THESE PRESENTS, THAT:
COUNTY OF HARRIS        }

> **THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING. THIS DOCUMENT AUTHORIZES THE AGENT TO MAKE MEDICAL AND HEALTH-CARE DECISIONS. FURTHERMORE, YOU MAY REVOKE THIS POWER OF ATTORNEY ANYTIME, IF YOU CHOOSE TO DO SO.**

I, Mary Theresa Van Dyke, currently residing at 5304 Southampton Estates, Houston, Harris County, Texas, 77005 (herein "Principal") do hereby appoint my son, Scott V. Van Dyke, who currently resides at 1515 South Boulevard, Houston, Harris County, Texas, 77006, as my agent (attorney-in-fact) to act for me in any lawful way, including but not limited to all of the below described powers:

1. Real property transactions;
2. Tangible personal property transactions;
3. Stock and bond transactions;
4. Commodity and option transactions;
5. Banking and other financial institution transactions;
6. Business operating transactions;
7. Insurance and annuity transactions;
8. Estate, trust, and other beneficiary transactions;
9. Claims and litigation;
10. Personal and family maintenance;
11. Benefits from social security, Medicare, Medicaid, or other governmental programs;
12. Retirement plan transactions;
13. Tax matters; and
14. Any medical or health care decisions, including the decision to not have life maintained by artificial means.

**ACCESS TO INFORMATION:**  My attorney-in-fact has my permission to access all of my records at all times.

**EXECUTOR OF ESTATE:**  My attorney-in-fact is also the Executor of my last will and testament.

**THIS DOCUMENT SHALL BE CONSTRUED AND INTERPRETED AS A GENERAL POWER OF ATTORNEY AND MY AGENT (ATTORNEY IN FACT) SHALL HAVE THE POWER AND AUTHORITY TO PERFORM OR UNDERTAKE ANY ACTION AT ANY TIME I COULD PERFORM OR UNDERTAKE IF I WERE PERSONALLY PRESENT.**

EXHIBIT 14

**SPECIAL INSTRUCTIONS:**

There are no special instructions.

**THIS POWER OF ATTORNEY IS EFFECTIVE IMMEDIATELY AND WILL CONTINUE UNTIL IT IS REVOKED.** This power of attorney is **not** affected by my subsequent disability or incapacity.

I agree that any third party who receives a copy of this document may act under it. Revocation of the durable power of attorney is not effective as to a third party until the third party receives actual notice of the revocation. I agree to indemnify the third party for any claims that arise against the third party because of reliance on this power of attorney.

This Durable Power of Attorney with Living Will Authorities fully replaces and fully substitutes the Durable Power of Attorney that I executed on September 11, 2018.

If my son, Scott V. Van Dyke, or any other agent named by me dies, becomes legally disabled, or resigns in writing, then and only then, I name the following (each to act alone and successively, in the following order named) as successor(s) to that agent: first my granddaughter, Jennifer Nevins Patrick, and then secondly followed by my daughter, Mary Katherine Alonso.

Signed this 26TH day of December, 2019.

*Mary Theresa Van Dyke*
Mary Theresa Van Dyke, Principal

| | |
|---|---|
| **STATE OF TEXAS** } | |
| } | **ACKNOWLEDGEMENT --TEXAS** |
| **COUNTY OF HARRIS** } | |

This document was acknowledged before me on this 26th day of December, 2019, by Mary Theresa Van Dyke, Principal.

_____
Notary Public for the State of Texas

FRANCES BARBER
NOTARY ID # 272943-5
My Commission Expires
December 27, 2020

Witnessed by: _____

Name: SANTIAGO ASPE                    December 26, 2019

Witnessed by: _____

Name: Lidubina Quintanilla    December 26, 2019

THE ATTORNEY IN FACT OR AGENT HEREIN, BY ACCEPTING OR ACTING UNDER THE APPOINTMENT HEREOF, ASSUMES THE FIDUCIARY DUTY AND OTHER LEGAL RESPONSIBILITIES OF AN AGENT.

EXHIBIT 14
2

501470

# DURABLE POWER OF ATTORNEY WITH
# LIVING WILL AUTHORITIES

STATE OF TEXAS    }

                      }    **KNOW ALL MEN BY THESE PRESENTS, THAT:**

COUNTY OF HARRIS    }

**THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING. THIS DOCUMENT AUTHORIZES THE AGENT TO MAKE MEDICAL AND HEALTH-CARE DECISIONS. FURTHERMORE, YOU MAY REVOKE THIS POWER OF ATTORNEY ANYTIME, IF YOU CHOOSE TO DO SO.**

I, Mary Theresa Van Dyke, currently residing at 5304 Southampton Estates, Houston, Harris County, Texas, 77005 (herein "Principal") do hereby appoint my son, Scott V. Van Dyke, who currently resides at 1515 South Boulevard, Houston, Harris County, Texas, 77006, as my agent ("attorney-in-fact") to act for me in any lawful way, including but not limited to all of the below described powers:

1. Real property transactions;
2. Tangible personal property transactions;
3. Stock and bond transactions;
4. Commodity and option transactions;
5. Banking and other financial institution transactions;
6. Business operating transactions;
7. Insurance and annuity transactions;
8. Estate, trust, and other beneficiary transactions;
9. Claims and litigation;
10. Personal and family maintenance;
11. Benefits from social security, Medicare, Medicaid, or other governmental programs;
12. Retirement plan transactions;
13. Tax matters; and
14. Any medical or health care decisions, including the decision to not have life maintained by artificial means.

