IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 21-60052 (CML) |
| | § | |
| | § | |
| SCOTT VINCENT VAN DYKE | § | Chapter 7 |
| | § | |
| Debtor(s) | § | RE: Docket Nos. 354, 357, & 360 |

**MARY KATHERINE ALONSO, RUDOLPH
M. CULP, AND SARAH PATEL PACHECO'S JOINT SUR REPLY
IN SUPPORT OF THEIR OPPOSITION TO DEBTOR'S SHOW CAUSE MOTION**

The Respondents[1] jointly file this sur reply ("Sur-Reply") in support of *Mary Katherine Alonso, Rudolph M. Culp, and Sarah Patel Pacheco's Joint Response to Debtor's Show Cause Motion* [Docket No. 357] (the "Response")[2] and in response to Debtor's Reply[3] seeking an order directing the Respondents to appear before the Court and show cause why they should not be held in civil contempt and seeking sanctions, as set out in the Show Cause Motion.[4]

**PRELIMINARY STATEMENT**

1.  Debtor's Reply responds in depth to those arguments in the Response that neither address the legal standard of civil contempt nor, and more importantly, explain why Respondents'

---

[1] Mary Katherine Alonso ("Ms. Alonso"), the prior Proposed Executor of the *Estate of Mary Theresa Connelly Van* Dyke, pending as cause no. 501470 in Probate Court No. 2, Harris County, Texas (the "Probate Estate"), Rudolph M. Culp ("Mr. Culp"), the now qualified and serving Dependent Administrator of the Estate of Mary Theresa Connelly Van Dyke, Deceased, and Sarah Patel Pacheco ("Ms. Pacheco"), partner at Jackson Walker LLP (together with Ms. Alonso and Mr. Culp, the "Respondents").

[2] Capitalized terms used but not defined herein have the meanings given to them in the Response.

[3] *Debtor's Reply to Response of Mary Katherine Alonso, Rudolph M. Culp, and Sarah Patel Pacheco to Motion for an Order to Appear and Show Cause* [Docket No. 360] (the "Reply").

[4] *Debtor's Motion for an Order Pursuant to 11 U.S.C. § 105(a) Directing Mary Katherine Alonso, Rudolph M. Culp, and Sarah Patel Pacheco to Appear and Show Cause Why They Should Not Be Held in Civil Contempt for Violating the Post-Discharge Injunction Imposed by 11 U.S.C. § 524* [Docket No. 354] (the "Show Cause Motion").

actions meet the standard for civil contempt and sanctions.

## SUR-REPLY

**I.     Respondents' Actions Do Not Meet the Standard for Civil Contempt and the Show Cause Motion Should be Denied.**

2.     Debtor argues that Respondents' actions were intentional and therefore in bad faith (*See Reply*, ¶¶ 19–21), however that is not the standard for civil contempt in the context of a bankruptcy discharge.  As Respondents laid out in their Response, "civil contempt may be appropriate when the creditor violates a discharge order based on an *objectively unreasonable understanding* of the discharge order or the statutes that govern its scope."  *Taggart v. Lorenzen*, 587 U.S. 554, 562 (2019) (emphasis added).  Here, Respondents had an objectively reasonable understanding that the Discharge Order did not discharge the claims previously preserved in the Stay Order and directed for resolution to the Probate Court.

3.     Respondents only prosecuted the causes of action against the Debtor and his interest in the probate estate assets (not property of the estate of the Debtor) based on the reasonable belief that the Stay Order was specifically entered to modify the automatic stay and to preserve rights and claims that the parties to the Probate Estate (which includes the continued active participation of the Debtor) may have against the Debtor to determine the Debtor's *interest in* or *liability to* the Probate Estate and that this final order providing preservation of rights and claims was not altered by the subsequent Discharge Order.

4.     Contrary to Debtor's assertion, the Respondents did not attempt to mislead this Court regarding the fact that the Debtor waited over 18 months, before raising this issue in the Bankruptcy Court.  Respondents have not hidden or ignored the fact that Debtor raised the issue of the Discharge Order in various pleadings *in front of the Probate Court*, and have actually cited to such pleadings in their own filings before this Court.  Respondents did emphasize to this Court

2

the point that the Debtor could have brought this issue to the Bankruptcy Court 18 months earlier, rather than file pleadings, engage in discovery, and sever the claims related to his fraudulent conduct in Probate Court. Based in part on the Debtor's own conduct, it was certainly reasonable for Respondents to believe that all parties considered the Probate Court as the proper jurisdiction over these claims, particularly in light of the Stay Order.

