IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE § | | |
| § | | |
| SCOTT VINCENT VAN DYKE, § | CASE NO. 21-60052 (CML) | |
| § | (Chapter 7) | |
| Debtor. § | | |

**DEBTOR'S EMERGENCY MOTION FOR ORDER
ENJOINING MARY KATHERINE ALONSO, RUDOLPH M. CULP,
THE DEPENDENT ADMINISTRATOR OF THE ESTATE OF MARY THERESA
CONNELLY VAN DYKE, DECEASED, AND SARAH PACHECO
FROM PROCEEDING IN PROBATE TRIAL UNTIL THE BANKRUPTCY COURT
RULES ON POST-DISCHARGE INJUNCTION ISSUES**
[Ref. Dkt. No. 354, 355 and 361]

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**The Debtor seeks an emergency relief on or before December 20, 2024.**

**TO THE HONORABLE CHRISTOPHER M. LOPEZ, U.S. BANKRUPTCY JUDGE:**

COMES NOW, SCOTT VINCENT VAN DYKE, Debtor in the above styled Chapter 7 bankruptcy case, and makes this his Debtor's Emergency Motion for Order Enjoining Mary

1

Katherine Alonso, Rudolph M. Culp, the Dependent Administrator of the Estate of Mary Theresa Connelly Van Dyke, Deceased, and Sarah Pacheco From Proceeding in Probate Trial Until the Bankruptcy Court Rules on Post-Discharge Injunction Issues (the "Motion") and would respectfully show the Court as follows:

### WHY EMERGENCY CONSIDERATION IS REQUIRED AND THE HARM THAT WILL BE SUFFERED IF EMERGENCY RELIEF IS NOT OBTAINED

1. The Debtor seeks: (i) a ruling by the Court on the Pending Motions or alternatively (ii) emergency relief before January 6, 2025, in the form of an order prohibiting Mary Katherine Alonso ("Alonso"), Rudolph M. Culp, the Dependent Administrator of the Estate of Mary Theresa Connelly Van Dyke, Deceased ("Culp"), and Sarah Pacheco ("Pacheco") (collectively referred to as the "Respondents") from continuing to prosecute their claims against the Debtor in the state court case styled *Mary Katherine Alonso, et al v. Scott Van Dyke, et al*, Cause No. 501,470-401, In the Probate Court Number Two (2) of Harris County, Texas (the "Probate Lawsuit"). The Respondents failed to obtain a judgment that their claims and causes of action are not dischargeable, the discharge order discharged their claims, and they are enjoined by the post-discharge injunction of 11 U.S.C. § 524. Nevertheless, they are moving forward with a trial set for January 13, 2025.

2. If the Debtor does not have a ruling or the emergency relief as requested, the Debtor will be forced to incur substantial attorney's fees meeting the deadlines for trial in the Probate Lawsuit. If this Court has not ruled on the Pending Motions prior to January 13, 2025, the Debtor will have to face a trial in the Probate Lawsuit before this Court has an opportunity to rule on whether such conduct is in violation of the post-discharge injunction. The Probate Lawsuit is set for trial January 13, 2025, with a pretrial conference set for January 6, 2025, and all pretrial

pleadings due to be filed by December 30, 2024. Prosecution of the claims in the Probate Lawsuit is exactly what the pending motions regarding the post-discharge injunction deal with. The 25-day notice hold period will not expire until January 6, 2025.

3. The motions that the Court has before it regarding the automatic stay and post-discharge injunction are:

- (Dkt. No. 354) - Debtor's Motion for an Order Pursuant to 11 U.S.C. § 105(a) Directing Mary Katherine Alonso, Rudolph M. Culp, and Sarah Patel Pacheco to Appear and Show Cause Why They Should Not Be Held in Civil Contempt for Violating the Post-Discharge Injunction Imposed by 11 U.S.C. § 524. (the "Show Cause Motion").

