January 24, 2025

United States Courts
Southern District of Texas
FILED

JAN 27 2025

Nathan Ochsner, Clerk of Court

Judge Christopher M. Lopez
U.S. Courthouse
515 Rusk Ave, 4th Floor Chambers
Houston, Texas 77002

Nathan Ochsner
Clerk of Court
P. O. Box 61010
Houston, TX 77208

RE:  In re Scott Vincent Van Dyke; Case No. 21-60052.

Dear Judge Lopez,

At the hearing on October 8, 2024, you said you would give your ruling on my Pending Motions before the end of October 2024.  I know you are busy with many demands, but I ask you to please give your ruling on my Pending Motions requesting the Court to affirm that my sister, Mary Katherine Alonso, the Estate of Mary Theresa Connelly Van Dyke, deceased, and Sarah Pacheco (collectively the "Respondents"), are barred from pursuing their creditor claims against me pursuant to the post-discharge injunction of 11 U.S.C. § 524 in *Mary Katherine Alonso, et al v. Scott Van Dyke, et al*, Cause No. 501,470-401, in the Probate Court Number Two (2) of Harris County, Texas (the "Probate Lawsuit").  Not only were Respondents not granted an adversary judgment, they never even filed an adversary proceeding.

My bankruptcy was discharged on December 6, 2022.  (*Enclosed is a copy of my discharge.*)  Yet, the Respondents continue to aggressively sue me in the Probate Lawsuit for their creditor claims that arose long before my bankruptcy was converted to Chapter 7.  Their refusal to obey the post-discharge injunction has caused me to incur tens of thousands of dollars in legal fees in this Court and in the Probate Court to defend myself against their creditor claims.  The Respondents have subpoenaed my deposition for February 18, 2025, and the Probate Lawsuit is set for trial June 2, 2025.

I am only asking that I be given the same post-discharge protection as any other debtor is entitled under the bankruptcy laws.  So, I ask you to please rule on my Pending Motions.

Yours sincerely,

Scott V. Van Dyke

P.O. Box 22322
Houston, Texas, 77227

United States Bankruptcy Court
Southern District of Texas

| Information to identify the case: | | | ENTERED |
| --- | --- | --- | --- |

**ENTERED**
December 06, 2022
Nathan Ochsner, Clerk

| Debtor 1 | Scott Vincent Van Dyke | | | Social Security number or ITIN xxx‑xx‑xxxx |
| --- | --- | --- | --- | --- |
| | First Name | Middle Name | Last Name | EIN __‑_____ |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name | Social Security number or ITIN ___‑__‑____ |
| | | | | EIN __‑_____ |
| United States Bankruptcy Court | Southern District of Texas | | | |
| Case number: | 21‑60052 | | | |

## Order of Discharge

12/15

IT IS ORDERED: A discharge under 11 U.S.C. § 727 is granted to:

    Scott Vincent Van Dyke
    dba Anglo‑Dutch Energy, LLC, dba Anglo‑Dutch
    (Tenge), LLC

<u>12/6/22</u>

**By the court:** <u>Christopher M. Lopez</u>
          United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for most taxes;

- ♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- ♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- ♦ some debts which the debtors did not properly list;

- ♦ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- ♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

---

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

December 06, 2022
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SCOTT VINCENT VAN DYKE | § | CASE NO. 21-60052 (CML) |
| | § | (Chapter 7) |
| DEBTOR | § | |

### ORDER
### [Ref. Doc. No. 247]

The Court has considered the Debtor's Motion for Entry of Discharge Order and the objection to the motion filed by Builders West, Inc. The Court finds the following:

1. The deadline for objecting to the Debtor's discharge was July 1, 2022, and no party filed an objection to the Debtor's discharge under 11 U.S.C. § 727.

2. Builders West, Inc. has withdrawn its motion to dismiss the Debtor's chapter 7 case (Dkt. No. 279).

3. Builders West, Inc. has withdrawn its objection to the Debtor's Motion for Entry of Discharge Order (Dkt. No. 280).

Accordingly, pursuant to 11 U.S.C. § 727(a) and Fed. R. Bankr. P. 4004(c), entry of an order of discharge is appropriate and it is:

ORDERED, that the Debtor's Motion for Entry of Discharge Order is in all things granted. This Court will enter an Order of Discharge in this case. Further it is:

ORDERED, that the Order of Discharge shall be subject to any final judgment in favor of Eva S. Engelhart, Chapter 7 Trustee of the Estate of Anglo-Dutch Petroleum International, Inc. (the "ADPI Trustee"), if any, in *Engelhart v. Van Dyke*, Adv. Pro. No. 22-6002 (the "Non-Dischargeability Adversary"), and without prejudice to any rights of the ADPI Trustee to challenge the Debtor's discharge under 11 U.S.C. 523, including the continuation of Non-Dischargeability

1

Adversary, in the event the ADPI Trustee is not paid in full under the Settlement Agreement approved by the Court. Further it is:

ORDERED, that the Order of Discharge shall be subject to any final judgment in favor of Michael L. Noel and Sue Noel, if any, in *Noel, et al v. Van Dyke*, Adv. Pro. No. 21-6008. Further it is:

- ORDERED, that the Order of Discharge shall not affect any rights of the parties to the Order Granting Moton to Approve Compromise and Settlement Pursuant to Fed. R. Bankr. P. 9019(a) (Dkt. No. 265). Further it is:

ORDERED, that the Order of Discharge shall not affect any rights of the parties to the Agreed Order Granting Emergency Motion of Chapter 7 Trustee and Debtor Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 for Entry of an Order Approving Settlement Agreement (Dkt. No. 267).

Signed: December 05, 2022

Christopher Lopez
United States Bankruptcy Judge

Scott Van Dyke
P.O. Box 22322
HOUSTON, TEXAS, 77227

HOUSTON TX RPDC 773
24 JAN 2025 PM 4 L

Nathan Ochsner
Clerk of Court
P.O. Box 61010
Houston, TX 77208

77208-101010