**ACCESS TO INFORMATION:** My attorney-in-fact has my permission to access all of my records at all times.

**EXECUTOR OF ESTATE:** My attorney-in-fact is also the Executor of my last Will and Testament.

**THIS DOCUMENT SHALL BE CONSTRUED AND INTERPRETED AS A GENERAL POWER OF ATTORNEY AND MY AGENT (ATTORNEY IN FACT) SHALL HAVE THE POWER AND AUTHORITY TO PERFORM OR UNDERTAKE ANY ACTION AT ANY TIME I COULD PERFORM OR UNDERTAKE IF I WERE PERSONALLY PRESENT.**

*M J VD*        *L.Q.*

*SAH.*

EXHIBIT 14

**SPECIAL INSTRUCTIONS:**

There are no special instructions.

**THIS POWER OF ATTORNEY IS EFFECTIVE IMMEDIATELY AND WILL CONTINUE UNTIL IT IS REVOKED.** This power of attorney is **not** affected by my subsequent disability or incapacity.

I agree that any third party who receives a copy of this document may act under it. Revocation of the durable power of attorney is not effective as to a third party until the third party receives actual notice of the revocation. I agree to indemnify the third party for any claims that arise against the third party because of reliance on this power of attorney.

This Durable Power of Attorney with Living Will Authorities fully replaces and fully substitutes all previous Durable Power of Attorney with Living Will Authorities that I executed (including, but not limited to the ones I executed on April 1, 2014, October 2, 2018, and December 26, 2019). I erroneously stated in the Durable Power of Attorney with Living Will Authorities that I executed on December 26, 2019 that it replaced the one that I executed on September 11, 2019. That was as mistake, since I never signed one on September 11, 2018. In the Durable Power of Attorney with Living Will Authorities dated December 26, 2019, I meant to reference October 2, 2018 and not September 11, 2018.

If my son, Scott V. Van Dyke, or any other agent named by me dies, becomes legally disabled, or resigns in writing, then and only then, I name the following (each to act alone and successively, in the following order named) as successor(s) to that agent: first my granddaughter, Jennifer Nevins Patrick, and then secondly followed by my daughter, Mary Katherine Alonso.

Signed this 30TH day of December, 2019.

_Mary Theresa Van Dyke_
Mary Theresa Van Dyke, Principal

| STATE OF TEXAS | } | |
| --- | --- | --- |
| | } | **ACKNOWLEDGEMENT --TEXAS** |
| COUNTY OF HARRIS | } | |

This document was acknowledged before me on this 30th day of December, 2019, by Mary Theresa Van Dyke, Principal.

Notary Public

Witnessed by: _Blelle_

Name: _Lidubina Quintanilla_ December 30, 2019

FRANCES BARBER
NOTARY ID # 272943-5
My Commission Expires
December 27, 2020

Witnessed by: _[signature]_

Name: _Santiago Aspe_ December 30, 2019

**THE ATTORNEY IN FACT OR AGENT HEREIN, BY ACCEPTING OR ACTING UNDER THE APPOINTMENT HEREOF, ASSUMES THE FIDUCIARY DUTY AND OTHER LEGAL RESPONSIBILITIES OF AN AGENT.**

EXHIBIT 14

# EXHIBIT B

## HORRIGAN GOEHRS EDWARDS & CULP, L.L.P.

LINDA C. GOEHRS*
DOUGLAS A. EDWARDS*
RUDOLPH M. CULP
ELISSA D. SILGUERO

*BOARD CERTIFIED ESTATE PLANNING AND
PROBATE, TEXAS BOARD OF LEGAL
SPECIALIZATION

ATTORNEYS AT LAW
1401 TRUXILLO ST.
HOUSTON, TEXAS   77004

TELEPHONE
(713) 659-4200
FACSIMILE
(713) 659-3804

www.hgprobate.com

March 18, 2024

**_VIA CMRRR NO.: 7021 2720 0002 7549 0318_**
**_AND EMAIL: ken@krohnpllc.com_**
Krohn, PLLC
Kenneth Krohn
2100 West Loop South, Suite 1125
Houston TX 77027

> **RE:** **Cause 501,470-401; Mary Katherine Alonso and Rudolph M. Culp, as Dependent Administrator with Will Annexed of the Estate of Mary Theresa Connelly Van Dyke, Deceased, Plaintiffs, v. Scott Van Dyke, Payton Boomer Investments, LLC, and Patten Title Holdings #1 d/b/a Patten Title Company, Defendants, pending before Probate Court Number Two (2) of Harris County, Texas**