5.  Further supporting that Respondents' understanding of the interplay of the Stay Order and Discharge Order was not only reasonable but also correct, the Court recently entered its *Order Clarifying the Order Conditionally Modifying the Automatic Stay to Permit Certain Probate Proceedings to Continue* [Docket No. 358] (the "Clarifying Order"). This Court's own clarification of its prior Stay Order explicitly states "[t]he Stay Order allows all Probate Estate claims against the Debtor to proceed in probate court." Pursuant to the Clarifying Order, the Respondents have not violated the Discharge Order and its conduct in reliance on the Stay Order was certainly reasonable.

6.  Finally, Debtor does not even appear to contest the reasonableness of Respondents' understanding and conduct based on that understanding. As such, the Show Cause Motion should be denied.

## II. The Probate Exception Further Supports Respondents' Position.

7.  Respondents' understanding of the Stay Order, confirmed by the Clarifying Order, is further supported by the probate exception:

> [T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006).

8. Under the probate exception, the Probate Court has exclusive jurisdiction to determine Debtor's rights to the Probate Estate *res*, if any, and disposition of such *res*, which requires analysis of the Probate Estate claims against the Debtor. Therefore, the Discharge Order could not have discharged the Probate Estate's claims against the Debtor in relation to disbursement of the Probate Estate *res*.

### III. Claims in Probate Require Debtor as a Party.

9. Contrary to Debtor's claim that "[t]here is nothing whatsoever about the claims against the non-debtor defendants in the probate case that requires the Debtor to remain a party in the case" (*Reply*, ¶ 13), Debtor is in fact a necessary party in order to pursue at least one claim currently asserted against the non-debtor parties.

10. Specifically, Debtor must remain a party for Respondents to maintain causes of action for knowing participation in breach of fiduciary duty against the non-debtor Defendants. Knowing participation in breach of fiduciary duty is a derivative claim, requiring an underlying breach of fiduciary duty, in which the defendant knowingly participates. *Straehla v. AL Glob. Servs., LLC*, 619 S.W.3d 795, 804 (Tex. App.—San Antonio 2020). Meaning, there can be no independent liability for knowing participation in breach of fiduciary duty in the absence of Debtor's liability for his own breach; the liability of the non-debtor defendants is dependent on the underlying breach of fiduciary duty committed by Debtor.

11. The liability of each non-debtor defendant is intertwined with the duty owed by Debtor, and the liability of Debtor is central to establishing the foundation of the claim against each knowing participant, as Debtor is the party who committed the underlying tort from which the derivative claims flow. If Debtor is no longer a party, Respondents' cause of action for assisting

4

or encouraging breach of fiduciary duty and/or knowing participation in breach of fiduciary duty cannot stand alone as independent bases of liability.

12.     To this effect, the Texas Supreme Court has held that theories of derivative or vicarious liability are dependent upon liability for an underlying tort that survive or fail alongside that tort. *Agar Corp. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 141 (Tex. 2019) (citing *NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142, 148 (Tex. 1999)).  Debtor's breach is central to the causes of action asserted against the other non-debtor defendants, and if the underlying claim does not exist for whatever reason—whether Debtor is dismissed or whether the claim is dismissed—then the derivative claim cannot remain.

13.     *Baylor Scott & White v. Project Rose* is also instructive. There, the Tyler Court of Appeals reiterated that both civil conspiracy, and knowing participation, are derivative torts. 633 S.W.3d 263, 284 (Tex.App.—Tyler 2021, pet. denied). The Court made clear that a defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the *named* defendants liable. *Id.* (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996)). Continuing, the Court stated that knowing participation, too, is a derivative tort. While Respondents have not asserted a claim for conspiracy, the same principles should be used—the non-debtor defendant's liability for knowing participation will depend on some underlying tort for which Respondents seek to hold a named defendant liable.

14.     Though it is true that Respondents can present evidence concerning Debtor's breach, the liability of the non-debtor defendants is dependent upon establishing liability for the underlying claim of breach.  Debtor must remain a party in order for Respondents to do this, as without a breach of fiduciary duty there cannot be knowing participation in breach of fiduciary duty.

For the foregoing reasons, Respondents request that this Court deny the Show Cause Motion.

Dated: September 6, 2024

*/s/ Genevieve M. Graham*
**JACKSON WALKER LLP**
Bruce J. Ruzinsky (TX Bar No. 17469425)
Genevieve M. Graham (TX Bar No. 24085340)
Emily Meraia (TX Bar No. 24129307)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:     (713) 752-4200
Facsimile:      (713) 752-4221
Email:           bruzinsky@jw.com
                    ggraham@jw.com
                    emeraia@jw.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2024, I caused a copy of the forgoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Genevieve M. Graham*
Genevieve M. Graham