- (Dkt. No. 355) – Joint Motion to Clarify the Order at Docket No. 176 Conditionally Modifying the Automatic Stay to Permit Certain Probate Proceedings to Continue. (the "Motion to Clarify Order").

- (Dkt. No. 361) - Debtor's Motion to Alter or Amend Order Clarifying Order Conditionally Modifying the Automatic Stay to Permit Certain Probate Proceedings to Continue. (the "Motion for Reconsideration").

(the "Pending Motions").

4. The Debtor's declaration in support of this request for emergency relief is attached hereto as Exhibit 1. The Docket Control Order in the Probate Lawsuit is attached as Exhibit 2.

## JURISDICTION, CONSTITUTIONAL AUTHORITY, AND VENUE

5. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(a). This contested matter is a core matter under 28 U.S.C. § 157(b)(2)(A). This Court has the constitutional authority to enter a final order or judgment in this matter. This Court has venue over this case pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND FACTS

6. On May 25, 2021, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Victoria Division (the "Bankruptcy Case"). On May 27, 2021, the Debtor filed an amended petition under Chapter 11 to correct certain technical errors in the initial Chapter 11 petition.

7. On December 6, 2021, Mary Theresa Connelly Van Dyke (the "Deceased"), mother of the Debtor, died in Houston, Harris County, Texas.

8. On December 15, 2021, Alonso filed her Application for Temporary Administration – Will Not Produced in Court.

9. On December 17, 2021, Alonso filed her Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunction (the "Ancillary Petition") alleging claims and causes of action against the Debtor for breach of fiduciary duty, seeking a declaratory judgment that the sale of the Deceased's townhome to defendant Payton/Boomer is void, seeking a constructive trust against the proceeds of sale of the townhome, and seeking injunctive relief.

10. On January 3, 2022, the Debtor filed his Suggestion of Bankruptcy in the Probate Lawsuit, giving notice to the Court and Alonso of the Bankruptcy Case.

11. The Debtor filed a motion seeking to convert his Bankruptcy Case from one under Chapter 11 to one under Chapter 7 of the Bankruptcy Code. On January 31, 2022, the Bankruptcy Court entered an order granting the motion and converting the Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code.

12. On January 31, 2022, the Clerk of the Bankruptcy Court entered a Notice of Chapter 7 Bankruptcy Case. On February 1, 2022, the Clerk entered an Amended Notice of Chapter 7 Bankruptcy Case. Those notices provided notice that May 2, 2022, was the deadline for filing an objection to the dischargeability of a debt under 11 U.S.C. § 523. Alonso failed to file a complaint under 11 U.S.C. § 523(a) objecting to the dischargeability of her debt against the Debtor.

13. On May 6, 2022, Alonso, joined by the Chapter 7 Trustee of the Bankruptcy Case, Catherine Stone Curtis, filed their Joint Motion for an Order Conditionally Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362 to Permit Certain Probate Proceedings to Continue (the "Motion to Lift Stay"). On June 7, 2022, the Bankruptcy Court entered its Order Conditionally Modifying the Automatic Stay to Permit Certain Probate Proceedings to Continue (the "Lift Stay Order"). On June 8, 2022, Alonso filed her Notice of Relief from Stay in Bankruptcy – Scott Van Dyke.

14. On December 6, 2022, the Bankruptcy Court entered its Order of Discharge in Chapter 7 Bankruptcy Case.

15. On February 9, 2024, Alonso and Culp filed their Second Amended Petition in the Probate Lawsuit with claims against the Debtor for breach of fiduciary duty, an action for an accounting, and declaratory judgment. Pacheco, an attorney at Jackson Walker, LLP, signed the pleading as counsel on behalf of Alonso. Culp, an attorney at Horrigan, Goehrs, Edwards & Culp, L.L.P., signed the pleading as counsel on behalf of himself in his capacity as "Dependent Administrator With Will Annexed of the Estate of Mary Theresa Connelly Van Dyke, Deceased." The Respondents began actively pursuing discovery in the case.