Dear Mr. Krohn,

      I am writing this correspondence as Dependent Administrator ("Administrator") with Will Annexed of the Estate of Mary Theresa Connelly Van Dyke, Deceased. It has come to my attention that your client, Scott Van Dyke ("Scott"), served as agent under a power of attorney ("POA") for Mary Theresa Connelly Van Dyke ("Decedent"). I recently reviewed the bank statements for the Decedent's bank account at JP Morgan Chase and Scott was named on that account as POA for the Decedent. In the brief review of the statements from this account from after the Decedent's death, it appears that someone was able to access and draw down that account. I am going to be investigating these transactions, and as part of my investigation, I am now demanding that Scott account for his time serving as power of attorney for the Decedent. This includes, but is not limited to, any actions taken under the powers of attorney dated: April 1, 2014; December 30, 2019; April 21, 2009; August 17, 2009; October 2, 2018; December 26, 2019; March 9, 2019; and/or March 23, 2005. Although I am specifically naming specific powers of attorney, this demand includes these and any other power of attorney that the Decedent executed naming Scott as her agent.

      At this time, Administrator demands a full accounting of the actions taken by Scott as an agent under the power of attorney for the Decedent. Under §751.104 of the Texas Estates Code, he is required to provide an accounting which includes the following information covering the entire time serving as agent under the power of attorney for the Decedent:

EXHIBIT 14

In Re Estate of Mary Theresa Connelly Van Dyke, Deceased
March 15, 2024
Page 2

1.   The property belonging to the principal that has come to the attorney-in-fact's or agent's knowledge or into the attorney-in-fact's or agent's possession;

2.   each action taken or decision made by the attorney-in-fact or agent;

3.   a complete account of receipts, disbursements, and other actions of the attorney-in-fact or agent, including their source and nature of each receipt, disbursement, or action, with receipts of principal and income shown separately;

4.   a listing of all property over which the attorney-in-fact or agent has exercised control, with an adequate description of each asset and its current value if known to the attorney-in-fact or agent;

5.   the cash balance on hand and the name and location for the depository where the balance is kept;

6.   each known liability; and

7.   any other information and facts known to the attorney in fact or agent as necessary for a full and definite understanding of the exact condition of the property belonging to the principal. TEXAS ESTATES CODE. At §751.104(b).

Unless otherwise directed, the attorney-in-fact or agent shall also provide documentation regarding the principal's property. TEX. EST. CODE §751.104. Scott had a duty to maintain all records until he is either released by the principal or discharged by the Court. TEX. EST. CODE §751.103. Plaintiffs demand that this accounting also be provided on or before the expiration of ninety (90) days form the date you received this letter and delivered to Administrator, Rudolph M. Culp, of Horrigan Goehrs Edwards & Culp, LLP, at 1401 Truxillo Street, Houston, Texas 77004.

If your client fails to comply with the statutory requirements of the Texas Estates Code as explained above within the ninety (90) day period, Plaintiffs will have no other option than to take action with the Court for failure to comply with his statutory duty.

If you have any questions regarding this, or any other matter, please do not hesitate to call.

Very truly yours,

*/s/ Rudolph M. Culp*

Cc:   Mary Katherine Alonso c/o Sarah Pacheco
       Karen Nevins c/o Sarah Pacheco
       Janice Walden

EXHIBIT 14

**EXHIBIT C**

| From: | Rudy Culp |
|---|---|
| To: | Robin Edwards |
| Subject: | FW: Van Dyke Accounting |
| Date: | Wednesday, July 10, 2024 12:19:29 PM |
| Attachments: | 2024-03-18 Ltr Demand Accounting - SVD.pdf |

**From:** Rudy Culp
**Sent:** Monday, June 24, 2024 11:28 AM
**To:** Kenneth Krohn <ken@krohnpllc.com>
**Subject:** Van Dyke Accounting

Kenneth,

I hope this email finds you well. I am writing to check on the status of Scott Van Dyke's accounting for his time as power of attorney. The accounting was due on or before June 16, 2024. Please let me know when the accounting will be available so we can avoid a hearing on the matter.

Additionally, were you able to contact Scott about arranging to pay for and pick up the personal property he bid on in the estate? If he no longer wants the items, I can add them to the property to be sold through the estate's sale, I just need to know.

Thank you,

Rudy

**RUDOLPH M. CULP**
Attorney at Law

**HORRIGAN GOEHRS EDWARDS & CULP L.L.P.**

1401 Truxillo Street
Houston, Texas 77004-3957

907 S. Friendswood Dr.,
Suite 204 (By Appointment Only)
Friendswood, Texas 77546

Phone: (713) 659-4200
Fax: (713) 659-3804
E-Mail: rudy@hgprobate.com

www.hgprobate.com

Notice of Confidentiality:

The information contained in and transmitted with this email is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, or use of or reliance upon the information contained in and transmitted with this email by or to anyone other than the recipient designated above by the sender is unauthorized and strictly prohibited. If you have received this email in error, please notify Horrigan Goehrs Edwards & Culp, L.L.P. by telephone at (713) 659-4200 immediately. Any email erroneously transmitted to you should be immediately returned to the sender by U.S. Mail, or if authorization is granted by the sender, destroyed. We do not waive attorney-client or work product privilege by the transmission of this message.

**EXHIBIT 14**