16. On May 24, 2024, the Debtor asked the Respondents by telephone to dismiss their claims against him. On May 29, 2024, the Debtor asked the Respondents again by an email to

5

dismiss their claims as barred by the discharge order and in violation of the post-discharge injunction. The Respondents have not agreed and have continued to prosecute their claims in the Probate Lawsuit.

**PROCEDURAL STATUS**

17. On June 20, 2024, the Debtor filed his Show Cause Motion. (Dkt. No. 354). That motion is still pending and has not been ruled upon.

18. On June 21, 2024, the Respondents filed their Motion to Clarify Order. (Dkt. No. 355). On July 2, 2024, the Debtor filed his response to the Motion to Clarify. (Dkt. No. 356). On July 16, 2024, this Court entered its Order Clarifying Order Conditionally Modifying the Automatic Stay to Permit Certain Probate Proceedings to Continue. (Dkt. No. 358).

19. On July 24, 2024, the Debtor filed his Motion for Reconsideration. That motion is still pending and has not been ruled upon.

20. On August 26, 2024, the Debtor filed his Plaintiff's Original Complaint against the Respondents and Jackson Walker LLP seeking damages for violations of the post-discharge injunction. (the "524 Lawsuit") (Civil Action No. 4:24-cv-3179, in the United States District Court for the Southern District of Texas).

21. On August 30, 2024, the Respondents filed their Joint Emergency Motion for a Status Conference (Dkt. No. 363). On September 12, 2024, this Court gave notice of a status conference set for September 17, 2024, at 9:00 a.m. On September 17, 2024, the Court entered its Order Denying Emergency Motion for Status Conference. (Dkt. No. 368).

22. On September 23, the District Court in the 524 Lawsuit entered an Order Referring Matter to Bankruptcy Court. (C.A. No. 4:24-cv-3179, Dkt. No. 9).

23. On September 30, 2024, this Court gave notice of a status conference set for October 8, 2024, at 11:00 a.m. At that status conference, the parties discussed the issues in the Pending Motions. The Court stated that it would review the pleadings to rule and hold October 30, 2024, open for a continued hearing if the Court. If the Court had no additional questions for counsel the Court indicated it would rule by the end of October 2024. There has not been a ruling issued.

24. The Probate Lawsuit is set for trial to begin January 13, 2025. The Docket Control Order in that case set December 30, 2024, as the deadline for the parties to file all pretrial pleadings, which will of course be extensive. The pretrial conference in that case is set for January 6, 2025, and trial is set for January 13, 2025. The Respondents are still actively pursuing their claims against the Debtor in the Probate Lawsuit, causing the Debtor to incur attorney's fees and distracting him from his employment.

## ARGUMENT

25. If this Court rules on the Pending Motions, whether in favor or against the Debtor, there is no need for an injunction. If the Court rules in favor of the Debtor, the Respondents will have to stop prosecuting their claims against the Debtor for breach of fiduciary duty in the Probate Lawsuit, as the claim will be confirmed as discharged and subject to the post-discharge injunction under 11 U.S.C. § 524. If this Court rules against the Debtor, the Respondents will be free to move forward against the Debtor in the Probate Lawsuit while the Debtor appeals. Nevertheless, this Court may need additional time to complete its consideration of the Pending Motions and to rule. In that event, the Court should enjoin the Respondents from moving forward against the Debtor until the Court can issue its ruling on the Pending Motions.

26. In order to obtain a preliminary injunction, a plaintiff must establish four elements, which are: (1) a substantial likelihood of success on the merits, (2) a substantial threat of

irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest. *Janvey v. Alguire,* 647 F.3d 585, 595 (5th Cir. 2011); *Speaks v. Kruse,* 445 F.3d 396, 399-400 (5th Cir. 2006). The movant has the burden of persuasion on each of the four elements. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.,* 577 F.3d 250, 253 (5th Cir. 2009). Of course, the Discharge Order serves as a federal injunction under section 524 of the Bankruptcy Code, enjoining any creditor from taking any action against the Debtor or the Debtor's property on a discharged debt. Thus, there is already an injunction in place if this Court rules that the Respondents' fiduciary duty claims were discharged. However, the issues are before this Court and have not yet been determined, so a preliminary injunction is warranted.

**A. There is a substantial likelihood of success on the merits.**

27. There is a substantial likelihood of success on the merits. The post-discharge injunction arises as a matter of law upon entry of the order of discharge in a chapter 7 case. 11 U.S.C. § 524. The claims in the Probate Lawsuit are discharged – they are discharged as a matter of law by the discharge order since Alonso and Culp did not obtain a judgment in an adversary proceeding in the Debtor's bankruptcy case determining the debt arising from the claims to be non-dischargeable under 11 U.S.C. § 523(a)(4). The order lifting the automatic stay so that the Respondents could proceed in the Probate Lawsuit has no bearing on the discharge order. The Respondents were required to seek and obtain bankruptcy court approval to proceed in that litigation. However, the Respondents were also required to file an adversary proceeding to seek and obtain a determination that their causes of action against the Debtor were not dischargeable. The Respondents failed to do so, and their causes of action were discharged.

**B. There is a substantial threat of irreparable injury if the injunction is not issued,**

28. There is a substantial threat of irreparable injury if the injunction is not issued. The Debtor will be subjected to incurring attorney's fees and time away from work. The Debtor will also suffer further damage to his business and family relations by the allegations and accusations that the Respondents will make against him in the Probate Lawsuit.

**C. The threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted.**

29. The threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted. If the injunction is granted, the Probate Lawsuit will be continued to a later date. There is no damage to a pause and continuance of the lawsuit. It has been pending for four years already and a few more months delay will not cause any harm. In addition, if this Court rules, as Debtor believes it must, that the Respondents' causes of action are discharged and they are enjoined from moving forward by 11 U.S.C. § 524, then there is certainly no harm by delaying trial. However, if the injunction is denied, the harm to the Debtor is substantial as discussed above.

**D. The grant of an injunction will not disserve the public interest.**

30. Granting of an injunction will not disserve the public interest. It is in the public interest to have discharge orders in bankruptcy and the post-discharge injunction imposed by 11 U.S.C. § 524 respected and honored. Granting an injunction against the Respondents moving forward with the Probate Lawsuit until this Court has an opportunity to determine the issues in the Pending Motions is in the public interest.

## CONCLUSION

31. If this Court is prepared and can rule on the Pending Motions, there is no need for an injunction to prohibit the Respondents from moving forward in the Probate Lawsuit. The Debtor would, of course, prefer to have the Court's ruling on the Pending Motions. However, if this Court is not prepared yet to rule, the Debtor respectfully requests that the Court enter an order enjoining the Respondents from taking any action against the Debtor in the Probate Lawsuit until the Court can issue its ruling on the Pending Motions.

WHEREFORE, PREMISES CONSIDERED, the Debtor SCOTT VINCENT VAN DYKE, respectfully requests that this Court grant this motion and enter a preliminary injunction prohibiting the Respondents from taking further action in the Probate Lawsuit until the Court can rule on the Pending Motions.

Respectfully submitted,

**THE PROBUS LAW FIRM**

By:/s/ *Matthew B. Probus*
    **Matthew B. Probus**
    State Bar No. 16341200
    Fed. I.D. No. 10915

10497 Town & Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 – Telephone
(713) 258-2701 – Telecopy
matthewprobus@theprobuslawfirm.com

*ATTORNEYS FOR DEBTOR,*
*SCOTT VINCENT VAN DYKE*

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 10, 2024, a true and correct copy of the foregoing was served electronically on all parties registered to receive notices through the PACER CM/ECF system and on the respondents via email as follows:

    Mary Katherine Alonso
    mkalonso@reversegravity.com

    Sarah Pacheco
    spacheco@jw.com

    Rudolph M. Culp
    rudy@hgprobate.com

                                                By: */s/ Matthew B. Probus*
                                                           Matthew B. Probus